IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § § § § | CASE NO: 23-34815 |
| GALLERIA 2425 OWNER, LLC, | | CHAPTER 11 |
| Debtor. | | |
| ALI CHOUDHRI, | § § § § § § § § § § § | |
| Plaintiff, | | |
| VS. | | ADVERSARY NO. 24-3120 |
| NATIONAL BANK OF KUWAIT, S.A.K.P., NEW YORK BRANCH, | | |
| Defendant. | | |

## ORDER DENYING MOTION TO REMAND

This matter is before the Court on the Emergency Motion to Remand of Ali Choudhri (ECF No. 3), the Defendant National Bank of Kuwait, S.A.K.P., New York Branch's Objection to Emergency Motion to Remand of Ali Choudhri (ECF No. 9), and the Plaintiff's Supplement to Motion to Remand, Response to Objection to Motion to Remand Including and Alternative Motion for Abstention (ECF No. 15). This Court, having considered the pleadings filed, finds that the Motion for Remand and the Alternative Motion for Abstention are denied.

### FACTUAL BACKGROUND

This adversary proceeding was commenced on June 7, 2024, pursuant to a Notice of Removal (ECF No. 1) filed by the defendant National Bank of Kuwait, S.A.K.P., New York Branch ("NBK"). Ali Choudhri ("Choudhri") is the plaintiff in the state court lawsuit Cause No. 2024-27168; *Ali Choudhri v. National Bank of Kuwait, S.A.K.P., New York Branch*, in the 129th Judicial District Court of Harris County Texas (the "State Court Lawsuit"). Choudhri filed a Second Amended Original Petition and Jury Demand on May 15, 2024, in the State Court Lawsuit. NBK removed the State Court Lawsuit to this Court on June 7, 2024 (ECF No. 1). Choudhri also filed a Third Amended Complaint in this adversary (ECF No. 8).

Choudhri is an individual, and the sole member and manager of Galleria West Loop Investments II, LLC, which is the sole member and manager of Galleria 2425 JV, LLC, which is the sole member and manager of and principal officer in and of Galleria 2425 Owner, LLC, the debtor in the underlying bankruptcy case, which owns an office building located at 2425 West Loop South in Houston, Texas (the "Real Property"). As a principal related to the various corporate entities and in his individual capacity, Choudhri participated in negotiations with NBK with respect to issues affecting the Real Property.

In 2018, Galleria 2425 Owner, LLC entered into a loan agreement with NBK. The indebtedness on that loan was secured by a first lien deed of trust on the Real Property. Accordingly, NBK held an interest in the Real Property by virtue of its first-priority deed of trust and Galleria 2425 Owner, LLC held an interest in the Real Property as the owner. During September of 2021, a dispute arose concerning certain loan payments. State court litigation ensued, and in August of 2022 that litigation was dismissed as part of an agreement of the affected parties, designated as a Confidential Settlement Agreement ("CSA").

As part of the CSA, Choudhri was required to cause the transfer of certain tax liens ("Tax Liens") against the Real Property for the years 2019 and 2020, valued at a little less than $4,000,000, to NBK.[1] Specifically, the agreement provided that "Choudhri shall cause the transfer and assignment of the tax liens with respect to the Property for years 2019 and 2020 (the "Tax Liens") to NBK." Plaintiff performed his obligations under the Agreement, and the Tax Liens were transferred to NBK as set forth in the CSA. The agreement further provided that upon consummation of the payment provisions of the agreement, the Tax Liens would be returned to Choudhri as the rightful owner. In the operative documents this was stated as follows: "Upon NBK's receipt of either the Settlement Payment or Purchase Option Payment, NBK shall contemporaneously transfer and assign the Tax Liens to Choudhri." To date, the Tax Liens have not been returned to Choudhri and the parties disagree over which party has breached the CSA.

Here, Choudhri moves to remand on the basis that only asserted jurisdictional basis in the notice of removal is that the State Court Lawsuit is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2). Choudhri argues that the jurisdictional allegation is incorrect as a matter of law, that

---

[1] On April 9, 2024, the defendant filed proof of claim No. 13 in the bankruptcy case: *In re Galleria 2425 Owner, LLC*, Case No. 23-34815 in the amount of $3,864,455.06 which is based on the defendant's asserted ownership of the Tax Liens.

there is no arising under or arising in jurisdiction, and that the tax liens are not property of the estate. Choudhri further alleges that removal was improper, and the case should be remanded back to state court immediately. NBK asserts that this Court should not remand this case to state court because it has "arising in" jurisdiction over the "core" lawsuit.[2]

Choudhri also states in his Supplement to Motion to Remand at ECF No. 15 that the notice of removal is untimely as NBK received a copy of the State Court Lawsuit on May 3, 2024. In looking at the docket from the State Court Lawsuit,[3] the petition was filed on April 26, 2024, amended on May 3, 2024, and a request for issuance of service was on May 15, 2024. Thereafter, a Second Amended Petition was filed on May 15, 2024, and a Third Amended Complaint was filed in this adversary on July 3, 2024. Accordingly, the Court finds that this case was timely removed.

## LEGAL ANALYSIS

There are four bases under which a motion to remand may be brought.[4] Section 1447 instructs courts to remand causes of action when it is determined that the court lacks subject matter jurisdiction at any point prior to final judgment.[5] A motion for remand pursuant to § 1452, or a motion to abstain under § 1334(c) are rooted in equity, leaving courts discretion to rule.[6] Remand under § 1452 and § 1334(c) use similar factors in considering whether to remand the removed action.

## MOTION TO REMAND

The Motion to Remand was filed on June 10, 2024, within 30 days after the notice of removal. As a result, the Motion to Remand was timely filed pursuant to 28 U.S.C. § 1447(c). The burden is on NBK, as the removing party, to establish federal jurisdiction.[7]

Section 1452, provides parties with the ability to: "remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of

---

[2] ECF No. 9, page 1.
[3] ECF No. 1-1
[4] 28 U.S.C. §§ 1452(b) and § 1334(c)(1), (c)(2). *In re Treyson Dev., Inc.*, 2016 WL 1604347, at *8 (Bankr. S.D. Tex. Apr. 19, 2016).
[5] 28 U.S.C. § 1447(c); *see also In re Allison*, 2006 WL 2620480, at *7 (Bankr. S.D. Tex. Sep. 12, 2006).
[6] *J.T. Thorpe Co. v. Am. Motorists*, 2003 WL 23323005, at *6 (S.D. Tex. June 6, 2003).
[7] *In re NC12, Inc.,* 478 B.R. 820 (Bankr. S.D. Tex. 2012), *citing DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006).

such claim or cause of action under section 1334 of this title."[8] However, it also allows the court to which the action is removed to remand such cause of action on any equitable ground.[9]

In determining whether to grant a motion to remand under § 1452(b), courts have previously adopted the following factors: (1) the convenience of the forum; (2) the presence of non-debtor parties; (3) whether the case should be tried as a whole in state court; (4) the duplicative and uneconomic effect of judicial resources in two forums; (5) the lessened possibility of inconsistent results; (6) whether the state court would be better able to handle issues of State law; (7) the expertise of the Bankruptcy Court; (8) the degree of relatedness or remoteness to the main bankruptcy case; (9) prejudice to involuntarily removed parties; (10) whether the case involves forum shopping; (11) the burden on the Bankruptcy Court's docket; and (12) considerations of comity.[10]

Here, the lawsuit is premised on Choudhri's allegations that (i) he owns certain tax liens that he assigned to NBK under a CSA, and (ii) NBK is obligated to sell him the promissory note for its loan to the Debtor and the related deed of trust securing the estate's real property based on an alleged June 2023 offer which Choudhri asserts was accepted ten months later in April 2024.

NBK states that the viability of these claims necessarily involves the interpretation of various orders the Court has entered in this case, including without limitation, the order allowing NBK to credit bid at the auction on the Real Property and the order and decision confirming NBK's liquidating plan[11] for the Debtor which (a) allows NBK's tax lien claim and Loan claim against the Debtor and (b) erects a gatekeeping threshold that requires Choudhri establish that the asserted claims both (i) are not estate claims and (ii) are colorable before the lawsuit can proceed, the requirements for establishing "arising in" jurisdiction have been satisfied.

Further, NBK argues that even if "arising in" jurisdiction did not exist, the Court has post-confirmation "related-to" jurisdiction over the lawsuit because, while the lawsuit partially involves conduct that predates the bankruptcy case (the alleged prepetition offer by NBK that was allegedly accepted by Choudhri during this chapter 11 case), the results of the lawsuit could impact the implementation of the Plan if Choudhri prevails. Not only does the Plan provide that NBK has allowed claims for the tax liens and the Loan and receives releases of estate claims, it also requires

---

[8] 28 U.S.C. § 1452(a).
[9] 28 U.S.C. § 1452(b).
[10] *In re Montalvo*, 559 B.R. 825 (Bankr. S.D. Tex. 2016).
[11] Case No. 23-34815, ECF No. 566.

4 / 5

NBK (a) to fund a liquidation trust, to pay a significant amount to fund a partial payment to holders of allowed unsecured trade claims and to pay in full secured and priority claims other than its claims if it is the successful bidder of the Property and (b) to compromise the amount of its filed tax lien claim and subordinate its distribution on its secured claim to fund a liquidation trust, to pay a significant amount to fund a partial payment to holders of allowed unsecured trade claims and to pay in full secured and priority claims if it is not the successful bidder. These matters directly pertain to implementation of the Plan and, consistent with Fifth Circuit law, the Court has post-confirmation "related-to" jurisdiction over the lawsuit that could impact them.  The Court agrees and finds that it has core jurisdiction over this cause of action.

## MOTION TO ABSTAIN

In his supplement,[12] Choudhri argues an alternative request for mandatory abstention. Under 28 U.S.C. § 1334, the Court is required to abstain upon a timely motion where (1) the claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court.[13] The moving party holds the burden of proving that abstention is appropriate.[14] Here, Choudhri's argument is that abstention will have zero effect on the administration of the bankruptcy case as it has already been confirmed, but he does not present any evidence that the state court could timely adjudicate the action.  Here, the confirmed plan specifically provides for retention of exclusive jurisdiction "over this chapter 11 Case and all maters arising under, arising out of, or related to, this Chapter 11 Case."[15]  The Court also finds that it has core jurisdiction over the action. Therefore, there is no requirement to abstain, and remand is denied.

**ACCORDINGLY, IT IS ORDERED** that the Emergency Motion to Remand of Ali Choudhri (ECF No. 3), and Alternative Motion for Abstention (ECF No. 15) are denied.

SIGNED 08/12/2024

Jeffrey Norman
United States Bankruptcy Judge

---

[12] ECF No. 15.
[13] *Schuster v. Mims (In re Rupp & Bowman),* 109 F.3d, 237, 239 (5th Cir. 1997).
[14] *Goodman v. Phoenix Container (In re DeMert & Dougherty, Inc.),* 271 B.R. 821, 842 (Bankr. N.D. Ill. 2001).
[15] Case No. 23-34815, ECF No. 566, page 7, Section LL.