**Opinion issued August 31, 2023**



In The

# Court of Appeals

**For The**

# First District of Texas

———————————

### NO. 01-20-00169-CV

———————————

### HIRA AZHAR, Appellant

### V.

### MOHAMMAD ALI CHOUDHRI, Appellee

On Appeal from the 312th District Court
Harris County, Texas
Trial Court Case No. 2015-36895

### MEMORANDUM OPINION

In June 2015, Hira Azhar petitioned for divorce from Mohammad Ali Choudhri in a Harris County district court. To his answer, Choudhri attached a Pakistani divorce decree and sought dismissal of Azhar's divorce action for want of jurisdiction based on the parties' purported earlier divorce in Pakistan. Following a

bench trial, the trial court entered a final judgment recognizing the Pakistani divorce as valid, dismissing Azhar's divorce action for want of jurisdiction, and dismissing her subsequent post-dissolution property division claims with prejudice.

Azhar raises two issues on appeal. First, she contends that the trial court abused its discretion in granting comity to the Pakistani divorce and dismissing her divorce petition because she was not personally served and did not receive proper notice of the Pakistani divorce. Second, she argues that the trial court erred in applying Pakistani law to her claims for division of the community property estate and abused its discretion in dismissing those claims.

We affirm the trial court's judgment.

## Background

### The Parties' Relationship

Azhar and Choudhri were married in Rawalpindi, Pakistan, in December 2008. The couple signed a Nikkah Nama, or marriage contract, registering the marriage in Pakistan in January 2009. At that time, Azhar lived in Rawalpindi and Choudhri lived in Houston, Texas. After obtaining her visa, Azhar traveled to the United States and joined Choudhri in Houston in 2010, where the couple lived together as husband and wife.

In 2012, Hira returned to Pakistan to renew her visa. In January 2013, while Azhar was still in Pakistan, Choudhri initiated talaq, or divorce proceedings,

pursuant to the Muslim Family Law Ordinance of 1961 (1961 Ordinance). A local arbitration council in Rawalpindi issued a Divorce Certificate on May 22, 2013.

### *Azhar Initiates Proceeding in Islamabad*

On May 30, 2015, Azhar filed a suit for declaration and permanent injunction in civil court in Islamabad, Pakistan, challenging the validity of the 2013 Divorce Certificate (Islamabad suit). The Civil Judge, 1st Class-West, Islamabad, issued an order granting a temporary injunction and suspending the Divorce Certificate until the next hearing.

Choudhri appealed the order on the grounds that the Islamabad court did not have jurisdiction over the case because the marriage took place in Rawalpindi. The Additional District Judge (West), Islamabad, suspended the challenged order until the next hearing. Azhar withdrew the Islamabad suit and Civil Judge, 1st Class-West, Islamabad, issued an order dismissing the suit, noting Azhar "may file a fresh suit upon fresh cause of action."

### *Azhar Files Divorce Petition in Harris County*

After returning to Houston, Azhar filed a petition for divorce in Harris County district court on June 25, 2015. She sought a just and right division of the community property in the event the parties did not reach an agreement regarding its division. Azhar also asserted claims for fraud on the community property estate, breach of fiduciary duty, and waste, and sought a temporary restraining order. Choudhri

answered asserting various defenses, including res judicata, and moved to dismiss Azhar's suit on the grounds that a valid divorce had been granted in Pakistan. Choudhri later filed an amended plea in abatement and motion to dismiss the divorce petition as a matter of comity, among other grounds.

***Comity Hearing***

The trial court held an evidentiary hearing on Choudhri's amended plea and motion to dismiss on January 29, 2016, at which the following evidence was presented:

Kurram Hashmi, an attorney in Islamabad, testified that Choudhri retained him to obtain a Divorce Certificate in Pakistan. Hashmi testified that the West Pakistan Rules under the 1961 Ordinance govern family law practice in Pakistan. He testified that the local arbitration council is the administrative body that registers marriages and divorces.

Hashmi testified that he complied with the requirements of Section 7 of the 1961 Ordinance, "Talaq," by filing notice (Section 7 Notice) of the dissolution of the marriage with the arbitration council and sending a copy of the notice to Azhar's residence in Rawalpindi. He testified that once the arbitration council receives a Section 7 Notice, it sends notices to the parties advising them that it received the notice and that the parties should prepare for reconciliation. If reconciliation is not achieved, the divorce becomes effective ninety days after the Section 7 Notice is

received by the council. Hashmi testified that he mailed the Section 7 Notice to Azhar at her residence as well as served her by courier and publication. Hashmi testified that Choudhri and Azhar's divorce became final on May 22, 2013.

Hashmi testified that there was no division of marital assets in Pakistan. He testified that neither the Pakistan arbitration council nor the Pakistan courts has authority to divide marital property. He testified that a Pakistan court does not have the authority to award any assets outside of Pakistan or to review a property division.

Following the comity hearing, the trial court denied Choudhri's amended plea in abatement and motion to dismiss based on comity.[1] In its July 3, 2017 order, the trial court found that "enforcement of the certificate of divorce issued in Pakistan would be contrary to Texas public policy and would, if enforced, violate Hira Azhar's basic right to due process."

### Subsequent Pakistan Court Rulings

In July 2015, following dismissal of her Islamabad suit, Azhar filed suit for declaration and permanent injunction in Rawalpindi civil court, challenging the validity of the Divorce Certificate. The Civil Judge, 1st Class, Rawalpindi, issued an order granting a temporary injunction and suspending the Divorce Certificate until the next hearing. Choudhri appealed the order. The appellate court suspended the

---

[1]     Then-presiding Judge David Farr conducted the comity hearing.

civil judge's order, returned the case to the Rawalpindi civil court, and directed the civil judge to decide the matter.

After conducting a multi-day hearing, Civil Judge, 1st Class, Rawalpindi, issued an order dismissing Azhar's suit for lack of jurisdiction. The order stated, in relevant part:

> Section 5 of Family Courts Act, 1964 (the Act, 1964) confers exclusive jurisdiction upon Family Court to deal with and adjudicate upon the family matters as detailed in the Schedule appended to it. "Part 1" of the said Schedule enlists nine items to be entertained and decided exclusively by the Family Court. Item No. 1 pertains to dissolution of marriage.
>
> . . . .
>
> [T]he matter is relatable to the question of dissolution of marriage between the parties . . . hence, said matter within the meaning of Section 5 of the Act, 1964 read with "Part 1" of Schedule annexed thereto is triable exclusively by Family Court, and Civil/this court has no jurisdiction whatsoever to entertain the said matter.

The West Pakistan Family Courts Act, 1964, referred to in the civil judge's order, defines the term "Family Court" as "a Court constituted under this Act."[2]

Azhar filed a constitutional writ of petition in the Lahore High Court, Single Bench, Rawalpindi (Lahore Single Bench). On February 22, 2017, the Lahore Single Bench ruled in Azhar's favor and declared the Divorce Certificate void ab initio. In its order, the court noted that "[a]s far as objection of [Choudhri's] counsel with regard to filing of civil suits on the same subject matter is concerned, it is an admitted

---

[2]      It is undisputed that Azhar did not file a petition in the family courts of Pakistan.

fact that the civil court has not adjudicated upon the matter on jurisdictional flaw as such on that basis the petitioner cannot be non-suited."

Choudhri appealed the order. The Lahore High Court, Double Bench, Rawalpindi (Lahore Double Bench) concluded that the court "cannot delve into factual controversy while exercising constitutional jurisdiction" and "[t]he exercise of constitutional jurisdiction by the learned Single Judge in Chamber was thus unwarranted." It noted that "the matter in issue falls exclusively within the domain of Family Court, [established under the Family Courts Act, 1964]."[3] The Lahore Double Bench observed that Azhar "may seek her remedy before the Family Court as set forth in the January 15, 2016 order of the Civil Judge, 1st Class, Rawalpindi." The Lahore Double Bench set aside the lower court's order and dismissed Azhar's constitutional writ of petition on October 31, 2017.

Azhar appealed the Lahore Double Bench order. On November 3, 2018, the Supreme Court of Pakistan affirmed the Lahore Double Bench ruling that it lacked jurisdiction to resolve the factual controversy at issue and dismissed Azhar's writ of petition. The Court noted that "[n]o illegality or perversity has been pointed out warranting interference in the impugned judgment."

---

[3]     As noted above, the West Pakistan Family Courts Act, 1964, defines the term "Family Court" as a court in Pakistan.

*Trial Court Dismisses Azhar's Petition for Divorce*

In light of the Pakistan Supreme Court's order, Choudhri again moved to dismiss Azhar's divorce action. Following a hearing, the trial court orally announced that it intended to grant, in part, Choudhri's motion to dismiss and allow Azhar leave to amend her petition to assert a claim for division of community property. On July 3, 2019, Azhar filed her fifth amended petition asserting a claim for post-dissolution division of undivided community assets pursuant to Chapter 9 of the Family Code and, alternatively, a claim for partition under Texas Property Code Chapter 23.

On August 9, 2019, the trial court entered an order, stating, in relevant part:

[T]he Supreme Court of Pakistan (the highest court in Pakistan), by Order dated November 3, 2018, after a challenge by Hira Azhar[,] upheld a Divorce Certificate between the parties issued May 22, 2013 based upon a divorce deed dated January 30, 2013, it is therefore

ORDERED, that ALI CHOUDHRI'S Motion to Dismiss is granted only as to the extent that the Court recognizes that the parties were divorced in Pakistan as of May 22, 2013.

IT IS FURTHER ORDERED, that, consistent with Ashfaq v. Ashfaq, 467 S.W.3d 539, 544 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (trial court properly dismissed for lack of jurisdiction where parties had divorced before filing for divorce in Texas), Hira Azhar's Petition for Divorce is dismissed for want of jurisdiction.

That same day, the trial court held a status hearing during which it framed the remaining issue before the court as follows: Did the Pakistani proceedings determining the validity of the 2013 Divorce Certificate dispose of Azhar's property division claims?

8

### *Hearing on Azhar's Property Division Claims*

The trial court held a bench trial on Azhar's property division claims on August 23, 2019 and September 3, 2019. Two witnesses testified: Choudhri's expert witness, Mohammed Akram Sheikh, a Senior Advocate of the Supreme Court of Pakistan, and Azhar.

Sheikh testified that Order XXIII of the Pakistan Code of Civil Procedure (CCP), 1908, a copy of which was admitted at trial, provides that a party who withdraws her suit "without reservation" cannot later institute a new suit. Sheikh likened "without reservation" to "with prejudice" under Texas law. He testified that a party must also obtain formal permission from the court to institute a new suit and that failure to obtain permission precludes the party from instituting a new suit. Sheikh testified that the dismissal order from the Islamabad court noting that Azhar withdrew her suit does not reflect a reservation to institute a new suit or formal permission from the court to do so. Sheikh testified that the Lahore Double Bench referred to Azhar's withdrawal of her Islamabad suit in its judgment, stating that "[]it is manifestly clear . . . that the suit questioning the validity of the divorce certificate was withdrawn without seeking formal permission of the court as required under Order XXIII of the Code of Civil Procedure (Act 5 of 1908) (hereinafter referred as "CPC"). The respondent was thus precluded to bring any fresh suit/proceedings to this effect in view of bar contained on Order XXIII Rule (1) and (3) CPC." Sheikh

testified that Azhar could have asserted her property division claims in the Pakistan civil courts in which she filed suit. Sheikh testified that when Azhar withdrew her Islamabad suit without reservation, she was precluded from later bringing the claims asserted or which could have been asserted. Sheik further testified that, under Order II of the Pakistan CCP, a party who brings suit must assert all possible claims in the suit and is prohibited from "splitting" claims.

Sheikh testified that under the Pakistani "default rule" as described in *Aleem v. Aleem*, 931 A.2d 1123 (Md. Ct. Spec. App. 2007), *aff'd*, 947 A.2d 489 (Md. 2008), property titled in the husband's name is his property and property titled in the wife's name is her property. He testified that the Pakistan Constitution protects the rights of Pakistan citizens wherever they are in the world. He testified that Azhar could have asserted any property claims she had in the proceedings she initiated in the Pakistan courts challenging the Divorce Certificate as those courts had jurisdiction to entertain her property division claims. He testified that a Pakistan citizen who lives in Texas could assert a claim for the division of community property in a Pakistan court and the Pakistan court would recognize and enforce Texas law. Sheikh testified that res judicata principles in Pakistani law are identical to those in American law.

Azhar testified that the only relief she sought in Pakistan was a declaration that the 2013 Divorce Certificate was void and that it be suspended. She testified

that she did not seek money, financial support, or property at any time during the Pakistani proceedings. Azhar further testified that she never sought relief in the Pakistan family courts.

### *Trial Court's Final Judgment*

On November 22, 2019, the trial court entered a final judgment dismissing Azhar's newly asserted claims in her fifth amended petition with prejudice, ordering that its August 9, 2019 order be made final and that Azhar take nothing against Choudhri. On September 27, 2020, the trial court entered the following findings of fact and conclusions of law:

### <u>FINDINGS OF FACT</u>

1. Azhar commenced this case on June 25, 2015.

2. Prior to that time, Choudhri had initiated and concluded a divorce from Azhar in Pakistan (the "Pakistan Divorce").

3. Before filing this case, Azhar sought an order from the courts in Pakistan seeking to nullify the effect of the Pakistan Divorce.

4. As this case was pending, Azhar pursued claims in the courts of Pakistan contesting the validity of the Pakistan Divorce and ultimately appealed to the Supreme Court of Pakistan.

5. On November 3, 2018, the Supreme Court of Pakistan rejected Azhar's appeal and affirmed the lower court's ruling concluding Azhar could not set aside the prior Pakistan Divorce and concluding that Azhar's prior filing and dismissal of claims resulted in the claims arising out of and relating to Azhar's attack on the Pakistan divorce being dismissed with prejudice.

6. Choudhri then moved to dismiss this case on grounds this Court had no jurisdiction to address Azhar's claims seeking a divorce, citing *Ashfaq v. Ashfaq*, 467 S.W.3d 539 (Tex. App.—Houston [1st Dist.] 2015) and the final ruling of the Supreme Court of Pakistan.

7. This Court considered the motion and entered an Order dated August 9, 2019 granting the motion and concluding that the Court had no jurisdiction to entertain Azhar's Texas Family Code Chapter 6 suit for dissolution of marriage because the parties were already divorced.

8. Before the August 9, 2019 order was signed, Azhar amended her petition to assert, in the alternative, claims under Texas Family Code Chapter 9 or Texas Property Code Chapter 23 contending that the parties jointly owned assets that were not addressed in any prior judgment (the "Omitted Asset Claims").

9. The Court directed the parties to submit briefing on the question of whether there were assets omitted from the Pakistan court proceedings and whether this Court could entertain the Omitted Asset Claims, given the various proceedings in the Pakistan courts.

10. The Court heard evidence at hearings on August 23, 2019 and September 3, 2019 and took the matter under advisement.

11. Based on the evidence admitted, the Court finds that:

a. Azhar filed claims in the courts of Pakistan that had the jurisdiction to consider her Omitted Asset Claims.

b. Azhar did not pursue her Omitted Asset Claims in the Pakistan courts although she had the right to do so and although the Pakistan courts had the jurisdiction to consider those claims.

c. Azhar's claims in the Pakistan courts contested the validity of the Pakistan Divorce and those claims were rejected by the courts in Pakistan and ultimately affirmed by the Pakistan Supreme Court.

d. This Court must give deference to the ruling of the Pakistan Supreme Court and its decision in the Azhar case [is] binding on this Court.

e. Pakistan, like U.S. courts, follows principles of res judicata and collateral estoppel.

f. Pakistan's law of res judicata and its corollary rules bar claim splitting. A party may not pursue some claims arising out of a transaction or occurrence to conclusion and then later bring other claims arising out of the same transaction or occurrence.

g. Azhar was obligated to bring all claims against Choudhri or be barred from asserting omitted claims in subsequent proceedings.

h. Azhar could have pursued, but did not, her Omitted Asset Claims in the proceedings she initiated in Pakistan. She could not properly split her claims. The final adjudication by the Pakistan Supreme Court bars the Omitted Asset Claims.

i. Additionally, Azhar commenced and then dismissed causes of action in Pakistan trial courts. The order dismissing those claims did not reserve the claims.

j. The law of Pakistan provides that the dismissal of a claim without reservation amounts to a dismissal of claims asserted (or which could have been asserted) with prejudice.

k. The Lahore High Court in Pakistan expressly addressed the effect of Azhar's filing of claims and dismissal without reservation, noting that the dismissal effectively barred her subsequent claims arising out of the marriage and the Pakistan Divorce.

l. The Pakistan Supreme Court affirmed the Lahore High Court judgment.

m. Azhar is bound by the rulings of the Lahore High Court and the Pakistan Supreme Court and this Court is bound by those rulings as well.

n. The courts of Pakistan provide due process to litigants and Azhar's due process rights were observed in the various Pakistan court proceedings.

o. This Court is required to give deference to the Pakistan Supreme Court determination under principles of comity.

## CONCLUSIONS OF LAW

1. This Court had no jurisdiction over Azhar's Texas Family Code Chapter 6 suit for dissolution of marriage in light of the prior Pakistan divorce. As noted by the Honorable Justice Bland, writing for the First Court of Appeals:

> A valid marriage must exist for a trial court to have subject matter jurisdiction over a suit for the spouses' divorce. Gray v. Gray, 354 S.W.2d 948, 949 (Tex. Civ. App.—Houston 1962, writ dism'd) ("A suit for divorce presumes a valid marriage."). If a marriage previously was legally dissolved, then the court lacks subject matter jurisdiction to again dissolve that marriage. See Ashfaq v. Ashfaq, 467 S.W.3d 539, 544 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (trial court properly dismissed for lack of jurisdiction where parties had divorced before filing for divorce in Texas); Fidalgo v. Galan, No. 13-01-469-CV, 2003 WL 21982186, at *3 (Tex. App.—Corpus Christi Aug. 21, 2003, no pet.) (not designated for publication) (affirming dismissal of divorce action, holding that "subject matter jurisdiction was lacking because there was no live controversy," where trial court found that "a previous divorce action had been filed by [appellant] in Mexico that resulted in the issuance of a divorce decree and orders and relief identical to the relief sought in the Texas divorce action").

*Fuentes v. Zaragoza*, 555 S.W.3d 141, 153-4 (Tex. App.—Houston [1st Dist.] 2018).

2. The Pakistan Supreme Court's decision on the issues asserted there by Azhar, or which could have been asserted there by Azhar, are deserving of respect or comity in this case. See *Ashfaq*, id.

3. The Pakistan courts had jurisdiction to consider and decide Azhar's Omitted Asset Claims but Azhar did not assert those claims.

4. Azhar's dismissal of claims in Pakistan was with prejudice as to claims asserted or which could have been asserted, including the Omitted Asset Claims. This Court concludes that the dismissal with prejudice bars the Omitted Asset Claims in this Court.

5. Pakistan's law barring claim splitting bars Azhar's Omitted Asset Claims because of the final decision in the Pakistan Supreme Court. This Court concludes that res judicata principles bar the Omitted Asset Claims in the courts of Pakistan and that the same effect should be given those proceedings in this Court.

Both parties moved to modify or amend the judgment. The trial court did not rule on the motions, which were overruled by operation of law. Azhar appealed, and Choudhri cross-appealed.

## Standard of Review

In an appeal from a bench trial, we review a trial court's conclusions of law as legal questions, de novo, and will uphold them on appeal if the judgment can be sustained on any legal theory supported by the evidence. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *In re Moers*, 104 S.W.3d 609, 611 (Tex. App.—Houston [1st Dist.] 2003, no pet.). A trial court has no discretion in determining what the law is and applying the law to the facts. *Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC*, 437 S.W.3d 518, 523 (Tex. 2014). Although a trial court's conclusions of law are not reviewable for factual sufficiency, we may review the trial court's legal conclusions drawn from the facts to determine whether

the conclusions are correct. *BMC Software*, 83 S.W.3d 794. If we determine that a conclusion of law is erroneous, but that the trial court nevertheless rendered the proper judgment, the error does not require reversal. *Id.*

The trial court's findings of fact in a bench trial have the same weight as a jury verdict. *See Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *Jackson v. Gould*, No. 01-16-00203-CV, 2016 WL 5957214, at *2 (Tex. App.—Houston [1st Dist.] Oct. 13, 2016, no pet.) (mem. op.). We review a trial court's findings of fact for legal and factual sufficiency of the evidence by the same standards applied to a jury verdict. *See Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 827–28 (Tex. 2005) (describing legal sufficiency standard of review); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (describing factual sufficiency standard of review). The trial court in a bench trial is the sole judge of witnesses' credibility and the weight to be given to their testimony. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). Because it is the province of the trial court in a bench trial to resolve conflicting evidence, we must assume that it resolved all conflicts in accordance with its fact findings. *Howeth Invs., Inc. v. City of Hedwig Vill.*, 259 S.W.3d 877, 894 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (citing *City of Keller*, 168 S.W.3d at 819–20). A reviewing court may not impose its own opinion to the contrary. *Wise v. Conklin*, No. 01-13-

00840-CV, 2015 WL 1778612, at *3 (Tex. App.—Houston [1st Dist.] Apr. 16, 2015, no pet.) (mem. op.).

When findings of fact are filed and unchallenged, "they are binding on an appellate court unless the contrary is established as a matter of law, or if there is no evidence to support the finding." *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986); *Grupa v. Basset*, No. 01-14-00524-CV, 2015 WL 3423541, at *1 (Tex. App.—Houston [1st Dist.] May 28, 2015, pet. denied) (mem. op.). To determine a "no evidence" or "matter of law" point we must disregard all evidence contrary to the trial court's finding, and if there is any remaining evidence which would support the verdict or judgment, the trial court's judgment must be upheld. *McGalliard*, 722 S.W.2d at 696–97. If, after the removal of all contrary evidence, this court finds an absence of any evidence which would support the verdict or judgment, a contrary conclusion to the verdict or judgment is required as a matter of law. *Id*. at 697.

"[A]n appellate court will overrule a challenge to fact findings that underpin a legal conclusion or disposition when other fact findings that also support that legal conclusion or disposition go unchallenged." *Howeth Invs.*, 259 S.W.3d at 889 (citing *Britton v. Tex. Dep't of Crim. Just.*, 95 S.W.3d 676, 682 (Tex. App.—Houston [1st Dist.] 2002, no pet.)). "The same result obtains when more than one legal conclusion independently supports a judgment or ruling, but the appellant challenges only one of those legal conclusions on appeal." *Id.* (citing *Britton*, 95 S.W.3d at 682). "The

17

rules are grounded in the overarching rule that, absent fundamental error, we may not raise a challenge on an appellant's behalf when that challenge is absent from its brief." *Id.* (citing *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) ("We have held repeatedly that the courts of appeals may not reverse the judgment of a trial court for a reason not raised in a point of error.")).

**Family Code Chapter 6 Claim**

In her first issue, Azhar contends that the trial court abused its discretion in granting comity to the May 22, 2013 Pakistani Divorce Certificate and dismissing her petition for divorce filed in Texas. She argues that she was denied due process because she was not personally served with the Divorce Certificate, she did not receive adequate notice, and notice was only provided by publication five days prior to the divorce being granted. Choudhri responds that the trial court properly dismissed Azhar's Family Code Chapter 6 claim because the parties were already divorced and therefore the trial court lacked subject matter jurisdiction over her divorce action. He further argues that this case is controlled by the order of the Supreme Court of Pakistan and Azhar may not collaterally attack the ruling which must be recognized under principles of comity and res judicata.

**A.    Jurisdiction to Hear Pakistan Divorce**

Subject matter jurisdiction concerns the court's "power to hear and determine cases of the general class to which the particular one belongs." *Middleton v. Murff*,

689 S.W.2d 212, 213 (Tex. 1985) (per curiam). Subject matter jurisdiction is essential for a court to have authority to decide a case; it is not presumed and cannot be waived or conferred by consent. *See Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993); *see also Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008) (per curiam) (stating subject matter jurisdiction cannot be waived and can be raised at any time). Whether a trial court has subject matter jurisdiction is a question of law subject to de novo review. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998); *Fuentes v. Zaragoza*, 555 S.W.3d 141, 153 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

Texas law presumes that every marriage is valid. *See* TEX. FAM. CODE § 1.101 ("[E]very marriage entered into in this state is presumed to be valid unless expressly made void by Chapter 6 or unless expressly made voidable by Chapter 6 and annulled as provided by that chapter."); *Fuentes*, 555 S.W.3d at 153. The presumption likewise applies to persons who were married outside Texas, like Azhar and Choudhri. *See* TEX. FAM. CODE § 1.103 ("The law of this state applies to persons married elsewhere who are domiciled in this state."). A valid marriage must exist for a trial court to have subject matter jurisdiction over a suit for divorce. *Fuentes*, 555 S.W.3d at 153 (citing *Gray v. Gray*, 354 S.W.2d 948, 949 (Tex. App.—Houston 1962, writ dism'd) ("A suit for divorce presumes a valid marriage.")). If a marriage

19

previously was legally dissolved, the court lacks subject matter jurisdiction to again dissolve that marriage. *See id.* (citing *Ashfaq v. Ashfaq*, 467 S.W.3d 539, 544 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (concluding trial court properly dismissed for lack of jurisdiction because parties had divorced before filing for divorce in Texas)); *Fidalgo v. Galan*, No. 13-01-469-CV, 2003 WL 21982186, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 21, 2003, no pet.) (not designated for publication) (concluding trial court lacked subject matter jurisdiction based on finding that "a previous divorce action had been filed by [appellant] in Mexico that resulted in the issuance of a divorce decree and orders and relief identical to the relief sought in the Texas divorce action").

## B.  Principle of Comity

In some circumstances, Texas courts may defer to the sovereignty of foreign nations according to principles of international comity.[4] *Guimaraes v. Brann*, 562 S.W.3d 521, 536 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). "Comity is a doctrine grounded in cooperation and mutuality." *K.D.F. v. Rex*, 878 S.W.2d 589,

---

[4]     Texas Rule of Civil Procedure 308b, "Determining the Enforceability of a Judgment or Arbitration Award Based on Foreign Law in Certain Suits Under the Family Code," which became effective January 1, 2018, defines "comity" in Family Code cases as "the recognition by a court of one jurisdiction of the laws and judicial decisions of another jurisdiction." TEX. R. CIV. P. 308b. The Rule addresses, among other things, the parties' notice requirements, the trial court's duty to conduct a pretrial conference and a determination hearing, and temporary orders. *See id.* Because this suit was filed before the rule's effective date, Rule 308b's procedures do not apply to this case.

593 (Tex. 1994); *Guimaraes*, 562 S.W.3d at 536. "[I]t is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws." *Gannon v. Payne*, 706 S.W.2d 304, 306 (Tex. 1986) (quoting *Hilton v. Guyot*, 159 U.S. 113, 163–64 (1895)); *see Hawsey v. La. Dep't of Soc. Servs.*, 934 S.W.2d 723, 726 (Tex. App.—Houston [1st Dist.] 1996, writ denied) ("Comity is a principle under which the courts of one state give effect to the laws of another state or extend immunity to a sister sovereign not as a rule of law, but rather out of deference or respect.").

States, however, are not required to give full faith and credit to foreign country judgments; dismissal based on comity is a matter of discretion. *Fuentes*, 555 S.W.3d at 154; *Ashfaq*, 467 S.W.3d at 541; *Acain v. Int'l Plant Servs., LLC*, 449 S.W.3d 655, 659 (Tex. App.—Houston [1st Dist.] 2014, pet. denied); *see Reading & Bates Constr. Co. v. Baker Energy Res. Corp.*, 976 S.W.2d 702, 714–15 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) ("Texas, like its sister states, is *not* constitutionally required to give full faith and credit to the judgments of foreign countries."). A trial court may decline to recognize a foreign judgment obtained without due process. *Fuentes*, 555 S.W.3d at 154. Recognition of a foreign judgment obtained in the absence of due process constitutes an abuse of discretion. *Id.*; *Ashfaq*,

467 S.W.3d at 541; *see Acain*, 449 S.W.3d at 659 (noting trial court abuses its discretion if it acts arbitrarily, unreasonably, or without regard to guiding legal principles).

## C.   Analysis

In her brief on appeal, Azhar challenges the trial court's Finding of Fact No. 11(n): "The courts of Pakistan provide due process to litigants and Azhar's due process rights were observed in the various Pakistan court proceedings." She argues that the trial court abused its discretion in recognizing the Divorce Certificate and dismissing her divorce petition because she was not personally served and was only provided notice five days prior to the divorce by publication in a local circular.

In its August 9, 2019 order, which was incorporated into its November 22, 2019 final judgment, the trial court noted that "the Supreme Court of Pakistan (the highest court in Pakistan), by Order dated November 3, 2018, after a challenge by Hira Azhar[,] upheld a divorce certificate between the parties issued May 22, 2013 based upon a divorce deed dated January 30, 2013." The court ordered that "Azhar's Petition for Divorce is dismissed for want of jurisdiction." In its Conclusions of Law Nos. 1 and 2, the trial court stated that "[t]his Court had no jurisdiction over Azhar's Family Code Chapter 6 suit for dissolution of marriage in light of the prior Pakistan divorce" and "[t]he Pakistan Supreme Court's decision on the issues asserted there by Azhar, or which could have been asserted there by Azhar, are deserving of respect

22

or comity in this case." In its Findings of Fact No. 11(m) and (o), the trial court stated that "Azhar is bound by the rulings of the Lahore High Court and the Pakistan Supreme Court and this Court is bound by those rulings as well," and "[t]his Court is required to give deference to the Pakistan Supreme Court determination under principles of comity."

"A party appealing from a nonjury trial in which the trial court made findings of fact and conclusions of law should direct his attack on the sufficiency of the evidence at specific findings of fact, rather than at the judgment as a whole." *Teal Trading & Dev., LP v. Champee Springs Ranches Prop. Owners Ass'n*, 534 S.W.3d 558, 581–82 (Tex. App.—San Antonio 2017), *aff'd*, 593 S.W.3d 324 (Tex. 2020) (quoting *Shaw v. Cnty. of Dall.*, 251 S.W.3d 165, 169 (Tex. App.—Dallas 2008, pet. denied)). While Azhar argues at length in her brief that the trial court erred in granting comity to the Pakistan Divorce Certificate because she was denied due process by the local arbitration council, she does not directly challenge Conclusions of Law Nos. 1 and 2 and Findings of Fact No. 11(m) and (o). *See Walling*, 863 S.W.2d at 58 (noting appellate courts may not raise challenge on appellant's behalf when that challenge is absent from its brief). The Pakistan Supreme Court order— which is the final order in the litigation initiated by Azhar in Pakistan challenging the validity of the Pakistan divorce—is the controlling ruling in that case. The trial court's determination that it lacked jurisdiction over Azhar's suit for divorce is based

on its finding that the marriage was previously dissolved in Pakistan as well as the Pakistan Supreme Court's order.

Azhar urges us to consider the fact that the former presiding judge, Judge Farr, who conducted several evidentiary hearings in the case, denied Choudhri's earlier motions to dismiss on comity grounds because he found that enforcement of the Divorce Certificate would violate Azhar's due process rights. However, these rulings were made *prior* to the Pakistan Supreme Court order dismissing Azhar's writ of petition. Judge Woolridge, the final presiding judge, considered the jurisdictional issue *after* the Pakistan Supreme Court issued its order and it determined that the Pakistan Supreme Court's ruling was deserving of comity.

Under these circumstances, we cannot conclude that the trial court abused its discretion in granting comity to the Supreme Court of Pakistan's order and dismissing Azhar's petition for divorce brought under Family Code Chapter 6 for lack of jurisdiction. *See Ashfaq*, 467 S.W.3d at 544 (concluding trial court lacked jurisdiction because parties had divorced before filing for divorce in Texas); *Fidalgo*, 2003 WL 21982186, at *3 (holding trial court lacked subject matter jurisdiction where previous divorce action had been filed in Mexico that resulted in issuance of divorce decree).

We overrule Azhar's first issue.

## Property Division Claims

In her second issue, Azhar contends that the trial court abused its discretion in dismissing her claims for a post-dissolution division of assets under Texas Family Code Chapter 9.[5] She argues that the trial court erred in applying Pakistani law to determine Texas community property rights and division, and that Texas law governs this case. In response, Choudhri argues that Azhar failed to address the trial court's findings of fact and conclusions of law regarding her property division claims, that the court's findings are supported by the evidence, and that it correctly determined the law.

### A.    Findings of Fact and Conclusions of Law

The trial court made the following findings of fact and conclusions of law related to Azhar's property division claims:

### **FINDINGS OF FACT**:

. . . .

11. Based on the evidence admitted, the Court finds that:

---

[5]     Azhar does not argue in her opening brief on appeal that the trial court erred in dismissing her alternative claim for partition under Texas Property Code Chapter 23. Having failed to do so, she has not preserved the issue for our review. *See El Paso Healthcare Sys., Ltd. v. Murphy*, 518 S.W.3d 412, 420 (Tex. 2017) ("El Paso Healthcare has not challenged that finding here or in the court of appeals. Its failure to do so prevents us from reversing the trial court's judgment on this ground." (citing *Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) ("It is axiomatic that an appellate court cannot reverse a trial court's judgment absent properly assigned error."))); *Cook v. Broussard*, No. 01-19-00483-CV, 2020 WL 1917841, at *4 n.4 (Tex. App.—Houston [1st Dist.] Apr. 21, 2020, pet. denied) (mem. op.) (concluding defendant's failure in his brief to include challenge to expert's qualifications precluded consideration of issue on appeal).

a. Azhar filed claims in the courts of Pakistan that had the jurisdiction to consider her Omitted Asset Claims.

b. Azhar did not pursue her Omitted Asset Claims in the Pakistan courts although she had the right to do so and although the Pakistan courts had the jurisdiction to consider those claims.

. . . .

e. Pakistan, like U.S. courts, follows principles of res judicata and collateral estoppel.

f. Pakistan's law of res judicata and its corollary rules bar claim splitting. A party may not pursue some claims arising out of a transaction or occurrence to conclusion and then later bring other claims arising out of the same transaction or occurrence.

g. Azhar was obligated to bring all claims against Choudhri or be barred from asserting omitted claims in subsequent proceedings.

h. Azhar could have pursued, but did not, her Omitted Asset Claims in the proceedings she initiated in Pakistan. She could not properly split her claims. The final adjudication by the Pakistan Supreme Court bars the Omitted Asset Claims.

i. Additionally, Azhar commenced and then dismissed causes of action in Pakistan trial courts. The order dismissing those claims did not reserve the claims.

j. The law of Pakistan provides that the dismissal of a claim without reservation amounts to a dismissal of claims asserted (or which could have been asserted) with prejudice.

k. The Lahore High Court in Pakistan expressly addressed the effect of Azhar's filing of claims and dismissal without reservation, noting that the dismissal effectively barred her subsequent claims arising out of the marriage and the Pakistan Divorce.

l. The Pakistan Supreme Court affirmed the Lahore High Court judgment.

m. Azhar is bound by the rulings of the Lahore High Court and the Pakistan Supreme Court and this Court is bound by those rulings as well.

**CONCLUSIONS OF LAW**:

. . . .

3. The Pakistan courts had jurisdiction to consider and decide Azhar's Omitted Asset Claims but Azhar did not assert those claims.

4. Azhar's dismissal of claims in Pakistan was with prejudice as to claims asserted or which could have been asserted including the Omitted Asset Claims. This Court concludes that the dismissal with prejudice bars the Omitted Asset Claims in this Court.

5. Pakistan's law barring claim splitting bars Azhar's Omitted Asset Claims because of the final decision in the Pakistan Supreme Court. This Court concludes that res judicata principles bar the Omitted Asset Claims in the courts of Pakistan and that the same effect should be given those proceedings in this Court.

**B.    Analysis**

In her brief on appeal, Azhar argues that "there is no jurisdiction or power in Pakistan to divide the community property assets that are located here in Texas and which are the subject of these post-dissolution claims under Chapter 9." She contends that the trial court abused its discretion in dismissing her property division claims because the court based its dismissal on Pakistani law, holding that Pakistani law applied and that res judicata should apply, although she never sought or obtained a division of assets in Pakistan. Azhar asserts "[t]hat was a mistake of law and the

27

dismissal was an abuse of discretion, too." We construe these arguments to sufficiently challenge the trial court's Conclusions of Law Nos. 3 and 5. *See City of Pasadena v. Gennedy*, 125 S.W.3d 687, 691 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (construing appellant's challenges, which failed to specify trial court's findings and conclusions being challenged, as challenges to pertinent findings and conclusions supporting complained-of aspects of judgment); *see also Teal Trading & Dev.*, 534 S.W.3d at 582 ("[A] challenge to an unidentified finding of fact may be sufficient if the reviewing court—after giving consideration to the number of findings, the nature of the case, and the underlying elements of the applicable legal theories—can fairly determine from the argument the specific finding being challenged."); *see also Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 863 (Tex. 2005) (per curiam) ("[A]n appellate court should consider the parties' arguments supporting each point of error and not merely the wording of the points.").

Azhar, however, does not challenge in her appellate brief the trial court's Conclusion of Law No. 4: "Azhar's dismissal of claims in Pakistan was with prejudice as to claims asserted or which could have been asserted including the Omitted Asset Claims. This Court concludes that the dismissal with prejudice bars the Omitted Asset Claims in this Court." When a separate independent ground that supports a judgment is not challenged on appeal, we must affirm the trial court's judgment. *See Nobility Homes of Tex., Inc. v. Shivers*, 557 S.W.2d 77, 83 (Tex. 1977)

(concluding appellant's failure to challenge separate and independent ground of recovery for negligence required judgment to be affirmed); *Midway Nat'l Bank v. W. Tex. Wholesale Supply Co.*, 453 S.W.2d 460, 461 (Tex. 1970) (per curiam) (affirming judgment where appellant failed to attack independent legal conclusion that "fully supported" judgment); *Carrington Mortg. Servs., LLC v. Hutto*, No. 14-15-00442-CV, 2017 WL 592120, at *4 (Tex. App.—Houston [14th Dist.] Feb. 14, 2017, pet. denied) (mem. op.) ("Because the Bank Parties have not presented argument in their opening brief challenging each independent basis for the trial court's ruling that they were not entitled to foreclosure based on the facts presented, we overrule the second and third issues."); *Marshall v. Harris Cnty. Mun. Util. Dist. No. 358*, No. 01-07-00910, 2011 WL 286167, at *5 (Tex. App.—Houston [1st Dist.] Jan. 20, 2011, pet. denied) (mem. op.) (upholding trial court's determination that municipal district had authority to condemn appellant's property under Interlocal Cooperation Contract Act where appellant failed to challenge pertinent legal conclusions and factual findings); *Britton*, 95 S.W.3d at 682 (stating appellate court will overrule challenge "when more than one legal conclusion independently supports a judgment or ruling, but the appellant challenges only one of those legal conclusions on appeal" (citing *Midway Nat'l Bank*, 453 S.W.2d at 460–61)); *see also Pyramid Constructors, Inc. v. Action Bonded Cleaning, Inc*., No. 09-01-341-CV, 2002 WL 413492, at *1 (Tex. App.—Beaumont Mar. 14, 2002, no pet.) (per curiam)

(not designated for publication) ("[S]hould a judgment rest upon more than one ground, the party aggrieved by the judgment must assign error as to each such ground or risk having the judgment affirmed on the ground to which no error was assigned." (citing *Midway Nat'l Bank*, 452 S.W.2d at 460)). Because Azhar does not challenge Conclusion of Law No. 4, and this conclusion fully supports the trial court's judgment, we need not determine the correctness of the trial court's other conclusions. *See Midway Nat'l Bank*, 452 S.W.2d at 461; *see also Pyramid*, 2002 WL 413492, at *1 (concluding that where appellant did not attack trial court's conclusion that appellee was entitled to recover under alternate theory of quantum meruit, it was unnecessary to address merits of challenge to other theory of recovery). Accordingly, we overrule Azhar's second issue.[6]

## Conclusion

We affirm the trial court's final judgment.

---

[6] Choudhri raises a "cross-point" in which he argues that in the event "Azhar is granted any relief in this appeal," this Court should render judgment ordering a disgorgement or judgment of $330,000.00 against Azhar for the temporary support and interim payments awarded to her under Chapter 6 during the pendency of the case. In light of our disposition, Choudhri's cross-point is moot. *See Olivares v. Mares*, 390 S.W.3d 608, 622 (Tex. App.—Dallas 2012, no pet.) (concluding subcontractor's cross-points on appeal were moot where cross-points were specifically conditioned on appeals court finding that trial court's reduction of award was error, but court affirmed trial court's reduction); *In re Estate of Clifton*, No. 13-11-00462-CV, 2012 WL 3139864, at *8 n.9 (Tex. App.—Corpus Christi–Edinburg Aug.2, 2012, no pet.) (mem. op.) (concluding defendant's "cross-point" that was conditioned on appellate court's reversal of trial court's judgment notwithstanding the verdict was "moot" where appellate court concluded trial court's judgment was not erroneous).

Amparo Guerra
Justice

Panel consists of Chief Justice Adams and Justices Farris and Guerra.