IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § | |
| § | Case No. 23-34815 |
| **GALLERIA 2425 OWNER, LLC** § | |
| § | Chapter 11 |
| Debtor. § | |

**GALLERIA 2425 OWNER, LLC'S
NOTICE OF RULE 2004 EXAMINATION OF
NATIONAL BANK OF KUWAIT, S.A.K.P. NEW YORK BRANCH**

TO: National Bank of Kuwait, S.A.K.P. New York Branch, by and through its counsel of record, Charles C. Conrad and Patrick E. Fitzmaurice, Pillsbury Winthrop Shaw Pittman LLP, Two Houston Center, 909 Fannin, Suite 2000, Houston, Texas 77010.

PLEASE TAKE NOTICE that, in accordance with Rules 2004 of the Local and Federal Rules of Bankruptcy Procedure, Galleria 2425 Owner, LLC ("Galleria 2425" or the "Debtor"), the Debtor in the above bankruptcy case, will take the Bankruptcy Rule 2004 Examination ("2004 Examination") of National Bank of Kuwait, S.A.K.P., New York Branch ("NBK"). The 2004 Examination will be taken before an officer authorized by law to administer oaths, on **March 25, 2025, at 10:00 a.m.** and continuing from business day to business day thereafter until completed, at the offices of Galleria 2425 Owner, LLC at 2425 West Loop South, Houston, Texas (or such other date or location as may be mutually agreed upon).

NBK shall designate one or more officers, directors, managing agents, or other persons to testify on its behalf with respect to the matters set forth in the attached **Exhibit A**.

EASE TAKE FURTHER NOTICE that, in connection with the taking of this 2004 Examination, pursuant to Bankruptcy Rule 2004(c), NBK is demanded to produce at least three (3) business days prior to the 2004 Examination (i.e. on or before March 21, 2024), any and all documents in its possession, custody, or control requested in **Exhibit B**, attached hereto and

incorporated herein by reference for all purposes. The definitions and instructions included in Exhibit A shall apply to each and every request for documents set forth in Exhibit B.

PLEASE TAKE FURTHER NOTICE that the examination will be recorded by audio and/or stenographic means and will also be videotaped. The examination will be conducted by Debtor's undersigned counsel. Testimony from the examination may be used for discovery, evidentiary hearings, and/or for all purposes permitted by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court. You are invited to attend and examine.

DATED: March 14, 2024

Respectfully submitted,

*/s/Reese W. Baker*
Reese W. Baker
TX State Bar No. 01587700
Baker & Associates
950 Echo Lane, Suite 300
Houston, Texas 77024
ATTORNEY FOR GALLERIA 2425 OWNER, LLC

### CERTIFICATE OF SERVICE

I certify that on March 15, 2024, a true and correct copy of the above Notice of Rule 2004 Examination was delivered to the Electronic Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Reese W. Baker*
Reese W. Baker

**DEFINITIONS**

The following definitions (the "Definitions") apply to the Notice. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1. "Affiliate" or "Affiliates" means the term "affiliate" as defined in 11 U.S.C. § 101(2).

2. "Choudhri" means Ali Choudhri.

3. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, emails, or otherwise).

4. "Concerning" means containing, constituting, describing, evidencing, pertaining, regarding, relating or referring.

5. "Debtor" means Galleria 2425 Owner, LLC.

6. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), including but not limited to all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data compilations. This includes documents stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. A draft or nonidentical copy is a separate document within the meaning of this term.

7. "Galleria 2425 JV" means Galleria 2425 JV, LLC.

8. "Galleria West Loop" means Galleria West Loop Investments II, LLC.

9. "Insider" means the term "insider" as defined in 11 U.S.C. § 101(31).

10. "Loan Documents" means (i) the Loan Agreement and Promissory Note, dated May 23, 2018, in the original principal amount of $51,675,000, between Galleria 2425 Owner, LLC, a Delaware limited liability company and NBK; and (ii) the Deed of Trust, Assignment of Leases and Rents and Profits, Security Agreement and Fixture Filing, dated May 23, 2018, executed by Galleria 2425 Owner, LLC, a Delaware limited liability company in favor of NBK as beneficiary and recorded in File No. RP-2018-235600 of the real property records of Harris County, Texas.

11. "Loan" means the alleged loan described in the Loan Documents.

12. "Jetall" means Jetall Companies Inc.

13. "Naissance Galleria" means Naissance Galleria, LLC.

14. "NCRE" means Naissance Capital Real Estate, LLC.

15. "NBK" means National Bank of Kuwait, S.A.K.P., New York Branch.

16. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

17. "Property" means certain real property and improvements located at 2425 West Loop South, Houston, Texas 77027.

18. "Settlement Agreement" means that certain Confidential Settlement Agreement by and between NBK, the Debtor, Naissance Galleria, and Choudhri dated August 22, 2022.

19. "You" and "Your" means NBK and/or any of its past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, professionals, and all other persons acting or claiming to act on their behalf.

20. The term "include" or "including" is defined to mean "include without limitation."

21. The connectives "and" and "or" shall be construed either disjunctively or conjunctively to bring within the scope of the topic all matters that might otherwise be construed

to be outside of its scope.

22. Words and phrases not defined shall have their ordinary and plain meaning within the context of the Federal Rules of Civil Procedure and in accordance with the generally accepted meaning accorded such words and phrases in everyday use in the English language.

**EXHIBIT A**
**EXAMINATION TOPICS**

1. The events and circumstances leading to the Debtor's filing of this bankruptcy case.

2. The owners, officers, and directors of NBK.

3. The current holder of the Loan Documents.

4. Any owners, officers, or directors of NBK's expression of interest in buying the Loan Documents, the Property, or the Debtor's interest in the Property.

5. The Debtor's and its affiliates' history and business relationship with NBK.

6. NBK's conduct with respect to Debtor's attempts to lease the Property.

7. NBK's conduct with respect to Debtor's attempts to perform under the Settlement Agreement.

8. NBK's relationship with its Affiliates or Insiders, including Naissance Galleria and NCRE.

9. Any and all communications with any investors in the Loan, including mezzanine investors;

10. Any and all communications with Adrienne Bond;

11. Any and all communications with Guy Nesdale;

12. Any and all communications with Azeemeh Zaheer;

13. Any and all communications with Husam Alrasimi;

14. Any and all communications with Saima Mohammed Habibullah Habib;

15. Any and all communications with Saima Marwan Bin-Shinon;

16. Any and all communications with Mona Dajani;

17. Any and all communications with Sheriff Ezz;

18. Any and all communications with Husam Alrasimi;

19. Any and all communications with Saima Mohammed Habibullah Habib;

20. Any and all communications with Saima Marwan Bin-Shinon;

21. The legal or beneficial interests in the Debtor held by Naissance Galleria, NCRE, and Galleria West Loop.

22. The ownership and organizational structure of Naissance Galleria, NCRE, and Galleria West Loop.

23. Historical equity investments and/or capital contributions made into the Debtor.

24. Basis for the Loan made by NBK to the Debtor and the internal loan documents of NBK for time periods prior to the Loan.

25. The Debtor's ability to fund a Chapter 11 Plan of Reorganization, including the status of any attempts to refinance the Property, sell the Property, or raise additional equity, capital investment, or debt funding.

26. NBK's conduct with respect to the Debtor's attempts to sell or lease the Property and any offers received by the Debtor (or prior owners of the Property) to acquire the Property.

27. NBK's communications with third parties regarding the Debtor, Ali Choudhri, the Debtor's attempts to sell the Property, the Debtor's attempts to lease the Property, or the Settlement Agreement.

28. NBK's communications with the chapter 11 trustee and its counsel regarding the Debtor, Ali Choudhri, the Debtor's attempts to sell the Property, the Debtor's attempts to lease the Property, the Settlement Agreement, any proposals of NBK to the chapter 11 trustee and all communications with the chapter 11 trustee.

29. Any offers or proposals made by NBK to the chapter 11 trustee in this case.

30. NBK's value of the Property as of a current date in 2024.

31. The names of any real estate brokers that NBK has approached to potentially sell the Property.

32. NBK's communications with any of Azeemeh Zaheer, Orca Petroleum, St. Christopher, DC Partners, Bobby Salihi, Riverway Group LLC, Mansoor Chaudhry, Osama Abdulatiff, David Tang, Rodney Drinnon, or Pedram Lalezari.

# EXHIBIT B
# DOCUMENTS

1. All documents exchanged with, provided to, or received from the chapter 11 trustee or his

counsel in or related to this case.

2. NBK's value of the Property as of a current date in 2024.

3. Contracts or agreements for the listing or sale of the Property.