IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § § § § § | |
| GALLERIA 2425 Owner, LLC | | Case No. 23-34815 (JPN) |
| Debtor. | | Chapter 11 |

**NATIONAL BANK OF KUWAIT S.A.K.P., NEW YORK BRANCH'S
MOTION TO QUASH RULE 2004 EXAMINATION NOTICES**

---

**NEGATIVE NOTICE PURSUANT TO LOCAL RULE 9013-1**

This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute.

If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 24 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

Represented parties should act through their attorney.

---

**TO THE HONORABLE JEFFREY P. NORMAN, U.S. BANKRUPTCY JUDGE:**

National Bank of Kuwait, S.A.K.P., New York Branch ("NBK") respectfully represents as follows in support of the motion (the "Motion").

**RELIEF REQUESTED**

1.      NBK seeks entry of an order in the form attached as Exhibit A quashing the Rule 2004 examination notices purportedly filed by the Debtor and seeking examinations of (i) pursuant

to Rule 30(b)(6), a corporate representative of NBK, and (ii) a former attorney for NBK, Mona Dajani.

## JURISDICTION AND VENUE

2.  The Court has jurisdiction over this matter under 28 U.S.C. §§ 157(b)(2) and 1334. Venue is proper under 28 U.S.C. § 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2), and the Court has authority to enter a final order granting the relief requested. The bases for the relief requested are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2004, 9014 and 9016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule(s)") and the Local Rules of the United States Bankruptcy Court for the Southern District of Texas ("Local Rule(s)").

## BACKGROUND

3.  On December 5, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On December 18, 2023, the Debtor filed a Notice of Removal removing to this Court, a pending state court action it had previously filed against NBK. *See* ECF No. 49. That case was assigned Adversary Proceeding No. 23-03263 and is currently pending under that case number.

4.  On December 22, 2023, the Debtor filed a Motion to Employ Reese Baker as attorney. *See* ECF No. 67. On December 27, 2023, NBK filed a Motion to Convert Case from Chapter 11 to Chapter 7. *See* ECF No. 72.

5.  On January 31, 2024, the Court entered an order directing the appointment of a chapter 11 trustee to manage the Debtor's business and financial affairs. *See* ECF No. 99. On February 9, 2024, the Court entered an order appointing Christopher R. Murray as trustee, whose appointment became effective on February 13, 2024 (the "Chapter 11 Trustee"). *See* ECF Nos. 116 and 121.

6. On February 1, 2024, the Court enter an Order Abating Application to Employ. *See* ECF No. 100. Additional factual background about the Debtor, commencement of this chapter 11 case and history between the Debtor and NBK is set forth in detail in the *National Bank of Kuwait, S.A.K.P. New York Branch's Motion Pursuant to 11 U.S.C. § 1112(b) to Convert Chapter 11 Case to Chapter 7*. *See* ECF No. 72. As of the date of hereof, no examiner or official committee of unsecured creditors has been appointed in this case.

7. On March 2, 2024 attorney Reese Baker emailed NBK's counsel requesting dates for Rule 2004 examinations for a number of NBK employees, and the bank's former counsel, Mona Dajani. *See* Exhibit 1. None of the NBK employees named in Mr. Baker's email work in the United States and Ms. Dajani is a former outside counsel to NBK, having left Pillsbury in February 2023.

8. On March 11, 2024, counsel for NBK sent an email to Mr. Baker asking (i) on whose behalf he was requesting 2004 exams; (ii) for information concerning the "scope and topics of examination and any documents" that were being requested in connection with the examinations. *See* Exhibit 2.

9. During the evening of March 14, 2024, Mr. Baker emailed counsel for NBK with notices of Rule 2004 examinations for NBK and Ms. Dajani. *See* Exhibit 3. Mr. Baker's email also falsely intimates that NBK had failed to reply to his previous correspondence.

10. The following afternoon, on March 15, 2024, Mr. Baker, purportedly on behalf of the Debtor, filed two Motions (the "Rule 2004 Motions") seeking examinations under Bankruptcy Rule 2004 of (i) a corporate representative of the National Bank of Kuwait; and (ii) Mona Dajani, a former attorney for NBK (together, the "Examination Notices").

**ARGUMENT**

11. The Examination Notices are procedurally and substantively defective on multiple fronts such that the Rule 2004 Motions should be denied, and the Examination Notices should be quashed.

12. As a starting point, the Examination Notices should be quashed because the Notices seek discovery that is beyond the scope of any obtainable discovery between the Debtor and NBK. This is true for two independent reasons.

13. First, many of the topics of examination relate to events that occurred prior to August 2022 and that were the subject of previous litigation between NBK and the Debtor dating back to 2021. *See, e.g.*, ECF No. 129 at Examination Topics 5, 6, 9, 21-24. But, as this Court is well aware, any and all claims relating to these matters were released by the Debtor pursuant to the August 22, 2022 Confidential Settlement Agreement among the Debtor, Naissance Galleria, LLC (the "Mezzanine Lender"), Ali Choudhri and NBK (the "Settlement Agreement"). *See* Exhibit 6 at Section 4.1(a). Lest anyone argue in response that these examination topics are relevant to Rule 2004 examinations to be conducted by another party, both the Mezzanine Lender and Mr. Choudhri also released NBK from any claims they have, accrued and not accrued, that predate the parties' entry into the Settlement Agreement. *Id* at Section 4.1(b) and (c). There is no basis for anyone to take discovery from NBK concerning these released matters.

14. Second, to the extent that the Examination Notices seek discovery of information concerning events that post-date the parties' entry into the Settlement Agreement, the Debtor has filed a lawsuit against NBK in connection with those matters as well. Indeed, the Debtor's lawsuit *also* concerns the Debtor's claims that were released, as described above, pursuant to the parties' Settlement Agreement. But that lawsuit has been removed to the Bankruptcy Court and is currently pending under Adversary Proceeding No. 23-03263. A cursory review of the Debtor's operative

pleading in that case – the Debtor's Sixth Amended Petition – makes clear that the topics of examination listed in the Examination Notices cover the identical issues being litigated between the parties in the adversary proceeding. This discovery is not permitted and provides an additional basis to quash the Examination Notices. *First Fin. Savs. Ass'n v. Kipp (In re Kipp)*, 86 B.R. 490, 491 (Bankr. W.D. Tex. 1988) ("Once [Plaintiff] initiated [the] adversary [proceeding] it may no longer use Rule 2004 to obtain discovery relevant to the adversary [proceeding]. [Plaintiff] is not harmed by the denial of this motion because it may depose the Debtor in accordance with Bankruptcy Rule 7030."); *see also Snyder v. Soc'y Bank*, 181 B.R. 40, 42 (S.D. Tex. 1994), aff'd sub nom. *In re Snyder*, 52 F.3d 1067 (5th Cir. 1995) (finding that the Bankruptcy court properly denied the Rule 2004 motion on examination for production of documents from bank where party seeking discovery had filed cause of action against the bank in state court, and documents would only be of use in the state court proceeding.)

15. Moreover, the Rule 2004 Motions were purportedly filed on behalf of the Debtor, *see* ECF Nos. 129, 130.[1] But, as this Court is also well aware, a Chapter 11 trustee was recently appointed in this case. *See* ECF 99. Upon his appointment, the Chapter 11 trustee became the Estate's sole representative and only the trustee is empowered to act on behalf of the Estate. *See Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008) (per curiam) (stating that "[o[nce an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished, " and the appointed bankruptcy trustee becomes "the representative of the bankruptcy estate."); *see also In re Neely*, No. ADV 11-03637, 2013 WL 3148676, at *19 (S.D. Tex. June 19, 2013), aff'd, 559 Fed. Appx. 410 (5th Cir. 2014) ("'[A]ll rights held by the debtor

---

[1] The 2004 Motions were initially filed at ECF Nos. 127 and 128 with amended notices being filed at ECF Nos. 129 and 130. The amendments appear to be solely related to correcting a typo in the examination date.

in the asset are extinguished unless the asset is abandoned' by the trustee to the debtor under 11 U.S.C. § 554.") (citing *Kane,* 535 F.3d at 385).

16. Finally, and notwithstanding the above, the Examination Notices should be quashed because they fail to comply with the Local Rules. Local Rule 2004-1(d) provides that "[n]ot fewer than 14 days written notice of a proposed examination must be given to the person or entity to be examined, its counsel, and to affected parties under BLR 9013-1(a). The notice must apprise the party of the scope of the examination and categories of documents to be produced."

17. The Examination Notice for NBK purports to provide for NBK's examination to occur on March 25, 2024, yet Mr. Baker first provided NBK with notice of the scope of the proposed examination on March 14, 2024 – providing NBK with only 11 days written notice. *See* Exhibit 3. The NBK Examination Notice therefore is in violation of the Local Rules and should be quashed on that basis alone.

18. With respect to the Examination Notice of Ms. Dajani, that Notice is also defective in that it appears that Ms. Dajani has not received any notice whatsoever of the Debtor's request to examine her. Ms. Dajani no longer represents NBK, as she left Pillsbury, NBK's counsel, in February 2023 – over a year ago. *See* Exhibit 4. Mr. Baker's previous correspondence to NBK's counsel did not separately copy Ms. Dajani and NBK is unaware of any separate notice provided to Ms. Dajani. It is also clear that the Debtor is aware that Ms. Dajani is not counsel for NBK given the Examination Notice lists Ms. Dajani's address in New York City as 30 Rockefeller Plaza (*see* ECF No. 130) – which is the address of her new firm, Baker Botts. Pillsbury's New York address is 31 West 52nd Street. *See* Exhibit 5.

19. The Debtor has given no indication that it has even attempted to contact Ms. Dajani and Mr. Baker's emailing of a notice to NBK's counsel clearly does not suffice.

**CONCLUSION**

For these reasons, NBK respectfully requests this Court to grant this Motion in its entirety, that the Rule 2004 Motions be denied, that the Examination Notices be quashed, and for any further relief in which NBK may be entitled.

DATED: March 20, 2024

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

*/s/ Charles C. Conrad*
Charles C. Conrad
Texas State Bar No. 24040721
Ryan Steinbrunner
Texas State Bar No. 24093201
Two Houston Center
909 Fannin, Suite 2000
Houston, TX 77010-1028
Telephone: (713) 276-7600
Facsimile: (713) 276-7634
charles.conrad@pillsburylaw.com
ryan.steinbrunner@pillsburylaw.com

- and -

Andrew M. Troop*
Patrick E. Fitzmaurice*
Kwame O. Akuffo*
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com
patrick.fitzmaurice@pillsburylaw.com
kwame.akuffo@pillsburylaw.com

*Admitted *pro hac vice*

*Counsel for National Bank of Kuwait, S.A.K.P., New York Branch*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on March 20, 2024, a true and correct copy of this document was served via the Court's CM/ECF system on the Debtor and their counsel of record and all others who are deemed to have consented to ECF electronic service.

> */s/ Charles Conrad*
> Charles C. Conrad

4857-2142-6350.v2