UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | Case No. 23-34815 (JPN) |
| GALLERIA 2425 Owner, LLC. § | |
|    Debtor § | Chapter 11 |

## OBJECTION TO FINAL ORDER ON MOTION FOR USE OF CASH COLLATERAL

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

COMES NOW 2425 WL, LLC ("Respondent") and files this Objection to Final Order on Motion for Use of Cash Collateral and would show as follows:

1. The Chapter 11 Trustee has filed a Motion for Use of Cash Collateral.

2. Respondent does not object to use of cash collateral by the Trustee. However, the terms of the proposed final order impermissibly release third party claims and limit the rights of third parties to object to claims.

3. Paragraphs 3 and 4 of the Proposed Order contains the following stipulations and agreements:

> 3. Stipulations and Agreements. In consideration for the relief granted in this Order, the Trustee, on behalf of the Estate, and NBK stipulate and agree to the following:

> a. NBK Claim. On May 23, 2018, the Debtor issued a note to NBK in the amount of $51,675,000.00 (the "NBK Note"). Subject to any affirmative defenses to the NBK Note or the Debtor's obligations thereunder, NBK was entitled to $63,552,988.00 under the NBK Note on the Petition Date (the "NBK Claim"). The Trustee, on behalf of the estate, reserves all rights to challenge the amount or allowance of the NBK Claim up to ten (10) days before a hearing on any plan of reorganization for the Debtor is first scheduled for hearing with any such challenge to be heard and determined in connection with that hearing.

> b. NBK Liens and Security Interests. The Debtor's obligations to NBK are secured pursuant to the Deed of Trust, Assignment of Leases and Rents and Profits, Security Agreement and Fixture filing (the "NBK Deed of Trust") and Absolute Assignment of Leases and Rents (the "NBK Assignment of Rents"), both of which were filed in the real property records of Harris County, Texas, prior to the Petition Date. NBK has a valid, enforceable, and properly perfected security interest in the Premises pursuant to the NBK Deed of Trust that has priority over any other lien or

security interest, except any lien pursuant to Chapter 32 of the Texas Tax Code. NBK also has a valid, enforceable, and properly perfected security in the rents from leases of the Premises pursuant to the Deed of Trustee and the NBK Assignment of Rents. The value of NBK's collateral does not exceed the amount it is owed.

* * *

4. Effect of Stipulations and Agreements. The Trustee's acknowledgments and stipulations in this order shall be binding on the Trustee, the Estate, and their respective representatives, successors, and assigns in all circumstances. The stipulations contained in this Order shall be binding upon all other parties in interest and all of their respective successors and assigns.

4. Paragraph 3(a) appears to state that only the Trustee may challenge the amount of the claim of NBK. It further limits the Trustee's right to challenge the NBK claim to asserting counterclaims. Under 11 U.S.C. Sec. 502(a), any party in interest may object to a claim. It is improper to cut off the rights of third parties to object to a claim without so much as a challenge period.

5. Paragraph 3(b) is worse. It stipulates that NBK's liens are valid and have priority over all liens except for tax liens. Respondent has filed Adv. No. 24-3043 in which it seeks equitable subordination against NBK. The stipulation would require dismissal of this adversary proceeding.

6. Whatever rights the Trustee might have when dealing with property of the estate, agreeing that liens are senior to those of another lien holder without the consent of the lienholder constitutes an impermissible non-consensual third-party release in violation the law of this Circuit and indeed the may violate the jurisdiction of the Bankruptcy Court as is currently being adjudicated in *Harrington v Purdue Pharma, L.P.*, (Docket 23-124). See *Nextpoint Advisors, L.P. v. Highland Capital Mgmt. L.P.*, 48 F.4th 419, 435 (5th Cir. 2022) (holding that an exculpation clause that exceeds the statutory authority of the Bankruptcy Code must be struck); *In re Pacific Lumber*, 584 F.3d 229 (5th Cir. 2009) (holding that exculpation and release clauses must narrowly construed and authorized under the provisions of 11 U.S.C. §524(e)).

7. This issue is not a question of business judgement but rather one of authority for the relief which the Trustee and the Bank are seeking. What section of the Bankruptcy Code authorizes the granting of a non-consensual third-party release in this context? Looking to *Highland Capital Mgmt.* for guidance, we see the Court may ultimately determine that the liens held by 2425 WL, LLC may be junior to those of NBK. Indeed, the Bankruptcy Code sets forth a procedure for determining those rights through an adversary proceeding and in this case an adversary proceeding is currently pending [Adv. Proc No. 24-03043] (the "Adversary Proceeding"). However, for the Bankruptcy Court to take such action on a summary basis as party of a cash collateral motion, makes a farce of the entire bankruptcy process in requiring an adversary proceeding to determine the priority of liens and further risks putting the reputation of the Bankruptcy process at risk and threatens the integrity of this Court as well as violating due process.

8. NBK and the Trustee have failed to point to any Section of the Bankruptcy Code that authorizes the abrogation of a property right by such means. For this Court to grant the relief requested would be contrary to the holdings of the Fifth Circuit in *Highland Capital Mgmt.* and *Pacific Lumber* without any contrary statutory authority.

9. While the Trustee may claim it has an urgent need for cash, such a need does not authorize or justify a court to enter an order that is violative of applicable law. Looking at the pending Adversary Proceeding, there is a forum and a procedure for NBK to obtain the relief it seeks. The parties need only move on an expedited basis to resolve the issue as to whether NBK's claims should be equitably subordinated. This can be done with a scheduling order, expedited discovery and an expedited schedule to move to trial.

10. However, if the Court is to enter the order as submitted, it will be akin to a non-consensual-third party release. Moreover, given that the property at stake here is real property and all real property is unique, the harm that will be suffered is irreparable. See *Oppulent Life Church v. City of Holly Springs*, 697 F.3d 279 (5th Cir. 2012). Effecting property rights in this manner

strikes at the very heart of the Bankruptcy process.

11. The Motion also requires the Trustee to initiate a sales process by April 5, 2024 resulting in an auction sale to take place no later than July 1, 2024. Respondent objects to using a cash collateral motion as a sub rosa plan. The court should not approve a 90-day sale process without clear and convincing evidence that such a process will maximize the value to the estate.

12. Any adequate protection granted to NBK should be contingent upon the priority of NBK's liens being upheld.

13. Payment of expenses necessary to maintain the value of the property should be sufficient to provide adequate protection to the lender.

DATED: April 2, 2024.

Respectfully Submitted,

**BARRON & NEWBURGER, P.C.**
7320 N. MoPac Expwy., Suite 400
Austin, Texas 78731
Tel: (512) 476-9103

By:   */s/ Stephen W. Sather*
Stephen W. Sather
State Bar No.

**ATTORNEYS FOR CREDITOR, 2425 WL,LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Response was served on the 2nd day of April, 2024 to the parties on the attached list.

*/s/ Stephen W. Sather*
Stephen W. Sather

```
Label Matrix for local noticing          2425 WL, LLC                              CC2 TX, LLC
0541-4                                   2425 West Loop South 11th floor           c/o Howard Marc Spector
Case 23-34815                            Houston, TX 77027-4304                    Spector & Cox, PLLC
Southern District of Texas                                                         12770 Coit Road Suite 850
Houston                                                                            Dallas, TX 75251-1364
Fri Jan 19 15:17:36 CST 2024

City of Houston                          Galleria 2425 Owner, LLC                  (p)HARRIS COUNTY ATTORNEY'S OFFICE
Linebarger Goggan Blair & Sampson LLP    1001 West Loop South 700                  P O BOX 2928
c/o Tara L. Grundemeier                  Houston, TX 77027-9084                    HOUSTON TX 77252-2928
PO Box 3064
Houston, TX 77253-3064


Houston Community College System         Houston ISD                               National Bank of Kuwait, S.A.K.P., New York
Linebarger Goggan Blair & Sampson LLP    Linebarger Goggan Blair & Sampson LLP
c/o Tara L. Grundemeier                  c/o Tara L. Grundemeier
PO Box 3064                              PO Box 3064
Houston, TX 77253-3064                   Houston, TX 77253-3064


4                                        2425 WL, LLC                              ADT
United States Bankruptcy Court           13498 Pond Springs Rd.                    PO Box 382109
PO Box 61010                             Austin, TX 78729-4422                     Pittsburgh, PA 15251-8109
Houston, TX 77208-1010


Ali Choudhry                             Ash Automated Control Systems, LLC        CFI Mechanical, Inc
1001 West Loop South 700                 PO Box 1113                               6109 Brittmoore Rd
Houston, TX 77027-9084                   Fulshear, TX 77441-2013                   Houston, TX 77041-5610


CNA Insurance Co                         Caz Creek Lending                         Cirro Electric
PO Box 74007619                          118 Vintage Park Blvd No. W               PO Box 60004
Chicago, IL 60674-7619                   Houston, TX 77070-4095                    Dallas, TX 75266


City of Houston                          City of Houston                           Comcast
PO Box 1560                              c/o Tara L. Grundemeier                   PO Box 60533
Houston, TX 77251-1560                   Linebarger Goggan Blair & Sampson LLP     City of Industry, CA 91716-0533
                                         PO Box 3064
                                         Houston, TX 77253-3064


Datawatch Systems                        Environmental Coalition Inc               Ferguson Facilities Supplies
4520 East West Highway 200               PO Box 1568                               PO Box 200184
Bethesda, MD 20814-3382                  Stafford, TX 77497-1568                   San Antonio, TX 78220-0184


Firetron                                 First Insurance Funding                   Gulfstream Legal Group
PO Box 1604                              450 Skokie Blvd                           1300 Texas St
Stafford, TX 77497-1604                  Northbrook, IL 60062-7917                 Houston, TX 77002-3509


HNB Construction, LLC                    Harris County Tax Assessor                Houston Community College System
521 Woodhaven                            PO Box 4622                               c/o Tara L. Grundemeier
Ingleside, TX 78362-4678                 Houston, TX 77210-4622                    Linebarger Goggan Blair & Sampson LLP
                                                                                   PO Box 3064
                                                                                   Houston, TX 77253-3064
```

| | | |
|---|---|---|
| Houston ISD<br>c/o Tara L. Grundemeier<br>Linebarger Goggan Blair & Sampson LLP<br>PO Box 3064<br>Houston, TX 77253-3064 | Kings 111 Emergency Communications<br>751 Canyon Drive, Suite 100<br>Coppell, TX 75019-3857 | Lexitas<br>PO Box Box 734298 Dept 2012<br>Dallas, TX 75373-4298 |
| Logix Fiber Networks<br>PO Box 734120<br>Dallas, TX 75373-4120 | MacGeorge Law Firm<br>2921 E 17th St Blgd D Suite 6<br>Austin, TX 78702-1572 | Mueller Water Treatment<br>1500 Sherwood Forest Dr.<br>Houston, TX 77043-3899 |
| National Bank of Kuwait<br>299 Park Ave. 17th Floor<br>New York, NY 10171-0023 | Nationwide Security<br>2425 W Loop S 300<br>Houston, TX 77027-4205 | Nichamoff Law Firm<br>2444 Times Blvd 270<br>Houston, TX 77005-3253 |
| TKE<br>3100 Interstate North Cir SE  500<br>Atlanta, GA 30339-2296 | US Trustee<br>Office of the US Trustee<br>515 Rusk Ave<br>Ste 3516<br>Houston, TX 77002-2604 | Waste Management<br>PO Box 660345<br>Dallas, TX 75266-0345 |
| Zindler Cleaning Service Co<br>2450 Fondren 113<br>Houston, TX 77063-2314 | James Q. Pope<br>The Pope Law Firm<br>6161 Savoy Drive<br>Ste 1125<br>Houston, TX 77036-3343 | Reese W Baker<br>Baker & Associates<br>950 Echo Lane<br>Suite 300<br>Houston, TX 77024-2824 |
| Rodney Drinnon<br>McCathern Houston<br>2000 W Loop S<br>Ste. 1850<br>Houston, TX 77027-3744 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Harris County, ATTN: Property Tax Division
Harris County Attorney's Office
P.O. Box 2928
Houston, TX 77252-2928 United States


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)2425 West Loop, LLC

End of Label Matrix
Mailable recipients    45
Bypassed recipients     1
Total                  46