IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | |
| GALLERIA 2425 Owner, LLC | § § | Case No. 23-34815 (JPN) |
| Debtor. | § § § | Chapter 11 |

**NATIONAL BANK OF KUWAIT'S MOTION FOR ENTRY OF
ORDER (I) CONDITIONALLY APPROVING DISCLOSURE STATEMENT;
(II) SCHEDULING A COMBINED DISCLOSURE STATEMENT APPROVAL
AND PLAN CONFIRMATION HEARING, (III) ESTABLISHING PLAN AND
DISCLOSURE STATEMENT OBJECTION AND REPLY DEADLINES AND
RELATED PROCEDURES, (IV) APPROVING THE SOLICITATION
PROCEDURES, (V) APPROVING THE COMBINED HEARING
NOTICE, AND (VI) GRANTING RELATED RELIEF**

---

**NOTICE PURSUANT TO LOCAL RULE 3016-2**

This pleading requests relief that may be adverse to your interests. If no timely response is filed within 14 days from the date of service, the relief requested herein may be granted without a hearing being held.
A timely filed response is necessary for a hearing to be held.

---

**TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:**

National Bank of Kuwait, S.A.K.P. New York Branch ("NBK") files this motion (the "Motion") to advance a plan proposed by NBK for the liquidation of the Debtor on a fair, yet expeditious and cost-effective, timeline. The Debtor's exclusive right to file a plan was terminated upon the appointment of the Chapter 11 Trustee in this case thus giving NBK the right to file its liquidation plan, pursue confirmation, and seek approval of a related disclosure statement. *See* 11 U.S.C. § 1121(c)(1).

NBK is the Debtor's senior secured creditor, as well as the likely holder of a significant unsecured deficiency claim. As described in more detail below, NBK is filing a plan that provides,

among other things, for (i) the sale of the Debtor's real property to the highest bidder – as determined by the Chapter 11 Trustee appointed in this case – through a public auction process, (ii) the payment of all administrative and priority claims, (iii) a substantial cash distribution to be made to non-insider or affiliate trade claimants, and (iv) the establishment of a liquidation trust to evaluate, and if appropriate pursue, affirmative claims for the benefit of unsecured creditors.

### RELIEF REQUESTED

1. NBK requests entry of an order in the form attached as **Exhibit A** (the "Proposed Order") conditionally approving the Disclosure Statement and: (a) scheduling a combined final hearing on the adequacy of the Disclosure Statement[1] and confirmation of the Plan (the "Combined Hearing"); (b) establishing a deadline for objections to the adequacy of the Disclosure Statement and confirmation of the Plan; (c) establishing a deadline to file a combined pleading in support of confirmation of the Plan and to file a reply to any objections; (d) approving the procedures for soliciting votes on the Plan (the "Solicitation Procedures"); (e) approving the form of notice of the Combined Hearing attached as **Exhibit 1** to the Proposed Order; (f) approving the form of ballot attached as **Exhibit 2** to the Proposed Order; (g) approving the forms of notices for: (i) Holders of Claims that are Unimpaired under the Plan and who are therefore presumed to accept the Plan; and (ii) Holders of Claims and Interests that are Impaired and are not expected to receive a distribution under the Plan and who are therefore deemed to reject the Plan (collectively, the "Notices of Non-Voting Status") in the form attached as **Exhibit 3(A)** and **Exhibit 3(B)** to the Proposed Order; and (h) granting related relief.

---

[1] Capitalized terms used but not defined in this Motion have the meanings given them in the *Chapter 11 Plan of Liquidation of the Debtor* (the "Plan") filed contemporaneously herewith.

1

2. NBK proposes that the Chapter 11 Trustee (the "Solicitation Agent") solicit votes to accept or reject the Plan from Holders of Claims in Classes 4, 5(a) and 5(b) (collectively, the "Voting Classes"). The Voting Classes shall receive copies of a form ballot, the Disclosure Statement, Plan and notice of the confirmation hearing and deadline to object to the Plan and Disclosure Statement (collectively, the "Solicitation Package"). Votes will not be solicited from Holders of Claims or Interests in Classes 1, 2, 3, 6, 7 and 8 (collectively, the "Non-Voting Classes"), but the Non-Voting Classes will receive notice of their non-voting status.

3. In connection with the foregoing and subject to the Court's availability, the Court should approve the following dates and deadlines:

| Event | Date | Description |
| --- | --- | --- |
| Conditional Approval of Disclosure Statement Hearing | April 25, 2024 at 3:00 p.m. (CST) | Date and time for the hearing at which the Court will consider the relief requested in this Motion. |
| Voting Record Date | The date on which an order is entered approving the disclosure statement on a conditional basis | Date for determining (i) which holders of Claims in the Voting Classes are entitled to vote on the Plan and (ii) whether Claims have been properly assigned or transferred such that the assignee can vote as the holder of the Claim. |
| Solicitation Deadline and Combined Hearing Notice and Mailing Notice of Non-Voting Status Deadline | Within five (5) business days after entry of the order approving the disclosure statement on a conditional basis | Deadline for distributing Solicitation Package to holders of Claims entitled to vote on the Plan; and Date by which the Solicitation Agent will serve the Combined Hearing Notice and mail the Notice of Non-Voting Status. |

| | | |
|---|---|---|
| Deadline to Object to Claims for Voting Purposes | On or before May 27, 2024 at 5:00 p.m. (CST) | Deadline by which NBK or other parties-in-interest with standing may object to claims solely for voting purposes. |
| Voting Deadline | 4:00 p.m. (CST) within seven (7) business days after the Deadline to Object to Claims for Voting Purposes | Deadline by which all Ballots must be properly executed, completed, and delivered so that they are actually received by the Solicitation Agent. |
| Plan Supplement Filing Deadline | 4:00 p.m. (CST) within seven (7) business days after the Voting Deadline | Deadline by which NBK must file the Plan Supplement. |
| Plan and Disclosure Statement Objection Deadline | 4:00 p.m. (CST) within seven (7) business days after the Voting Deadline | Deadline by which objections to the Disclosure Statement and Plan must be filed with the Court and served so as to be actually received the Objection Notice Parties (defined below). |
| Deadline for Filing Voting Report | 4:00 p.m. (CST) within one (1) business day after the Plan Supplement Filing Deadline | Date by which the report tabulating the votes on the Plan shall be filed with the Court. |
| Deadline to File Confirmation Brief and Omnibus Reply to Plan and Disclosure Statement Objections | On or before July 10, 2024 4:00 p.m. (CST) | Date by which NBK's brief in support of Confirmation and final approval of the Disclosure Statement and NBK and any parties' responses to objections to the Plan and Disclosure Statement must be filed with the Court. |
| Combined Hearing | On or before July 17, 2024 (CST), subject to the Court's availability | Date and time for the hearing at which the Court will consider Confirmation of the Plan and final approval of the adequacy of the Disclosure Statement. |

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested

3

herein are sections 105, 1123(a), 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3016-2 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas ("Local Rule").

## BACKGROUND

5. On December 5, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. As of the date of hereof, no examiner or official committee of unsecured creditors has been appointed. On January 31, 2024, the Court entered an order directing the appointment of a chapter 11 trustee to manage the Debtor's business and financial affairs. *See* ECF No. 99.

6. On February 9, 2024, the Court entered an order appointing Christopher R. Murray as trustee, whose appointment became effective on February 13, 2024 (the "Chapter 11 Trustee"). *See* ECF Nos. 116 and 121. Additional factual background about this case and the history between the Debtor and NBK is set forth in detail in the *National Bank of Kuwait, S.A.K.P. New York Branch's Motion Pursuant to 11 U.S.C. § 1112(b) to Convert Chapter 11 Case to Chapter 7*. *See* ECF No. 72.

## TERMINATION OF EXCLUSIVITY

7. Upon appointment of the Chapter 11 Trustee, the Debtor's exclusive right to file and try to confirm a plan of reorganization terminated. As a result, any party in interest, including a creditor like NBK, may file and prosecute confirmation of a plan. *See* 11 U.S.C. § 1121(c)(1).

8. NBK has contemporaneously filed the Plan and a related Disclosure Statement as permitted by section 1121(c)(1) of the Bankruptcy Code.

4

**PLAN SUMMARY**

9.      In accordance with sections 1122, 1123 and 1126 of the Bankruptcy Code, the Plan classifies Holders of Claims and Interests into certain Classes for all purposes, including with respect to voting on the Plan as follows:

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| 1 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 2 | Other Priority Claims | Unimpaired | Deemed to Accept |
| 3 | NBK Tax Claim | Impaired | Deemed to Reject |
| 4 | NBK Secured Claim | Impaired | Entitled to Vote |
| 5(a) | Trade General Unsecured Claims | Impaired | Entitled to Vote |
| 5(b) | Other General Unsecured Claims | Impaired | Entitled to Vote |
| 6 | Insider Claims | Impaired | Deemed to Reject |
| 7 | Subordinated Claims | Impaired | Deemed to Reject |
| 8 | Interests | Impaired | Deemed to Reject |

10.     The proposed Plan provides for the sale of the estate's sole asset, certain real property and improvements located at 2425 West Loop South, Houston, Texas 77027 (the "Property") to NBK, which will act as a stalking horse for the auction of the Property and proceed by credit bid, or to a qualifying cash buyer, whichever the Chapter 11 Trustee determines has made the highest or best offer for the Property. *See* ECF No. 188.

11.     As described in the Chapter 11 Trustee's bid procedures motion, the Property will be marketed by a commercial real estate broker, which will attract competitive bidding and yield substantial proceeds to pay allowed administrative and priority claims under the Plan, make a significant cash distribution to trade creditors who are neither insiders or related to the Debtor, fund the Liquidation Trust to be established under the Plan to enhance recoveries for general unsecured creditors, and pay NBK its share of the sale proceeds on account of its secured interest in the Property.

12.     If NBK is the winning bidder for the Property, the Plan provides that NBK will advance funds to, among other things, pay allowed administrative and priority claims, fund a

5

significant cash distribution to trade creditors who are neither insiders or related to the Debtor, and provide initial funding for the Liquidation Trust.

## BASIS FOR RELIEF

A. **The Court Should Conditionally Approve the Disclosure Statement**

   *(i) Approval of the Disclosure Statement on a Conditional and Final Basis*

13.  Local Rule 3016-2 permits a plan proponent to seek conditional approval of a disclosure statement. In the absence of objection filed within 14 days of the filing of this Motion, the Court may approve the Disclosure Statement on a conditional basis without a hearing. *Id.* Even though conditional approval of the Disclosure Statement does not limit a party's ability to objection to the adequacy of the Disclosure Statement at a final hearing, given the contentious nature of this case, NBK is not proceeding on "negative notice," notwithstanding the Local Rule. Instead, NBK has asked that this Motion be set for hearing. It will explore taking the Motion off the hearing list if no objection is filed within 14 days. NBK thinks that this process advances the likelihood that plan confirmation will proceed expeditiously and efficiently.

   *(ii) The "Adequate Information" Standard for Disclosure Statement Approval*

14.  Section 1125(a)(1) of the Bankruptcy Code defines "adequate information" as:

> [i]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan.

15.  "Adequate information" is a flexible standard to be interpreted by the Court based on the facts and circumstances of a particular case. *See* H.R. Rep. 95-595, at 409 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6365 ("Precisely what constitutes adequate information in any

6

particular instance will develop on a case-by-case basis. Courts will take a practical approach as to what is necessary under the circumstances of each case . . . .").

16. At the Combined Hearing, NBK will demonstrate that the Disclosure Statement contains "adequate information" for Holders of Claims in the Voting Classes to make an informed decision on whether to vote to accept or reject the Plan. The Disclosure Statement contains the types of information that courts consider when addressing the "adequate information" standard, including: (i) the history of the Debtor and its relationship with NBK, (ii) the terms of the Plan, including the treatment of each class of creditors and interest holders, (iii) alternatives to the Plan, including liquidation under chapter 7, (iv) the conditions to and means of implementing the Plan, including provisions related the Liquidation Trust, and (v) the feasibility of the Plan.

17. Based on the foregoing, NBK submits and will demonstrate at the Combined Hearing that the Disclosure Statement complies with section 1125 of the Bankruptcy Code because it ensures that the Voting Classes receive adequate information.

18. In the interim, however, there should be no doubt that the Disclosure Statement contains "adequate information" to support its conditional approval.

**B.     The Disclosure Statement Provides Sufficient Notice of Injunction, Release, and Exculpation Provisions in the Plan**

19. Bankruptcy Rule 3016(c) requires that, if a plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code, the plan and disclosure statement must describe, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction. Fed. R. Bankr. P. 3016(c). Part IV of the Disclosure Statement describes in detail the persons and entities subject to an injunction under Article IX of the Plan and the acts that they are enjoined from pursuing. Further, the language in the Disclosure Statement and Plan related to

Debtor releases, exculpation, and injunction is in bold font, making it conspicuous to anyone who reads it.

20. Although the Plan releases only Estate Claims, it also contains a so-called "gate-keeping" injunction to ensure that if someone pursues a claim against a Released or Exculpated Party, the claim being pursued is colorable and not an Estate Claim. This provision is highlighted in the Disclosure Statement.

21. Accordingly, NBK submits that the Disclosure Statement complies with Bankruptcy Rule 3016(c).

**C.      The Court Should Enter an Order Scheduling a Combined Hearing**

22. Section 105(d)(2)(B)(vi) of the Bankruptcy Code allows the Court to issue an order that combines the hearing on approval of the disclosure statement and confirmation of the plan.

23. NBK seeks to establish a process to reach confirmation in an efficient manner given the estate's limited resources, by, among other things, combining the final hearing for approval of the Disclosure Statement with the confirmation hearing.

24. A Combined Hearing is a cost-effective way to address all disclosure statement and confirmation related issues and enable the Plan to be confirmed and consummated in a timely manner, conserve judicial resources by holding a single hearing rather than separate hearings and reduce administrative expenses and maximize value for all creditors.

25. NBK, therefore, requests that the Court schedule the Combined Hearing on the adequacy of the Disclosure Statement and confirmation of the Plan on or before July 17, 2024, subject to the Court's availability.

**D.    The Court Should Approve the Deadlines and Procedures for Objecting to Approval of the Disclosure Statement and Confirmation of the Plan**

26.    Bankruptcy Rule 3017(a) authorizes the Court to fix a time for filing objections to the adequacy of the Disclosure Statement; Bankruptcy Rule 3020(b)(1) authorizes the Court to fix a time for filing objections to the Plan; and Bankruptcy Rule 2002(b) requires 28 days' notice of such deadlines. *See* Fed. R. Bankr. P. 3017(a) (requiring 28 days' notice of the disclosure statement hearing); *see also* Fed. R. Bankr. P. 2002(b).

27.    NBK requests that the Court set the Plan and Disclosure Statement Objection Deadline as the date set forth in the chart above. This date is not less than 28 days following the proposed deadline for service of the Combined Hearing Notice, as required by the Bankruptcy Rules.

28.    NBK also requests that the Court direct how parties-in-interest may object to the Disclosure Statement and confirmation of the Plan. *See* Fed. R. Bankr. P. 3017(a); 3020(b)(1) (providing that objections to a disclosure statement and plan confirmation must be filed and served "by an earlier date as the court may fix" and "within a time fixed by the court"). NBK proposes that objections to confirmation of the Plan or final approval of the Disclosure Statement must (i) be in writing; (ii) state the name and address of the objecting party and the nature and amount of the claim or equity interest of such party; (iii) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (iv) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (iv) be filed, together with proof of service, with the Court and served upon (a) counsel for NBK; (b) the Chapter 11 Trustee; (c) counsel to the Chapter 11 Trustee; (d) the Office of the U.S. Trustee for Region 7; and (f) counsel to the Debtor, so as to be *actually*

9

received by or before the Plan and Disclosure Statement Objection Deadline. These requirements will be set forth in the Combined Hearing Notice.

29. NBK requests that it and other parties-in-interest be authorized to file and serve replies to any confirmation or Disclosure Statement objections, and briefs in support of Confirmation (which may be combined in one filing, with each portion of the combined filing subject to the applicable page limitations (as may be extended with permission of the Court)), by the date set forth in the chart above.

E. **Approval of the Solicitation Process**

30. Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and interests for the purpose of soliciting their votes to accept or reject a chapter 11 plan. As explained in detail below, the proposed Solicitation Procedures comply with the Bankruptcy Code and the Bankruptcy Rules, and on that basis, NBK seeks approval of the Solicitation Procedures, the ballots, and the procedures used for tabulating votes to accept or reject the Plan.

*(i) Voting Record Date*

31. Bankruptcy Rule 3018(a) provides that the record date for determining the holders of claims and interests entitled to receive the materials specified in Bankruptcy Rule 3017(d), including ballots, is the "date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." *See* Fed. R. Bankr. P. 3018(a).

32. NBK requests that the Voting Record Date be set as the date set forth in the chart above. The Voting Record Date will apply to all creditors and interest holders.

*(i) Voting Deadline*

33. Bankruptcy Rule 3017(c) provides that "the court shall fix a time within which the holders of claims and interests may accept or reject the plan." Fed. R. Bankr. P. 3017(c). NBK requests that the Court set the deadline by which all ballots must be received by the Solicitation

Agent (the "Voting Deadline") as the date set forth in the chart above. The Voting Deadline provides interested parties with more than enough time to review and make a decision with respect to the Plan and Disclosure Statement and cast their ballots.

*(ii) The Ballots, Solicitation Package, Additional Materials, and Transmittal*

34. Bankruptcy Rule 3017(d) requires transmittal of a form of ballot, which substantially conforms to Official Form No. 314, only to "creditors and equity security holders entitled to vote on the plan." Bankruptcy Rule 3018(c) provides that "[a]n acceptance or rejection shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity holder or an authorized agent, and conform to the appropriate Official Form."

35. The form of ballot attached as **Exhibit 2** to the Proposed Order is derived from Official Form No. 314 but has been modified to conform to the specifics of the Plan. The Solicitation Package will be distributed by the Solicitation Agent to the Voting Classes by the date set forth in the chart above.

*(iii) Vote Tabulation*

36. NBK proposes that original executed ballots be returned to the Solicitation Agent, and that the Solicitation Agent be authorized to reject any ballot that is sent via facsimile or any other electronic means. Any ballot that is timely received or supersedes a prior ballot and is received before the Voting Deadline, that contains sufficient information to identify the claimant and that is *cast* as an acceptance or rejection of the Plan will be counted.

37. The following ballots will not be counted or considered in determining whether the Plan has been accepted or rejected: (a) ballots received after the Voting Deadline; (b) illegible ballots or ballots that contain insufficient information to permit the identification of the claimant; (c) ballots cast by a person or entity that does not hold a claim in the class for which the vote is cast; (d) timely ballots received that are cast in a manner that indicates neither an acceptance nor

rejection of the Plan or indicates both an acceptance and rejection of the Plan; (e) any unsigned ballot; (f) any ballot that is electronically submitted; and (g) withdrawn ballots.

38. These voting tabulation procedures are consistent with Bankruptcy Code section 1126(c) and Bankruptcy Rule 3018(a).

### F. Requirements for Mailing Solicitation Package

*(i) Deadline for Mailing Solicitation Package or Notice of Non-Voting Status*

39. NBK proposes that Solicitation Package or Notices of Non-Voting Status, as applicable, be sent by first-class mail on the date set forth in the chart above to creditors and interest holders at their addresses set forth in the Debtor's Schedules or in any notice of appearance filed in this case. This date is not less than 28 days before the proposed date for the final hearing on the Disclosure Statement and confirmation of the Plan and the Plan and Disclosure Statement Objection Deadline, as required by the Bankruptcy Rules.

*(ii) Waiver of Certain Solicitation Package Mailing Requirements*

40. The Court should waive the requirement to mail the Solicitation Package to Holders of Claims and Interests in the Non-Voting Classes because such a mailing would be an unnecessary expense that adds no benefit to the confirmation process. *See* Fed. R. Bankr. P. 3017(d) (requiring transmission of a court-approved disclosure statement to, *inter alia*, classes of unimpaired creditors and equity security holders unless the court orders otherwise). Holders of Other Secured Claims (Class 1) and Other Priority Claims (Class 2) are unimpaired under the Plan and, therefore, conclusively presumed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code. Holders of the NBK Tax Claim (Class 3), Insider Claims (Class 6), Subordinated Claims (Class 7) and Interests in the Debtor (Class 8) are impaired under the Plan and, therefore, deemed not to accept the Plan pursuant to section 1126(g) of the Bankruptcy Code.

41. Rather than mail the Solicitation Package to members of the Non-Voting Classes, NBK proposes that they be sent a Notice of Non-Voting Status, substantially in the form attached as **Exhibits 3(A) and 3(B)** to the Proposed Order, by first-class mail. The Notices of Non-Voting Status will advise the recipient of the filing of the Plan and Disclosure Statement and that the recipient is either deemed to accept the Plan because it is unimpaired or that it is deemed to reject the Plan because it will not receive anything under the Plan.

42. The Notice of Non-Voting Status also will direct the recipient to the Solicitation Agent if it wants a copy of the Solicitation Package without a ballot. The recipients of a Notice of Non-Voting Status also shall receive a copy of the notice of the Combined Hearing, setting forth the deadline to object to final approval of the Disclosure Statement and the Plan and the confirmation hearing date. In combination, the form of Notice of Non-Voting Status and the notice for the Combine Hearing complies with the requirements of Bankruptcy Rule 3017(d) for relieving the Solicitation Agent of sending full Solicitation Packages to certain classes of creditors and interests.

*(iii) Procedures for Returned Mail*

43. Notice of this Motion, which is being provided to all known creditors and interest holders based on the Debtor's Schedules and to parties who have requested notice in this case, may be returned as undeliverable. If so, and to avoid additional expense, the Solicitation Agent should be excused from mailing Solicitation Packages and Notices of Non-Voting Status to addresses from which the Solicitation Agent received notice of this Motion as undeliverable, unless the Solicitation Agent is provided with a new mailing address in advance of the Voting Record Date.

44. Further, the Solicitation Agent should not be obligated to conduct any additional research for updated addresses based on undeliverable Solicitation Packages and Non-Voting Status Notices.

13

**G. Approval of the Form and Manner of the Combined Hearing Notice**

45.     In accordance with Bankruptcy Rules 2002 and 3017(d), NBK requests approval of the proposed Combined Hearing Notice.  The proposed Combined Hearing Notice: (a) provides a brief summary of the Plan; (b) discloses the date and time of the Combined Hearing; (c) and discloses the date and time of the Objection Deadline and the procedures for objecting to the Disclosure Statement and the Plan.  The Combined Hearing Notice will be served upon creditors and interest holders identified in the Debtor's Schedules (as well as parties requesting notice in this case).  NBK proposed that the Combined Hearing Notice be sent together with the Solicitation Package by the date set forth in the chart above.

## NOTICE

46.     Notice of this Motion has been provided to the following parties and their counsel: (a) the Office of the United States Truste for Region 7; (b) counsel to the Chapter 11 Trustee; (c) counsel to Naissance Galleria, LLC; (c) counsel to the Debtor; (d) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (f) all creditors and interest holders, and executory contract counterparties, identified in the Debtor's Schedules.  NBK submits that no other or further notice is required.

**CONCLUSION**

WHEREFORE, NBK requests that this Court enter the Proposed Order granting the relief requested herein and granting such other and further relief as the Court may deem just and proper.

DATED: April 10, 2024                               **PILLSBURY WINTHROP SHAW PITTMAN LLP**

*/s/ Charles C. Conrad*
Charles C. Conrad
Texas State Bar No. 24040721
Ryan Steinbrunner
Texas State Bar No. 24093201
609 Main Street Suite 2000
Houston, TX 77002
Telephone: (713) 276-7600
Facsimile: (713) 276-7634
charles.conrad@pillsburylaw.com
ryan.steinbrunner@pillsburylaw.com

-   and   -

Andrew M. Troop  (Bar No. MA547179)
Patrick E. Fitzmaurice*
Kwame O. Akuffo*
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com
patrick.fitzmaurice@pillsburylaw.com
kwame.akuffo@pillsburylaw.com

*Admitted *pro hac vice*

**Counsel for National Bank of Kuwait, S.A.K.P., New York Branch**

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 10, 2024, a true and correct copy of this document was served via the Court's CM/ECF system on the Chapter 11 Trustee, the Debtor's proposed counsel of record and all others who are deemed to have consented to ECF electronic service, and also by mailing, first class, postage prepaid, to each of the parties on the attached service list.

>     */s/ Charles C. Conrad*
>     Charles C. Conrad