**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GALLERIA 2425 OWNER, LLC, | ) | |
| | ) | Case No. 23-34815 |
| Debtor. | ) | |
| | ) | |

**TRUSTEE'S MOTION FOR AN ORDER (A) AUTHORIZING THE TRUSTEE TO
SELL THE ESTATE'S CLAIMS AGAINST SONDER USA INC. AND SONDER
CANADA, INC., (B) PROVIDING THAT ANY SUCH SALE WILL BE FREE AND
CLEAR OF INTERESTS EXCEPT FOR INTERESTS OF CONTINGENCY COUNSEL
AND DEFENSES, AND (C) GRANTING RELATED RELIEF**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THERE WILL BE A HEARING ON THIS MOTION ON MAY 15, 2024, AT 11:00 A.M. (CENTRAL TIME) IN COURTROOM 403, U.S. BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK, HOUSTON, TX 77002.

Christopher R. Murray, the chapter 11 trustee (the "Trustee") in the above-captioned

chapter 11 case, hereby moves for entry of an order, substantially in the form attached hereto (the

"Proposed Order"), pursuant to sections 105 and 363 of title 11 of the United States Code (the

"Bankruptcy Code") authorizing the Trustee to sell the claims against Sonder USA Inc. ("Sonder

USA"), Sonder Canada, Inc. ("Sonder Canada"), and their affiliates (such affiliates, Sonder USA, and Sonder Canada, together "Sonder") free and clear of interests (other than the interests of prior contingency counsel and defenses to the claims) for the amount of $100,000 or higher amount set forth at the hearing on this Motion and granting related relief. In support of the Motion, the Trustee respectfully represents as follows:

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

2.      The bases for the relief requested herein are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 2002(a).

**BACKGROUND**

**A. Case Background**

3.      On December 12, 2023 (the "Petition Date"), Galleria 2425 Owner, LLC (the "Debtor") commenced this case by filing a petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") with the Court.

4.      Secured creditor National Bank of Kuwait, S.A.K.P. ("NBK") filed the National Bank of Kuwait, S.A.K.P., New York Branch's Motion Pursuant to 11 U.S.C. § 1112(b) to Convert Chapter 11 Case to Chapter 7 [ECF No. 72] (the "Motion to Convert"). After an evidentiary hearing on the Motion to Convert, the Court *sua sponte* ordered [ECF No. 99] the U.S. Trustee to appoint a chapter 11 trustee if adequate funds were available.

2

5.      The Office of the U.S. Trustee subsequently appointed Christopher Murray as the

Trustee and the Court entered an order [ECF No. 116] approving his appointment and the U.S.

Trustee filed a notice of the appointment [ECF No. 117].

**B.      Litigation between the Debtor and Sonder**

6.      Sonder is a hospitality company that operations in the United States and worldwide.

Its business is to enter into multiyear leases with real property owners and provides apartment-

style short-term and extended rentals to its customers.

7.      In 2019, Sonder USA and the Debtor entered into two leases for the property

located at 2425 West Loop S, Houston, TX, 77027 (the "Property"). The two leases (the "Leases")

are summarized in the following chart:

|  | *Lease 1* | *Lease 2* |
|---|---|---|
| *Landlord* | Galleria 2425 Owner, LLC | Galleria 2425 Owner, LLC |
| *Tenant* | Sonder USA Inc. | Sonder USA Inc. |
| *Lease Date* | February 1, 2019 | April 2, 2019 |
| *Commencement Date* | March 1, 2019 | March 26, 2020 |
| *Term Length* | 184 months | 184 months |
| *Premises* | 53,800 square feet on 2nd and 8th floors | 26,900 square feet on 4th floor |

Sonder USA's obligations under the leases were guaranteed by Sonder Canada, its parent

company.

8.      In February 2021, Sonder USA sued the Debtor and related entities under other

leases seeking declarations concerning whether it had rescinded or validly terminated the leases

and recovery for, among other things, fraudulent inducement, common law fraud, breach of

3

contract, civil conspiracy. Among other things, Sonder USA alleged that the Debtor (a) misrepresented its intent to fulfill its obligations under the Leases, (b) made partial disclosures that gave the false impression that it had the ability to complete the buildout of the premises, and (c) misrepresented the status of plans and permits, its ability to deliver the premises, and construction progress.

9.     The Debtor and certain of the other defendants soon thereafter initiated arbitration proceedings against Sonder USA, asserting claims for breach of contract, fraud, and fraud in a real estate transaction. Jetall Companies, Inc.("Jetall"), one of the defendants in Sonder's action, moved to compel arbitration and to stay the litigation of Sonder USA's claims under the Texas Arbitration Act. Jetall asserted that the leases executed by Sonder USA contained valid arbitration clauses. Sonder USA opposed the motion to compel arbitration and the trial court granted Sonder USA's motion to stay arbitration and denied Jetall's motion to compel arbitration. The Court of Appeals for the First District of Texas reversed the trial court and remanded for entry of an order compelling arbitration. *Jetall Cos. v. Sonder USA Inc.*, 2022 Tex. App. LEXIS 9145, at *57 (Tex. App.—Houston [1st] Dec. 15, 2022). Arbitration was set to begin on March 4, 2024, before being delayed due to the automatic stay.

10.     Additionally, the Debtor and certain of the other defendants initiated an action against Sonder Canada in the U.S. District Court for the Southern District of Texas. The Debtor asserted that Sonder Canada is liable for its guarantees of the Leases. Sonder Canada filed a motion to stay the proceedings pending the outcome of the arbitration proceedings, which is awaiting a ruling by the District Court. The action against Sonder Canada is pending as Case No. 23-cv-01762.

11.     On February 9, 2024, Sonder USA filed a motion to modify the automatic stay to allow the liquidation of its claim against the Debtor's bankruptcy estate through the arbitration proceedings (the "Sonder Stay Motion") [ECF No. 115]. Sonder USA and the Trustee have agreed to a response deadline of April 24, 2024, for the Sonder Stay Motion and a hearing date of May 1, 2024.

### C.  Proposed Sale of the Claims Against Sonder

12.     Through his entity 2425 WL, LLC, Ali Choudhri has offered to purchase the estate's claims against Sonder (the "Sonder Claims") for $100,000.00. The Trustee has seen evidence that an entity controlled by Mr. Choudhri's mother has sufficient funds to close on such a transaction.

13.     The Trustee believes that obtaining $100,000 for the Sonder Claims would be a good deal for the bankruptcy estate. While the potential magnitude of the Sonder Claims is large—totaling $33,700,696.88—the Trustee believes that the chance of success is not sufficient for the estate to incur the cost that retaining separate counsel to pursue these claims would entail.[1]

14.     To minimize costs, the Trustee also seeks authority in the Proposed Order to sell the Sonder Claims to any other entity if (a) such entity presents a higher or better offer at or before the hearing on this Motion that the Trustee believes is actionable at or before the hearing on this Motion or (b) the extent that 2425 WL, LLC or other entity related to Mr. Choudhri does not close within fifteen (15) days of an order approving the sale.

---

[1] The Trustee believes that he would need to retain counsel separate from those retained by the other parties. The attorneys representing the estate's interests in the arbitration proceedings should have undivided loyalty to the estate so that the Trustee—and creditors—would be assured that the attorneys are acting in the interest of the estate. Further, the lead attorney on the matter, has asserted a secured claim against the estate.

**RELIEF REQUESTED**

15.    The Trustee requests the entry of an order, substantially in the form of the Proposed Order, (a) authorizing the sale of the Sonder Claims for the amount of $100,000 or such higher amount set out at the hearing on the Motion, (b) authorizing the Trustee to close upon an alternative transaction in the event that the sale presented at the hearing does not close within fifteen (15) days of the entry of an order approving the sale, (c) providing that such sale shall be free and clear of interests other than (i) the interests, if any, of contingency counsel and (ii) defenses to the Sonder Claims, and (d) granting related relief.

**BASIS FOR RELIEF**

**A.  Sale of the Claims Against Sonder**

16.    Pursuant to Bankruptcy Code § 363(b)(1), a trustee "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. In determining whether to grant a debtor's motion to use, sell, or lease property of the estate, the Court should grant the relief sought if the trustee is exercising sound business judgment. *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 n.10 (5th Cir. 1985); *In re Bombay Co.*, 2007 Bankr. LEXIS 3218, *12 (Bankr. N.D. Tex. Sept. 26, 2007).

17.    The Trustee is exercising sound business judgment. While the magnitude of the potential recovery against Sonder is large, recovery is uncertain. Trustee believes that the cost to the bankruptcy estate of litigating the Sonder Claims is unjustified. These are appropriate considerations for the Trustee's exercise of business judgment.

18.    Further, to the extent that Sonder or another party in interest presents a better offer before the hearing or 2425 WL, LLC or another Choudhri-related entity does not close on the sale within fifteen (15) days of an order approving the sale, the Trustee may sell the Sonder Claims to

another entity for this amount. This flexibility provides the Trustee with appropriate flexibility to exercise his fiduciary duties without unnecessary expense.

**B.   Sale Free and Clear, Subject to Certain Exceptions.**

19.     A sale may be free and clear of interests if applicable non-bankruptcy law if any of the requirements of Bankruptcy Code § 363(f) are met. *E.g.*, *In re Patriot Place, Ltd.*, 486 B.R. 773, 814-15 (Bankr. W.D. Tex. 2013); *In re Demay Int'l LLC*, 471 B.R. 510, 518 n.13 (S.D. Tex. 2012).The statute provides that the trustee may sell property free and clear if:

    i.    Applicable non-bankruptcy law permits sale of the property free and clear of the relevant interest;

    ii.    The entity with an interest is a lien and the price at which the property is to be sold is greater than the aggregate value of all liens on the property;

    iii.    The interest is in bona fide dispute; or

    iv.    The entity with the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of the interest.

11 U.S.C. § 363(f).

20.     One or more of the elements of Bankruptcy Code § 363(f) are present with respect to any interest in the Sonder Claims that is not being preserved. To the extent that no party receiving notice this Motion objects to the sale free and clear, the Bankruptcy Code § 363(f)(2) applies. Further, the Trustee believes that any party with an interest in the Sonder Claims could be compelled to accept a money satisfaction of the interest. To the extent that an entity asserts an interest for which it could not be compelled to accept money satisfaction, such interest will be in bona fide dispute.

21.     Under the Proposed Order, any interest in the Sonder Claims will attach to the proceeds of the sale to the same extent, and with the same priority, as in the Sonder Claims. At a minimum, the National Bank of Kuwait ("NBK") will likely assert that the proceeds constitute its

cash collateral on the basis that the Sonder Claims derive from a lease of the real property securing the Debtor's obligations to NBK or pursuant to NBK's adequate protection replacement lien. The Proposed Order provides that the Trustee will treat the funds as cash collateral without deciding that issue.

22.     For the avoidance of doubt, the Trustee is not seeking to sell the Sonder Claims free and clear of (i) the interests, if any, of prior contingency counsel, including but not limited to Lloyd Kelly, or (ii) any defenses that Sonder may have to the Sonder Claims. These interests will continue in full force and effect notwithstanding the sale.

### C. Related Relief

23.     Bankruptcy Code § 105(a) empowers courts to issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code. The related relief contained in the Proposed Order and sought by this Motion is necessary and appropriate to effectuate the provisions of Bankruptcy Code § 363. Allowing the Trustee the flexibility to obtain an alternative transaction in the event that the party indicated in the Proposed Order at the same price effectuates the contemplated sale. Retaining jurisdiction allows this Court to supervise the disposition of assets of the estate pursuant to the sale. And the provisions of the Proposed Order requiring the Trustee to file a notice of sale implement the free and clear aspects of the sale.

### <u>CONCLUSION</u>

WHEREFORE, the Trustee respectfully requests that this Court enter an order substantially in the form of the Proposed Order approving authorizing the sale of the estate's claims against Sonder and granting related relief, and grant such other and further relief to which the Trustee is entitled.

Dated: April 18, 2024                     Respectfully submitted,

                                          SHANNON & LEE LLP

                                          */s/R. J. Shanon*
                                          Kyung S. Lee (TBA No. 12128400)
                                          R. J. Shannon (TBA No. 24108062)
                                          2100 Travis Street, STE 1525
                                          Houston, TX 77002
                                          Telephone: (713) 714-5770
                                          Email: klee@shannonleellp.com
                                                  rshannon@shannonleellp.com

                                          *Counsel to Christopher R. Murray, Chapter 11*
                                          *Trustee*


### CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was served by (a) the Court's CM/ECF system on all parties registered to receive such service on the date of filing and (b) U.S.P.S. first class mail on all parties indicated in the attached service list within 24 hours of the filing.

                                          */s/R. J. Shannon*

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

CASE INFO

 LABEL MATRIX FOR LOCAL NOTICING
NCRS ADDRESS DOWNLOAD
CASE 23-34815
SOUTHERN DISTRICT OF TEXAS
WED APR 17 13-39-55 PST 2024

2425 WL  LLC
2425 WEST LOOP SOUTH 11TH FLOOR
HOUSTON  TX 77027-4304

EXCLUDE
(U)2425 WEST LOOP  LLC

CC2 TX  LLC
CO HOWARD MARC SPECTOR
SPECTOR  COX  PLLC
12770 COIT ROAD SUITE 850
DALLAS  TX 75251-1364

CITY OF HOUSTON
LINEBARGER GOGGAN BLAIR  SAMPSON LLP
CO TARA L GRUNDEMEIER
PO BOX 3064
HOUSTON  TX 77253-3064

DEBTOR
GALLERIA 2425 OWNER  LLC
1001 WEST LOOP SOUTH 700
HOUSTON  TX 77027-9084

(P)HARRIS COUNTY ATTORNEYS OFFICE
P O BOX 2928
HOUSTON TX 77252-2928

HOUSTON COMMUNITY COLLEGE SYSTEM
LINEBARGER GOGGAN BLAIR  SAMPSON LLP
CO TARA L GRUNDEMEIER
PO BOX 3064
HOUSTON  TX 77253-3064

HOUSTON ISD
LINEBARGER GOGGAN BLAIR  SAMPSON LLP
CO TARA L GRUNDEMEIER
PO BOX 3064
HOUSTON  TX 77253-3064

UNDELIVERABLE

NATIONAL BANK OF KUWAIT  SAKP  NEW YORK

EXCLUDE
(U)SONDER USA INC

EXCLUDE
4
UNITED STATES BANKRUPTCY COURT
PO BOX 61010
HOUSTON  TX 77208-1010

2425 WL  LLC
13498 POND SPRINGS RD
AUSTIN  TX 78729-4422

2425 WEST LOOP  LLC
2000 HUGHES LANDING BLVD  SUITE 815
THE WOODLANDS  TEXAS 77380-4142

ADT
PO BOX 382109
PITTSBURGH  PA 15251-8109

ALI CHOUDHRY
1001 WEST LOOP SOUTH 700
HOUSTON  TX 77027-9084

ARINAIR  INC
5710 BRITTMOORE RD 13
HOUSTON  TX 77041-5627

EXCLUDE
(D)ARINAIR  LLC
5710 BRITTMOORE RD 13
HOUSTON  TX 77041-5627

ASH AUTOMATED CONTROL SYSTEMS  LLC
PO BOX 1113
FULSHEAR  TX 77441-2013

CC2 TX  LLC
14800 LANDMARK BLVD  SUITE 400
DALLAS  TX 75254-7598

CFI MECHANICAL  INC
6109 BRITTMOORE RD
HOUSTON  TX 77041-5610

CNA INSURANCE CO
PO BOX 74007619
CHICAGO  IL 60674-7619

CAZ CREEK LENDING
118 VINTAGE PARK BLVD NO W
HOUSTON  TX 77070-4095

CIRRO ELECTRIC
PO BOX 60004
DALLAS  TX 75266

CITY OF HOUSTON
PO BOX 1560
HOUSTON  TX 77251-1560

CITY OF HOUSTON
CO TARA L GRUNDEMEIER
LINEBARGER GOGGAN BLAIR  SAMPSON LLP
PO BOX 3064
HOUSTON  TX 77253-3064

COMCAST
PO BOX 60533
CITY OF INDUSTRY  CA 91716-0533

USPS FIRST CLASS MAIL SERVICE LIST FOR: 23-34815
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

DATAWATCH SYSTEMS
4520 EAST WEST HIGHWAY 200
BETHESDA   MD 20814-3382

ENVIRONMENTAL COALITION INC
PO BOX 1568
STAFFORD   TX 77497-1568

FERGUSON FACILITIES SUPPLIES
PO BOX 200184
SAN ANTONIO   TX 78220-0184

FIRETRON
PO BOX 1604
STAFFORD   TX 77497-1604

(P)FIRST INSURANCE FUNDING
450 SKOKIE BLVD SUITE 1000
NORTHBROOK IL 60062-7917

GULFSTREAM LEGAL GROUP
1300 TEXAS ST
HOUSTON   TX 77002-3509

HNB CONSTRUCTION   LLC
CO MALCOLM D DISHONGH
PO BOX 2347
HUMBLE   TX 77347-2347

HNB CONSTRUCTION   LLC
521 WOODHAVEN
INGLESIDE   TX 78362-4678

~~EXCLUDE~~
~~(D)(P)HARRIS COUNTY ATTORNEYS OFFICE~~
~~P O BOX 2928~~
~~HOUSTON TX 77252-2928~~

~~EXCLUDE~~
~~(D)(P)HARRIS COUNTY ATTORNEYS OFFICE~~
~~P O BOX 2928~~
~~HOUSTON TX 77252-2928~~

HAYWARD PLLC
CO MELISSA S HAYWARD
10501 N CENTRAL EXPY   STE 106
DALLAS   TX 75231-2203

HOUSTON COMMUNITY COLLEGE SYSTEM
CO TARA L GRUNDEMEIER
LINEBARGER GOGGAN BLAIR   SAMPSON LLP
PO BOX 3064
HOUSTON   TX 77253-3064

HOUSTON ISD
CO TARA L GRUNDEMEIER
LINEBARGER GOGGAN BLAIR   SAMPSON LLP
PO BOX 3064
HOUSTON   TX 77253-3064

JETALL COMPANIES   INC
1001 WEST LOOP SOUTH STE 700
HOUSTON   TX 77027-9033

KINGS 111 EMERGENCY COMMUNICATIONS
751 CANYON DRIVE   SUITE 100
COPPELL   TX 75019-3857

LEXITAS
PO BOX BOX 734298 DEPT 2012
DALLAS   TX 75373-4298

LLOYD E KELLEY
2726 BISSONNET SUITE 240
HOUSTON   TX 77005-1352

LOGIX FIBER NETWORKS
PO BOX 734120
DALLAS   TX 75373-4120

MACGEORGE LAW FIRM
2921 E 17TH ST BLGD D SUITE 6
AUSTIN   TX 78702-1572

MUELLER WATER TREATMENT
1500 SHERWOOD FOREST DR
HOUSTON   TX 77043-3899

NAISSANCE GALLERIA   LLC
CO LAW OFFICE OF NIMA TAHERIAN
701 N POST OAK RD STE 216
HOUSTON   TX 77024-3868

NATIONAL BANK OF KUWAIT
299 PARK AVE 17TH FLOOR
NEW YORK   NY 10171-0023

NATIONWIDE SECURITY
2425 W LOOP S 300
HOUSTON   TX 77027-4205

NICHAMOFF LAW FIRM
2444 TIMES BLVD 270
HOUSTON   TX 77005-3253

RODNEY L DRINNON
2000 WEST LOOP S   STE 1850
HOUSTON   TEXAS 77027-3744

~~EXCLUDE~~
~~(D)SONDER USA INC~~

TKE
3100 INTERSTATE NORTH CIR SE   500
ATLANTA   GA 30339-2296