UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 23-34815 (JPN) |
| GALLERIA 2425 Owner, LLC. | § | |
|    Debtor | § | Chapter 11 |

## MOTION FOR RECONSIDERATION OF FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

Represented parties should act through their attorney.

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

COMES NOW 2425 WL, LLC ("Movant") and files this Motion for Reconsideration of Final Order Authorizing Use of Cash Collateral and would show as follows:

1. Order to Be Reconsidered:  Final Order Authorizing Trustee to Use Cash Collateral (Dkt. #187).

2. Date Order Entered:  March 5, 2024.

3. Specific Provisions at Issue:

3. *Stipulations and Agreements*. In consideration for the relief granted in this Order, the Trustee, on behalf of the Estate, and NBK stipulate and agree to the following:

    a. *NBK Claim*. On May 23, 2018, the Debtor issued a note to NBK in the amount of $51,675,000.00 (the "NBK Note"). Subject to any claims,

offsets, or affirmative defenses to the NBK Note or the Debtor's obligations thereunder, NBK was entitled to $63,552,988.00 under the NBK Note on the Petition Date (the "NBK Claim"). The Trustee, on behalf of the estate, reserves all rights to challenge the amount or allowance of the NBK Claim, or seek to equitably subordinate that claim, up to ten (10) days before a hearing on any plan of reorganization for the Debtor is first scheduled for hearing with any such challenge to be heard and determined in connection with that hearing.

b. *NBK Liens and Security Interests*. The Debtor's obligations to NBK are secured pursuant to the Deed of Trust, Assignment of Leases and Rents and Profits, Security Agreement and Fixture filing (the "NBK Deed of Trust") and Absolute Assignment of Leases and Rents (the "NBK Assignment of Rents"), both of which were filed in the real property records of Harris County, Texas, prior to the Petition Date. NBK has a valid, enforceable, and properly perfected security interest in the Premises pursuant to the NBK Deed of Trust that has priority over any other lien or security interest, except any lien pursuant to Chapter 32 of the Texas Tax Code. NBK also has a valid, enforceable, and properly perfected security in the rents from leases of the Premises pursuant to the Deed of Trustee and the NBK Assignment of Rents. The value of NBK's collateral does not exceed the amount it is owed.

4. *Effect of Stipulations and Agreements*. The Trustee's acknowledgments and stipulations in this order shall be binding on the Trustee, the Estate, and their respective representatives, successors, and assigns in all circumstances. *The stipulations contained in this Order shall be binding upon all other parties in interest and all of their respective successors and assigns.* (emphasis added).

4. Argument and Authorities. 2425 WL, LLC objected to the Final Order Authoring Trustee to Use Cash Collateral on the basis that it granted third party releases. The Trustee and NBK denied that the Final Order contained third party releases. Indeed, they expressed indignation that such an argument could be asserted. However, the italicized language in paragraph 4 shows that third party rights are being waived without consideration or due process. The stipulations in paragraphs 3(a) and 3(b) might be innocuous if they only contained stipulations between the Trustee and NBK. However, the language in paragraph 4 expressly states that the stipulations "shall be binding upon all other parties in interest and all of their respective successors and assigns." Thus, the Trustee is not just seeking to bind

himself but all parties in interest.

5. The stipulation in paragraph 3(a) states that the Trustee may object to the claim of NBK under certain circumstances. However, under 11 U.S.C. Sec. 502(a), a claim is allowed unless "a party in interest" objects. Thus, the stipulation reduces the universe of parties who may object to just the Trustee. As a result, the ability of parties in interest who are not the trustee to object to NBK's claim is eliminated without due process or consideration. The Court should also clarify that the stipulation allowing NBK's claim does not affect the rights of third parties who might hold direct claims against NBK.

6. Para. 3(b) establishes that NBK's lien is superior to all liens other than those of tax liens. 2425 WL, LLC has a pending adversary proceeding seeking equitable subordination of NBK's lien to that of 2425 WL, LLC. NBK and the Trustee assert that equitable subordination does not relate to lien priority. However, that is exactly the substance of what equitable subordination seeks to accomplish.

7. Relief Requested: Delete the language from paragraph 4 stating that "*The stipulations contained in this Order shall be binding upon all other parties in interest and all of their respective successors and assigns.*"

    Respectfully Submitted,

    **BARRON & NEWBURGER, P.C.**
    7320 N. MoPac Expwy., Suite 400
    Austin, Texas 78731
    Tel: (512) 476-9103

By:    */s/ Stephen W. Sather*
       Stephen W. Sather

State Bar No.

**ATTORNEYS FOR CREDITOR, 2425 WL,LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Response was served on the 19th day of April, 2024 to the parties on the attached list.

*/s/ Stephen W. Sather*
Stephen W. Sather

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 23-34815 (JPN) |
| GALLERIA 2425 Owner, LLC. | § | |
|    Debtor | § | Chapter 11 |

## ORDER GRANTING MOTION FOR RECONSIDERATION OF FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

CAME ON TO BE CONSIDERED the Motion for Reconsideration of Final Order Authorizing Use of Cash Collateral. The Court finds that such motion should be GRANTED.

IT IS THEREFORE ORDERED that the following language is deleted from paragraph 4 of the Final Order Authorizing Trustee to Use Cash Collateral (Dkt. #187):

The stipulations contained in this Order shall be binding upon all other parties in interest and all of their respective successors and assigns.

IT IS FURTHER ORDERED that nothing contained in the Final Order Authorizing Trustee to Use Cash Collateral shall limit third party claims against the National Bank of Kuwait.

Signed:_____

_____
JEFFREY P. NORMAN
U.S. BANKRUPTCY JUDGE

```
Label Matrix for local noticing        2425 WL, LLC                              CC2 TX, LLC
0541-4                                 2425 West Loop South 11th floor           c/o Howard Marc Spector
Case 23-34815                          Houston, TX 77027-4304                    Spector & Cox, PLLC
Southern District of Texas                                                       12770 Coit Road Suite 850
Houston                                                                          Dallas, TX 75251-1364
Tue Apr  2 15:56:17 CDT 2024

City of Houston                        Galleria 2425 Owner, LLC                  (p)HARRIS COUNTY ATTORNEY'S OFFICE
Linebarger Goggan Blair & Sampson LLP  1001 West Loop South 700                  P O BOX 2928
c/o Tara L. Grundemeier                Houston, TX 77027-9084                    HOUSTON TX 77252-2928
PO Box 3064
Houston, TX 77253-3064


Houston Community College System       Houston ISD                               National Bank of Kuwait, S.A.K.P., New York
Linebarger Goggan Blair & Sampson LLP  Linebarger Goggan Blair & Sampson LLP
c/o Tara L. Grundemeier                c/o Tara L. Grundemeier
PO Box 3064                            PO Box 3064
Houston, TX 77253-3064                 Houston, TX 77253-3064


4                                      2425 WL, LLC                              ADT
United States Bankruptcy Court         13498 Pond Springs Rd.                    PO Box 382109
PO Box 61010                           Austin, TX 78729-4422                     Pittsburgh, PA 15251-8109
Houston, TX 77208-1010



Ali Choudhry                           Ash Automated Control Systems, LLC        CFI Mechanical, Inc
1001 West Loop South 700               PO Box 1113                               6109 Brittmoore Rd
Houston, TX 77027-9084                 Fulshear, TX 77441-2013                   Houston, TX 77041-5610



CNA Insurance Co                       Caz Creek Lending                         Cirro Electric
PO Box 74007619                        118 Vintage Park Blvd No. W               PO Box 60004
Chicago, IL 60674-7619                 Houston, TX 77070-4095                    Dallas, TX 75266



City of Houston                        City of Houston                           Comcast
PO Box 1560                            c/o Tara L. Grundemeier                   PO Box 60533
Houston, TX 77251-1560                 Linebarger Goggan Blair & Sampson LLP     City of Industry, CA 91716-0533
                                       PO Box 3064
                                       Houston, TX 77253-3064


Datawatch Systems                      Environmental Coalition Inc               Ferguson Facilities Supplies
4520 East West Highway 200             PO Box 1568                               PO Box 200184
Bethesda, MD 20814-3382                Stafford, TX 77497-1568                   San Antonio, TX 78220-0184



Firetron                               First Insurance Funding                   Gulfstream Legal Group
PO Box 1604                            450 Skokie Blvd                           1300 Texas St
Stafford, TX 77497-1604                Northbrook, IL 60062-7917                 Houston, TX 77002-3509



HNB Construction, LLC                  Harris County Tax Assessor                Houston Community College System
521 Woodhaven                          PO Box 4622                               c/o Tara L. Grundemeier
Ingleside, TX 78362-4678               Houston, TX 77210-4622                    Linebarger Goggan Blair & Sampson LLP
                                                                                 PO Box 3064
                                                                                 Houston, TX 77253-3064
```

| | | |
|---|---|---|
| Houston ISD<br>c/o Tara L. Grundemeier<br>Linebarger Goggan Blair & Sampson LLP<br>PO Box 3064<br>Houston, TX 77253-3064 | Kings 111 Emergency Communications<br>751 Canyon Drive, Suite 100<br>Coppell, TX 75019-3857 | Lexitas<br>PO Box Box 734298 Dept 2012<br>Dallas, TX 75373-4298 |
| Logix Fiber Networks<br>PO Box 734120<br>Dallas, TX 75373-4120 | MacGeorge Law Firm<br>2921 E 17th St Blgd D Suite 6<br>Austin, TX 78702-1572 | Mueller Water Treatment<br>1500 Sherwood Forest Dr.<br>Houston, TX 77043-3899 |
| National Bank of Kuwait<br>299 Park Ave. 17th Floor<br>New York, NY 10171-0023 | Nationwide Security<br>2425 W Loop S 300<br>Houston, TX 77027-4205 | Nichamoff Law Firm<br>2444 Times Blvd 270<br>Houston, TX 77005-3253 |
| Rodney L. Drinnon<br>2000 West Loop S, Ste. 1850,<br>Houston, Texas 77027-3744 | TKE<br>3100 Interstate North Cir SE  500<br>Atlanta, GA 30339-2296 | U.S. Trustee's Office<br>515 Rusk, Suite 3516<br>Houston, Texas 77002-2604 |
| US Retailers LLC d/b/a Cirro Energy<br>Attention: Bankruptcy Department<br>PO Box 3606<br>Houston, TX 77253-3606 | US Trustee<br>Office of the US Trustee<br>515 Rusk Ave<br>Ste 3516<br>Houston, TX 77002-2604 | Waste Management<br>PO Box 660345<br>Dallas, TX 75266-0345 |
| Zindler Cleaning Service Co<br>2450 Fondren 113<br>Houston, TX 77063-2314 | Ali Choudhri<br>24256 West Loop South<br>11th Floor<br>Houston, TX 77027 | Christopher R Murray<br>Jones Murray LLP<br>602 Sawyer St<br>Ste 400<br>Houston, TX 77007-7510 |
| James Q. Pope<br>The Pope Law Firm<br>6161 Savoy Drive<br>Ste 1125<br>Houston, TX 77036-3343 | Reese W Baker<br>Baker & Associates<br>950 Echo Lane<br>Suite 300<br>Houston, TX 77024-2824 | Rodney Drinnon<br>McCathern Houston<br>2000 W Loop S<br>Ste. 1850<br>Houston, TX 77027-3744 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Harris County, ATTN: Property Tax Division<br>Harris County Attorney's Office<br>P.O. Box 2928<br>Houston, TX 77252-2928 United States | (d)Harris County, et al<br>PO Box 2928<br>Houston, TX 77252 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)2425 West Loop, LLC         (u)Sonder USA Inc.                    End of Label Matrix
                                                                     Mailable recipients    50
                                                                     Bypassed recipients     2
                                                                     Total                  52