UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 23-34815 (JPN) |
| GALLERIA 2425 Owner, LLC. | § | |
|    Debtor | § | Chapter 11 |

## OBJECTION TO MOTION FOR CONDITIONAL ALLOWANCE OF DISCLOSURE STATEMENT

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

COMES NOW 2425 WL, LLC ("Respondent") and files this Objection to Motion for Conditional Allowance of Disclosure Statement and would show as follows:

1. On April 1, 2024, Debtor filed a First Amended Plan of Reorganization and Disclosure Statement.

2. Ten days later, on April 11, 2024, National Bank of Kuwait filed a Plan of Reorganization and Disclosure Statement and a Motion for Conditional Approval of Disclosure Statement.

3. Debtor's Disclosure Statement is set for hearing on May 3, 2024.

4. NBK's Motion for Conditional Approval is set for hearing on April 25, 2024.

5. NBK has not shown any cause why it should be allowed to solicit acceptances or rejections of its plan with only a conditional approval of its disclosure statement. While the local rules of the Southern District of Texas allow for this procedure, there is no comparable rule in the Federal Rules of Bankruptcy Procedure. The Federal Rules only allow for conditional approval of a disclosure statement in a small business case. This is not a small business case.

6. In the alternative, if the court does grant conditional approval, it should delay such conditional approval to allow NBK's plan and the Debtor's plan to go out for voting and confirmation on the same track. It is not equitable to allow NBK to jump ahead of the Debtor's plan by seeking conditional approval.

7. On page 2 of the NBK Disclosure Statement, it asserts that "Various litigation maneuvers between the parties occurred for almost the next twelve months." NBK should be required to disclose the specific lawsuit or lawsuits filed and the contentions of the parties.

8. NBK should be required to disclose that on June 12, 2023 its lawyers stated "that there is no settlement agreement."

9. NBK should be required to disclose that on June 28, 2023, its lawyers stated that the "Current Outstanding Settlement Balance" was $26,038,040.92.

10. On page 3 of the NBK Disclosure Statement, it asserts that "The Debtor defaulted under the Settlement Agreement by failing to comply with its payment terms." NBK should be required to disclose that the Debtor contends that NBK defaulted first by interfering with Debtor's attempts to lease the property and by failing to tender a loan purchase agreement. NBK should also be required to state when the alleged default occurred.

11. On page 3, NBK contends that the state court allowed it to post the property for a foreclosure sale on July 5, 2023. NBK should be required to disclose that the Debtor disputes that NBK was allowed to post the property and that such posting prevented Debtor's attempt to meet the settlement terms.

12. On page 4, NBK states that Adv. No. 23-03263 and Adv. No. 24-3043 will be dismissed under the Plan. NBK should be required to state what consideration, if any, it is providing for dismissal of these actions and what the basis for dismissing such actions is.

13. On pages 4-5, NBK discusses the Sonder litigation. NBK should be required to disclose that the Trustee has filed a motion to sell the claims against Sonder to Respondent.

14. On page 5, NBK states that it will make a credit bid. NBK should be required to discuss the effect of Sec. 363(k) on its ability to credit bid.

15. On page 6, NBK lists the classification of claims and interests. NBK should be required to disclose which creditors fall within which classes. If NKB intends to classify

Respondent's claim as an "Insider" claim, NBK should disclose why it believes that classifying secured and unsecured claims in a single class is permitted by the Code.

16. On page 6, NBK states that on the Effective Date all unexpired leases shall be rejected. NBK should discuss how rejection of all leases in the building will affect the value of the property.

17. On page 7, NBK should be required to disclose whether claims against NBK will be transferred to the Liquidation Trust, and if not, why not. NBK should be required to disclose what claims will be transferred to the Liquidation Trust without resorting to defined terms which obscure the substance of the contents of the Liquidation Trust.

18. On page 8, NBK should be required to disclose whether the Trustee consents to the settlements contained in the Plan. NBK should be required to explain exactly what claims and causes of action are being compromised and released, what the merits of such claims are and whether NBK is providing any consideration for such releases. NBK should be required to disclose whether its plan contains third party releases and whether such releases are permissible in the Fifth Circuit.

19. NBK should be required to disclose how its proposed exculpations contained on page 9 comply with applicable Fifth Circuit law and whether NBK is seeking to release its own attorneys for negligence in connection with this case.

20. NBK should be required to disclose why it believes that the automatic stay may continue in effect after confirmation of the Plan.

21. NBK should be required to disclose why it believes that its Gatekeeping Provision on page 10 complies with applicable Fifth Circuit law.

22. NBK should be required to disclose that Respondent offered to pay $500,000 for claims against NBK. NBK should disclose why it is in the best interest of the estate to release claims against NBK when there is a qualified lawyer willing to pursue claims against NBK on a

contingent fee basis.

23. NBK should be required to provide a full and fair discussion of the value of the assets of the estate.

24. NBK should be required to provide a full and fair discussion of the claims and causes of action belonging to the estate.

DATED: April 24, 2024.

                                                        Respectfully Submitted,

                                                        **BARRON & NEWBURGER, P.C.**
                                                        7320 N. MoPac Expwy., Suite 400
                                                        Austin, Texas 78731
                                                        Tel: (512) 476-9103

                               By:    */s/ Stephen W. Sather*
                                                        Stephen W. Sather
                                                        State Bar No.

                                                       **ATTORNEYS FOR**
                                                       **CREDITOR, 2425 WL,LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Response was served on the 24th day of April, 2024 to the parties on the attached list.

                                                         */s/ Stephen W. Sather*
                                                         Stephen W. Sather

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0541-4<br>Case 23-34815<br>Southern District of Texas<br>Houston<br>Tue Apr  2 15:56:17 CDT 2024 | 2425 WL, LLC<br>2425 West Loop South 11th floor<br>Houston, TX 77027-4304 | CC2 TX, LLC<br>c/o Howard Marc Spector<br>Spector & Cox, PLLC<br>12770 Coit Road Suite 850<br>Dallas, TX 75251-1364 |
| City of Houston<br>Linebarger Goggan Blair & Sampson LLP<br>c/o Tara L. Grundemeier<br>PO Box 3064<br>Houston, TX 77253-3064 | Galleria 2425 Owner, LLC<br>1001 West Loop South 700<br>Houston, TX 77027-9084 | (p)HARRIS COUNTY ATTORNEY'S OFFICE<br>P O BOX 2928<br>HOUSTON TX 77252-2928 |
| Houston Community College System<br>Linebarger Goggan Blair & Sampson LLP<br>c/o Tara L. Grundemeier<br>PO Box 3064<br>Houston, TX 77253-3064 | Houston ISD<br>Linebarger Goggan Blair & Sampson LLP<br>c/o Tara L. Grundemeier<br>PO Box 3064<br>Houston, TX 77253-3064 | National Bank of Kuwait, S.A.K.P., New York |
| 4<br>United States Bankruptcy Court<br>PO Box 61010<br>Houston, TX 77208-1010 | 2425 WL, LLC<br>13498 Pond Springs Rd.<br>Austin, TX 78729-4422 | ADT<br>PO Box 382109<br>Pittsburgh, PA 15251-8109 |
| Ali Choudhry<br>1001 West Loop South 700<br>Houston, TX 77027-9084 | Ash Automated Control Systems, LLC<br>PO Box 1113<br>Fulshear, TX 77441-2013 | CFI Mechanical, Inc<br>6109 Brittmoore Rd<br>Houston, TX 77041-5610 |
| CNA Insurance Co<br>PO Box 74007619<br>Chicago, IL 60674-7619 | Caz Creek Lending<br>118 Vintage Park Blvd No. W<br>Houston, TX 77070-4095 | Cirro Electric<br>PO Box 60004<br>Dallas, TX 75266 |
| City of Houston<br>PO Box 1560<br>Houston, TX 77251-1560 | City of Houston<br>c/o Tara L. Grundemeier<br>Linebarger Goggan Blair & Sampson LLP<br>PO Box 3064<br>Houston, TX 77253-3064 | Comcast<br>PO Box 60533<br>City of Industry, CA 91716-0533 |
| Datawatch Systems<br>4520 East West Highway 200<br>Bethesda, MD 20814-3382 | Environmental Coalition Inc<br>PO Box 1568<br>Stafford, TX 77497-1568 | Ferguson Facilities Supplies<br>PO Box 200184<br>San Antonio, TX 78220-0184 |
| Firetron<br>PO Box 1604<br>Stafford, TX 77497-1604 | First Insurance Funding<br>450 Skokie Blvd<br>Northbrook, IL 60062-7917 | Gulfstream Legal Group<br>1300 Texas St<br>Houston, TX 77002-3509 |
| HNB Construction, LLC<br>521 Woodhaven<br>Ingleside, TX 78362-4678 | Harris County Tax Assessor<br>PO Box 4622<br>Houston, TX 77210-4622 | Houston Community College System<br>c/o Tara L. Grundemeier<br>Linebarger Goggan Blair & Sampson LLP<br>PO Box 3064<br>Houston, TX 77253-3064 |

| | | |
|---|---|---|
| Houston ISD<br>c/o Tara L. Grundemeier<br>Linebarger Goggan Blair & Sampson LLP<br>PO Box 3064<br>Houston, TX 77253-3064 | Kings 111 Emergency Communications<br>751 Canyon Drive, Suite 100<br>Coppell, TX 75019-3857 | Lexitas<br>PO Box Box 734298 Dept 2012<br>Dallas, TX 75373-4298 |
| Logix Fiber Networks<br>PO Box 734120<br>Dallas, TX 75373-4120 | MacGeorge Law Firm<br>2921 E 17th St Blgd D Suite 6<br>Austin, TX 78702-1572 | Mueller Water Treatment<br>1500 Sherwood Forest Dr.<br>Houston, TX 77043-3899 |
| National Bank of Kuwait<br>299 Park Ave. 17th Floor<br>New York, NY 10171-0023 | Nationwide Security<br>2425 W Loop S 300<br>Houston, TX 77027-4205 | Nichamoff Law Firm<br>2444 Times Blvd 270<br>Houston, TX 77005-3253 |
| Rodney L. Drinnon<br>2000 West Loop S, Ste. 1850,<br>Houston, Texas 77027-3744 | TKE<br>3100 Interstate North Cir SE  500<br>Atlanta, GA 30339-2296 | U.S. Trustee's Office<br>515 Rusk, Suite 3516<br>Houston, Texas 77002-2604 |
| US Retailers LLC d/b/a Cirro Energy<br>Attention: Bankruptcy Department<br>PO Box 3606<br>Houston, TX 77253-3606 | US Trustee<br>Office of the US Trustee<br>515 Rusk Ave<br>Ste 3516<br>Houston, TX 77002-2604 | Waste Management<br>PO Box 660345<br>Dallas, TX 75266-0345 |
| Zindler Cleaning Service Co<br>2450 Fondren 113<br>Houston, TX 77063-2314 | Ali Choudhri<br>24256 West Loop South<br>11th Floor<br>Houston, TX 77027 | Christopher R Murray<br>Jones Murray LLP<br>602 Sawyer St<br>Ste 400<br>Houston, TX 77007-7510 |
| James Q. Pope<br>The Pope Law Firm<br>6161 Savoy Drive<br>Ste 1125<br>Houston, TX 77036-3343 | Reese W Baker<br>Baker & Associates<br>950 Echo Lane<br>Suite 300<br>Houston, TX 77024-2824 | Rodney Drinnon<br>McCathern Houston<br>2000 W Loop S<br>Ste. 1850<br>Houston, TX 77027-3744 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Harris County, ATTN: Property Tax Division<br>Harris County Attorney's Office<br>P.O. Box 2928<br>Houston, TX 77252-2928 United States | (d)Harris County, et al<br>PO Box 2928<br>Houston, TX 77252 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)2425 West Loop, LLC            (u)Sonder USA Inc.            End of Label Matrix
                                                                 Mailable recipients    50
                                                                 Bypassed recipients     2
                                                                 Total                  52