United States Courts
Southern District of Texas
FILED

APR 24 2024

Nathan Ochsner, Clerk of Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 23-34815 (JPN) |
| GALLERIA 2425 Owner, LLC. | § | |
| Debtor | § | Chapter 11 |

## OBJECTION TO NATIONAL BANK OF KUWAIT'S ("NBK") DISCLOSURE STATEMENT

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

COMES NOW Ali Choudhri and files this Objection to National Bank of Kuwait's Disclosure Statement and would show as follows:

1. There are competing plans on file in this case, one filed by National Bank of Kuwait "NBK" and one by the Debtor. A Disclosure statement can not provide adequate information for a creditor to determine whether to accept or reject a Plan without disclosing that there are competing plans and providing information about each plan.

2. The Court should not allow the NBK's Plan and Disclosure Statement to get ahead of the Debtor's Amended Plan. There are several gateway issues that need to be addressed before Bank's plan can be accepted by the Court.

3. The Bank's plan is predicated on its ability to credit bid on a note that is the subject of a Confidential Settlement Agreement ("CSA" or the "Agreement"), upon which a dispute is pending before the court and has not been adjudicated yet. Without an adjudication in its favor, Bank lacks the right to include the note as the basis of its plan.

4. Bank's plan also acknowledges the credit liens which it acquired as part of the settlement agreement, the Bank can only use those liens if it ratifies the settlement agreement it is presently disputing. However, NBK proposed plan suggests that it acknowledges, acquiesces and accedes

1

to the undersigned argument relative to the validity and enforcement of said settlement agreement.

5. NBK's plan proposes that an approval of plan will terminate the litigation, which is tantamount to putting the cart before the horse, as the adjudication of that very litigation would determine Bank's right to use the note to credit bid.

6. There are several additional issues with the NBK's plan that are derivative of the issues identified above and determination by this Court of these issues will manifest additional impediments to plan that cannot be adequately disclosed at this time and can only be properly addressed once the gateway issues are addressed.

7. Again, a valid, binding, and enforceable Confidential Settlement Agreement exists between the undersigned and the National of Bank of Kuwait. NBK should be required to state why it has refused to sell its note pursuant to the Agreement it made with the undersigned. Especially when there has been no adjudication by a court of competent jurisdiction as to the validity of the said settlement agreement. NBK should be required to explain why the Confidential Settlement Agreement "CSA" it reached with me is not still binding on it. NBK should explain why it has made representations that the CSA does not exist.

8. NBK's disclosure statement must provide adequate information regarding current status of the case to date including;

A.

NBK should be required to disclose whether it has discussed the property or the loan relating to 2425 West Loop South with Keith Maxwell or his representative, Lawrence Berry or his representative, Guy Nesdale and his representative, David Tang or Omar Khawaja or their representative or affiliates or Rodney Drinnon or Osama Abdullatif or his representatives.

2

B.

NBK should be required to explain why they believe I shouldn't get my tax liens if there is no settlement agreement. What value did the NBK provide for assignment of the tax liens if any?

C.

NBK should be required to explain why it has not disclosed that there is a bonefide dispute on its lien priority.

D.

NBK should be required to explain why it believes it can get releases of claims from third parties and at the same time be allowed to credit bid its loan.

E.

NBK should be required to disclose why it refused to allow the property to be refinanced and sold to a third party.

F.

NBK should be required to explain if they think the property is only worth $18.6 million and whether they would accept that much in satisfaction of their debt.

G.

NBK should disclose why it won't cooperate with leasing up the building.

H.

NBK should disclose why it didn't cooperate with refinancing of the property and its loan.

I.

NBK should explain how they feel they can get third party releases without consent of the third parties.

J.

3

NBK should be required to disclose who its decision makers are regarding this loan.

K.

NBK should be required to disclose what actions it intends to pursue.

L.

NBK should disclose why they failed to approve leases for the subject property.

M.

NBK should disclose why they refuse to provide any subordination agreements for any leases as it was provided and required by NBK for under the agreements it entered.

N.

NBK should disclose all its communications with the Trustee and be required to sit for a deposition.

O.

NBK should disclose why it refuses to mediate with me in good faith in this matter to bring an efficient resolution. There has not been any mediation in this case.

DATED: April 24, 2024.

                              Respectfully Submitted,

                              /s/ Ali Choudhri
                              Ali Choudhri
                              2425 West Loop South,
                              11th Floor, Houston, TX, 77027
                              Pro Se

## CERTIFICATE OF SERVICE

I certify that a copy of this Objection was mailed to Charles Conrad, Pillsbury, Winthrop, Shaw Pittman, LLP, 909 Fannin Street, Suite 2000, Houston, TX 77010 on April 24, 2024.

/s/ Ali Choudhri
Ali Choudhri
Pro Se