UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 23-34815 (JPN) |
| GALLERIA 2425 Owner, LLC. | § | |
|    Debtor | § | Chapter 11 |

**<u>OBJECTION TO CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER: (I) APPROVING PROCEDURES FOR THE SALE OF PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIM AND ENCUMBRANCES; (II) SCHEDULING AN AUCTION; (III) AUTHORIZING ENTRY INTO THE STALKING HORSE PURCHASE AGREEMENT; (IV) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES; (V) APPROVING FORM OF NOTICE; AND (VI) GRANTING RELATED RELIEF</u>**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

COMES NOW 2425 WL, LLC ("Respondent") and files this Objection to Motion for Entry of an Order for Sale Free and Clear of Liens and would show as follows:

1. The Trustee has filed a motion to approve a sale free and clear of liens (Dkt. #188).

2. The concept of the motion is that the Trustee will market the property owned by the Debtor for an extremely short period of time leading to a sale to the Debtor's secured creditor by credit bid. This procedure is not in the best interest of the estate.

3. While the Motion describes a two-month bidding process, the actual deadlines provide for a six week marketing process with bids due to be received by June 14, 2024 at 5:00 p.m. The property in this case is a unique office building designed by I.M. Pei. Forty-five days is not sufficient to market a single-family residence let alone an eleven-story building with 281,590 square feet. A video showing the property can be accessed here:

https://www.youtube.com/watch?v=eQbNBM9ogvM.

4. Any marketing period should not begin until the Trustee has made a good faith effort to increase occupancy. At least four prospective tenants have indicated that they are willing to sign leases. However, the Bank has refused to approve such leases with the result that the value of the building will be depressed during the sales process.

5. Although it is not stated expressly in the Motion, the Trustee proposes to allow National Bank of Kuwait to exercise a right to credit bid. This is a mistake and should not be allowed. 11 U.S.C. Sec. 363(k) allows credit bidding unless the court for cause allows otherwise.

> Intrinsically, acting "for cause" looks to the court's equity powers that allow the court to balance the interests of the debtor, its creditors, and the other parties of interests in order to achieve the maximization of the estate and an equitable distribution to all creditors.

*In re RML Development, Inc.*, 528 B.R. 150, 155 (Bankr. W.D. Tenn. 2014). The Court may deny credit bidding when there is a bona fide dispute as to the creditor's lien. *In re Daufuskie Island Props., LLC,* 441 B.R. 60 (Bankr. D. S.C. 2010); *In re Figueroa Mt. Brewing, LLC*, 2021 Bankr. LEXIS 1775 (Bankr. C.D. Cal. 2021).

6. Respondent has filed an adversary proceeding seeking equitable subordination of the Bank's lien. The Trustee asserts that this adversary proceeding will have been adjudicated prior to the date of any credit bid. However, the parties are still at the motion to dismiss stage. If the motion to dismiss is denied, then the court will enter a scheduling order, the parties will conduct discovery and a trial will occur at some future date.

7. Additionally, there are good faith claims against the Bank 2425 WL, LLC offered the Trustee $500,000 plus 10% of recoveries as shown by Exhibit A. A qualified attorney has offered to represent the Trustee in pursuing claims against the Bank on a contingent fee basis as shown by Exhibit B.

8. Allowing the Bank an unlimited credit bid would chill the bidding and would be inequitable. If credit bidding is to be allowed, what is the amount of the permitted credit bid? Would it be the $18.6 million valuation of the property? Under 11 U.S.C. Sec. 506(b), the Bank's secured claim is limited to the value of its collateral. The Bank has asserted that the collateral is only worth $18.6 million. By this logic, its right to credit bid should be limited to this amount if the court is willing to allow a credit bid at all. Limiting the Bank's ability to credit bid to a dollar

amount will ensure that the Bank has some skin in the game in the event that it decides to drive up the bidding. It will also motivate third party bidders to appear and bid.

9. If the Bank is allowed to credit bid, it should be required to post a bond in the amount of any credit bid in order to protect the estate in the event that the Bank's lien is ultimately subordinated or denied.

DATED: April 26, 2024.

Respectfully Submitted,

**BARRON & NEWBURGER, P.C.**
7320 N. MoPac Expwy., Suite 400
Austin, Texas 78731
Tel: (512) 476-9103

By: */s/ Stephen W. Sather*
Stephen W. Sather
State Bar No.

**ATTORNEYS FOR CREDITOR, 2425 WL,LLC**

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing Response was served on the 26th day of April, 2024 to the parties on the attached list.

*/s/ Stephen W. Sather*
Stephen W. Sather

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0541-4<br>Case 23-34815<br>Southern District of Texas<br>Houston<br>Tue Apr  2 15:56:17 CDT 2024 | 2425 WL, LLC<br>2425 West Loop South 11th floor<br>Houston, TX 77027-4304 | CC2 TX, LLC<br>c/o Howard Marc Spector<br>Spector & Cox, PLLC<br>12770 Coit Road Suite 850<br>Dallas, TX 75251-1364 |
| City of Houston<br>Linebarger Goggan Blair & Sampson LLP<br>c/o Tara L. Grundemeier<br>PO Box 3064<br>Houston, TX 77253-3064 | Galleria 2425 Owner, LLC<br>1001 West Loop South 700<br>Houston, TX 77027-9084 | (p)HARRIS COUNTY ATTORNEY'S OFFICE<br>P O BOX 2928<br>HOUSTON TX 77252-2928 |
| Houston Community College System<br>Linebarger Goggan Blair & Sampson LLP<br>c/o Tara L. Grundemeier<br>PO Box 3064<br>Houston, TX 77253-3064 | Houston ISD<br>Linebarger Goggan Blair & Sampson LLP<br>c/o Tara L. Grundemeier<br>PO Box 3064<br>Houston, TX 77253-3064 | National Bank of Kuwait, S.A.K.P., New York |
| 4<br>United States Bankruptcy Court<br>PO Box 61010<br>Houston, TX 77208-1010 | 2425 WL, LLC<br>13498 Pond Springs Rd.<br>Austin, TX 78729-4422 | ADT<br>PO Box 382109<br>Pittsburgh, PA 15251-8109 |
| Ali Choudhry<br>1001 West Loop South 700<br>Houston, TX 77027-9084 | Ash Automated Control Systems, LLC<br>PO Box 1113<br>Fulshear, TX 77441-2013 | CFI Mechanical, Inc<br>6109 Brittmoore Rd<br>Houston, TX 77041-5610 |
| CNA Insurance Co<br>PO Box 74007619<br>Chicago, IL 60674-7619 | Caz Creek Lending<br>118 Vintage Park Blvd No. W<br>Houston, TX 77070-4095 | Cirro Electric<br>PO Box 60004<br>Dallas, TX 75266 |
| City of Houston<br>PO Box 1560<br>Houston, TX 77251-1560 | City of Houston<br>c/o Tara L. Grundemeier<br>Linebarger Goggan Blair & Sampson LLP<br>PO Box 3064<br>Houston, TX 77253-3064 | Comcast<br>PO Box 60533<br>City of Industry, CA 91716-0533 |
| Datawatch Systems<br>4520 East West Highway 200<br>Bethesda, MD 20814-3382 | Environmental Coalition Inc<br>PO Box 1568<br>Stafford, TX 77497-1568 | Ferguson Facilities Supplies<br>PO Box 200184<br>San Antonio, TX 78220-0184 |
| Firetron<br>PO Box 1604<br>Stafford, TX 77497-1604 | First Insurance Funding<br>450 Skokie Blvd<br>Northbrook, IL 60062-7917 | Gulfstream Legal Group<br>1300 Texas St<br>Houston, TX 77002-3509 |
| HNB Construction, LLC<br>521 Woodhaven<br>Ingleside, TX 78362-4678 | Harris County Tax Assessor<br>PO Box 4622<br>Houston, TX 77210-4622 | Houston Community College System<br>c/o Tara L. Grundemeier<br>Linebarger Goggan Blair & Sampson LLP<br>PO Box 3064<br>Houston, TX 77253-3064 |

| | | |
|---|---|---|
| Houston ISD<br>c/o Tara L. Grundemeier<br>Linebarger Goggan Blair & Sampson LLP<br>PO Box 3064<br>Houston, TX 77253-3064 | Kings 111 Emergency Communications<br>751 Canyon Drive, Suite 100<br>Coppell, TX 75019-3857 | Lexitas<br>PO Box Box 734298 Dept 2012<br>Dallas, TX 75373-4298 |
| Logix Fiber Networks<br>PO Box 734120<br>Dallas, TX 75373-4120 | MacGeorge Law Firm<br>2921 E 17th St Blgd D Suite 6<br>Austin, TX 78702-1572 | Mueller Water Treatment<br>1500 Sherwood Forest Dr.<br>Houston, TX 77043-3899 |
| National Bank of Kuwait<br>299 Park Ave. 17th Floor<br>New York, NY 10171-0023 | Nationwide Security<br>2425 W Loop S 300<br>Houston, TX 77027-4205 | Nichamoff Law Firm<br>2444 Times Blvd 270<br>Houston, TX 77005-3253 |
| Rodney L. Drinnon<br>2000 West Loop S, Ste. 1850,<br>Houston, Texas 77027-3744 | TKE<br>3100 Interstate North Cir SE  500<br>Atlanta, GA 30339-2296 | U.S. Trustee's Office<br>515 Rusk, Suite 3516<br>Houston, Texas 77002-2604 |
| US Retailers LLC d/b/a Cirro Energy<br>Attention: Bankruptcy Department<br>PO Box 3606<br>Houston, TX 77253-3606 | US Trustee<br>Office of the US Trustee<br>515 Rusk Ave<br>Ste 3516<br>Houston, TX 77002-2604 | Waste Management<br>PO Box 660345<br>Dallas, TX 75266-0345 |
| Zindler Cleaning Service Co<br>2450 Fondren 113<br>Houston, TX 77063-2314 | Ali Choudhri<br>24256 West Loop South<br>11th Floor<br>Houston, TX 77027 | Christopher R Murray<br>Jones Murray LLP<br>602 Sawyer St<br>Ste 400<br>Houston, TX 77007-7510 |
| James Q. Pope<br>The Pope Law Firm<br>6161 Savoy Drive<br>Ste 1125<br>Houston, TX 77036-3343 | Reese W Baker<br>Baker & Associates<br>950 Echo Lane<br>Suite 300<br>Houston, TX 77024-2824 | Rodney Drinnon<br>McCathern Houston<br>2000 W Loop S<br>Ste. 1850<br>Houston, TX 77027-3744 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Harris County, ATTN: Property Tax Division<br>Harris County Attorney's Office<br>P.O. Box 2928<br>Houston, TX 77252-2928 United States | (d)Harris County, et al<br>PO Box 2928<br>Houston, TX 77252 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)2425 West Loop, LLC		(u)Sonder USA Inc.		End of Label Matrix
						Mailable recipients    50
						Bypassed recipients     2
						Total                  52

## Steve Sather

| | |
|---|---|
| **From:** | Steve Sather |
| **Sent:** | Wednesday, April 03, 2024 7:41 PM |
| **To:** | R. J. Shannon |
| **Cc:** | Ali @ Jetall |
| **Subject:** | Galleria 2425 |
| **Attachments:** | 2024.02 Metro Monry Market 50BH Acquisitions LLC 1338.pdf |

Here is proof of funds. In addition to offer to purchase Sonder claims for $100k, my client offers $500k plus 10% of any recovery to acquire claims against NBK.

## INFORMATION FROM JERRY ALEXANDER

I conducted a review of the applicable documents and an analysis of the facts and circumstances, and have had discussions with people with personal knowledge of the overall situation, and have concluded that it is a very strong case. Consequently, I have convinced this firm to take it on a one-third contingent fee basis. The representation would be at no cost and has a tremendous upside.

One thing that has been missing or underplayed, I believe, is the fact that the Bank of Kuwait chose the law of New York to apply to this situation, which implies a duty of good faith and fair dealing on every contract, and on actions taken after the contract. New York interpretation of good faith and fair dealing absolutely prohibits one party from preventing the performance of another party under the contract, and then claiming breach by the party whose performance was prevented.

That is exactly what the Bank of Kuwait has done, **repeatedly,** in this so-called banking relationship between it and Galleria 2425.

In my opinion, the cause of action against the Bank of Kuwait should not be underestimated, nor settled with the Bank of Kuwait, unless the Bank of Kuwait is prepared to make substantial payments or concessions to Galleria 2425 so its owners are reasonably compensated.

# FACT SHEET FROM JERRY ALEXANDER

1. **Name**
   Jerry Alexander

2. **Employment:**
   Passman Jones for 52 years

3. **Primary type of legal work done:**
   Business Litigation

4. **Any experience in representing bankruptcy trustee's in adversary proceedings:**
   During the last 20 years I have represented approximately 15 different bankruptcy trustee's in the Northern District of Texas in adversary proceedings in Bankruptcy Courts, in Federal District Courts, and in State Courts.

   Presently I am representing six United States Panel Trustees in the Northern District of Texas in six separate Adversary proceedings two of which are in their preliminary stages.

   Presently, I am in a trial that has been recessed in Judge Morris' Court in the Fort Worth Division of the Northern District, and am in major litigation in Judge Jones' Court in the Northern District (Abilene) and Judge Larson's Court and Judge Jernigan's Court in the Northern District(Dallas).

5. **Do you have any experience in lender liability type litigation.**
   Yes, I was lead counsel in the Bailey Tool case which was tried for approximately a month in 2021 before Chief Judge Jernigan in the Northern District which resulted in an $18 million dollar Judgment in behalf of the Debtor against its primary lender.

   I represented James Cunningham who is a Panel Trustee in that case. It was the first successful lender liability judgment in the Northern District of Texas in approximately 17 years and has been the subject of at least twenty-two articles, and as I understand it an entire chapter of a forthcoming bankruptcy textbook, which is very popular and used in law schools will be devoted to that case and Judge Jernigan's 145 page Opinion that she wrote.

6. **Have you had any experience in Bar Activities in Dallas or in the State of Texas (optional)**
   I was President of the Dallas Bar Association in 2016, Chairman of the Board of the State Bar of Texas in 2019 and 2020, and was one of two official nominees for President of the State Bar of Texas in 2023.

7. **Are you familiar with the facts and circumstances surrounding Galleria 24245 and the National Bank of Commerce?**

I have no personal knowledge of these since I was not around the parties or this situation when they occurred, but believe I have sufficient understanding to decide if it is a case I would take on a contingent fee basis.

8. **Do you think this is a worthwhile case?**
   Yes.

9. **Why?**
   I have reviewed the pleadings that were filed in State Court by Mr. Wetwiska about the non-cooperation and outright failures to approve leases so Galleria 2425 could get new tenants and generate revenue.

   I reviewed the aftermath of the settlement of that suit which made an impression on me, since I understand the amount of loan was reduced from $57 million to $27 million, which is a drop of $30 million, so obviously the Bank of Kuwait believed there was significant exposure even at that time.

   I believe that since that settlement agreement during the time period allowed for Galleria 2425 to find a buyer, the Bank of Kuwait interfered with the sales process so that 2425 could not perform in order for the Bank of Kuwait to foreclose on the building, and perhaps undue what they viewed as a mistake of reducing the debt by $30 million dollars.

10. **Would you take this case on a contingent fee basis?**
    Absolutely I would like to do that and pursue the case at no cost to the Estate.

**JERRY C. ALEXANDER**
214-742-2121 ext. 3579
214-748-7949 fax
alexanderj@passmanjones.com

Passman & Jones,
A Professional Corporation 1201 Elm Street, Suite 2500
Dallas, TX  75270-2599
www.passman1ones.com



Confidential Information:  This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e- mail and destroy all copies of the original message.

Disclosure:  Any U.S. federal tax advice included in this communication was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. federal tax penalties.