United States Bankruptcy Court
Southern District of Texas
**ENTERED**
April 30, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 23-34815 |
| **GALLERIA 2425 OWNER, LLC,** § | |
| § | |
| Debtor. § | |
| § | **CHAPTER 11** |

## ORDER GRANTING TRUSTEE'S APPLICATON TO EMPLOY HILCO REAL ESTATE, LLC

Before the Court is the Trustee's Application to Employ Hillco Real Estate, LLC as Real Estate Broker Effective as of April 15, 2024 (ECF No. 205), the Supplemental Declaration of Eric Kaup (ECF No. 217), and the Objection filed by the debtor (ECF No. 256).

The Court has reviewed the application, verified statements in both the motion at ECF No. 205, the notice of supplemental declaration at ECF No. 217, the supplementation declaration of Eric Kaup at ECF No. 217-1 and the debtor's objection at ECF No. 256, and determined that the proposed professional is a "disinterested person" as defined in 11 U.S.C. § 101 and that the professional does not hold an interest adverse to the estate as required by 11 U.S.C. §§ 327(a) and 1103(b). Furthermore, the estate created for the benefit of debtor's creditors is under the control of a neutral, third-party Chapter 11 trustee.

The objections raised by the debtor[1] may be potentially valid[2] as to the debtor's owners and third parties, but not the estate of the debtor. Additionally, the Court finds that a professional is not disqualified from employment by the debtor in possession solely because such professional was employed by, or represented the debtor, before the commencement of the case.[3]

Accordingly, the Application is GRANTED as follows:

1. The Trustee is authorized to employ Hilco Real Estate, LLC ("Hilco") under the terms set forth in the Engagement Agreement attached as Exhibit 2 to the Application.

2. Hilco shall be entitled to compensation and reimbursement of expenses as set forth in the Engagement Agreement. Such compensation and reimbursement of expenses shall be paid in accordance with the terms of, and at the times specified in, the Engagement Agreement. All compensation and reimbursement of expenses paid to Hilco shall be free and clear of all liens, claims, and encumbrances.

3. Hilco shall be entitled to reimbursement of expenses in an amount not to exceed $5,000.00 at the earlier of:

---

[1] ECF No. 256)

[2] The Court makes no ruling on this issue.

[3] 11 U.S.C. § 1107(b).

a. At the closing of a sale of the Property;
b. In the event the Property does not sell, upon the expiration of the Term;
c. In the event that the sale and/or auction is canceled by the Trustee or the Court, on the date the sale and/or auction was scheduled to occur; or
d. Upon the termination of the Engagement Agreement pursuant to Section 10 thereof.

4. Hilco shall not be required to comply with any licensing restrictions.

5. Hilco shall not be required to maintain time records or file interim or final fee applications.

6. The Trustee and Hilco may take any actions necessary or appropriate to effectuate the relief granted in this Order.

7. The Court shall have and retain exclusive jurisdiction over any matter regarding the implementation and enforcement of this order and any matter arising from the implementation of the Application, the Engagement Agreement, this Order, or the professional services provided by Hilco in connection therewith.

**SO ORDERED**

SIGNED 04/30/2024

_____
Jeffrey Norman
United States Bankruptcy Judge