UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 23-34815 (JPN) |
| GALLERIA 2425 Owner, LLC. | § | |
|     Debtor | § | Chapter 11 |

**OBJECTION TO CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTOR BY NATIONAL BANK OF KUWAIT, S.A.K.P., NEW YORK BRANCH AND TO FINAL APPROVAL OF DISCLOSURE STATEMENT**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

COMES NOW 2425 WL, LLC ("Respondent") and files this Objection to Plan of Liquidation filed by National Bank of Kuwait and would show as follows:

**PROCEDURAL BACKGROUND**

1. On April 10, 2024, National Bank of Kuwait filed a Plan of Liquidation and Disclosure Statement. The Disclosure Statement failed to contain most of the information required under 11 U.S.C. §1125.

2. The Bank also filed a Motion for Conditional Approval of the Disclosure Statement.

3. The Court set a deadline for filing objections to the Motion for Conditional Approval on April 24, 2024 at 5:00 p.m. and scheduled a hearing on April 25, 2024 at 2:30 p.m.

4. There were three timely objections to the Motion to Conditionally Approve the Disclosure Statement.

5. The Court entered an order canceling the hearing on the Motion for Conditional Approval and stated its intent to conditionally approve the disclosure statement.

6. On May 3, 2024, the Court entered an Order and Notice approving Disclosure Statement; Fixing Time for Filing Objections to Confirmation of Plan and Fixing Time for Hearing on Confirmation of Plan. The Court's order failed to set a deadline for balloting.

7. The Bank was required to mail out the plan, the disclosure statement and a ballot to creditors, equity security holders and other parties in interest.

8. The Court set June 3, 2024 as the deadline for filing objections to the Plan.

**OBJECTIONS**

9. Under 11 U.S.C. §1129(a)(1) the court must find that "the plan complies with the applicable provisions of this title." NBK's plan does not comply with title 11 in the following respects:

   a. The Exculpation provisions at para. IX(C) violate Fifth Circuit law. *Nexpoint Advisors, LP v. Highland Capital Management, LP (In re Highland Capital Management),* 48 F.4th 419 (5thCir. 2022). There the court stated that it "categorically bars third-party exculpations absent express authority in another provision of the Bankruptcy Code." In this case, the exulpations protect the Chapter 11 Trustee, NBK, the Liquidating Trustee, the Distribution Agent, the Purchaser and each current and former affiliate of each such entity for liability for negligence in connection with the Chapter 11 case. This is strictly prohibited.

   b. The plan violates 11 U.S.C. §1122 by classifying dissimilar claims in a single class. Specifically, Class 6 contains claims of insiders. This class includes the claim of 2425 WL, LLC, which is a secured claim and the claims of Ali Choudhri, Jetall Companies, Inc. and Jetall Capital, LLC, which are unsecured claims. See para. I(A)(46). Secured and unsecured claims are not similar claims which may be classified together.

   c. The Plan also violates 11 U.S.C. §1123(a)(4) by providing different treatment to creditors within a class without the consent of the class members. In Class 5(b), it states that "(t)he NBK Deficiency Claim shall not be subject to objection, disallowance, offset, reduction or subordination." No other claim within class 5(b) receives this treatment. Thus, one member of Class 5(b) is more equal than the other members of Class 5(b).

   d. The Plan purports to deny the claims of insiders in Class 6 without due process. 11 U.S.C. §502(a) provides that a claim is allowed unless a party in interest objects. The

        Plan purports to deny the claims of insiders without an objection or a hearing.

    e. Para. IX(E) of the Plan contains broad injunctive language. The first clause enjoins parties granting or being granted releases from pursuing released claims. This is not objectionable because it is limited to claims by and between NBK, the Trustee, the Liquidating Trustee, the Purchaser and affiliates of the same. However, it goes on to state that:

> **no Person who has held, holds, or may hold Claims, Interests, or Action may commence or pursue a Claim or Action, as applicable, of any kind in any way related to the Debtor against any Released Party that arose before the Petition Date or arose or arises from or is related to the Chapter 11 Case, the negotiation of the Plan, the administration of the Plan or property to be distributed under the Plan, the wind down of the Debtor's business, the administration of the Liquidation Trust, or the  transactions in furtherance of the foregoing without the Court (i) first determining, after notice and a hearing, that such claim or cause of action represents a colorable claim of any kind, including, negligence, bad faith, criminal misconduct, willful misconduct, fraud, or gross negligence against a Released Party that such person has standing and is otherwise entitled to assert such claim or cause of action and (ii) specifically authorizing such Releasing Party to bring such claim or cause of action against any such Released Party.**

    In *In re Highland Capital Management, supra*, the Fifth Circuit approved gatekeeping provisions under the *Barton Doctrine* against a trustee or other court-appointed officer. However, in this case, the gatekeeping provisions extend beyond the Trustee and also protect NBK and the Purchaser (which will likely also be NBK). NBK is not within the zone of interests protected by the *Barton* Doctrine.  As drafted, the gatekeeping provision means that no party holding a claim in this case can ever sue NBK for any claim that arose before or during the case without permission from this Court. This Court lacks subject matter jurisdiction to enjoin claims between non-debtor parties. Therefore, the gatekeeping provision should be struck as it applies to NBK and the Purchaser.

    10.    The Plan fails to provide "adequate means for the plan's implementation" as required by 11 U.S.C. §1123(a)(5). The Plan provides that the Confirmation Order shall "authorize the consummation of the Sale . . . free and clear of any Claims, Liens, interests, encumbrances, executory contracts or unexpired leases . . . . " However, the auction sale will not occur until after

the Confirmation hearing. Under 11 U.S.C. §1129(a)(3) the Court must find that "(t)he plan has been proposed in good faith and not by any means forbidden by law." The plan has not been proposed in good faith. The plan and the sales process it encompasses have been proposed for the purpose of allowing NBK to acquire the Debtor's real property by means of a credit bid without any meaningful opportunity for third party bidding. Specifically, the Plan allows NBK to make an initial credit bid of $18.6 million but allows an ultimate credit bid of up to $62 million. 2425 WL, LLC has objected to the bank's ability to credit bid. However, that motion will not be heard until the day of the confirmation hearing. By this time, the deadline for third parties to have submitted bids will have passed. Legitimate third-party bidders will be deterred by the prospect of a bank with almost unlimited credit bidding rights, especially when the Bank's claim and lien rights are suspect due to its extended history of improper conduct as referenced in other pleadings filed in this case. Further, Hilco has not sought to legitimately market the property. The flyer sent out to bidders states that the minimum overbid is $19,750,000. However, the Court approved bid procedures provide that the highest bid submitted will be the Baseline Bid. Thereafter, bidding will proceed in increments of $250,000. The Baseline Bid need only be the highest bid received by the Trustee by the bid deadline which could be $18,601,000. As a result, Hilco has advertised a higher opening bid than allowed by the Court's orders. Further, the phone number which Hilco placed on the property goes to a line dedicated to another case. Further, phone calls to Hilco by prospective bidders are not returned. The sales procedures in this case were approved on April 29, 2024. The deadline to submit bids is June 14, 2024. Additionally, Hilco was only approved as a broker on April 30, 2024. As a result, the property is being marketed for just 45 days, a woefully insufficient period for an asset of this type.

11. The Plan does not satisfy 11 U.S.C. §1129(a)(5) which requires that the Plan Proponent disclose "the identity and affiliation of any individual proposed to serve, after confirmation of the plan." The Plan does not disclose who will serve as Liquidation Trustee.

Instead, the Plan just contains a circular reference stating that the Liquidation Trustee shall be "the trustee of the liquidation trust." See para. I(A)(54).

12. The Plan does not satisfy 11 U.S.C. §1129(a)(8) because classes 3, 6, 7 and 8 are deemed to reject. As a result, the Plan must satisfy the cramdown requirements of 11 U.S.C. §1129(b).

13. Under 11 U.S.C. §1129(b)(1) in order to cramdown a plan despite the rejection of at least one class of impaired claims, the plan must not discriminate unfairly and must be fair and equitable.

14. The Plan contains unfair discrimination. There are three classes of unsecured claims. Class 5(a) consisting of Trade General Unsecured Claims receives 70%. plus a pro rata share of the liquidating trust assets. Class 5(b) consisting of Other General Unsecured Claims receives a pro rata share of the liquidating trust assets. Class 6 consisting of insiders receives no distribution. The general rule for classifying unsecured claims was stated by the Fifth Circuit in *Matter of Greystone III Joint Venture*, 995 F.2d 1274, 1279 (5th Cir. 1991) where the Court stated "thou shalt not classify similar claims differently in order to gerrymander an affirmative vote on a reorganization plan." There is no justification offered for the disparate treatment. In some cases, a higher distribution to current vendors has been justified where the support of those creditors is necessary to the plan's success. However, this is a liquidating plan in which the new owner of the property will be free to decide which vendors to retain and which to replace. NBK has offered preferential treatment to the Trade General Unsecured Creditors in order to gerrymander acceptance of the Plan.

15. The plan is also not fair and equitable. While 11 U.S.C. §1129(2)(B) states that the requirement to be fair and equitable "includes" certain treatment, that is not exclusive. The Court may look to broader concepts of fairness and equity. In *D & F Construction, Inc.*, 865 F. 2d 673, 675 (5th Cir. 1989), the court stated:

> Section 1129(b)(2) sets minimal standards plans must meet. However, it is not to be

      interpreted as requiring that every plan not prohibited be approved. A court must consider the entire plan in the context of the rights of the creditors under state law and the particular facts and circumstances when determining whether a plan is "fair and equitable."

In this case, one of the most valuable assets of the estate consists of claims against NBK. These claims are so valuable that the law firm of Passman Jones has offered to pursue such claims on a contingent fee basis and advance costs. However, the Trustee has made minimal to no efforts to investigate these claims. The Plan proposes to release these claims providing that NBK will discount its unsecured claim by 10%. See para. III(B)(g).  While a plan may propose a compromise and settlement, such compromise must be fair and equitable the same as a compromise under Fed.R.Bankr.P. 9019. *In re AWECO, Inc.*, 725 F.2d 293 (5th Cir. 1984).   Assuming that NBK has a claim of $62 million and acquires the property for a credit bid of $18.6 million, its unsecured claim would be $43.4 million.[1]  A 10% reduction of this amount would be $4.34 million. However, this is not an actual cash amount being paid. The Plan does not even attempt to justify the settlement proposed. Rather, it simply provides for a discount against an unsecured claim which will receive an unknown amount under the plan. In short, the consideration being offered for compromise of this valuable claim is illusory.

      16.    Confirmation should also be denied because acceptance of the plan was solicited without adequate information as required by 11 U.S.C. §1125. NBK requested conditional approval of its disclosure statement. This means that it must still prove that its disclosure statement contained adequate information in order for the plan to be confirmed. In this case, the Disclosure Statement lacked the following information:

      (a) On page 2 of the NBK Disclosure Statement, it asserted that "Various litigation maneuvers between the parties occurred for almost the next twelve months."  NBK should have been required to disclose the specific lawsuit or lawsuits filed and the

---

[1] 2425 WL, LLC does not stipulate that the Bank has a valid claim for $62 million. These numbers are being used for purposes of example only.

contentions of the parties.

(b) .     NBK should have been required to disclose that on June 12, 2023 its lawyers stated "that there is no settlement agreement."

(c).      NBK should have been required to disclose that on June 28, 2023, its lawyers stated that the "Current Outstanding Settlement Balance" was $26,038,040.92.

(d).     On page 3 of the NBK Disclosure Statement, it asserts that "The Debtor defaulted under the Settlement Agreement by failing to comply with its payment terms." NBK should have been required to disclose that the Debtor contends that NBK defaulted first by interfering with Debtor's attempts to lease the property and by failing to tender a loan purchase agreement. NBK should also be required to state when the alleged default occurred.

(e) .     On page 3, NBK contends that the state court allowed it to post the property for a foreclosure sale on July 5, 2023. NBK should have been required to disclose that the Debtor disputes that NBK was allowed to post the property and that such posting prevented Debtor's attempt to meet the settlement terms.

(f).      On page 4, NBK states that Adv. No. 23-03263 and Adv. No. 24-3043 will be dismissed under the Plan. NBK should have disclosed what consideration, if any, it is providing for dismissal of these actions and what the basis for dismissing such actions is.

(g)      On page 5, NBK stated that it will make a credit bid. NBK should be required to discuss the effect of Sec. 363(k) on its ability to credit bid.

(h).     On page 6, NBK lists the classification of claims and interests. NBK should have disclosed which creditors fall within which classes. If NKB intends to classify Respondent's claim as an "Insider" claim, NBK should disclose why it believes that classifying secured and unsecured claims in a single class is permitted by the Code.

(i). On page 6, NBK stated that on the Effective Date all unexpired leases shall be rejected. NBK should have discussed how rejection of all leases in the building will affect the value of the property.

(j). On page 7, NBK should have disclosed whether claims against NBK will be transferred to the Liquidation Trust, and if not, why not. NBK should be required to disclose what claims will be transferred to the Liquidation Trust without resorting to defined terms which obscure the substance of the contents of the Liquidation Trust.

(k) .    On page 8, NBK should have disclosed whether the Trustee consents to the settlements contained in the Plan. NBK should be required to explain exactly what claims and causes of action are being compromised and released, what the merits of such claims are and whether NBK is providing any consideration for such releases. NBK should be required to disclose whether its plan contains third party releases and whether such releases are permissible in the Fifth Circuit.

(l).    NBK should have disclosed how its proposed exclupations contained on page 9 comply with applicable Fifth Circuit law and whether NBK is seeking to release its own attorneys for negligence in connection with this case.

(m).    NBK should have disclosed why it believes that the automatic stay may continue in effect after confirmation of the Plan.

(n).    NBK should have disclosed why it believes that its Gatekeeping Provision on page 10 complies with applicable Fifth Circuit law.

(o).    NBK should have disclosed that 2425 WL offered to pay $500,000 for claims against NBK. NBK should disclose why it is in the best interest of the estate to release claims against NBK when there is a qualified lawyer willing to pursue claims against NBK on a contingent fee basis.

(p).    NBK should have provided a full and fair discussion of the value of the

assets of the estate.

(q). NBK should have provided a full and fair discussion of the claims and causes of action belonging to the estate.

Given the failure to provide adequate information, NBK should be required to resolicit acceptances and rejections of the plan.

DATED: June 3, 2024.

        Respectfully Submitted,

        **BARRON & NEWBURGER, P.C.**
        7320 N. MoPac Expwy., Suite 400
        Austin, Texas 78731
        Tel: (512) 476-9103

By:   */s/ Stephen W. Sather*
      Stephen W. Sather
      State Bar No.

      **ATTORNEYS FOR**
      **CREDITOR, 2425 WL,LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Objection was served on the 3rd day of June, 2024 to the parties on the attached list.

      */s/ Stephen W. Sather*
      Stephen W. Sather

```
Label Matrix for local noticing          2425 WL, LLC                             CC2 TX, LLC
0541-4                                   2425 West Loop South 11th floor          c/o Howard Marc Spector
Case 23-34815                            Houston, TX 77027-4304                   Spector & Cox, PLLC
Southern District of Texas                                                        12770 Coit Road Suite 850
Houston                                                                           Dallas, TX 75251-1364
Thu May 30 08:45:52 CDT 2024

City of Houston                          Galleria 2425 Owner, LLC                 (p)HARRIS COUNTY ATTORNEY'S OFFICE
Linebarger Goggan Blair & Sampson LLP    1001 West Loop South 700                 P O BOX 2928
c/o Tara L. Grundemeier                  Houston, TX 77027-9084                   HOUSTON TX 77252-2928
PO Box 3064
Houston, TX 77253-3064


Hayward PLLC                             Houston Community College System         Houston ISD
c/o Melissa Hayward                      Linebarger Goggan Blair & Sampson LLP    Linebarger Goggan Blair & Sampson LLP
10501 N. Central Expy., Ste. 106         c/o Tara L. Grundemeier                  c/o Tara L. Grundemeier
Dallas, TX 75231-2203                    PO Box 3064                              PO Box 3064
                                         Houston, TX 77253-3064                   Houston, TX 77253-3064


National Bank of Kuwait, S.A.K.P., New York   4                                   2425 WL, LLC
                                         United States Bankruptcy Court           13498 Pond Springs Rd.
                                         PO Box 61010                             Austin, TX 78729-4422
                                         Houston, TX 77208-1010


2425 West Loop, LLC                      ADT                                      Ali Choudhry
2000 Hughes Landing Blvd., Suite 815     PO Box 382109                            1001 West Loop South 700
The Woodlands, Texas 77380-4142          Pittsburgh, PA 15251-8109                Houston, TX 77027-9084


Arin-Air, Inc.                           Ash Automated Control Systems, LLC       CC2 TX, LLC
5710 Brittmoore Rd. #13                  PO Box 1113                              14800 Landmark Blvd., Suite 400
Houston, TX 77041-5627                   Fulshear, TX 77441-2013                  Dallas, TX 75254-7598


CFI Mechanical, Inc                      CNA Insurance Co                         Caz Creek Lending
6109 Brittmoore Rd                       PO Box 74007619                          118 Vintage Park Blvd No. W
Houston, TX 77041-5610                   Chicago, IL 60674-7619                   Houston, TX 77070-4095


Cirro Electric                           City of Houston                          City of Houston
PO Box 60004                             PO Box 1560                              c/o Tara L. Grundemeier
Dallas, TX 75266                         Houston, TX 77251-1560                   Linebarger Goggan Blair & Sampson LLP
                                                                                  PO Box 3064
                                                                                  Houston, TX 77253-3064


Comcast                                  Datawatch Systems                        Environmental Coalition Inc
PO Box 60533                             4520 East West Highway 200               PO Box 1568
City of Industry, CA 91716-0533          Bethesda, MD 20814-3382                  Stafford, TX 77497-1568


Ferguson Facilities Supplies             Firetron                                 (p)FIRST INSURANCE FUNDING
PO Box 200184                            PO Box 1604                              450 SKOKIE BLVD SUITE 1000
San Antonio, TX 78220-0184               Stafford, TX 77497-1604                  NORTHBROOK IL 60062-7917
```

```
Gulfstream Legal Group              H.N.B. Construction, LLC            HNB Construction, LLC
1300 Texas St                       c/o Malcolm D. Dishongh             521 Woodhaven
Houston, TX 77002-3509              PO Box 2347                         Ingleside, TX 78362-4678
                                    Humble, TX 77347-2347


Hayward PLLC                        Houston Community College System    Houston ISD
c/o Melissa S. Hayward              c/o Tara L. Grundemeier             c/o Tara L. Grundemeier
10501 N. Central Expy., Ste. 106    Linebarger Goggan Blair & Sampson LLP   Linebarger Goggan Blair & Sampson LLP
Dallas, TX 75231-2203               PO Box 3064                         PO Box 3064
                                    Houston, TX 77253-3064              Houston, TX 77253-3064


Jetall Companies, Inc               Kings 111 Emergency Communications  Lexitas
1001 West Loop South Ste 700        751 Canyon Drive, Suite 100         PO Box Box 734298 Dept 2012
Houston, TX 77027-9033              Coppell, TX 75019-3857              Dallas, TX 75373-4298



Lloyd E. Kelley                     Logix Fiber Networks                MacGeorge Law Firm
2726 Bissonent Suite 240            PO Box 734120                       2921 E 17th St Blgd D Suite 6
Houston, TX 77005-1352              Dallas, TX 75373-4120               Austin, TX 78702-1572



Mueller Water Treatment             Naissance Galleria, LLC             National Bank of Kuwait
1500 Sherwood Forest Dr.            c/o Law Office of Nima Taherian     299 Park Ave. 17th Floor
Houston, TX 77043-3899              701 N. Post Oak Rd. Ste 216         New York, NY 10171-0023
                                    Houston, TX 77024-3868


Nationwide Security                 Nichamoff Law Firm                  Rodney L. Drinnon
2425 W Loop S 300                   2444 Times Blvd 270                 2000 West Loop S, Ste. 1850,
Houston, TX 77027-4205              Houston, TX 77005-3253              Houston, Texas 77027-3744



TKE                                 U.S. Trustee's Office               US Retailers LLC d/b/a Cirro Energy
3100 Interstate North Cir SE  500   515 Rusk, Suite 3516                Attention: Bankruptcy Department
Atlanta, GA 30339-2296              Houston, Texas 77002-2604           PO Box 3606
                                                                        Houston, TX 77253-3606


US Trustee                          Waste Management                    Zindler Cleaning Service Co
Office of the US Trustee            PO Box 660345                       2450 Fondren 113
515 Rusk Ave                        Dallas, TX 75266-0345               Houston, TX 77063-2314
Ste 3516
Houston, TX 77002-2604


Ali Choudhri                        Christopher R Murray                James Q. Pope
24256 West Loop South               Jones Murray LLP                    The Pope Law Firm
11th Floor                          602 Sawyer St                       6161 Savoy Drive
Houston, TX 77027                   Ste 400                             Ste 1125
                                    Houston, TX 77007-7510              Houston, TX 77036-3343


Reese W Baker                       Rodney Drinnon
Baker & Associates                  McCathern Houston
950 Echo Lane                       2000 W Loop S
Suite 300                           Ste. 1850
Houston, TX 77024-2824              Houston, TX 77027-3744
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Harris County, ATTN: Property Tax Division<br>Harris County Attorney's Office<br>P.O. Box 2928<br>Houston, TX 77252-2928 United States | First Insurance Funding<br>450 Skokie Blvd<br>Northbrook, IL 60062 | (d)Harris County Tax Assessor<br>PO Box 4622<br>Houston, TX 77210 |
| (d)Harris County, et al<br>PO Box 2928<br>Houston, TX 77252 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)2425 West Loop, LLC | (u)Sonder USA Inc. | (d)Arin-Air, LLC<br>5710 Brittmoore Rd. #13<br>Houston, TX 77041-5627 |
| (du)Sonder USA Inc. | (u)Jack Rose | |

End of Label Matrix
Mailable recipients    58
Bypassed recipients     5
Total                  63