IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GALLERIA 2425 OWNER, LLC, | ) | |
| | ) | Case No. 23-34815 |
| Debtor. | ) | |
| | ) | |

**TRUSTEE'S OBJECTION TO CLAIM NO. 7 OF 2425 WL LLC**

**THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**A HEARING HAS BEEN SET ON THIS MATTER ON <u>JULY 24, 2024, at 11:00 A.M. (CENTRAL TIME)</u> IN COURTROOM 403, 4TH FLOOR, UNITED STATES BANKRUPTCY COURT FOR SOUTHERN DISTRICT OF TEXAS, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Christopher R. Murray, in his capacity as chapter 11 trustee in the above-captioned case (the "Trustee"), hereby files this objection (the "Objection") to Claim No. 7 (the "Claim") filed by 2425 WL LLC ("2425 WL"). In support of this Objection, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Court has the authority to enter the requested relief under sections 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. The Trustee consents, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Objection.

## BACKGROUND & RELEVANT FACTS

A. Chapter 11 Case

4. On December 5, 2023 (the "Petition Date"), Galleria 2425 Owner, LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court" or the "Court").

5. The Court entered an order [Bankr. Dkt. No. 116] approving the Trustee's appointment as chapter 11 trustee in the Bankruptcy Case on February 9, 2024.

B. Claim No. 7

6. On March 31, 2024, 2425 WL filed Claim No. 7 with the Court asserting a claim in the amount of $22,968,231.58 secured by a lien on the Debtor's real property located at 2425 West Loop S, Houston, TX (the "Property"). Ali Choudhri signed Claim No. 7, purporting to act as 2425 WL's manager.

7. The amount claimed in Claim No. 7 included accrued interest. Pursuant to Bankruptcy Rule 3001(c)(2)(A), an itemization indicating as was attached to Claim No. 7, indicating as follows:

| | |
|---|---|
| Principal | $ 14,780,332.38 |
| Interest Rate | 10% |
| Start Date | 5/23/2018 |
| Petition Date | 12/5/2023 |
| Intrest Accrued | $ 8,187,899.20 |
| Total | $ 22,968,231.58 |

8.      Claim No. 7 indicated that the basis of perfection of the lien asserted therein was a deed of trust. An unofficial copy of a deed of trust was attached to Claim No. 7.

**C. Irregularities Regarding the Deed of Trust**

  *i.)    The Deed of Trust Appears to have been executed in 2021.*

9.      A certified copy of the deed of trust referenced in Claim No. 7 is attached hereto as Exhibit A (the "2425 WL Deed of Trust").

10.     The first page of the Deed of Trust indicates that it was issued on May 23, 2018. It also indicates in the document that the note secured by the Deed of Trust was dated May 23, 2018, in the original principal amount of $14,730,332.38.

11.     However, the file stamp of the Deed of Trust indicates that it was filed with the real property records of Harris County on May 11, 2021. The jurat in the deed of trust does not contain a date other than the year, which is indicated to be 2021.

  *ii.)   The Debtor purportedly executed the Deed of Trust in 2018 through Ali Choudhri on behalf of Galleria West Loop Investments II LLC.*

12.     The Deed of Trust was signed by Ali Choudhri, purportedly in his role as manager of Galleria West Loop Investments II LLC, the purported managing member of Galleria 2425 JV, LLC, which in turn was the purported managing member of the Debtor.

13.     Neither Galleria West Loop Investments II LLC Ali Choudhri had the authority to act on behalf of Galleria 2425 JV, LLC in 2018.

3

14. Prior to 2021, Naissance Capital Real Estate, LLC was the managing member of Galleria 2425 JV, LLC.

15. In its Application for Registration of a Foreign Limited Liability Company filed with the Texas Secretary of State (the "Foreign Registration Application") on April 5, 2018, Galleria 2425 JV, LLC indicated that its governing person was Naissance Capital Real Estate, LLC. A copy of the Foreign Registration Application is attached hereto as Exhibit B.

16. Prior to 2021, the Debtor executed all material transactions of public record through Naissance Capital Real Estate, LLC, including:

   a. All documents in connection with the transaction between the Debtor and the National Bank of Kuwait, including the (i) loan agreement (the "NBK Loan Agreement"), (ii) the note (the "NBK Note"), (iii) the deed of trust (the "NBK DOT"), and (iv) the assignment of leases and rents (the "NBK Assignment of Leases and Rents"). Copies of the NBK Loan Agreement, NBK Note, NBK DOT, and NBK Assignment of Leases and Rents are attached hereto as Exhibits C, D, E, and F respectively.

   b. The transfers of tax liens to Caz Creek TX II, LLC, including the (i) Sworn Document Authorizing Transfer of Tax Lien filed in the Harris County real property tax records on March 11, 2020, and (b) Tax Lien Contract filed in the Harris County real property records on June 4, 2020. Copies of these documents are attached hereto as Exhibit G and H respectively.

17. The Amended and Restated Limited Liability Company Agreement of Galleria 2425 JV, LLC (the "Galleria 2425 JV Company Agreement"), indicates that Naissance Capital Real Estate was the "Managing Member" of Galleria 2425 JV, LLC as of May 23, 2018. The

"Managing Member" was defined as the "Naissance Member," which in turn was defined as Naissance Capital Real Estate, LLC. Section 8.1 of the Company Agreement provided:

> Management of the Company. The business and affairs of the Company will be managed by the Managing Member. Subject to the provisions of Section 8.2, the Managing Member will have full and complete discretion to manage and control the business and affairs of the Company, to make all decisions affecting the business and affairs of the Company, and to take all such actions as it deems necessary or appropriate to accomplish the purposes of the Company set froth in Section 2.5; provided that, the Managing Member will manage the Company in accordance with the Budget. The actions of the Managing Member taken in accordance with the provisions of this Agreement will bind the Company. ***No other Member will have any authority or right to act on behalf of or bind the Company, unless otherwise provided herein or unless specifically authorized by the Managing Member pursuant to a resolution expressly authorizing such action which resolution is duly adopted by the Managing Member***.

(emphasis supplied), Section 8.2 covers actions requiring the unanimous written approval of the members, and includes "permit the incurrence of indebtedness by the Company, the Owner SPV, or any other Subsidiary of the Company, except as set forth in any applicable and approved budget. A copy of the Galleria 2425 JV Company Agreement is attached hereto as <u>Exhibit I</u>.

18.     In 2021—three (3) years after the 2425 WL Deed of Trust was purportedly executed—the members of Galleria 2425 JV, LLC executed a unanimous written consent appointing Galleria West Loop Investment II LLC as the managing member of the Company. A copy of the unanimous written consent—filed by the Debtor on the docket—is attached hereto as <u>Exhibit J</u> (the "<u>2021 Unanimous Consent</u>").

19.     The 2021 Unanimous Consent had the effect of giving Choudhri the authority to act on behalf of the Debtor.

### D. Irregularities with the Promissory Note Referenced in the Deed of Trust

    i.)    *<u>The Debtor purportedly executed the Promissory Note in 2018 through Ali Choudhri as its "Authorized Agent."</u>*

20. A copy of the Promissory Note that 2425 WL asserts Claim No. 7 is based upon and is secured by the Deed of Trust is attached hereto as <u>Exhibit K</u> (the "<u>Promissory Note</u>").

21. The Promissory Note indicates that it was executed on May 23, 2018, and was signed by Ali Choudhri as "Authorized Agent" of Galleria 2425 JV, LLC.

22. As indicated above, Ali Choudhri did not have authority to act on behalf of Galleria 2425 JV, LLC or the Debtor in 2018.

23. On May 23, 2018, Naissance Capital Real Estate, LLC was the managing member of Galleria 2425 JV, LLC.

24. Naissance Galleria, LLC, an affiliate of Naissance Capital Real Estate, LLC provided $16,100,000.00 of mezzanine funding to Galleria 2425 JV, LLC to finance in part the Debtor's acquisition of the Property.

    ii.)    *<u>The Settlement Statement executed by 2425 WL in connection with the sale of the real property from 2425 WL to the Debtor does not indicate any loan from 2425 WL but rather a $14,730,332.38 seller credit reducing the amount due.</u>*

25. A copy of the HUD-1 Settlement Statement in connection with the sale of the real property from 2425 WL to the Debtor—provided to the Trustee by 2425 WL—is attached hereto as <u>Exhibit L</u> (the "<u>Settlement Statement</u>").[1]

26. The Settlement Statement does not indicate any loan from 2425 WL to the Debtor. Instead, the Settlement Statement reflects a $14,730,332.38 seller credit to the Debtor reducing the amount due to 2425 WL as seller.

---

[1] The attached copy of the Settlement Statement was provided by 2425 WL. On Information and belief, the highlighted portion thereof was added by 2425 WL.

27. The Settlement Statement was signed by 2425 WL LLC and certified by the settlement agent.

28. Pursuant to the closing of the transaction pursuant to the Settlement Statement funds loaned by National Bank of Kuwait, S.A.K.P., New York Branch ("NBK") and Naissance Galleria, LLC were used to pay off in excess of $50,000,000 of debt owed by 2425 WL.

29. 2425 WL received in excess of $13,000,000.00 of cash as the result of the closing of the transaction reflected by the Settlement Statement.

## OBJECTION

**A. Claim No. 7 Does not reflect a valid claim against the Debtor.**

30. The Promissory Note and Deed of Trust are fraudulent. They were either (a) created in 2021 based on a non-existent debt or (b) were executed by Ali Choudhri without authority. In either case, 2425 WL has no enforceable obligation against the Debtor and the asserted claim should be disallowed.

   *i.)   The Promissory Note is unenforceable due to lack of consideration.*

31. The Promissory Note purports to be governed by New York law. It was apparently executed in Texas. A sham note like the Promissory Note is not enforceable under either New York or Texas law.

32. Under New York law, lack of consideration is a viable defense to the enforcement of a promissory note. *ABR Wholesalers, Inc. v. King*, 172 A.D.3d 1929, 1930 (NY App. Div. 4th Dept. 2019). Consideration consists of either a benefit to the promisor (i.e., the Debtor) or a detriment to the promisee (i.e., 2425 WL). *Id.*

33. Lack of consideration is also an affirmative defense to the enforcement of a promissory note under Texas law. *McLernon v. Dynegy, Inc.*, 347 S.W.3d 315, 335 (Tex. App.—Houston [14th] 2011). Consideration requires an element of exchange between the parties, that can

be either a benefit to the promisor or a detriment to the promisee. *Benson v. Forgie*, 2023 Tex. App. LEXIS 6896, at *9 (Tex. App.—Houston [14th] Aug. 31, 2023).

34. Whether the Promissory Note was executed in 2021 or 2018, the only benefit was to 2425 WL and the only detriment was to the Debtor. This does not constitute consideration under either New York or Texas law. If—as seems most likely—the Promissory Note was executed in 2021, it does not connect to any obligation and is entirely fictitious. If the Promissory Note was executed in 2018, the only potential consideration was for a seller credit that had *already been given* by 2425 WL, as reflected in the Settlement Statement.[2] The Promissory Note is a legal nullity and created no enforceable obligation against the Debtor.

> ii.) *If the Promissory Note was created in 2018, it is unenforceable because Choudhri lacked apparent or actual authority to bind the Debtor.*

35. Further, Choudhri did not have either actual or apparent authority to bind the Debtor in 2018. 2425 WL was aware of this fact or, at the very least, was aware of facts that obligated it to investigate the matter, which it failed to do. Under Delaware, New York, and Texas law this renders the Promissory Note unenforceable.[3] *See, e.g.*, *Halevi Enters. LLC v. Waa Holdings, Inc.*, 2024 Del. Super. LEXIS 205, at *1 (Super. Ct. Mar. 19, 2024) (citing *Finnegan Constr. Co. v. Robino-Ladd Co.*, 354 A.2d 142, 144 (Del. Super. Ct. 1976)); *39 Coll. Point Corp. v. Transpac Capital Corp.*, 12 A.D.3d 664, 664 (NY App. Div. 2nd Dept. 2004); *TVO Cobblestone, LLC v. ASI Capital, LLC*, 2023 Tex. App. LEXIS 8202, at *15-16 (Tex. App.—El Paso Oct. 27, 2023).

36. That Choudhri did not have actual authority is clear. In the Foreign Registration Application dated April 5, 20`8, Galleria 2425 JV, LLC indicated that its only governing person

---

[2] The only alternative would be that the Promissory Note was contemplated before the Settlement Statement was executed. But that would constitute criminal action. *See* 18 U.S.C. § 1344; Tex. Penal Code § 32.32. 2425 WL should be estopped from raising as a defense to a claim objection that it committed a crime.
[3] Delaware law may be relevant to this issue because the Debtor is a Delaware entity.

was Naissance Capital Real Estate, LLC. A "governing person" is defined by the Texas Business Organizations Code as "a person serving as part of the governing authority of an entity." Choudhri was not part of the governing authority of Galleria 2425 JV, LLC in 2018. This is consistent with the Galleria 2425 JV Company Agreement.

37. 2425 WL cannot claim apparent authority under the circumstances. Choudhri was the beneficial owner of 2425 WL. On information and belief, he directed the actions of 2425 WL and thus 2425 WL was aware of Choudhri's lack of actual authority. Moreover, the circumstances were such that 2425 WL should have been alerted to the issue. The other transactions surrounding the May 2018 sale of the real property from 2425 WL to the Debtor and the related financing, Azeemah Zaheer executed the documents on behalf of Naissance Capital Real Estate, LLC, the managing member of Galleria 2425 JV LLC, which in turn was the sole member of the Debtor. Reliance on any indicia of authority by Choudhri in executing a note purportedly on the same day and in connection with the same transaction is not reasonable.[4] And any indicia of authority by Choudhri was the result of Choudhri's actions, not the actions of the Debtor.[5]

**B. The Court should apply the doctrine of quasi-estoppel to prevent 2425 WL from asserting positions contrary to the Settlement Statement.**

38. The Fifth Circuit has recognized the doctrine of quasi-estoppel in federal proceedings.[6] *Ave. SWNG TIC 1 LLC v. Better World Props., LLC*, 2024 U.S. Dist. LEXIS 43664, at *5 (S.D. Tex. Feb. 7, 2024) (citing *In re Davidson*, 947 F.2d 1294, 1297 (5th Cir. 1991)). The

---

[4] Reliance must be reasonable under the law of Delaware, New York, and Texas for an entity to be bound by apparent authority. *See B.A.S.S. Grp., LLC v. Coastal Supply Co.*, 2009 Del. Ch. LEXIS 166, at *19 (Del. Ch. June 19, 2009); Elgin Realty, Inc. v. Klein, 109 A.D.3d 785, 786, (NY App. Div. 2nd Dept. 2013); Paragon Indus. Applications, Inc. v. Stan Excavating, LLC, 432 S.W.3d 542, 550 (Tex. App.—Texarkana 2014).

[5] What matters is not whether the purported agent (i.e., Choudhri) claimed authority but whether the actions of the purported principal (i.e., the Debtor) gave that impression. *See, e.g., B.A.S.S. Grp., LLC*, 2009 Del. Ch. LEXIS 166, at *19; *Elgin Realty, Inc.*, 109 A.D.3d at 786; *Paragon Indus. Applications, Inc.*, 432 S.W.3d at 550.

[6] Texas and New York courts and substantive state law also apply a doctrine of quasi-estoppel to various extents. Here, the Trustee seeks the application of quasi-estoppel on a procedural basis under federal law.

doctrine "'forbids a party from accepting the benefits of a transaction or statute and then subsequently taking an inconsistent position to avoid the corresponding obligations or effects[,]'" *id.* (quoting *In re Davidson*, 947 F.2d at 1297), and applies "'when it would be unconscionable to allow a person to maintain a position inconsistent with one to which he acquiesced, or from which he accepted a benefit[,]'" *id.* (quoting *Galyean v. Guinn*, 2022 U.S. Dist. LEXIS 198600 at *5 (N.D. Tex. Oct. 24, 2022)).

39. 2425 WL received a substantial benefit in connection with the 2018 sale of the Real Property. As reflected in the Settlement Statement, 2425 WL received (a) satisfaction of more than $50 million of debt, (b) payment of $363,777.29 of current-year property taxes, and (c) $13,720,254.15 of cash. It received these benefits from loans advanced by NBK and Naissance Galleria, LLC to the Debtor.

40. Moreover, it would be unconscionable to allow 2425 WL to assert now in bankruptcy that the transaction was not as reflected in the Settlement Statement. It was on the basis of the Settlement Statement that the funds from NBK and Naissance Galleria, LLC's funds were disbursed. And 2425 WL did not just tacitly accept the Settlement Statement but rather represented that its representative had "carefully reviewed the HUD-1 Settlement Statement and to the best of [his] knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction." For 2425 WL to benefit further from a claim inconsistent with the Settlement Statement to the detriment of the NBK and Naissance Galleria is patent inequity that the doctrine of quasi-estoppel is meant to prevent.

41. While NBK and Naissance Galleria, LLC were the parties most clearly affected, the Trustee has the ability to make these arguments for the benefit of all creditors. Absent

subordination in a plan of reorganization, all general unsecured creditors of the Debtor would be harmed by 2425 WL's inconsistent statements.

## **RESERVATION OF RIGHTS**

42. To the extent that the 2425 WL Note and 2425 WL Deed of Trust were executed in 2021, the Trustee asserts that any lien or obligation would also be avoidable under the Texas Uniform Fraudulent Transfer law. While Bankruptcy Rule 3007(b) allows an objection to claim to be brought as an adversary proceeding in connection with such relief, it is not required. The Trustee reserves his right to seek the avoidance of the purported obligation under 2425 WL Note and purported lien under 2425 WL Deed of Trust to the extent that 2425 WL LLC's claim is allowed.

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto, disallowing the Claim No. 7 in its entirety and granting such other relief as is just and equitable.

Dated: June 3, 2024

Respectfully submitted,

SHANNON & LEE LLP

*/s/R. J. Shannon*
Kyung S. Lee (TBA No. 12128400)
R. J. Shannon (TBA No. 24108062)
2100 Travis Street, STE 1525
Houston, TX 77002
Telephone: (713) 714-5770
Email: klee@shannonleellp.com
          rshannon@shannonleellp.com

*Counsel to Christopher R. Murray, Chapter 11 Trustee*

11

## CERTIFICATE OF SERVICE

      I hereby certify that on June 3, 2024, the forgoing document was served (i) through the Court's CM/ECF System on all parties registered to receive such service and (ii) separately by U.S.P.S first class mail, postage prepaid, and email on the following parties:

2425 WL LLC
c/o Ali Choudhri
2425 West Loop S, 11th Floor
Houston, TX 77027
ali@jetallcapital.com

Stephen W. Sather
7329 N. MoPac Expwy., Suite 400
Austin, TX 78731
ssather@bn-lawyers.com

                                                  */s/R. J. Shannon*
                                                  R. J. Shannon