**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GALLERIA 2425 OWNER, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 23-34815 |
| | ) | |
| | ) | |
| CHRISTOPHER R. MURRAY, Chapter 11 | ) | |
| Trustee, | ) | Adv. Pro. No. 24-_____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JETALL COMPANIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## TRUSTEE'S ORIGINAL COMPLAINT

COMES NOW Christopher R. Murray, chapter 11 trustee in the above-captioned main bankruptcy case (the "<u>Trustee</u>" or the "<u>Plaintiff</u>") and files this Original Complaint and alleges as follows.

### JURISDICTION, VENUE AND PARTIES

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(C), (H), and (O). The Trustee consents to the entry of a final judgment by this Court.

2.      Venue is proper in this Court because the above-captioned main bankruptcy case (the "<u>Bankruptcy Case</u>") is pending before the Court.

3.     The Trustee is the chapter 11 trustee appointed in the Bankruptcy Case pending before the Court.

4.     The defendant Jetall Companies, Inc. (the "Defendant" or "Jetall") is a corporation organized under the laws of the State of Texas and may be served by mailing a copy of this Complaint and summons issued to (a) Defendant's registered agent Legal Registered Agent Services, Inc., 5900 Balcones Drive, Suite 100, Austin, Texas, 78731 or (b) Defendant's president Ali Choudhri at 1001 West Loop S Suite 700, Houston, Texas, 77027.

## FACTUAL BACKGROUND

### A.  Bankruptcy Case

5.     On December 5, 2023 (the "Petition Date"), Galleria 2425 Owner, LLC (the "Debtor"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

6.     The Court entered an order [Bankr. Dkt. No. 116] approving the Trustee's appointment as chapter 11 trustee in the Bankruptcy Case on February 9, 2024.

7.     Jetall filed proof of claim number 20 in the Bankruptcy Case on April 9, 2024.

### B.  Jetall's Purported Lease at the Building

8.     Among the property of the estate created by the Bankruptcy Case is a commercial office building located at 2425 West Loop South, Houston, Texas 77027 (the "Building").

9.     Jetall occupies the 11th floor of the Building (the "11th Floor Premises") directly and through subtenants.

10.     On information and belief, Jetall has occupied the 11th Floor Premises since at least August 1, 2022.

11.     Jetall asserts that it is entitled to possession of the 11th Floor Premises according to a purported lease executed on May 13, 2015 (the "Original Lease"), and subsequently amended

on (a) April 6, 2018 (the "First Amendment"), (b) February 1, 2019 (the "Second Amendment"), and (c) August 1, 2022 (the "Third Amendment").

12.     A copy of the Original Lease under which Jetall asserts a right of possession and the amendments thereto are attached hereto as Exhibit A.

     i.     *The Original Lease*

13.     The Original Lease was purportedly signed by Bradley S. Parker on behalf of 2425 West Loop, LP as landlord and Jetall as tenant.

14.     The Original Lease indicates that it was for Suite 805 of the Building (the "Suite 805 Premises"), comprising 10,153 square feet of rentable space, for the period from August 1, 2015, through July 31, 2025.

15.     Under the Original Lease, the annual base rent for the Suite 805 Premises began at $24.00 per square foot in 2015 and increased periodically up to $28.50 per square foot from August 2024 throughout the remaining term.

16.     Under the Original Lease, Jetall also owed additional rent for its share of "Operating Costs," as defined in the Original Lease.

17.     The additional rent was estimated to be $9.25 annually per square foot.

18.     The Original Lease also provided that Jetall's obligations were required to be paid without "any setoff, deduction or counterclaim whatsoever."

19.     On or about January 18, 2017, 2425 West Loop, LP executed a deed (the "2017 Deed") of the real property to 2425 WL LLC ("2425 WL") that was filed in the real property records of Harris County on April 26, 2017.

20.     A copy of the 2017 Deed is attached hereto as Exhibit B hereto.

     *ii.*    *The First Amendment (April 6, 2018)*

21.     On April 6, 2018, Ali Choudhri executed the First Amendment on behalf of 2425 WL, LLC ("2425 WL") as landlord and Jetall as tenant.

22.     Under the First Amendment, 2425 WL and Jetall agreed that 2425 WL would take possession of the Suite 805 Premises in order for VRBex Inc. to occupy the Suite 805 Premises for up to 60 months from June 1, 2018, until June 1, 2023 (the "VRBex Term").

23.     The First Amendment, among other things, (a) suspended Jetall's payment obligations under the Original Lease during the VRBex Term, (b) removed the requirement that Jetall pay a termination penalty in Section 19 of the Original Lease, (c) removed the restrictions on Jetall's rights to sublet the Suite 805 Premises in Section 20 of the Original Lease, (d) removed the language regarding 2425 WL's right to a lien against Jetall's property at the Building, (c) removed the language regarding subordination and attornment to any deeds of trust in Section 32 of the Original Lease, and (d) removed the language regarding the requirement for Jetall to provide the lease certificates required in Section 33 of the Original Lease.

     *iii.*    *The 2018 Transaction (May 23, 2018)*

24.     On May 23, 2018, the Debtor and 2425 WL entered into a transaction (the "2018 Transaction") in which 2425 WL deeded the real property including the Building to the Debtor.

25.     A copy of the deed of the real property to the Debtor (the "2018 Deed") is attached as Exhibit B hereto.

26.     The 2018 Transaction was financed by the National Bank of Kuwait, S.A.K.P, New York Branch ("NBK") as mortgage lender and Naissance Galleria, LLC ("Naissance Galleria") as mezzanine lender to the Debtor's sole member Galleria 2425 JV, LLC ("Galleria 2425 JV").

27.     A copy of the Settlement Statement related to the 2018 Transaction is attached as Exhibit C hereto.

28.     NBK's financing of the transaction was pursuant to a loan agreement (the "NBK Loan Agreement").

29.     A copy of the NBK Loan Agreement is attached hereto as Exhibit D.

30.     Jetall's lease of the property was indicated as a "Material Lease" in the NBK Loan Agreement.

31.     Among other things, the NBK Loan agreement required NBK's prior written consent prior to (a) altering, modifying, or changing the terms of any Material Lease except in the ordinary course of business and if such alteration does not have a material adverse financial effect on the Debtor; (b) allowing the assignment or subletting under any Material Lease; or (c) collecting any rents arising or accruing under any lease for more than one month in advance.

32.     Pursuant to the NBK Loan Agreement, the Debtor issued a note to NBK (the "NBK Note").

33.     A copy of the NBK Note is attached hereto as Exhibit E.

34.     The NBK Note was secured by a deed of trust (the "NBK Deed of Trust") and an assignment of rents and leases (the "NBK Assignment of Rents").

35.     A copy of the NBK Deed of Trust is attached hereto as Exhibit F.

36.     A copy of the NBK Assignment of Rents is attached hereto as Exhibit G.

37.     2425 WL received more than thirteen million dollars ($13,000,000) of cash or cash equivalents from the 2018 Transaction.

38.     On information and belief, the funds 2425 WL received from the 2018 Transaction were ultimately paid to or for the benefit of Ali Choudhri.

39.     On information and belief, a document purporting to reflect the lease between Jetall and 2425 WL was provided to NBK prior to the closing of the transaction financed by NBK.

40.     On information and belief, a copy of the First Amendment was not provided to NBK prior to the closing of the 2018 Transaction.

41.     On information and belief, 2425 WL, Jetall, and Ali Choudhri concealed or sought to conceal the First Amendment from NBK.

42.     On information and belief, Jetall executed and delivered an estoppel certificate that did not indicate the First Amendment.

43.     Each of the documents effectuating the 2018 Transaction executed by 2425 WL was signed by Adam Broder, the sole member of 2425 WL, not Ali Choudhri.

    *iv.*   *The Second Amendment (February 1, 2019)*

44.     On February 1, 2019, Ali Choudhri executed the Second Amendment on behalf of the Debtor and landlord and Jetall as tenant.

45.     The Second Amendment, among other things, suspended Jetall's obligations for the duration of the "Sonder Term" and provided Jetall with signage rights for the Building.

46.     The "Sonder Term" is not defined in the Second Amendment.

47.     The Second Amendment was not in the Debtor's ordinary course of business and had a material adverse financial effect on the Debtor.

48.     On information and belief, neither the Debtor, Jetall, nor Ali Choudhri sought or obtained the approval of NBK prior to executing the Second Amendment.

49.     On information and belief, Jetall and Ali Choudhri concealed or sought to conceal the Second Amendment from NBK.

50.     Prior to 2021, the Debtor was under the control of Naissance Capital Real Estate, LLC, an affiliate of the mezzanine lender Naissance Galleria.

51.     On information and belief, Ali Choudhri did not have authority to execute the Second Amendment on behalf of the Debtor on February 1, 2019.

     *v.*   *The Third Amendment (August 1, 2022)*

52.    On August 1, 2022, Ali Choudhri executed the Third Amendment on behalf of the Debtor as landlord and Jetall as tenant.

53.    The Third Amendment, among other things, (a) amended the premises from the Suite 805 Premises to the 11th Floor Premises comprising 19,500 square feet, (b) suspended Jetall's rent for 14 months, (b) reduced the per square foot base rent, (c) amended the Original Lease to allow Jetall to sublet without landlord approval, and (d) provided Jetall with a tenant improvement allowance of $100.00 per rentable square foot (the "Third Amendment TI Amount") that at Jetall's election could be used to offset rent.

54.    The Third Amendment was not in the Debtor's ordinary course of business and had a material adverse financial effect on the Debtor.

55.    On information and belief, neither the Debtor, Jetall, nor Ali Choudhri sought or obtained the approval of NBK prior to executing the Third Amendment.

56.    On information and belief, the Debtor, Jetall and Ali Choudhri concealed or sought to conceal the Third Amendment from NBK.

57.    At the time of the Third Amendment, the Debtor was in a dispute with NBK regarding the Debtor's obligations under the NBK Loan Agreement.

**C. Jetall's Insider Status**

58.    Jetall is an insider of the Debtor.

59.    Since at least August 2021, Ali Choudhri has directly or indirectly owned, controlled, or held with the power to vote 20 percent or more of the outstanding voting securities of the Debtor.

60.    Since at least August 2021, Ali Choudhri has controlled the Debtor.

61.    At all relevant times to this Complaint, Ali Choudhri has had controlled Jetall.

62.     On information and belief, Ali Choudhri has controlled 2425 WL at all relevant times to this Complaint.

## COUNT ONE
### (Avoidance of the Third Amendment—11 U.S.C. § 548)

63.     The Third Amendment constituted a transfer of a possessory interest in part of the Building by the Debtor to Jetall.

64.     Jetall did not have the right to possess the 11th Floor Premises prior to the Third Amendment.

65.     The Third Amendment constituted the incurring of an obligation by the Debtor to Jetall.

66.     The Debtor was not obligated for the Third Amendment TI Amount prior to the Third Amendment.

67.     The Debtor entered into the Third Amendment with the actual intent to hinder, delay, or defraud NBK.

68.     Jetall was an insider of the Debtor at the time of the Third Amendment.

69.     Ali Choudhri signed the Third Amendment on behalf of both the Debtor and Jetall.

70.     The Third Amendment was concealed.

71.     The Debtor was in a dispute with NBK regarding the NBK Loan Agreement when the Debtor entered into the Third Amendment with Jetall.

72.     Jetall was aware of the dispute between NBK and the Debtor.

73.     The value of any consideration the Debtor received for the Third Amendment was not reasonably equivalent to the value of the transfer or obligation incurred by the Debtor.

74.     The Debtor was insolvent at the time it entered into the Third Amendment.

75.     The Debtor entered into the Third Amendment shortly before entering into a settlement agreement with NBK requiring payment of $27.0 million to NBK within 210 days.

76.     Therefore, the transfer and obligation reflected in the Third Amendment should be avoided pursuant to 11 U.S.C. §§ 548(a)(1)(A) and/or 548(a)(1)(B).

### COUNT TWO
### (Recovery of the Avoided Transfers—11 U.S.C. § 550)

77.     The possession of the 11th Floor Premises constitutes significant value that was transferred to Jetall pursuant to the Third Amendment.

78.     Jetall has possessed or had the right to possess the 11th Floor Premises since August 1, 2022.

79.     On information and belief, the value of such possession or right of possession of the 11th Floor Premises exceeds $100,000 per month.

80.     As of the date of this Complaint, Jetall has possessed or had the right to possess the 11th Floor Premises for more than 22 months.

81.     On information and belief, Jetall has not paid any amounts to the Debtor for the possession or right of possession of the 11th Floor Premises.

82.     Recovery of the possession or right of possession for periods prior to the avoidance of the Third Amendment is not possible.

83.     Therefore, subject to the avoidance of the Third Amendment the Trustee should recover against Jetall, for the benefit of the bankruptcy estate, the value of the possession or right of possession for the period prior to the avoidance of the Third Amendment in an amount not less than $2,200,000.00, plus additional amounts for Jetall's continued possession of the 11th Floor Premises.

## COUNT THREE
**(Declaration that the First and Second Amendments Are Unenforceable—28 U.S.C. § 2201)**

84.     On information and belief, Jetall executed and delivered an estoppel certificate that did not indicate the First Amendment had been executed in connection with the 2018 Transaction.

85.     On information and belief, Ali Choudhri did not have authority to execute the Second Amendment on behalf of the Debtor.

86.     On information and belief, Jetall was aware that Ali Choudhri did not have authority to execute the Second Amendment on behalf of the Debtor or had sufficient basis to question Ali Choudhri's authority to execute the Second Amendment on behalf of the Debtor.

87.     Therefore, the First Amendment and Second Amendment are unenforceable and the Court should enter declaratory judgment to that effect.

## COUNT FOUR
**(Recovery of Unpaid Rent under the Original Lease)**

88.     On information and belief, Jetall has not paid all of the rent due under the Original Lease.

89.     On information and belief, Jetall has not paid any rent since February 1, 2019.

90.     The base rent due under the Original Lease for the period from February 1, 2019, through the date of the Third Amendment totals $939,152.52.

91.     The estimated additional rent under the Original Lease for the period from February 1, 2019, through the date of the Third Amendment totals $328,703.37.

92.     Therefore, the Trustee should recover against Jetall the difference between the amounts due under Original Lease through the date of the Third Amendment and the amounts paid by Jetall during that period.

## COUNT FIVE
### (Equitable Subordination—Bankruptcy Code § 510(b))

93.     Jetall is an insider of the Debtor.

94.     Jetall's actions in connection with the Jetall Lease and the Inter-Bankruptcy Payments were inequitable.

95.     Jetall's actions in connection with the Jetall Lease and the Inter-Bankruptcy Payments resulted in injury to Creditors and conferred an unfair advantage to Jetall.

96.     Therefore, the claims asserted by Jetall in the Bankruptcy Case should be subordinated to all claims other than similarly subordinated claims.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee prays that the Court enter judgment and an order in favor of the Trustee (a) avoiding the Third Amendment, including the interests in property transferred and obligations incurred thereby; (b) providing for recovery against Jetall for the benefit of the Debtor's bankruptcy estate in the amount of the value of the interest in property transferred to Jetall pursuant to the Third Amendment; (c) declaring that the First Amendment and the Second Amendment are unenforceable; (d) providing for recovery against Jetall in the amount of the unpaid rent due under the Original Lease; (e) subordinating Jetall's claim, and (f) such other and further relief to which the Trustee is entitled at law or in equity.

[*Remainder of Page Intentionally Left Blank*]

Dated: June 3, 2024

Respectfully submitted,

SHANNON & LEE LLP

*/s/R. J. Shannon*
Kyung S. Lee (TBA No. 12128400)
R. J. Shannon (TBA No. 24108062)
2100 Travis Street, STE 1525
Houston, TX 77002
Telephone: (713) 714-5770
Email: klee@shannonleellp.com
    rshannon@shannonleellp.com

*Counsel to Christopher R. Murray, Chapter 11*
*Trustee*