**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GALLERIA 2425 OWNER, LLC, | ) |  |
|  | ) | Case No. 23-34815 |
| Debtor. | ) |  |
|  | ) |  |

**TRUSTEE'S RESPONSE TO SONDER USA INC'S EMERGENCY MOTION FOR
LIMITED STAY PENDING APPEAL OF THE ORDER GRANTING TRUSTEE'S
MOTION FOR AN ORDER (A) AUTHORIZING THE TRUSTEE TO SELL THE
ESTATE'S CLAIMS AGAINST SONDER USA INC. AND SONDER CANADA INC., (B)
PROVIDING THAT ANY SUCH SALE WILL BE FREE AND CLEAR OF INTERESTS
EXCEPT FOR INTERESTS OF CONTINGENCY COUNSEL AND DEFENSES, AND
(C) GRANTING RELATED RELIEF**

Christopher R. Murray, the chapter 11 trustee (the "Trustee") in the above-captioned case,

hereby responds to Sonder USA Inc's Emergency Motion for Limited Stay Pending Appeal of the

Order Granting Trustee's Motion for an Order (A) Authorizing the Trustee to Sell the Estate's

Claims Against Sonder USA Inc. and Sonder Canada Inc., (B) Providing that any Such Sale Will

Be Free and Clear of Interests Except for Interests of Contingency Counsel and Defenses, and (C)

Granting Related Relief [ECF No. 337] (the "Sonder Stay Motion")[1] as follows:

**RESPONSE**

1.        While the relief that Sonder seeks in the Sonder Stay Motion would not prejudice

the estate as long as the automatic stay remains in place as to the claims asserted by Sonder against

the Debtor, the Purchase Price has already been paid pursuant to the Sale Order. Although Ali

Choudhri has not designated which entity has acquired the Sonder Claims, the Trustee believes

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms as in the Sonder Stay Motion.

that this is due to a medical emergency.[2] The sale of the Sonder Claims has already closed for all intents and purposes.

2.      Further, Sonder is not substantially likely to succeed on the merits of an appeal. Despite Sonder's contention, "probability" of success is usually required absent the existence of a serious legal question. *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438-39 (5th Cir. 2001). Courts grant a stay pending appeal absent probability where the other relevant factors support the stay and there is still substantial merit. *Zehr v. Osherow*, 2019 U.S. Dist. LEXIS 8822, at *6 (W.D. Tex. Jan. 17, 2019). Here, Sonder does not present a serious legal question and the other factors do not support the stay.[3] Even if that was the case, however, Sonder's potential appellate position does not have substantial merit.

3.      Sonder asserts that the Trustee did not exercise sound business judgment because the Sonder Purchase Price exceeded the Purchase Price under the Sale Order. The standard on appeal would be whether the Court's determination of whether the Trustee reasonably exercised his business judgment in coming to the opposite conclusion constituted clear error. *See Off. Comm. of Unsecured Creditors v. Bouchard Transp. Co. (In re Bouchard Transp. Co.)*, 74 F.4th 743, 749-50 (5th Cir. 2023). Sonder would need to show that the Court's determination that the Trustee reasonably exercised his business judgment was not *plausible* in light of the record, not merely that the Court or the Trustee got it wrong. *Id.* That is a tall order and not one that Sonder has articulated or will be able to show.

---

[2] These medical issues have been described in the Motion to Continue Hearing on Confirmation of Plan Filed by National Bank of Kuwait and Joint Plan filed by 2425 WL, LLC and Debtor [ECF No. 406] (the "Motion to Continue"). While the Trustee may oppose the continuance sought in the Motion to Continue, he has received confidential information supporting the medical issue described therein.

[3] 2425 WL LLC has presented arguments in its response to the Sonder Stay Motion regarding the other factors. These issues affect 2425 WL LLC more than the Trustee and so the Trustee will leave these arguments to 2425 WL LLC to present at the hearing on the Sonder Stay Motion.

4.     As recounted in the Sonder Stay Motion, the Trustee evaluated offers with differing terms. The Purchase Price for the Designated Purchaser was $125,000 paid on the fifteenth (15th) day after the entry of the Sale Order. The alternative Sonder Purchase Price was (a) $75,000 to be paid over three (3) months and (b) the release of Sonder's asserted unsecured claims against the bankruptcy estate that Sonder asserts amount to $21 million. While Sonder, other parties, and perhaps even the Court might have come to a different conclusion about the tradeoff between more cash sooner and the resolution of Sonder's asserted claim without cost, weighing these alternatives squarely requires business judgment.

5.     Sonder does not point to any failure of the Trustee to evaluate the relevant considerations important to the alternative offers. Rather, Sonder simply points out that Sonder's claims against the estate will continue and the Debtor's estate will need to pay to defend against the claims. There was evidence presented at the hearing about the Trustee's evaluation of Sonder's asserted claim and how it might be addressed. Further, maximizing the estate is not the same thing as minimizing claims against the estate. There is no reason to believe that it is substantially likely that the appellate court will determine that the Court's decision suffers from clear error.

6.     Perhaps Sonder is entitled to the "Limited Stay" on a different basis. However, absent a substantial merit, a stay pending appeal under

## **CONCLUSION**

WHEREFORE, the Court should deny the relief requested in the Sonder Lift Stay Motion. The "Limited Stay" would likely operate as a full stay of the Sale Order and only has its desired effect to the extent that is the case. None of the factors that courts consider in granting a stay pending appeal support such a stay here. To the extent that *some* potential relief might have been appropriate, it has not been requested.

Dated: June 3, 2024

Respectfully submitted,

SHANNON & LEE LLP

*/s/R. J. Shannon*
Kyung S. Lee (TBA No. 12128400)
R. J. Shannon (TBA No. 24108062)
2100 Travis Street, STE 1525
Houston, TX 77002
Telephone: (713) 714-5770
Email: klee@shannonleellp.com
            rshannon@shannonleellp.com

*Counsel to Christopher R. Murray, Chapter 11 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by (a) the Court's CM/ECF system on all parties registered to receive such service on the date of filing and (b) the following parties by separate email:

Stephen W. Sather
Barron & Newburger, P.C.
ssather@bn-lawyers.com
Counsel for 2425 WL LLC

Broocks 'Mack' Willson
Kean Miller LLP
mack.wilson@keanmiller.com
Counsel for Sonder USA Inc.

*/s/R. J. Shannon*