United States Bankruptcy Court
Southern District of Texas
**ENTERED**
June 04, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-34815 |
| **GALLERIA 2425 OWNER, LLC,** | § | |
| | § | |
| Debtor. | § | |
| | § | CHAPTER 11 |

## ORDER DENYING STAY PENDING APPEAL

Before the Court is the Motion to Stay Pending Appeal (ECF No. 381) filed by Sonder USA, Inc. ("Sonder"). After a hearing on June 4, 2024, and for the following reasons the motion is in all things denied.

Sonder, based on the record of the hearing held on May 15, 2024 (see PDF audio files at ECF No. 336), is not likely to succeed on the merits of an appeal. At that hearing the Court determined that the Trustee reasonably exercised his business judgment in accepting competing offers for the sale of claims against Sonder USA, Inc. Given the record and testimony Sonder cannot show that the Trustee's exercise of his business judgment was not plausible. The record clearly and unequivocally shows that his judgment was plausible and given his reasoning at the hearing not only plausible but correct.[1]

The Court agrees completely with counsel for the Trustee. "The Purchase Price for the Designated Purchaser was $125,000 …[t]he alternative Sonder Purchase Price was (a) $75,000 to be paid over three (3) months and (b) the release of Sonder's asserted unsecured claims against the bankruptcy estate that Sonder asserts amount to $21 million. While Sonder, other parties, and perhaps even the Court might have come to a different conclusion about the tradeoff between more cash sooner and the resolution of Sonder's asserted claim without cost, weighing these alternatives squarely requires business judgment."

For these reasons the Motion to Stay Pending Appeal is in all things denied.

**SO ORDERED.**

SIGNED 06/04/2024

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[1] The Trustee testified that he evaluated both proposals and that in accepting the offer of the purchaser he evaluated: (1) the debtor's need for cash (2) having cash on hand immediately from the purchaser vs a possible delayed payout (3) the cost of pursuing the Sonder claims (4) the possibility of success on the Sonder claims and possible counterclaims by Sonder (5).whether or not the waiver of Sonder's claims would have value as there may not be sufficient funds that flowed to the class of claims to be waived by Sonder in their offer as to hold value to the estate.