IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GALLERIA 2425 OWNER, LLC, | ) ) ) | Case No. 23-34815 |
| Debtor. | ) ) |  |

**EMERGENCY MOTION OF THE TRUSTEE FOR PROTECTIVE ORDER, OR IN THE ALTERNATIVE, TO QUASH, AND RELATED RELIEF**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

EMERGENCY RELIEF IS REQUESTED NO LATER THAN 5:00 P.M. CT ON JUNE 12, 2024.

Christopher R. Murray, the chapter 11 trustee (the "Trustee") in the above-captioned chapter 11 case, hereby files this emergency motion (the "Motion") for protective order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure made applicable pursuant to Rules 9014

and 7026 of the Federal Rules of Bankruptcy Procedure ordering that the proposed deposition of the Trustee noticed for June 13, 2023, not be taken. In support of the Motion, the Trustee states as follows:

## PRELIMINARY STATEMENT AND BASIS FOR EMERGENCY[1]

1. Purported creditor 2425 WL LLC sent the Trustee the facially defective notice of deposition attached hereto as Exhibit A (the "Notice of Proposed Deposition") on functionally 2-days' notice after **(a)** cancelling the June 6 Deposition of the Trustee only a little more than 12 hours beforehand on unjustified grounds despite the warning from Trustee's counsel that it would be difficult to reschedule, **(b)** being unable to provide a corporate representative for a deposition noticed by the Trustee for June 11, 2024, and **(c)** refusing (along with all other Choudhri-related entities) to provide a *single* document in response to the Trustee's subpoena duces tecum on those parties on June 7, 2024.

2. As 2425 WL LLC was aware, the Trustee is not available on June 13. Indeed, 2425 WL LLC has been aware that the Trustee would not be available from June 11-13 since *May 16, 2024*, when the Trustee originally provided 2425 WL LLC his availability. While the Trustee is now also occupied on June 14, 2024, that is the nature of scheduling and was completely foreseeable by 2425 WL LLC.

3. The Trustee has endeavored to provide 2425 WL LLC with the potentially relevant information that 2425 WL LLC might desire and indicated that he would familiarize himself with the potentially relevant matters in advance of the June 17, 2024, hearing. The Trustee also offered to make himself available for a shorter period of time over the weekend. The Trustee has received

---

[1] Capitalized terms used but not defined in this section have the meanings ascribed to such terms elsewhere in the Motion.

no response. Of course, he has not. The point of the Notice of Proposed Deposition was not to obtain information but to distract the Trustee and his professionals from things that would benefit and further the administration of the estate. That is also served—albeit less so—by requiring this emergency motion for protective order.

4. The Court should enter an order providing that the Proposed Deposition not be taken, or in the alternative, quashing the Notice of Proposed Deposition. 2425 WL LLC had ample opportunity to obtain discovery from the Trustee in advance of the June 17 hearing, but decided instead to engage in gamesmanship and bad faith. The last-minute Proposed Deposition would impose an undue burden on the Trustee as it would require him to reschedule his long-scheduled mediation before Judge Isgur and is calculated to harass. Pursuant to Rule 26(c)(1) the Court has the authority to provide that the Proposed Deposition not be taken or be taken only after reasonable notice. Further, the Notice of Proposed Deposition is facially insufficient because it does not (a) provide *reasonable* notice to any party or (b) provide *any* notice to any party other than the Trustee.

5. Under Rules 26(c)(3) and 37(a)(5) the award of expenses, including attorney's fees, is mandatory unless (a) the movant filed the motion before attempting in good faith to resolve the issue, (b) the opposing party was substantially justified, or (b) other circumstances make an award of expenses unjust. These expenses may be imposed on the party necessitating the motion or the attorney advising that conduct. This situation is beyond the pale. The Court should order 2425 WL LLC and its attorneys to pay the Trustee's expenses and set a hearing on that issue at the appropriate time.

6. Emergency relief is required because of the timeframe at issue. Absent emergency relief, the Trustee would be required to be in two places at once on June 13, 2024—at the mediation

before Judge Isgur and the last-minute Proposed Deposition. There is no basis to upend the mediation.

## FACTUAL BACKGROUND

A. **2425 WL LLC's Last-Minute Cancellation of the June 6, 2024, Deposition.**

7. A deposition of the Trustee was previously noticed for June 6, 2024 [ (the "June 6 Deposition"). A copy of the notice of the June 6 Deposition is attached hereto as Exhibit B. The Trustee rearranged his schedule to be available for a full day, as requested.

8. At 4:45 p.m. on June 5, 2024, counsel for 2425 WL LLC provided the information for the June 6 Deposition.

9. Counsel for the Trustee provided corrections to the agreed-upon time for the June 6 Deposition and the Trustee's name, but otherwise confirmed that the Trustee would attend the June 6 Deposition.

10. At 7:24 p.m. on June 5, 2024, 2425 WL LLC indicated that it did not seek to go forward with the June 6 Deposition.

11. A copy of the communications described in paragraphs 8-10 is attached hereto as Exhibit C.

12. In a telephone conversation prior to 2425 WL LLC's cancellation, counsel for the Trustee explained that it would be difficult to reschedule on short notice and urged 2425 WL LLC to go forward with the June 6 Deposition. In addition to serving as the Trustee in this case, the Trustee serves as chapter 7 trustee in numerous cases and is a practicing attorney.

13. Nevertheless, 2425 WL LLC decided to cancel the June 6 Deposition, confirming that the June 6 Deposition was cancelled in an email at 8:40 p.m. on June 5, 2024. A copy of this email is attached hereto as Exhibit D.

14. The health of Mr. Choudhri was the reason given for the reason that the June 6 Deposition could not go forward as scheduled. However, at 10:11 p.m. Ali Choudhri accessed the Trustee's production in the case as reflected in the notification email attached hereto as <u>Exhibit E</u>.

**B. Refusal of 2425 WL LLC to Provide a Corporate Representative for Scheduled Deposition or Provide any Documents.**

15. The Trustee had sought discovery from 2425 WL LLC related to this case as well. On May 21, 2024, the Trustee served the notice of deposition on 2425 WL LLC attached hereto as <u>Exhibit F</u>. The notice of deposition served on the Debtor is attached hereto as <u>Exhibit G</u>.

16. Additionally, while Ali Choudhri refused on several occasions to accept service, the subpoenas attached hereto as <u>Exhibit H</u>, <u>Exhibit I</u>, <u>Exhibit J</u>, and <u>Exhibit K</u>, were served on counsel to 2425 WL LLC and the Debtor. Eventually, 2425 WL LLC admitted that it was required to comply irrespective of Choudhri's acceptance of service.

17. On June 7, 2024, the counsel for 2425 WL LLC and the Debtor requested a postponement of the depositions that the Trustee had noticed for June 11, 2024 (2425 WL LLC) and June 12, 2024 (the Debtor). Ultimately, that was agreed to based on the representations from counsel to 2425 WL LLC that it was not practicable to prepare another corporate representative in the eight (8) days between becoming aware of the allegations regarding Mr. Choudhri's medical condition and the scheduled deposition.[2]

18. Despite representations from counsel to 2425 WL LLC that he was working on gathering documents and would send documents as they were gathered and reviewed, the Trustee

---

[2] While the Trustee has doubts about the veracity of those representations, he did not believe a motion to compel would be a good use of the estate's resources

5

has not received a single responsive document from 2425 WL LLC. Nor has he received a single responsive document from the Debtor or Mr. Choudhri.

      **C.**     **2425 WL LLC's Last-Minute Notice of the Proposed June 13, 2024, Deposition.**

19.     At 11:44 a.m. on June 10, 2024, counsel to 2425 WL LLC sent an email inquiring about the Trustee's availability for a deposition the week of June 10 to June 14.

20.     The Trustee had previously informed 2425 WL LLC—on May 16, 2024—that he was not available from June 11 to June 13, as reflected in the communication attached hereto as Exhibit L. In the weeks since, he became no longer available on June 14.

21.     Counsel to the Trustee responded that the Trustee was engaged with chapter 7 trustee 341 meetings on June 11 and 12 and other matters on June 13 and 14.[3]

22.     To do what was practicable under the circumstances, however, counsel for the Trustee provided information requested and indicated that the Trustee would be prepared to testify at the June 17, 2024, hearing on other matters indicated.

23.     A copy of the emails comprising the communications in paragraphs 19, 21, and 22 are attached hereto as Exhibit M.

24.     At 11:42 p.m. on June 10, 2024, counsel for 2425 WL LLC emailed counsel for the Trustee with an attached notice of deposition for June 13, 2024 (the "Proposed Deposition"). A copy of the email is attached hereto as Exhibit N.

25.     The Notice of Proposed Deposition was not noticed on all parties relevant to the matters indicated therein.

---

[3] Counsel to the Trustee initially indicated to counsel to 2425 WL LLC that the Trustee was engaged in hearings on those dates. As set out below, the Trustee is actually engaged in a mediation before Judge Isgur on June 13, 2024, and presenting a live CLE event on June 14. Counsel to the Trustee corrected this representation to counsel to 2425 WL LLC in communications attempting to resolve the matters raised in this Motion before filing.

26.     Counsel to the Trustee attempted to schedule an abbreviated deposition on June 14 or over the weekend, as reflected in the email attached hereto as <u>Exhibit O</u>. Counsel to 2425 WL LLC did not even bother to respond.

**D.     The Trustee's Unavailability for a Deposition.**

27.     The Trustee is simply not available for a full-day deposition from June 11 through June 14.

28.     On June 11 and 12, the Trustee is conducting section 341 meetings in his role as chapter 7 trustee.

29.     On June 13, 2024, the Trustee has a half-day mediation before Judge Isgur starting in the afternoon. The Trustee will need to prepare for the mediation in the morning. 2425 WL LLC has been aware of the Trustee's unavailability since May 16, 2024.

30.     On June 14, 2024, the Trustee is conducting a live CLE presentation in the middle of the day. The Trustee would need the morning to prepare. There is simply inadequate time to find a replacement.

31.     Despite attempts to facilitate some alternative means of providing the requested information, counsel for 2425 WL LLC has not responded to any of the Trustee's efforts.

## **REQUEST FOR RELIEF**

32.     The Trustee seeks the entry of a protective order pursuant to Federal Rule of Civil Procedure 30(c)(1) providing that the Proposed Deposition not be taken, or in the alternative, quashing the Notice of Proposed Deposition. In the event that the Court holds a hearing on this Motion, the Trustee requests that the Court also award expenses against 2425 WL LLC and its attorneys.  If the Court does not hold a hearing, the Trustee requests that the Court set a hearing on that issue at its convenience.

**ARGUMENT**

**A. There is good cause to order that the Proposed Deposition not be taken.**

33. Rule 26(c)(1) of the Federal Rules of Civil Procedures provides the Court with authority to issue an order to protect a party from the annoyance and undue burden imposed by discovery requests. Among other things, the Court may: (a) forbid the discovery all together; (b) specify the terms of the discovery, including time and place or allocation of expenses; or (c) prescribing a discovery method other than the one selected by the party seeking discovery. The requirement is that the movant show "good cause." Good cause exists here.

34. First, the Notice of Proposed Deposition does not meet the requirements for a valid notice of deposition under Rule 30 of the Federal Rules of Civil Procedure. Rule 30(b) requires "reasonable written notice to every other party." The effectively 2 days' notice was not reasonable and the notice was not provided to all parties involved in NBK's proposed plan [ECF No. 194] (the "NBK Plan") or the Trustee's motion to sell [ECF No. 188]. It fundamentally fails under the requirements of the Federal Rules of Civil Procedure.

35. Second, the Trustee is simply not available in the 4-day window forced by the 2425 WL LLC's voluntary cancellation of the June 6 Deposition, and particularly on June 13, 2024, as requested in the Notice of Proposed Deposition. 2425 WL LLC was aware of this possibility when it cancelled the June 6 Deposition. It had known that June 13, 2024, was not an available date since *May 16*.

36. Third, the obvious purpose of the Proposed Deposition is to impose burden and expense on the Trustee and distract him and his attorneys from addressing matters relevant to administering the Debtor's estate. The NBK Plan is the only matter indicated with a hearing in the next few weeks. The relevant matters of which the Trustee would have personal knowledge

8

regarding the NBK Plan are limited. If there *was* a need for matters in the Trustee's personal knowledge the June 6 Deposition would have gone forward.

37. Fourth, not allowing the Proposed Deposition to be taken does not prevent 2425 WL LLC from presenting its arguments or evidence at the June 17, 2024, hearing. The Trustee will be available to testify. If 2425 WL LLC does not have the benefit of deposing the Trustee, that is because of its own choices. The Trustee was ready and willing to attend the June 6 Deposition.

38. Fifth, the functional 2-days' notice is clearly presumptively unreasonable under the Federal Rules of Civil Procedure. Rule 32(a)(5) does not allow depositions to be used if there was less than 14-days' notice of the deposition and there was a prompt motion for protective order that has not been ruled upon. The implication is that the Rules look questioningly at depositions on such short notice. Here, the party that 2425 WL LLC presumably wants to use the Proposed Deposition against—NBK—still has not received notice.

**B.      In the alternative, the Notice of Proposed Deposition should be quashed.**

39. As set out above, the Notice of Proposed Deposition does not meet the requirements of Rule 30(b) of the Federal Rules of Civil Procedure. The Notice of Proposed Deposition does not provide reasonable notice to the Trustee. It provides no notice to any other parties.

40. Further, while not fatal in and of themselves, there are other irregularities. There is a discrepancy between the heading and the text about whether the Proposed Deposition is being conducted by the Debtor or 2425 WL LLC. The heading indicates it is the Debtor while the body indicates 2425 WL LLC. Similarly, in some places it indicates that it is "Christopher Murray" being deposed, in others, it indicates that it is "Charles Murray." While the Trustee would not seek an order quashing a notice of deposition on this points alone, it demonstrates the lack of thought

that went into the Proposed Deposition. Its goal is not to be successful but rather impose a burden on the Trustee and distract the Trustee and his professionals from administering the estate.

      **C.**      **2425 WL LLC and its attorneys should be required to pay the costs of the estate incurred in connection with this Motion.**

41.     Under Rules 26(c)(3) and 37(a)(5) the award of expenses, including attorney's fees, is mandatory unless (a) the movant filed the motion before attempting in good faith to resolve the issue, (b) the opposing party was substantially justified, or (b) other circumstances make an award of expenses unjust. These expenses may be imposed on the party necessitating the motion or the attorney advising that conduct.

42.     No exception exists here. The Trustee attempted in good faith to resolve the issues in this Motion, as indicated in Exhibit M and Exhibit O hereto. Counsel to 2425 WL LLC declined to respond either time and the timing required immediate attention to this Motion. 2425 WL LLC is not substantially justified. And awarding costs against a party and its attorneys who abuse the judicial process in the way 2425 WL LLC and its attorneys have in this case is far from unjust.

43.     However, parties must be afforded an opportunity to be heard before the Court imposes costs. *In re Dernick*, No. 18-32417, 2019 Bankr. LEXIS 2829, at *16 (Bankr. S.D. Tex. Sep. 10, 2019). A contested hearing at this time on whether there was some ill-conceived basis for the Notice of Deposition or the amount of the expenses would merely give 2425 WL LLC and "Team-Choudhri" what they want. Instead, the Court should grant this Motion and set a hearing on expenses at an appropriate time consistent with the Court's schedule. The proposed order attached hereto contemplates this relief.

## CONCLUSION

For the reasons set out above, the Trustee respectfully requests that the Court enter an order providing that the Proposed Deposition not be taken on June 13 or June 14, 2024, and grant the Trustee such other and further relief to which he is entitled.

Dated: June 11, 2024

Respectfully submitted,

SHANNON & LEE LLP

*/s/R. J. Shannon*
Kyung S. Lee (TBA No. 12128400)
R. J. Shannon (TBA No. 24108062)
2100 Travis Street, STE 1525
Houston, TX 77002
Telephone: (713) 714-5770
Email: klee@shannonleellp.com
           rshannon@shannonleellp.com

*Counsel to the Chapter 11 Trustee*

## CERTIFICATE OF CONFERENCE

I hereby certify that I made a good faith attempt to confer with Mark Smith of Barron & Newburger, P.C., counsel for 2425 WL LLC regarding the relief sought in the above Motion. I received no response.

*/s/R. J. Shannon*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by the Court's CM/ECF system on all parties registered to receive such service at the time of filing, including the following parties:

Stephen Sather
Mark E. Smith
Barron & Newburger, P.C.
7320 N. MoPac Expy., Suite 400
Austin, TX 78731
*Counsel to 2425 WL LLC*

Reese W. Baker
Baker & Associates
950 Echo Lane, Suite 300
Houston, TX 77024
*Counsel to the Debtor*

Jeffrey W. Steidley
The Steidley Law Firm
3701 Kirby Drive, Suite 1196
Houston, TX 77098
*Counsel to Ali Choudhri*

Charles Conrad
Pillsbury Winthrop Shaw Pittman LLP
Two Houston Center
909 Fannin, Suite 200
Houston, Texas 77010-1028
*Counsel to the National Bank of Kuwait*

Jana Whitworth
Office of the U.S. Trustee
515 Rusk
Houston, TX 77002
*Counsel to the U.S. Trustee*

                                                        /s/R. J. Shannon