# **EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 23-34815 (JPN) |
| GALLERIA 2425 Owner, LLC. | § | |
| Debtor | § | Chapter 11 |

## DEBTOR'S NOTICE TO TAKE THE ORAL DEPOSITION, DUECES TECUM OF CHARLES MURRAY, TRUSTEE

To:   Charles Murray, Trustee, by and through his attorney of record, R.J. Shannon, Shannon & Lee, LLP, .700 Milam Street, Suite 1300, Houston, TX 77992

Please take notice that at 9:00 a.m. CST on June 6, 2024, and continuing thereafter from day to day until completed, Creditor 2425 WL, LLC, by and through its attorneys of record, Barron & Newburger, P.C. and/or Steidley Law Firm, will take the oral deposition of Charles Murray, Trustee, before an official court reporter authorized to administer oath at 2425 West Loop South, Houston, TX 77027. The deposition will continue from day to day until completed. The deposition will be used for any purpose allowed by law and as evidence in the trial of this matter. The deposition may be videotaped Rule 30(b)(3). The deposition is being taken in the following contested matters:

(a) Motion for Sale of Real Property Free and Clear of Liens (Dkt. #188)

(b) Chapter 11 Plan of Liquidation of the Debtor By National Bank of Kuwait, S.A.K.P., New York Branch (Dkt. #194)

(c) Any other contested matters pending before the court.

Please take further notice that the witness is commanded to produce at the commencement of the deposition, any and all items listed in Exhibit "A" which is attached hereto.

1

                Respectfully Submitted,

                BARRON & NEWBURGER, P.C.
                7320 N. MoPac Expwy., Suite 400
                Austin, Texas 78731
                Tel: (512) 476-9103

By:   */s/ Stephen W. Sather*
        Stephen W. Sather
        State Bar No. 17657520

**ATTORNEY FOR
CREDITOR, 2425 WL, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served upon the parties listed below on this the 20th[th] day of May, 2024 and to the parties on the attached list:

**Christopher R Murray**
Jones Murray LLP
602 Sawyer St
Ste 400
Houston, TX 77007

**R. J. Shannon**
Shannon & Lee LLP
2100 Travis Street, STE 1525
Houston, TX 77002

                */s/ Stephen W. Sather*
                Stephen W. Sather

**INSTRUCTIONS**

1. Unless otherwise stated in a particular discovery request, the requests herein apply to the period of time from December 5, 2023 to present.

2. To the fullest extent permitted by the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, these discovery requests are intended to be continuing in nature. You requested and required to supplement its answers and responses when appropriate or necessary to make such answers and responses correct and complete. If, after making a full and complete effort to do so, you are unable to respond fully to any discovery request or portion thereof at this time, you should: (a) respond as fully as is currently possible; (b) indicate what knowledge or Documents you cannot now produce, the reasons for your inability to answer or produce completely, along with providing whatever information, knowledge, or belief is available concerning the unanswered portions; and (c) promptly supplement its answers and responses when you are able to provide any further responsive information. If you obtain information upon the basis of which he should know that a response was incorrect or incomplete when made, or such that, though correct and complete when made, a response is no longer true and complete and the circumstances are such that failure to amend the response is in substance misleading, then supplementation of any such response is required.

3. Unless otherwise indicated, the use in these discovery requests of your name, "You", "Your", or the name of any party, business organization, or other legal entity specifically includes all of that party's present or former employees, officers, directors, agents, representatives, members, attorneys, departments, sections, affiliates, subsidiaries, parents, and all other persons acting for it or on its behalf.

4. These discovery requests are intended to cover all information, Documents, and things in your possession, custody, or control. A Document or thing is deemed to be in your possession, custody, or control, if:

    a.    It is in your physical control; or

    b.    It is in the physical control of any other person or entity, and you individually or otherwise—

        i.    Own the Document or thing in whole or in part;

        ii.    Have a right by contract, statute, or otherwise to use, inspect, examine, or copy that Document or thing on any terms; or

        iii.    Have, as a practical matter, been able to use, inspect, examine, or copy that Document or thing when you have sought to do so.

5. In producing Documents and things, indicate the paragraph and subparagraph to which a Document or thing is responsive.

6. Documents are to be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond with the categories in these requests. File folders with tabs or labels identifying Documents called for by any request for production of Documents or things shall be produced intact with such Documents.

7. Selection of Documents from files and other sources and numbering, if any, of such Documents shall be performed in such a manner as to ensure that the source of each Document may be determined. Documents attached to each other should not be separated.

8. If you object to fully identifying a Document or Communication because of a claim of privilege, you must provide the information identified in Federal Rule of Civil Procedure 26(b)(5) to permit the parties and the Court to evaluate any claimed privilege.

9. If any requested Documents or things cannot be produced in full, produce them to the extent possible, specifying each reason for your inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the unproduced portion. If any Documents or things requested were at one time in existence, but are no longer in existence, then so state, specifying for each Document or thing:

    a.    The type of Document or thing;

    b.    The types of information contained thereon;

    c.    The date upon which it ceased to exist;

    d.    The circumstances under which it ceased to exist;

    e.    The identity of all persons having knowledge of the circumstances under which it ceased to exist; and

    f.    The identity of all Persons having or who had knowledge of the contents thereof.

## DEFINITIONS

1. For purposes of the discovery requests contained herein, the following terms shall have the meaning set forth in this section, unless context clearly requires another meaning. If any terms and phrases are not defined herein, then such terms and

phrases shall have the same meaning as they are given in the United States Bankruptcy Code, the Federal Rules of Civil Procedure, and the Federal Rules of Bankruptcy Procedure and, if not defined therein, the definitions they are afforded in their general and normal usage in the English language.

2. Any term quoted from another Document has the meaning assigned to it in the Document quoted.

3. Whenever the singular form of a word is used, it should be construed to encompass both the singular and the plural; whenever a plural form is used, it should be construed to encompass both the plural and the singular. As used herein, the word "and" shall mean both "and" and "or;" the phrase "and/or" shall mean both "and" and "or;" and the word "or" shall mean both "and" and "or," in each case construed in whatever manner brings a Document or other information within the scope of the request in question.

4. "Bankruptcy Case" means the bankruptcy case styled *In re Galleria 2425 Owner, LLC*, Case No. 23-34815, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

5. "Bankruptcy Code" means the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.*

6. "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of Texas.

7. "Bid Procedures Motion" means the *Chapter 11 Trustee's Motion for Entry of an Order: (i) Approving Procedures for the Sale of Property Free and Clear of All Liens, Claims and Encumbrances; (ii) Scheduling an Auction; (iii) Authorizing Entry into the Stalking Horse Purchase Agreement; (iv) Approving Assumption and Assignment Procedures; (v) Approving Form of Notice; and (vi) Granting Related Relief* [ECF 188].

8. "Claim" means a right to payment or other equitable remedy consistent with section 101(5) of the Bankruptcy Code.

9. "Communication(s)" means both the documentary and any non-documentary transmission of facts, data, or any other information, and all attachments and enclosures thereto, whether transmitted verbally, visually, in writing, electronically, or by any other means or media from one Person to another Person; the non-documentary transmission of information shall include but not be limited to oral statements, telephone conversations, recorded voicemail messages, negotiations, conferences or meetings, however formal or informal. The term also includes information relating to oral communications and written communications, whether or not any such information or writings were themselves transmitted by their author or any other persons. Communications excludes any attorney-client privileged Communications.

10. "Concerning" or "Evidencing," or any variant thereof, means referring to, relating to, constituting, in connection with, alluding to, supporting, refuting, reflecting, touching upon, involving, pertaining to, explaining, containing, recording, summarizing, showing, disclosing, setting forth, discussing, describing, evaluating, or analyzing.

11. "Debtor" means Galleria 2425 Owner, LLC.

12. "Estate" means all property owned by the Debtor within the meaning of section 541(a) of the Bankruptcy Code.

13. "Document(s)" means all written, recorded or graphic matter, whether in hard copy or generated or stored electronically or magnetically or by any other means, within the scope of Federal Rules of Civil Procedure 26 and 34, including without limitation, all papers, books, records, letters, photographs, tangible things, correspondence, Communications, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, recordings of telephone or other conversations, interviews, conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, advertisements, instructions, charges, brochures, publications, schedules, lists, journals, statistical records or calculations, desk calendars, appointment books, diaries, tabulations, programs, data process input and output, microfilm, ledgers, journals or books of account, records and invoices reflecting business operations, records kept by electronic, photographic or mechanical means, any notes or drafts relating to the foregoing, and all things similar to any of the foregoing, however denominated. "Document" or "Documents" shall also mean and include the original, drafts of the original and each non-identical copy (whether different from the original because of marginal notes or in whatever respect), including translations, of any written or graphic matter, whether typed, printed, recorded, filmed, produced by hand, or reproduced by any other mechanical process or means. Documents excludes any attorney-client privileged Documents.

14. "Including" means including, without limitation.

15. "JLL" means Jones Lang LaSalle Americas, Inc.

16. "Hilco" means Hilco Real Estate, LLC.

17. "NBK" means National Bank of Kuwait S.A.K.P., New York Branch.

18. "NBK Disclosure Statement" means the *Disclosure Statement for Chapter 11 Plan of Liquidation of the Debtor* [ECF 195].

19. "NBK Plan" means the *Chapter 11 Plan of Liquidation of the Debtor by National Bank of Kuwait S.A.K.P., New York Branch* [ECF 194].

20. "Person(s)" means natural persons, firms, associations, agencies, and/or other organizations and entities cognizable by law, including private corporations, public corporations, partnerships, unincorporated associations, offices, governments, governmental or political entities.

21. "Petition Date" means December 5, 2023.

22. "Property" means the Debtor's real property located at 2425 West Loop South, Houston, Texas 77027.

23. "Tenants" mean parties that have leased any portion of the Property from the Debtor.

24. "Trustee" means Christopher R. Murray, the Chapter 11 trustee in the Bankruptcy Case.

25. "You" and "Your" means the Trustee.

## DOCUMENT REQUESTS

**Request No. 1:**   All Communications and/or Documents you or your attorneys obtained or reviewed relating to your due diligence in evaluating any Claims the Estate has against NBK. This includes, but is not limited to, the following:

(i) Internal Communications between Trustee and anyone he received information from;

(ii) Communications between the Trustee and NBK;

(iii) All Documents produced to the Trustee by NBK, JLL, Hilco, and/or affiliates of the Debtor;

(iv) All Documents the Trustee has supporting any contention that the Property is more valuable without being leased;

(v) All Documents the Trustee has supporting any contention that the schedule for the sale process including getting additional tenants, marketing, bid deadlines, and auction in the Bid Procedures Motion will maximize the value of the Property;

(vi) All Documents between the Trustee and/or NBK, Hilco, or JLL relating to the Property.

(vii)     All documents the Trustee has showing the Property would not generate a higher recovery for creditors if the Property is restructured, leases entered into, and the Estate's claims retained against NBK to be pursued along with any other litigation claims.

**Request No. 2:**     All Documents and/or Communications relating to any agreement by NBK to pay the Trustee a commission, administrative claim, and/or carve out related the sale of the Property.

**Request No. 3:**     All Documents and/or Communications the Trustee has relating to plan negotiations in the Bankruptcy Case with any other interested party or other third party, including but not limited to NBK, Hilco, JLL, creditors who filed proof of claims or are listed on the Schedules, etc.

**Request No. 4:**     All Documents and/or Communications between the Trustee and NBK relating to the NBK Plan and NBK Disclosure Statement, including any drafts of the NBK Plan and NBK Disclosure Statement.

**Request No. 5:**     All Documents including but not limited to any calculations or charts the Trustee has prepared himself and/or reviewed regarding the liquidation analysis for the NBK Plan.

**Request No. 6:**     All Documents including but not limited to any calculations or charts the Trustee has prepared himself and/or reviewed relating to the claims analysis for the pending claims related to the NBK Plan.

**Request No. 7:**     All Documents showing the total amount the Trustee believes is required to satisfy Claims asserted by the Debtor's trade creditors and general unsecured creditors if the NBK Plan is confirmed.

**Request No. 8:**      All Communications and Documents between the Trustee and NBK or any other interested party regarding serving in a post-confirmation role including but not limited to any compensation for such role.

**Request No. 9:**     All Communications with and/or Documents exchanged between the Trustee and anyone expressing an interest in purchasing the Property.

**Request No. 10:**    All Documents and/or Communications relating to the selection of Hilco as an estate professional.

**Request No. 11:**    All Communications with and/or Documents exchanged between the Trustee and JLL relating to the Property.

**Request No. 12:**    Any formal or informal appraisals or other analyses pertaining to the value of the Property.

**Request No. 13:** All Documents and Communications furnished to or received from any experts employed or retained by either the Trustee or any other interested party in the case relating to Debtor's Property, the NBK Plan and/or the disclosure statement process.

**Request No. 14:** All Communications between the Trustee and Jerry Alexander.

**Request No. 15:** All Documents and/or Communications between the Trustee and NBK relating to the secured claim asserted by NBK against the Estate.

**Request No. 16:** Copies of all leases for the Property which have not been terminated.

**Request No. 17:** Documents and/or Communications between the Trustee and any parties interested or potentially interested in leasing any portion of the Property.

**Request No. 18:** Copies of all Documents and/or Communications with parties regarding leasing the Property.

**Request No. 19:** All Documents and/or Communications showing proof of funds to fund the NBK Plan.

**Request No. 20:** All Documents and/or Communications showing efforts to negotiate with NBK to put funds in escrow to fund the NBK Plan and/or collateral to secure the payment of amounts due under the NBK Plan.

**Request No. 21:** All Documents and/or Communications with parties relating to the Sale Motion or otherwise relating to the sale of the Property.

**Request No. 22:** All audio recordings or videos relating in any way to the Debtor's Property, Estate, or the Bankruptcy Case.

**Request No. 23:** All Documents and/or Communications with Tenants or their counsel relating to the Debtor or the Property.

**Request No. 24:** All leasing reports relating to the Property provided to the Trustee.

**Request No. 25:** All Documents and/or Communications between the Trustee and any of the following relating to the Debtor, the Property, and/or the NBK Plan or NBK Disclosure Statement:

(i)   NBK;

(ii)   Azeemeh Zaheer;

(iii)   Michael Ballases;

(iv)   Osama Abdullatif;

(v)     Bobby Salehi;

(vi)    Mansoor Chaudhry;

(vii)   Lawrence Berry;

(viii)  Any representatives of Orca Petroleum;

(ix)    Pedram Lalazari;

(x)     Riverway Group, LLC;

(xi)    Mona Dajani;

(xii)   Sherriff Ezz;

(xiii)  Guy Nesdale;

(xiv)   Marwan Isbahi;

(xv)    Keith Maxwell;

(xvi)   Any entity affiliated with Keith Maxwell;

(xvii)  Any representatives of the Bin-Shihon Group.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0541-4<br>Case 23-34815<br>Southern District of Texas<br>Houston<br>Thu May  9 13:16:14 CDT 2024 | 2425 WL, LLC<br>2425 West Loop South 11th floor<br>Houston, TX 77027-4304 | CC2 TX, LLC<br>c/o Howard Marc Spector<br>Spector & Cox, PLLC<br>12770 Coit Road Suite 850<br>Dallas, TX 75251-1364 |
| City of Houston<br>Linebarger Goggan Blair & Sampson LLP<br>c/o Tara L. Grundemeier<br>PO Box 3064<br>Houston, TX 77253-3064 | Galleria 2425 Owner, LLC<br>1001 West Loop South 700<br>Houston, TX 77027-9084 | (p)HARRIS COUNTY ATTORNEY'S OFFICE<br>P O BOX 2928<br>HOUSTON TX 77252-2928 |
| Hayward PLLC<br>c/o Melissa Hayward<br>10501 N. Central Expy., Ste. 106<br>Dallas, TX 75231-2203 | Houston Community College System<br>Linebarger Goggan Blair & Sampson LLP<br>c/o Tara L. Grundemeier<br>PO Box 3064<br>Houston, TX 77253-3064 | Houston ISD<br>Linebarger Goggan Blair & Sampson LLP<br>c/o Tara L. Grundemeier<br>PO Box 3064<br>Houston, TX 77253-3064 |
| National Bank of Kuwait, S.A.K.P., New York | 4<br>United States Bankruptcy Court<br>PO Box 61010<br>Houston, TX 77208-1010 | 2425 WL, LLC<br>13498 Pond Springs Rd.<br>Austin, TX 78729-4422 |
| 2425 West Loop, LLC<br>2000 Hughes Landing Blvd., Suite 815<br>The Woodlands, Texas 77380-4142 | ADT<br>PO Box 382109<br>Pittsburgh, PA 15251-8109 | Ali Choudhry<br>1001 West Loop South 700<br>Houston, TX 77027-9084 |
| Arin-Air, Inc.<br>5710 Brittmoore Rd. #13<br>Houston, TX 77041-5627 | Ash Automated Control Systems, LLC<br>PO Box 1113<br>Fulshear, TX 77441-2013 | CC2 TX, LLC<br>14800 Landmark Blvd., Suite 400<br>Dallas, TX 75254-7598 |
| CFI Mechanical, Inc<br>6109 Brittmoore Rd<br>Houston, TX 77041-5610 | CNA Insurance Co<br>PO Box 74007619<br>Chicago, IL 60674-7619 | Caz Creek Lending<br>118 Vintage Park Blvd No. W<br>Houston, TX 77070-4095 |
| Cirro Electric<br>PO Box 60004<br>Dallas, TX 75266 | City of Houston<br>PO Box 1560<br>Houston, TX 77251-1560 | City of Houston<br>c/o Tara L. Grundemeier<br>Linebarger Goggan Blair & Sampson LLP<br>PO Box 3064<br>Houston, TX 77253-3064 |
| Comcast<br>PO Box 60533<br>City of Industry, CA 91716-0533 | Datawatch Systems<br>4520 East West Highway 200<br>Bethesda, MD 20814-3382 | Environmental Coalition Inc<br>PO Box 1568<br>Stafford, TX 77497-1568 |
| Ferguson Facilities Supplies<br>PO Box 200184<br>San Antonio, TX 78220-0184 | Firetron<br>PO Box 1604<br>Stafford, TX 77497-1604 | (p)FIRST INSURANCE FUNDING<br>450 SKOKIE BLVD SUITE 1000<br>NORTHBROOK IL 60062-7917 |

Gulfstream Legal Group
1300 Texas St
Houston, TX 77002-3509

H.N.B. Construction, LLC
c/o Malcolm D. Dishongh
PO Box 2347
Humble, TX 77347-2347

HNB Construction, LLC
521 Woodhaven
Ingleside, TX 78362-4678

Hayward PLLC
c/o Melissa S. Hayward
10501 N. Central Expy., Ste. 106
Dallas, TX 75231-2203

Houston Community College System
c/o Tara L. Grundemeier
Linebarger Goggan Blair & Sampson LLP
PO Box 3064
Houston, TX 77253-3064

Houston ISD
c/o Tara L. Grundemeier
Linebarger Goggan Blair & Sampson LLP
PO Box 3064
Houston, TX 77253-3064

Jetall Companies, Inc
1001 West Loop South Ste 700
Houston, TX 77027-9033

Kings 111 Emergency Communications
751 Canyon Drive, Suite 100
Coppell, TX 75019-3857

Lexitas
PO Box Box 734298 Dept 2012
Dallas, TX 75373-4298

Lloyd E. Kelley
2726 Bissonent Suite 240
Houston, TX 77005-1352

Logix Fiber Networks
PO Box 734120
Dallas, TX 75373-4120

MacGeorge Law Firm
2921 E 17th St Blgd D Suite 6
Austin, TX 78702-1572

Mueller Water Treatment
1500 Sherwood Forest Dr.
Houston, TX 77043-3899

Naissance Galleria, LLC
c/o Law Office of Nima Taherian
701 N. Post Oak Rd. Ste 216
Houston, TX 77024-3868

National Bank of Kuwait
299 Park Ave. 17th Floor
New York, NY 10171-0023

Nationwide Security
2425 W Loop S 300
Houston, TX 77027-4205

Nichamoff Law Firm
2444 Times Blvd 270
Houston, TX 77005-3253

Rodney L. Drinnon
2000 West Loop S, Ste. 1850,
Houston, Texas 77027-3744

TKE
3100 Interstate North Cir SE  500
Atlanta, GA 30339-2296

U.S. Trustee's Office
515 Rusk, Suite 3516
Houston, Texas 77002-2604

US Retailers LLC d/b/a Cirro Energy
Attention: Bankruptcy Department
PO Box 3606
Houston, TX 77253-3606

US Trustee
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002-2604

Waste Management
PO Box 660345
Dallas, TX 75266-0345

Zindler Cleaning Service Co
2450 Fondren 113
Houston, TX 77063-2314

Ali Choudhri
24256 West Loop South
11th Floor
Houston, TX 77027

Christopher R Murray
Jones Murray LLP
602 Sawyer St
Ste 400
Houston, TX 77007-7510

James Q. Pope
The Pope Law Firm
6161 Savoy Drive
Ste 1125
Houston, TX 77036-3343

Reese W Baker
Baker & Associates
950 Echo Lane
Suite 300
Houston, TX 77024-2824

Rodney Drinnon
McCathern Houston
2000 W Loop S
Ste. 1850
Houston, TX 77027-3744

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Harris County, ATTN: Property Tax Division<br>Harris County Attorney's Office<br>P.O. Box 2928<br>Houston, TX 77252-2928 United States | First Insurance Funding<br>450 Skokie Blvd<br>Northbrook, IL 60062 | (d)Harris County Tax Assessor<br>PO Box 4622<br>Houston, TX 77210 |
| (d)Harris County, et al<br>PO Box 2928<br>Houston, TX 77252 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)2425 West Loop, LLC | (u)Sonder USA Inc. | (d)Arin-Air, LLC<br>5710 Brittmoore Rd. #13<br>Houston, TX 77041-5627 |
| (du)Sonder USA Inc. | (u)Jack Rose | End of Label Matrix<br>Mailable recipients    58<br>Bypassed recipients     5<br>Total                  63 |