# **EXHIBIT H**

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Southern_____ District of __Texas_____

In re __Galleria 2425 Owner, LLC_____
       Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __23-34815_____

Chapter __11_____

_____
                Plaintiff
                   v.
_____
                Defendant

Adv. Proc. No. _____

**SUBPOENA TO TESTIFY AT A DEPOSITION
IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To:  __2425 WL LLC_____

*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:  **See Attachment**

| PLACE | DATE AND TIME |
|---|---|
| Jones & Murray LLP, 602 Sawyer Street, Suite 400, Houston, TX, 77007 | June 11, 2024, at 10:00 a.m. (CT) |

The deposition will be recorded by this method:
   Stenographic recording before recording service through person authorized to administer oaths.

☐ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____
        CLERK OF COURT

                                                                                                    OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Christopher R. Murray_____ , who issues or requests this subpoena, are:  R. J. Shannon, Shannon & Lee LLP Shannon & Lee LLP, 2100 Travis St STE 1525, Houston, TX; 713-714-5770; rshannon@shannonleellp.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**ATTACHMENT**

**DEPOSITION TOPICS**

Pursuant to Fed. R. Civ. P. 30(b)(6), Christopher R. Murray (the "Trustee"), the chapter 11 Trustee in the above-captioned case, will conduct a deposition of 2425 WL LLC on the following topics (the "Topics") indicated below.

**Definitions**

The following definitions of terms apply to the Topics. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meanings and shall be interpreted in their common, ordinary sense.

1. "2425 WL", "You," "Your", or "Yours" means 2425 WL, LLC, along with its agents, employees, attorneys, representatives, affiliates, consultations, and all other persons acting or purporting to act on its behalf.

2. "2425 WL DOT" means the 'Deed of Trust' between the Debtor and 2425 WL filed in the real property records of Harris County on May 11, 2021.

3. "2425 WL Note" means the notice indicated in the 2425 WL DOT.

4. "Affiliate" has the meaning set forth in 11 U.S.C. § 101(2).

5. The terms "Communication" or "Communications" means the statement or transmission of facts, information, advice, counsel, and/or inquiry from one person to another, whether orally, in writing, by acts or actions, by signs, by appearances, electronically, telephonically, or otherwise.

6. "Choudhri" means the individual commonly referred to as Ali Choudhri who asserts to be in control of the Debtor and has appeared in his individual capacity in the Current

1

Chapter 11 Case and his agents, employees, attorneys, representatives, consultants, and all other persons acting or purporting to act on his behalf.

7. "Current Chapter 11 Case" means Case No. 23-24815 before the United States Bankruptcy Court for the Southern District of Texas.

8. "Confidential Settlement Agreement" the Document titled 'Confidential Settlement Agreement' dated August 22, 2022, and signed by (a) Marwan Isbaih on behalf of NBK, (b) Choudhri on behalf of the Debtor, (c) Choudhri on behalf of Naissance Galleria, LLC., and (d) Choudhri in his individual capacity.

9. "Debtor" means Galleria 2425 Owner, LLC, along with its agents, employees, attorneys, representatives, affiliates, consultants, and all other persons acting or purporting to act on its behalf.

10. "Document" shall be given the broadest possible interpretation consistent with the applicable rules of procedure, including but not limited to, the original or a copy of any graphic material of any kind or nature whatsoever, including electronically stored information, however produced or reproduced, any writing, drawing, graph, chart, photograph, telephone record, tape recording, video tape, or other data compilation in which information can be reproduced or obtained, including computer tapes, disks, storage devices, or print-outs, which are in your possession, custody, control, or known by you to exist, including, without limiting the generality of the foregoing, all drafts, contracts, diaries, calendars, desk pads, correspondence, communications, emails, memoranda, notes, studies, reports, lists, minutes, and entries in books of any account relating or referring in any way to the subject matter of these requests. The term "Document" shall also mean all copies of a documents by whatever means made, except where a

document is identified or produced, identical copies which do not contain any markings, additions, or deletions, different from the original document, need not be separately identified or produced.

11. "Jetall" means Jetall Companies, Inc. along with its agents, employees, attorneys, representatives, affiliates, consultants, and all other persons acting or purporting to act on its behalf.

12. "Jetall Lease" means the 'Lease Agreement' dated May 13, 2015, between 2425 West Loop, LP and Jetall and subsequent amendments thereto.

13. "Jetall Lease 2016 Amendment" means the 'First Amendment to Lease Agreement' dated April 6, 2018, between 2425 WL and Jetall.

14. "Naissance Galleria" means Naissance Galleria, LLC along with its agents, employees, attorneys, representatives, affiliates, consultants, and all other persons acting or purporting to act on its behalf.

15. "NBK" means the National Bank of Kuwait, S.A.K.P., New York Branch, along with its agents, employees, attorneys, representatives, affiliates, consultants, and all other persons acting or purporting to act on its behalf.

16. "NBK Loan" means the Loan Agreement dated May 23, 2018, among the Debtor and NBK and any Documents effectuating the transaction pursuant thereto, including (a) the 'Promissory Note' dated May 23. 2018, issued by the Debtor to NBK; (b) the 'Deed of Trust, Assignment of Rents and Profits, Security Agreement, and Fixture Filing' dated May 23, 2018, among the Debtor and NBK; and (c) the 'Absolute Assignment of Leases and Rents' dated May 23, 2018, between the Debtor and NBK.

17. "Person" has the meaning set forth in 11 U.S.C. § 101(41).

18. "Real Property" means the real property located at 2425 West Loop South, Houston, TX, 77027, including the building and all other improvements thereon.

19. "Settlement Statement" means the document titled Settlement Statement reflecting the transaction in which the Debtor acquired the Real Property.

20. "Trustee" means Christopher R. Murray

21. The terms "and" and "or" shall be interpreted in every instance as meaning "and/or" and shall not, in either instance, be interpreted disjunctively to exclude any document or information otherwise within the scope of any description or request herein.

### Topics

1. Your current and historic ownership, organizational, and management structure.

2. The facts and circumstances surrounding Your acquisition of the Real Property.

3. The facts and circumstances surrounding Your sale of the Real Property to the Debtor, including any financing related thereto.

4. Any distribution of funds in connection with Your sale of the Real Property to the Debtor.

5. The Settlement Statement in connection with Your sale of the Real Property to the Debtor.

6. The facts and circumstances surrounding the 2425 WL DOT, including its (a) creation, (b) execution, and (c) filing.

7. The facts and circumstances surrounding the 2425 WL Note, including its (a) creation, (b) execution, and (c) any consideration provided.

8. Any payments You received under the 2425 WL Note.

5

9. The facts and circumstances surrounding the execution of the Jetall Lease 2016 Amendment, including any disclosure thereof.

10. Any Document produced by or requested from You in advance of the Deposition.

5