# **EXHIBIT K**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern District of Texas _____

In re   Galleria 2425 Owner, LLC
          Debtor

*(Complete if issued in an adversary proceeding)*

Case No.  23-34815

Chapter  11

_____
          Plaintiff
              v.
_____
          Defendant

Adv. Proc. No.  _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To:  Galleria 2425 Owner, LLC

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Attachment

| PLACE Shannon & Lee LLP, 2100 Travis Street, Houston, TX 77002, rshannon@shannonleellp.com, klee@shannonleellp.com | DATE AND TIME  On or before June 7, 2024, at 5:00 p.m. (CT) |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

CLERK OF COURT

                                                OR

_____          _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
 Christopher R. Murray         , who issues or requests this subpoena, are:  R. J. Shannon, Shannon & Lee LLP
 2100 Travis Street STE 1525, Houston, TX 77002, rshannon@shannonleellp.com; 713-715-5770

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                _____
                                                          *Server's signature*

                                                _____
                                                     *Printed name and title*

                                                _____
                                                         *Server's address*

Additional information concerning attempted service, etc.:

Case 23-34815   Document 467-13   Filed in TXSB on 06/11/24   Page 4 of 12

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT**

**DOCUMENT PRODUCTION**

Christopher R. Murray (the "Trustee") requests the production of documents (the "Document Requests") as set forth herein.

**Definitions**

The following definitions of terms apply to these Document Requests. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meanings and shall be interpreted in their common, ordinary sense.

1. "2425 WL" means 2425 WL LLC, along with its agents, employees, attorneys, representatives, affiliates, consultations, and all other persons acting or purporting to act on its behalf.

2. "2425 WL DOT" means the 'Deed of Trust' between the Debtor and 2425 WL filed in the real property records of Harris County on May 11, 2021.

3. "2425 WL Note" means the notice indicated in the 2425 WL DOT.

4. "Affiliate" has the meaning set forth in 11 U.S.C. § 101(2).

5. The terms "Communication" or "Communications" means the statement or transmission of facts, information, advice, counsel, and/or inquiry from one person to another, whether orally, in writing, by acts or actions, by signs, by appearances, electronically, telephonically, or otherwise.

6. "Choudhri" means the individual commonly referred to as Ali Choudhri who asserts to be in control of the Debtor and has appeared in his individual capacity in the Current Chapter 11 Case and his agents, employees, attorneys, representatives, consultants, and all other persons acting or purporting to act on his behalf.

7. "Current Chapter 11 Case" means Case No. 23-24815 before the United States Bankruptcy Court for the Southern District of Texas.

8. "Confidential Settlement Agreement" the Document titled 'Confidential Settlement Agreement' dated August 22, 2022, and signed by (a) Marwan Isbaih on behalf of NBK, (b) Choudhri on behalf of the Debtor, (c) Choudhri on behalf of Naissance Galleria, LLC., and (d) Choudhri in his individual capacity.

9. "Debtor," "You," "Your", or "Yours" means Galleria 2425 Owner, LLC, along with its agents, employees, attorneys, representatives, affiliates, consultants, and all other persons acting or purporting to act on its behalf.

10. "Document" shall be given the broadest possible interpretation consistent with the applicable rules of procedure, including but not limited to, the original or a copy of any graphic material of any kind or nature whatsoever, including electronically stored information, however produced or reproduced, any writing, drawing, graph, chart, photograph, telephone record, tape recording, video tape, or other data compilation in which information can be reproduced or obtained, including computer tapes, disks, storage devices, or print-outs, which are in your possession, custody, control, or known by you to exist, including, without limiting the generality of the foregoing, all drafts, contracts, diaries, calendars, desk pads, correspondence, communications, emails, memoranda, notes, studies, reports, lists, minutes, and entries in books of any account relating or referring in any way to the subject matter of these requests. The term "Document" shall also mean all copies of a document by whatever means made, except where a document is identified or produced, identical copies which do not contain any markings, additions, or deletions, different from the original document, need not be separately identified or produced.

11. "Jetall" means Jetall Companies, Inc. along with its agents, employees, attorneys, representatives, affiliates, consultants, and all other persons acting or purporting to act on its behalf.

12. "Jetall Lease" means the 'Lease Agreement' dated May 13, 2015, between 2425 West Loop, LP and Jetall and subsequent amendments thereto.

13. "Jetall Lease 2016 Amendment" means the 'First Amendment to Lease Agreement' dated April 6, 2018, between 2425 WL and Jetall.

14. "Jetall Lease 2019 Amendment" means the 'Second Amendment to Lease Agreement,' dated February 1, 2019, between the Debtor and Jetall.

15. "Jetall Lease 2022 Amendment" means the 'Third Amendment to Lease Agreement,' dated August 1, 2022, between the Debtor and Jetall.

16. "Naissance Galleria" means Naissance Galleria, LLC along with its agents, employees, attorneys, representatives, affiliates, consultants, and all other persons acting or purporting to act on its behalf.

17. "NBK" means the National Bank of Kuwait, S.A.K.P., New York Branch, along with its agents, employees, attorneys, representatives, affiliates, consultants, and all other persons acting or purporting to act on its behalf

18. "NBK Loan" means the Loan Agreement dated May 23, 2018, among the Debtor and NBK and any Documents effectuating the transaction pursuant thereto, including (a) the 'Promissory Note' dated May 23. 2018, issued by the Debtor to NBK; (b) the 'Deed of Trust, Assignment of Rents and Profits, Security Agreement, and Fixture Filing' dated May 23, 2018, among the Debtor and NBK; and (c) the 'Absolute Assignment of Leases and Rents' dated May 23, 2018, between the Debtor and NBK.

19. "Person" has the meaning set forth in 11 U.S.C. § 101(41).

20. "Real Property" means the real property located at 2425 West Loop South, Houston, TX, 77027, including the building and all other improvements thereon.

21. "Settlement Statement" means the document titled Settlement Statement reflecting the transaction in which the Debtor acquired the Real Property.

22. "Trustee" means Christopher R. Murray

23. The terms "and" and "or" shall be interpreted in every instance as meaning "and/or" and shall not, in either instance, be interpreted disjunctively to exclude any document or information otherwise within the scope of any description or request herein.

## Instructions

1. The preceding Definitions apply to these Instructions and each of the succeeding Document Requests.

2. Documents covered by the Document Requests include all responsive Documents in Your possession, custody, or control.

3. Each Document Request shall be deemed to be continuing in nature. If at any time additional Documents responsive to the Document Requests come into Your possession, custody, or control or are brought to Your attention, prompt supplementation of Your response to these Document Requests is required.

4. If, in responding to the Document Requests, You believe there are ambiguities in a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

5. You shall produce all Documents in the manner in which they are maintained in the ordinary course of you business, and/or You shall organize and label the Documents to correspond

with the categories in this request. A request for a Document shall be deemed to include a request for any and all file folders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself.

6. Documents attached to each other should not be separated.

7. Except as provided in the following paragraph, the responsive material and documents should be produced in Native Format and converted into searchable Tagged Image File Format (FIFF), unless otherwise specified. All metadata associated with the responsive material and documents shall be maintained. For material documents that cannot be converted into TIFF, notify the requesting party of the intended form of production that is either reasonably usable or as it is ordinarily kept. All data responsive to the requests shall be provided in user-readable format (.txt or similar file types), or as otherwise agreed in supplemental writing by the parties. For any electronically stored information produced:

   a. *Searchable Database Files*: Provide document images and database load files that are in a standard format with the following minimum characteristics:

      i. *Images*: Images will be delivered in multi-page TIFF images, scanned at 300 dpi or more. Each imaged page will be branded with a unique sequential number consisting of an alpha prefix and numeric digits ("Bates Number");

      ii. *Document Breaks*: Physical document boundaries will be capted during scanning and the load file will reflect those document boundaries. A document break will indicate where folders, redwells, binders, clips, ruber bands, staples, etc. originally appeared; and

   b. *OCR Data*: Document OCR will be performed. OCR will be provided on a document level.

5

      c. *Document Index*: For each document production, you shall provide an index containing the following values for each document:

          i. Beginning Bates Number;

          ii. Ending Bates Number; and

          iii. The Document's custodian.

8.    To the extent that You believe production according to the preceding paragraph is unduly burdensome, You shall (a) produce responsive material in a manner that provides substantially the same information as above and (b) advise the Trustee and his counsel of the manner of production and the particular requirements of the preceding paragraph You believe were unduly burdensome and with which You are not complying.

9.    If any document within the scope of this request has been destroyed, that Document shall be identified including identification of (i) its author(s); (ii) intended or unintended recipient(s); (iii) addressee(s); (iv) intended or unintended recipients of bling copies; (v) date; and (vi) subject matter. The circumstances of such destruction shall be set forth, and any Documents relating to such destruction shall be produced.

10.    In producing Documents and other materials, You are requested to furnish all Documents or things in Your possession, custody, or control, regardless of whether such Documents or materials are possessed by You directly.

11.    If You object to any part of any request, You shall state fully the nature of the objection. Notwithstanding any objections, You shall nonetheless comply fully with the other parts of the request not objected to.

12. The Trustee reserves the right to request additional documents as needed and to submit additional or supplemental document requests, provided, further, that the Trustee expressly reserves his rights to supplement or amend the Document Requests.

## Document Requests

1. All documents reflecting, describing, or evidencing Your corporate structure and management, including but not limited to any (a) company agreement, (b) the membership interests in the Debtor (c) management of the Debtor, and (d) basis for Choudhri to act on behalf of the Debtor.

2. Communications or Documents referencing, describing, or evidencing the preparation and drafting of the 2425 WL Note.

3. Communications and other Documents referencing, describing, or evidencing any consideration 2425 WL provided to the Debtor in exchange for the Note.

4. Communications and other Documents referencing, describing, or evidencing any indebtedness of the Debtor to 2425 WL prior to May 11, 2021.

5. Communications or Documents referencing, describing, or evidencing any indebtedness of the Debtor to 2425 WL on or after May 11, 2021.

6. Communications or Documents referencing, describing, or related to the 2425 WL DOT, including its execution.

7. Communications or Documents exchanged with Azeemah Zaheer, Naissance Capital Real Estate, LLC, or Galleria 2425 JV, LLC regarding the 2425 WL Note.

8. Communications or Documents referencing, describing, or evidencing the distribution of funds from the closing of your acquisition of the Real Property from 2425 WL.

9. The final version and any drafts of the Settlement Statement.

10. Communications or Documents referencing, describing, or evidencing the preparation of the Settlement Statement.

11. Communications or Documents referencing, describing, or evidencing the "Seller Credit" indicated on the Settlement Statement.

12. All Communications or Documents exchanged with NBK in connection with the sale of the Real Property on or before May 23, 2018.

13. All Communications or Documents exchanged with 2425 WL in connection with the Sale of the Real Property on or before May 23, 2018.

14. All communications or Documents exchanged with Jetall, the Debtor, or NBK regarding the Jetall Lease 2016 Amendment, the Jetall Lease 2019 Amendment, and/or Jetall Lease 2022 Amendment.

15. All Communications or Documents providing Choudhri authority to act on behalf of the Debtor.

16. All Communications or Documents providing Choudhri's authority to act on behalf of Galleria 2425 JV, LLC.

17. All Communications or Documents reflecting an obligation of the Debtor to Jetall Capital, LLC.

18. All Communications or Documents reflecting an obligation of the Debtor to Ali Choudhri.