## **Exhibit A**

Summary Chart of Confirmation Objections

| Docket No. | Objecting Party | Summary of Objection | NBK's Response |
|---|---|---|---|
| 401 | 2425 WL | 1. The Exculpation[1] provisions at Article IX(C) of the Plan violate Fifth Circuit law. *See* ¶ 9(a).<br><br>2. The Plan violates section 1122 by classifying dissimilar claims in a single class. Specifically, Class 6 contains claims of insiders. This class includes the claim of 2425 WL, which is a secured claim and the claims of Ali Choudhri, Jetall Companies, Inc. and Jetall Capital, LLC, which are unsecured claims. *See* ¶ 9(b).<br><br>3. Article IX(E) of the Plan contains broad injunctive language. As drafted, the gatekeeping provision means that no party holding a claim in this case can ever sue NBK for any claim that arose before or during the case without permission from this Court. *See* ¶ 9(e).<br><br>In addition, the Plan includes third-party release and exculpation provisions applicable to non-debtor parties with no opt-out or similar provisions. | 1. NBK has modified the Plan's exculpation provision to address informal comments from the United States Trustee and those modifications address this objection.<br><br>2. The Plan complies with section 1122. Although Class 6 Insider Claims include unsecured claims, those claims have been asserted by the Debtor's insiders. *See* 11 U.S.C. § 101(31) (defining insider, which includes an "affiliate" of the Debtor). Insider Claims are separately classified because insider votes are not counted in determining whether an impaired class of claims has accepted the Plan. *See* 11 U.S.C. § 1129(a)(10) (requiring at least one impaired class to vote to accept the plan without regard to any insider vote). Further, while the value of the Property will be determined by the auction, 2425 WL's claim against the estate, if allowed (and NBK notes that the Chapter 11 Trustee has objected to the claim) is junior to NBK's loan claim and is therefore unsecured.<br><br>3. The Plan contains injunctive language, but the gate keeper provision does not bar third parties from bringing their claims against NBK. Instead, the Court will (i) determine whether any party seeking to bring a claim against a released party had a "colorable claim" that is not an estate claim, (ii) authorize the party to bring the claim and (iii) adjudicate the claim if the bankruptcy court had jurisdiction over the merit. Importantly, NBK only receives a release from a Claim or Action if it belongs to and is released under the Plan by the Estate (so-called "derivative claims"). In other words, no non-debtor party is releasing its direct and independent claims, if any, against NBK.<br><br>The gate keeper provision is consistent with Fifth Circuit law. *See In re Highland Cap. Mgmt., L.P.*, 48 F.4th 419, 439 (5th Cir. 2022) ("Courts have long recognized bankruptcy courts can perform a gatekeeping function" and "[w]e affirm the inclusion of the injunction and the gatekeeper provisions in the Plan."). |

| Docket No. | Objecting Party | Summary of Objection | NBK's Response |
|---|---|---|---|
| | | 4. The Plan fails to provide "adequate means for the plan's implementation. *See* ¶ 10. | 4. The Plan provides for adequate means of implementation. In particular, it provides for the sale of the Property under an auction that will be conducted by the Chapter 11 Trustee and provides that the sale proceeds will be used to fund payment of claims under the Plan if NBK is not the Successful Bidder, including NBK's claim for tax liens Mr. Choudhri assigned to NBK. If NBK is the Successful Bidder, NBK will contribute cash to the estate to: (i) pay secured and priority claims in full; (ii) fund the Liquidation Trust created under the Plan; and (iii) pay trade creditors 70% of their allowed claims, as provided for under the Plan. If confirmed, the Plan also will provide NBK with broad releases from the claims which have been asserted by or on behalf of the estate. |
| | | 5. The Plan has not been proposed in good faith because plan and the sales process it encompasses have been proposed for the purpose of allowing NBK to acquire the Debtor's real property by means of a credit bid without any meaningful opportunity for third party bidding. *See* ¶ 10. | 5. The Plan has been proposed in good faith for the reasons explained in section I.F of the argument section of this Memorandum. In addition, it is unknown whether NBK will be the Purchaser. As described by the Chapter 11 Trustee's June 10 status report, at least twenty-four (24) parties have signed non-disclosure agreements to receive information, and at least eight (8) parties have conducted on-site inspections. And even if NBK is the Purchaser, it would be a result of a court-supervised auction of sale of the Property or the Court's determination that NBK's $18,600,000 non-cash credit bid is a qualified bid if there no competing qualified bids. *See* ECF No. 254. |
| | | 6. The Plan does not comply with section 1123(a)(5) because it does not disclose the identity of the Liquidation Trustee. *See* ¶ 11. | 6. The Chapter 11 Trustee will serve as the Liquidation Trustee. |

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan or Disclosure Statement and the Memorandum, as applicable

| Docket No. | Objecting Party | Summary of Objection | NBK's Response |
|---|---|---|---|
| | | 7. The Plan does not satisfy section 1129(a)(8) because Classes 3, 6, 7 and 8 are deemed to reject. *See* ¶ 12. | 7. The Plan satisfies the cram down requirements even though it does not comply with section 1129(a)(8). Because NBK is the plan proponent, it is presumed that the cram down requirements have been satisfied with respect to NBK's Claim in Class 3.<br><br>NBK is not aware of any Subordinated Claims in Class 7. Therefore, cram down is not issue for such claims. |
| | | 8. The Plan unfairly discriminates against Class 6 insider claims (which include unsecured claims) because they will not receive a distribution in contrast to Holders of similar unsecured claims in Class 5(a) and Class 5(b). *See* ¶ 14. | 8. With respect to Holders of Claims and Interests in Class 6 (Insider Claims), their treatment under the Plan is proper. Class 6 includes parties that arguably hold general unsecured claims, which are likely 'out of the money' and not entitled to receive any distribution. In addition, NBK notes that the Chapter 11 Trustee has objected to and sought disallowance of those claims because they lack any factual or legal basis. *See* ECF No. 403. In addition, it is appropriate to separately classify the Insider Claims as the votes of insiders are not considered under section 1129(a)(10).<br><br>With respect to the Holders of Interests in Class 8 (Interests) it does not unfairly discriminate against equity interest holders to classify them separately from the holders of creditor claims because of their different legal nature and the different facts that give rise to the claims of interest holders and creditors. |
| | | 9. The Plan is not fair and equitable because it seeks to release "valuable assets of the estate" that "consists of claims against NBK. *See* ¶ 15. | 9. NBK and the Chapter 11 Trustee have agreed to settle any and all potential issues relating to NBK and the Plan includes a release of the Estate's Claims, Interests and Causes of Action against NBK. |

| Docket No. | Objecting Party | Summary of Objection | NBK's Response |
|---|---|---|---|
| 409 | Debtor | 1. The Debtor's specific objections to the Plan are identical to 2425 WL's objection. *See* ECF No. 409 at 12-17. | 1. *See* NBK's responses to 2425 WL's objection. |
| 454 | CC2 TX, LLC | 1. The Plan fails to provide for contractual interest accruing from the Petition Date through the date of payment on CC2's senior tax lien claim. | 1. The Confirmation Order is revised to provide for the payment of post-petition statutory interest on tax lien claims through the date of payment |