IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>GALLERIA 2425 Owner, LLC<br><br>Debtor. | § § § § § § § Case No. 23-34815 (JPN)<br><br>Chapter 11 |

**NATIONAL BANK OF KUWAIT S.A.K.P., NEW YORK BRANCH'S *EMERGENCY MOTION IN LIMINE TO EXCLUDE PRE-SETTLEMENT CLAIMS***

---

**NOTICE PURSUANT TO LOCAL RULE 3016-2**

This pleading requests relief that may be adverse to your interests. If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.

A timely filed response is necessary for a hearing to be held.

**NOTICE PURSUANT TO LOCAL RULE 9013-1**

Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.

---

**TO THE HONORABLE JEFFREY P. NORMAN,
UNITED STATES BANKRUPTCY JUDGE:**

National Bank of Kuwait, S.A.K.P. New York Branch ("NBK") submits this *Emergency Motion in Limine to Exclude Pre-Settlement Claims* (the "Motion") and respectfully states as follows:

**INTRODUCTION**

1. In connection with the confirmation hearing on the *Chapter 11 Plan of Liquidation of the Debtor by National Bank of Kuwait S.A.K.P., New York Branch* [ECF No. 194] (the "Plan

1

Confirmation") and the hearing on 2425 WL, LLC and Ali Choudhri's *Motion for Entry of Order Prohibiting Credit Bidding by National Bank of Kuwait S.A.K.P., New York Branch* [ECF No. 353] (the "Credit Bidding Motion"), NBK respectfully moves this Court for an order precluding Ali Choudhri; Galleria 2425 Owner, LLC; 2425 WL, LLC; and Naissance Galleria, LLC (collectively, the "Choudhri Parties") from offering fact or opinion evidence relating to any alleged claim by a Choudhri Party against NBK that relates to events that occurred up to and including August 22, 2022 ("Pre-Settlement Claims") because any such claims have been released.

## BACKGROUND

2. NBK, Galleria 2425 Owner, LLC; Naissance Galleria, LLC; and Ali Choudhri entered into a Confidential Settlement Agreement on August 22, 2022 (the "CSA"), which released NBK broadly from known and unknown claims through August 22, 2022.

3. Choudhri subsequently commenced a lawsuit against NBK in the 129th Judicial District of Harris County, Texas, which was removed to this Court and docketed as Adversary Proceeding No. 24-03210. In *Plaintiff's Second Amended Original Petition and Jury Demand* [Case No. 24-03120, ECF No. 1-4] (the "2nd Am. Pet."), Choudhri acknowledges that the CSA is binding and enforceable. *First*, Choudhri correctly states that the transaction contemplated in the CSA did not occur in 2022 [2nd Am. Pet. ¶ 10]. *Second*, Choudhri incredulously claims that a letter from undersigned counsel for NBK in 2023 (attached as Exhibit A to the 2nd Am. Pet., despite being labeled as a confidential communication) in connection with a potential July 3, 2023 closing, constituted an open-ended offer to sell the subject loan to Choudhri [2nd Am. Pet. ¶ 13]. *Third*, Choudhri claims that, even though none of the Choudhri Parties in fact performed and closed in July 2023, a letter he sent nearly ten months later in 2024 (attached as Exhibit B to the 2nd Am. Pet.) constituted an acceptance of the purported offer [2nd Am. Pet. ¶ 14]. Notably, in his 2024 letter, Choudhri seeks to enforce the CSA: "I expect that the National Bank of Kuwait is

2

4891-5188-1160.v3

prepared to perform its obligations under the Confidential Settlement Agreement in connection with this payment."

## LEGAL STANDARD

4. The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States* 469 U.S. 38, 41 n.4 (1984) (noting that, although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials).

5. "Relevant evidence" is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." FED. R. EVID. 401. All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by the Federal Rules of Evidence, or by other rules prescribed by the Supreme Court. Importantly, "irrelevant evidence is not admissible." FED. R. EVID. 402. However, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

## ARGUMENT

6. Evidence of Pre-Settlement Claims is inadmissible for any purpose because any such claims (i) were released; (ii) are irrelevant to the hearings on Plan Confirmation and the Credit Bidding Motion; and/or (iii) have a prejudicial effect that outweighs their probative value. *See* FED. R. EVID. 401-03.

7. Choudhri cannot have it both ways by simultaneously attempting to enforce the CSA and offering evidence of claims released by the CSA.

8. During the deposition of the corporate representative of NBK, numerous questions were asked regarding events that occurred prior to August, 22, 2022. Additionally, numerous exhibits and witnesses identified in Choudhri's *Witness and Exhibit List* [ECF No. 509] suggest that Choudhri will attempt to adduce testimony and offer evidence relating to claims against NBK that have been released, *e.g.*, the claim that NBK allegedly refused to approve leases of the Property in 2021 and the claim NBK somehow allegedly interfered with a purported offer from a third-party to acquire the Property for $80 million prior to August 22, 2022. Such evidence has no bearing on the Plan Confirmation or Credit Bidding Motion and would only serve the purpose of unfairly prejudicing NBK in an obvious attempt to "throw mud against the wall" to see if any sticks.

## EMERGENCY RELIEF IS REQUIRED

9. Emergency relief is required to avoid unnecessary cost and expense in contesting 2425 WL and Ali Choudhri's Motion for Entry of Order Prohibiting Credit Bidding [ECF No. 353] and the validity of the Plan or the confirmation thereof. The undersigned confirms the facts asserted in this motion are accurate.

## CONCLUSION

For the foregoing reasons, NBK respectfully requests that the Court grant the Motion and bar the Choudhri Parties from introducing fact or opinion evidence of Pre-Settlement Claims.

Dated: June 15, 2024

Respectfully submitted,

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

/s/ *Andrew M. Troop*
Charles C. Conrad
Texas State Bar No. 24040721
Ryan Steinbrunner
Texas State Bar No. 24093201
Two Houston Center
909 Fannin, Suite 2000
Houston, TX 77010-1028
Telephone: (713) 276-7600
Facsimile: (713) 276-7634
charles.conrad@pillsburylaw.com
ryan.steinbrunner@pillsburylaw.com

- and -

Andrew M. Troop*
Patrick E. Fitzmaurice*
Kwame O. Akuffo*
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com
patrick.fitzmaurice@pillsburylaw.com
kwame.akuffo@pillsburylaw.com

*Admitted *pro hac vice*

*Counsel for National Bank of Kuwait, S.A.K.P., New York Branch*

### CERTIFICATE OF SERVICE

The undersigned certifies that on June 15, 2024, a true and correct copy of this document was served via the Court's CM/ECF system on the Debtor and their counsel of record and all others who are deemed to have consented to ECF electronic service.

/s/ *Andrew M. Troop*
Andrew M. Troop

4891-5188-1160.v3