# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 23-34815 (JPN)** |
| **GALLERIA 2425 Owner, LLC** | § | |
| | § | **Chapter 11** |
| Debtor. | § | |
| | § | |

## NOTICE OF FILING PLAN SUPPLEMENT TO
## CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTOR BY
## NATIONAL BANK OF KUWAIT, S.A.K.P, NEW YORK BRANCH

**PLEASE TAKE NOTICE** that on May 3, 2024, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order [ECF No. 276]: (i) approving NBK's disclosure statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code; (ii) originally scheduling the hearing to consider confirmation of the Plan for June 7, 2024; (iii) setting June 3, 2024 as the deadline for creditors to submit votes on the Plan, (iv) setting June 3, 2024 at 4:00 p.m. (prevailing Central Time) as the deadline to object to confirmation of the Plan; and (iv) directing NBK to serve copies of the Plan, Disclosure Statement and a form ballot on creditors entitled to vote on the Plan.[1]

**PLEASE TAKE FURTHER NOTICE** that on April 10, 2024, NBK filed the *Chapter 11 Plan of Liquidation of the Debtor* (the "Plan").

**PLEASE TAKE FURTHER NOTICE** that as contemplated by the Plan, NBK filed the Plan Supplement with the Bankruptcy Court on June 14, 2024. The Plan Supplement contains the following documents: (a) the Liquidation Analysis; (b) the Schedule of Retained Causes of Action; and (c) the Liquidation Trust Agreement.

**PLEASE TAKE FURTHER NOTICE** that subject to the terms and conditions of the Plan, NBK reserves all rights to alter, amend, modify, or supplement the Plan Supplement and any of the documents contained therein in accordance with the terms of the Plan; provided that, if any document in the Plan Supplement is altered, amended, modified, or supplemented in any material respect prior to the Confirmation Hearing, NBK will file a redline of such document with the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that the hearing on confirmation of the Plan is scheduled for June 17, 2024 at 9:00 a.m. (prevailing Central Time), before the Honorable Jeffrey P. Norman, in the United States Bankruptcy Court for the Southern District of Texas, Houston

---

[1] Capitalized terms used but not defined in this notice have the meaning ascribed to them in the Plan.

Division Courtroom 403, 515 Rusk, Houston, TX 77002, with the option for parties to appear remotely.

DATED: June 14, 2024

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

_/s/ Andrew M. Troop_
Charles C. Conrad
Texas State Bar No. 24040721
Ryan Steinbrunner
Texas State Bar No. 24093201
609 Main Street Suite 2000
Houston, TX 77002
Telephone: (713) 276-7600
Facsimile: (713) 276-7634
charles.conrad@pillsburylaw.com
ryan.steinbrunner@pillsburylaw.com

-   *and*  -

Andrew M. Troop  (Bar No. MA547179)
Patrick E. Fitzmaurice*
Kwame O. Akuffo*
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com
patrick.fitzmaurice@pillsburylaw.com
kwame.akuffo@pillsburylaw.com

*Admitted *pro hac vice*

**_Counsel for National Bank of Kuwait, S.A.K.P., New York Branch_**

## CERTIFICATE OF SERVICE

I hereby certify that, on June 14, 2024, a true and correct copy of this document was served via the Court's CM/ECF system on the Chapter 11 Trustee, the Debtor's counsel of record and all others who are deemed to have consented to ECF electronic service, and also by mailing, first class, postage prepaid, to each of the parties on the attached service list.

_/s/ Andrew M. Troop_
Andrew M. Troop

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 23-34815 (JPN)** |
| **GALLERIA 2425 Owner, LLC** | § | |
| | § | **Chapter 11** |
| Debtor. | § | |
| | § | |

---

**PLAN SUPPLEMENT TO CHAPTER 11 PLAN OF LIQUIDATION OF THE
DEBTOR BY NATIONAL BANK OF KUWAIT, S.A.K.P, NEW YORK BRANCH**

---

National Bank of Kuwait, S.A.K.P., New York Branch files this plan supplement (the "Plan Supplement") in support of the *Chapter 11 Plan of Liquidation of the Debtor* [ECF No. 194] (as it may have been subsequently amended, revised or modified, the "Plan"). Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan. The documents contained in this Plan Supplement are integral to, part of, and incorporated by reference into the Plan. These documents have not yet been approved by the Bankruptcy Court. If the Plan is confirmed by the Bankruptcy Court, the documents in this Plan Supplement will be approved by the Bankruptcy Court pursuant to the Confirmation Order.[1]

CONTENTS

This Plan Supplement contains the following documents, which may be amended, modified, or supplemented from time to time by NBK in accordance with the Plan:

- Exhibit A - Liquidation Analysis

- Exhibit B - Schedule of Retained Causes of Action

- Exhibit C - Liquidation Trust Agreement

---

[1] Capitalized terms used but not defined in this notice have the meaning ascribed to them in the Plan and the Notice of the Plan Supplement.

NBK reserves all rights to amend, revise, or supplement the Plan Supplement at any time before the Effective Date of the Plan, or any such other date as may be permitted by the Plan or by order of the Bankruptcy Court.

*(Remainder of page intentionally left blank)*

**<u>Exhibit A</u>**

Liquidation Analysis

## ESTIMATED RECOVERY UNDER A HYPOTHETICAL CHAPTER 7 LIQUIDATION

As of the Petition Date, NBK was owed $67,153,854.15, which consists of unpaid principal, past due interest at the default rate, unreimbursed legal fees and credits. According to Harris County, the assessed value of the Property is $29,161,758.

NBK loaned the Debtor $51,675,000 to acquire the Property. NBK holds a secured lien on the Property, and the Loan and the proceeds thereof is secured by: (i) the Property, as well as all Improvements and Chattels (each as defined in the deed of trust recorded by NBK); (ii) all leases in respect of the Property; (iii) all monies, bank accounts, accounts receivables, contract rights, other rights and any other intangible assets relating to the rental, operation and ownership of the Property; and (iv) all proceeds and replacements of the foregoing and of the other mortgaged property. [1]

NBK received an $18,600,000 appraisal of the Property from Cushman & Wakefield, Inc. prior to its scheduled foreclosure sale of the Property in July 2023. That foreclosure sale did not proceed as the result of the Debtor's first chapter 11 filing, which was later dismissed.

Pursuant to a Stalking Horse Purchase Agreement between the Trustee, as seller and NBK, as stalking horse purchaser, NBK has agreed to purchase the Property for a credit bid of $18,600,000 (the "Stalking Horse Purchase Price") subject to higher or better offers at the scheduled public auction of the Property to be held on June 18, 2024 at 1:00 p.m. (prevailing Central Time) (the "Auction").

While the value of the Property will be determined at the Auction, if there was no auction and the Property was sold for the Stalking Horse Purchase Price, the would be no value available for unsecured creditors or the holders of the Debtor's equity.

The following liquidation analysis assumes a sale of the Property for the Stalking Horse Purchase Price. In that scenario, there would be nothing left for distribution to unsecured creditors after payment of all sale expenses, secured and priority claims and NBK's secured claim, as the value available is insufficient to pay NBK's claim in full:

| Liquidation Analysis | |
| --- | --- |
| Liquidation Value of the Property | $18,600,000 |
| Less Estimated Sale Commission | $93,000[2] |
| Less Allowed Secured Claims | $2,641,834.39[3] |

---

[1]  Capitalized terms used but not defined herein have the meaning ascribed to them in the Plan.

[2]  Hilco Real Estate, LLC is entitled to receive 0.5% of the gross sale proceeds under a credit bid sale.  *See* ECF Nos. 205, Exhibit B and 257 (order approving application to retain Hilco Real Estate, LLC).

| | |
|---|---|
| Less NBK Secured Claim | $15,865,165.60 |
| **Payment to Unsecured Creditors** | $0.00 |

---

[3] This amount applies to claims filed by taxing authorities and CC2 TX, LLC for *ad valorem* real estate taxes and Arin-Air, Inc.  The total amount does not include statutory interest for *ad valorem* real estate taxes accruing from the Petition Date until the date such taxes are paid in full and the NBK Tax Claim as defined in the Plan.

**<u>Exhibit B</u>**

Schedule of Retained Causes of Action

## Schedule of Retained Causes of Action

Pursuant to the *Chapter 11 Plan of Liquidation of the Debtor,* dated April 10, 2024 (as it may be further amended, modified, or supplemented, the "Plan"),[1] the Liquidation Trust is being established as a grantor trust for the purpose of liquidating and distributing the Liquidating Trust Assets to the Liquidating Trust beneficiaries in accordance with the Plan. Liquidating Trust Assets is defined in the Plan to include, among other things, all Causes of Actions and Avoidance Actions (to the extent they are not released by the Plan) transferred to the Liquidation Trust, and the proceeds thereof (the "Retained Causes of Action").

Unless a Retained Cause of Action is waived, relinquished, released, compromised or settled in the Plan or any Final Order, the Estate reserves such Cause of Action (including any counterclaims) for later adjudication by the Liquidating Trustee on behalf of the Liquidating Trust. Therefore, no preclusion doctrine, including the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable or otherwise) or laches shall apply to such Retained Causes of Action (including counterclaims) on or after the Confirmation Date. All Retained Causes of Action shall be preserved for the benefit of the Liquidation Trust whether or not brought by the Estate prior to the Effective Date of the Plan.

The following shall constitute Retained Causes of Action under the Plan **solely to the extent such Retained Causes of Action are not otherwise released by the Plan, Confirmation Order, or other Final Order of the Bankruptcy Court**:

### 1. Causes of Action Related to Accounts Receivable and Accounts Payable

Unless otherwise released by the Plan, Retained Causes of Action shall include all Causes of Action against or related to all Entities that owe or that may in the future owe money to the Estate. Furthermore, Retained Causes of Action shall include all Causes of Action against or related to all Entities who assert or may assert that the Estate owes money to them.

### 2. Causes of Action Related to Avoidance Actions

Retained Causes of Action shall include, unless otherwise released by the Plan, all Causes of Action in which property is recoverable under sections 542, 543, 550, or 553 of the Bankruptcy Code, and/or a transfer is avoidable under sections 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code. Such Causes of Action include any and all potential preference claims under section 547 of the Bankruptcy Code related to transfers made within the ninety (90) days before the Petition Date on account of an antecedent debt owed by the Estate as identified by the Debtor in its Schedules and Statement of Financial Affairs.

Further, Retained Causes of Action specifically include any and all potential Insider preference claims under section 547 of the Bankruptcy Code related to transfers to an Insider made between the ninety (90) days and one (1) year before the filing of the Chapter 11 Case on

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan and the Liquidation Trust Agreement.

account of an antecedent debt owed by the Estate as identified by the Debtor in its Schedules and Statement of Financial Affairs or by the Chapter 11 Trustee or the Liquidation Trustee.

Further, such Causes of Action specifically include any and all potential fraudulent transfer claims as may be asserted under Bankruptcy Code sections 544 and 548, and the applicable state law fraudulent transfer statutes, to transfers made within the applicable lookback time period applicable to the particular fraudulent transfer statute, including any and all transfers identified by the Debtor in its Schedules and Statement of Financial Affairs (specifically including all transfers previously identified in this paragraph) and any transfers made to Insiders.

### 3. Causes of Action Related to Current or Former Insiders and/or Related Entities

Unless otherwise released by the Plan, Retained Causes of Action shall include all Causes of Action against or related to all current or former Insiders (including directors and/or officers) and/or related Entities, including claims or actions, litigation, arbitration, or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal, judicial or non-judicial. By way of example and without limitation, these Causes of Action include: (i) any claims against such parties for mismanagement and/or the breach of any fiduciary duty arising under applicable law, including without limitation, the duties of loyalty and care; (ii) any and all potential claims related to transfers made before the filing of the Chapter 11 Case, specifically including those transfers identified by the Debtor in its Schedules and Statement of Financial Affairs; and (iii) any claims asserted or that could have been asserted in or in connection with, or which arise from or relate to the facts alleged in any objection or adversary proceeding commenced by the Trustee against any Insider and/or related Entity.

**Exhibit C**

Liquidation Trust Agreement

# LIQUIDATION TRUST AGREEMENT

This Liquidation Trust Agreement (the "Agreement") made this day of [●], 2024 by and between (a) Christopher R. Murray in his capacity as the duly appointed chapter 11 trustee of Galleria 2425 Owner, LLC, a Delaware limited liability company (the "Chapter 11 Trustee") and (b) Christopher R. Murray, as trustee for the Liquidating Trust established pursuant to this Agreement (together with any successor trustee serving from time-to-time and duly appointed hereunder, the "Liquidation Trustee" and together with the Chapter 11 Trustee "Parties" and each a "Party"), is entered into pursuant to the terms of the *Chapter 11 Plan of Liquidation of the Debtor*, dated April 10, 2024 [ECF No. 194] (as amended or modified from time to time, the "Plan"), which provides for the establishment of the Liquidation Trust created hereby (the "Liquidation Trust").

## RECITALS

**WHEREAS**, on December 5, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court");

**WHEREAS**, on February 9, 2024, the Court entered an order appointing the Chapter 11 Trustee, whose appointment became effective on February 13, 2024 [ECF No. 116 and 121];

**WHEREAS**, as of the effective date of the Plan (the "Effective Date"), the Plan provides, among other things, for the creation of the Liquidation Trust, the transfer to the Liquidation Trust of the Liquidation Trust Assets, and for the ultimate distribution of such assets to the Liquidation Trust's Beneficiaries, in accordance with this Agreement, the Plan, and the Confirmation Order;

**WHEREAS,** the Plan and the Confirmation Order provide for the establishment of the Liquidation Trust and the appointment of the Liquidation Trustee to administer the Liquidation Trust Assets for the benefit of Holders of Allowed Claims in Class 5(a) and Class 5(b) under the Plan (the "Beneficiaries" or "Beneficiary"), and to provide administrative services relating to the Plan's implementation;

**WHEREAS,** the Liquidation Trust is established pursuant to the Plan and this Agreement as a liquidating trust in accordance with Treasury Regulation section 301.7701-4(d) for the sole purpose of liquidating the Liquidation Trust Assets, with no objective to continue or engage in the conduct of a trade or business except, to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidation Trust and the Plan;

**WHEREAS,** the Liquidation Trust is intended to qualify as a "grantor trust" for US federal income tax purposes pursuant to sections 671-677 of the Internal Revenue Code, with the Beneficiaries treated as the grantors and owners of the Liquidation Trust.

**NOW, THEREFORE**, pursuant to the Plan and the Confirmation Order, in consideration of the promises and the mutual covenants contained herein, and other good and valuable consideration, the Parties hereby agree as follows:

# ARTICLE I
## DEFINITIONS AND INTERPRETATIONS

For all purposes of this Agreement, capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Plan. Unless otherwise specified, Article, Section, and Paragraph references herein are to Articles, Sections and Paragraphs of this Agreement.

# ARTICLE II
## CREATION OF LIQUIDATION TRUST

2.1   Creation of Liquidation Trust and Appointment of Liquidation Trustee.

(a)   Pursuant to the Plan and the Confirmation Order, the Parties hereby establish a trust, on behalf of the Beneficiaries, which shall be known as the "Liquidation Trust."

(b)   The Liquidation Trustee is appointed as trustee of the Liquidation Trust on the Effective Date and agrees to accept and hold the Liquidation Trust Assets in trust for the Beneficiaries subject to the terms of the Plan, the Confirmation Order and this Agreement.

(c)   The Liquidation Trustee shall have all the rights, powers and duties set forth herein.

(d)   Subject to the terms of this Agreement, any action by the Liquidation Trustee which affects the interests of more than one Beneficiary shall be binding and conclusive on all Beneficiaries, even if such Beneficiaries have different or conflicting interests.

(e)   The Liquidation Trustee may serve without bond.

(f)   The Liquidation Trustee is not an officer, director, or fiduciary of the Estate or Debtor.

2.2   Transferred Liquidation Trust Assets. Pursuant to the Plan, and subject in each case to any and all applicable limitations set forth in the Plan, as of the Effective Date:

(a)   The Chapter 11 Trustee, on behalf of the Estate, transfers, assigns and delivers to the Liquidation Trust and the Liquidation Trustee, without waiver, all of the Estate's right, titles and interest in and to and under (i) the Liquidation Trust Fund, (ii) the transferred Causes of Actions and Avoidance Actions (the "Retained Causes of Action"), and (iii) all other assets conveyed to the Liquidation Trust under the Plan (collectively, the Liquidation Trust Assets").  The Liquidation Trust Assets are transferred to the Liquidation Trust free and clear of all Claims, encumbrances and Interests in accordance with section 1141 of the Bankruptcy Code. From and after the Effective Date, and the Liquidation Trustee shall be the representative of the Estate pursuant to section 1123(b)(3) of the Bankruptcy Code.

(b)   The Chapter 11 Trustee shall deliver or cause to be delivered to the Liquidation Trustee all documents and other materials, including electronically stored information, related to the Liquidation Trust Assets, whether held by the Estate, its agents, advisors, attorneys,

accountants, or any other professional hired by the Chapter 11 Trustee. The Chapter 11 Trustee shall further provide the Liquidation Trustee with copies any books, records, or documents that the Liquidation Trustee shall reasonably require for the purpose of performing its duties and exercising its powers under this Agreement, and pursuant to the Plan and Confirmation Order. The Chapter 11 Trustee shall reasonably cooperate with the Liquidation Trustee to effectuate the terms of this Agreement, including providing reasonable access and information to the Liquidation Trustee on a timely basis.

          (c)     For the avoidance of doubt, the transfer, assignment or delivery of the Retained Causes of Actions are limited those set forth in the Plan and the Plan Supplement.

     2.3    <u>Funding</u>. The Liquidation Trust shall be funded with the Liquidation Trust Fund as defined in the Plan.

     2.4    <u>Privilege</u>. On the Effective Date, any privilege, including attorney-client, work-product, joint interest or other privileges or immunity attaching to any documents or communications (in any form, including, without limitation, written, electronic, or oral) concerning the Liquidation Trust Assets shall be transferred to and shall vest in the Liquidation Trustee and its representatives, without waiver of other privileges possessed or retained by the Estate, nor shall such transfer operate to eliminate the rights of any co-defendant to any applicable joint privilege.

     2.5    <u>Transfer of and Title to Liquidation Estate Assets</u>. The transfer of the Liquidation Trust Assets to the Liquidation Trust pursuant to the Plan and Section 2.2 is being made by the Estate for the sole benefit of the Beneficiaries. Upon the transfer of the Liquidation Trust Assets to the Liquidation Trust, the Liquidation Trust shall succeed to all of the Estate's rights, titles, and interests in the Liquidation Trust Assets, and no other entity shall have any interest, legal, beneficial, or otherwise, in the Liquidation Trust or the Liquidation Trust Assets (other than as expressly provided herein or in the Plan); *provided*, *however*, to the extent any law or regulation prohibits the transfer of ownership of any of the Liquidation Trust Assets from the Estate to the Liquidation Trust and such law is not superseded by the Bankruptcy Code, the Liquidation Trust's interest shall be a lien upon and security interest in such Liquidation Trust Assets, in trust, nevertheless, for the sole use and purposes set forth in Section 2.6, and this Agreement shall be deemed a security agreement granting such interest thereon without need to file financing statements or mortgages. Upon the transfer by the Estate of the Liquidation Trust Assets to the Liquidation Trust, the Estate will have no reversionary or further interest in the Liquidation Trust Assets.

     2.6    <u>Purpose of Liquidation Trust</u>. The purpose of the Liquidation Trust is to implement the applicable provisions of the Plan and the Confirmation Order. Accordingly, the primary purpose of the Liquidation Trust is to: (a) wind down the Estate, (b) resolve Disputed Claims, (c) prosecute the Retained Causes of Actions, (d) make distributions on account of Allowed Claims as provided hereunder and in the Plan, (e) maximize the value of the Liquidation Trust Assets for the benefit of the Beneficiaries, (f) distribute proceeds of the Liquidation Trust Assets to the Beneficiaries in accordance with the Plan and this Agreement, (g) establish and fund operating and reserve bank accounts, as needed and determined by the Liquidating Trustee, (h) file appropriate tax returns for the Estate and for the Liquidation Trust, (i) administer the Plan in an

efficacious manner, and (j) perform all other acts detailed herein, or other acts not expressly set forth herein, as may be reasonably necessary, in the opinion of the Liquidating Trustee, to effectuate the Plan, the Confirmation Order and the terms of this Agreement.

2.7 <u>Acceptance by the Liquidation Trustee</u>. The Liquidation Trustee hereby accepts the trust imposed upon it by this Agreement and agrees to observe and perform that trust on and subject to the terms and conditions set forth in this Agreement, the Plan and the Confirmation Order. In connection with and in furtherance of the purposes of the Liquidation Trust, the Liquidation Trustee hereby accepts the transfer of the Liquidation Trust Assets.

## ARTICLE III
## LIQUIDATION TRUST ADMINISTRATION

3.1 <u>Appointment of Liquidation Trustee</u>. The Liquidation Trustee is appointed as Liquidation Trustee of the Liquidation Trust as of the Effective Date pursuant to the Plan.

3.2 <u>General Powers and Duties of the Liquidation Trustee</u>. Subject to the terms of the Plan, the Confirmation Order and this Agreement, the  Liquidation Trustee's powers shall include but not be limited to: (a) all rights and powers of the Estate, including but not limited to those provided for in the Bankruptcy Code, including section 1107 thereof; (b) the authority to direct the affairs of, and dissolve, the Debtor (and all bylaws, articles or certificates of incorporation, and related corporate documents are deemed amended by this Plan to permit and authorize such appointment); (c) the rights of a party in interest pursuant to section 1109(b) of the Bankruptcy Code for all matters arising in, arising under, or related to the Chapter 11 Case and, in connection therewith, shall (i) have the right to appear and be heard on matters brought before the Court or other courts, (ii) be entitled to notice and opportunity for hearing on all such issues, (iii) participate in all matters brought before the Court, and (iv) receive notice of all applications, motions, and other papers and pleadings filed in the Court; (d) have the authority to act as and for and on behalf of the Estate in all adversary proceedings and contested matters pending in the Court and in all actions and proceedings pending elsewhere; (e) the power to prosecute, compromise and settle Retained Causes of Actions; (f) the right to object to Claims; (g) the authority to retain personnel or professionals (including, without limitation, legal counsel, financial advisors or other agents) as it deems appropriate and compensate such personnel and professionals as it deems appropriate, all without prior notice to or approval of the Court; and (h) borrow money for such purposes as financing the costs of prosecuting the Retained Causes of Actions, on terms and conditions it deems appropriate, upon Court approval after notice and hearing.  Professionals and personnel retained or employed by the Liquidating Trust or the Liquidation Trustee need not be disinterested as that term is defined in the Bankruptcy Code.  Nothing in this Agreement shall be deemed to prevent the Liquidation Trustee from taking, or failing to take, any action that, based upon the advice of counsel or other professionals, the Liquidation Trustee determines it is obligated to take (or fail to take) in the performance of any fiduciary or similar duty which the Liquidation Trustee owes to the Beneficiaries. Without limiting the generality of the above section and subject to the terms of the Plan and this Agreement, the Liquidation Trustee is hereby authorized to implement the Plan and any applicable orders of the Bankruptcy Court and shall have the power to take the actions granted herein, and any powers reasonably incidental thereto, including, but not limited to:

(a)     Take any action necessary to transfer to the Liquidation Trust Assets to the Liquidation Trust;

(b)     Retain and compensate, without further order of the Bankruptcy Court, the services of professionals (including, without limitation, any professionals previously retained in the Chapter 11 Case) as may be necessary and appropriate to advise and assist with the commencement, prosecution and/or settlement of the Retained Causes of Actions, and the administration and distribution of the Liquidation Trust Assets;

(c)     Act for the Liquidation Trust with the fiduciary duties imposed under applicable law, subject to and limited by the provisions of the Plan and the Liquidation Trust (and all certificates of formation, membership agreements, and related documents are deemed amended by the Plan to permit and authorize the same);

(d)     Exercise all power and authority that may be or could have been exercised and take all actions that may be or could have been taken solely with respect to the Liquidation Trust Assets by any officer, director, shareholder or other party acting in the name of the Estate with like effect as if duly authorized, exercised, and taken by action of such officers, directors, shareholders, or other party;

(e)     Open, maintain, and administer bank accounts on behalf of or in the name of the Liquidation Trust;

(f)     Administer, sell, invest, liquidate, or otherwise dispose of the Liquidation Trust Assets in accordance with the Plan; *provided*, *however*, the scope of any investment shall be limited to include only those investments permitted to be made by a "liquidating trust" within the meaning of Treas. Reg. section 301.7701-4(d) or under applicable Internal Revenue Service ("IRS") guidelines, whether set forth in IRS rulings, revenue procedures, other IRS pronouncements, or otherwise;

(g)     Receive, manage, sell, liquidate, supervise, control, exercise authority over, and protect the Liquidation Trust Assets, subject to the limitations provided herein and under the Plan;

(h)     Calculate and make distributions to the Beneficiaries in accordance with this Agreement, the Plan, and the Confirmation Order;

(i)     Represent the Estate before the Bankruptcy Court and other courts of competent jurisdiction solely with respect to matters concerning the Liquidation Trust Assets;

(j)     Pay all lawful expenses, debts, charges, taxes, and liabilities of the Liquidation Trust;

(k)     Implement, enforce, or discharge all of the terms, conditions, and all other provisions of, and all duties and obligations under, the Plan, the Confirmation Order, and this Agreement;

(l)     Purchase (using the Liquidation Trust Assets) and carry customary insurance policies, pay all insurance premiums and costs as the Liquidating Trustee deems reasonably necessary, and request and receive reports from any insurer regarding the payment of any proceed of such insurance policies;

(m)     Implement, enforce, or discharge all of the terms, conditions, and all other provisions of, and all duties and obligations under, the Plan, the Confirmation Order, and this Agreement;

(n)     Maintain the books and records of the Liquidation Trust;

(o)     Enter into any agreement or execute any document or instrument required by or consistent with the Plan, the Confirmation Order or this Agreement and perform all obligations thereunder;

(p)     investigate, commence, prosecute, compromise, and settle in accordance with the specific terms of this Agreement and the Plan, the Retained Causes of Actions or other legal rights vested in the Liquidation Trust;

(q)     File tax returns or other reports required by governmental entities and pay taxes or other obligations incurred by the Estate and Liquidation Trust to the extent payable consistent with the Plan, the Bankruptcy Code, or order of the Bankruptcy Court;

(r)     Establish reserves as may be necessary or appropriate for distributions and/or the operation of matters incident to the Liquidation Trust;

(s)     Enforce, waive, assign or release any rights, privileges or immunities of any kind;

(t)     Communicate periodically with Beneficiaries regarding operations of the Liquidation Trust and the Liquidation Trust Assets;

(u)     Send annually to each Beneficiary a report on the status of the Liquidation Trust Assets, and a separate statement stating the Beneficiary's share of income, gain, loss, deduction or credit and instructing all such Beneficiaries to report such items on their federal tax returns;

(v)     Comply with the applicable orders of the Bankruptcy Court and any other court of competent jurisdiction over the matters set forth in the Plan, and all applicable laws and regulations concerning the matters set forth in the Plan; and

(w)     Take all other actions consistent with the provisions of the Plan that the Liquidating Trustee deems reasonably necessary to administer the Liquidation Trust and the Plan.

3.3     <u>Limitations on Liquidating Trustee</u>. Notwithstanding anything to the contrary in this Agreement, the Liquidating Trustee will not have the authority to: (a) take any action in contravention of this Agreement, the Plan, or the Confirmation Order, (b) take any action which would make it impossible to carry on the activities of the Liquidation Trust, (c) possess property

of the Liquidation Trust or assign the Liquidation Trust's rights in specific property other than for Liquidation Trust purposes and as provided herein, (d) engage in any trade or business, except as expressly permitted herein, (e) receive any property, make any distribution, satisfy or discharge any claims, expenses, charges, liabilities and obligations or otherwise take any action which would jeopardize the status of the Liquidating Trust as a "liquidating trust" for United States federal income tax purposes within the meaning of Treasury Regulations Section 301.7701-4(d).

   3.4 <u>Compensation and Reimbursement of Expenses</u>.  From and after the Effective Date, the Liquidation Trustee on behalf of the Liquidation Trust shall in the ordinary course of business and without the necessity of any approval by the Bankruptcy Court, pay from the Liquidation Trust Assets the reasonable expenses (including professional fees) incurred by the Liquidation Trust, the Liquidation Trustee and any professionals retained by the Liquidation Trust.  The Liquidating Trustee shall be entitled to receive reasonable compensation for services rendered on behalf of the Liquidation Trust, which shall be billed at such individual's standard hourly rates or pursuant to such alternative arrangement as the Liquidation Trustee shall determine in his reasonable business judgment.

   3.5 <u>Payment</u>. Any fees and expenses, to the extent payable, due to the Liquidating Trustee (including any professionals and advisors retained by the Liquidating Trustee) shall be paid out of the Liquidation Trust Assets, in each case, without necessity for review or approval by the Bankruptcy Court or any other Person (as defined in section 101(41) of the Bankruptcy Code).

   3.6 <u>Term of Service</u>. The Liquidating Trustee shall serve until: (a) the completion of all the Liquidating Trustee's duties, responsibilities, and obligations under this Agreement and the Plan; (b) the Liquidating Trustee's death, dissolution, incapacitation, resignation, or removal, as set forth herein; or (c) termination of the Liquidation Trust in accordance with this Agreement.

   3.7 <u>Removal, Resignation, and Appoint of Successor Liquidating Trustee</u>. The Liquidating Trustee may resign at any time upon thirty (30) days' prior written notice delivered to the Beneficiaries; *provided*, *however*, such resignation shall only become effective upon appointment of a permanent or interim successor Liquidating Trustee.  The Liquidating Trustee may be also removed as Liquidating Trustee only for cause, by any Beneficiary upon motion and prior written notice and service thereof to the Bankruptcy Court, the Liquidating Trustee, and those parties receiving current electronic notice in the cases, and then, only to the extent approved by the Bankruptcy Court; *provided*, *however*, such removal shall only become effective upon appointment of a permanent or interim successor Liquidating Trustee. If there is any dispute or motion regarding removal of the Liquidating Trustee (including any dispute relating to any compensation or expense reimbursement due under this Agreement), the Bankruptcy Court shall have jurisdiction to consider and adjudicate any such dispute.  In the event of resignation, removal, death, or incapacity of the Liquidating Trustee, the Bankruptcy Court shall appoint a successor Liquidating Trustee based upon submissions by any Beneficiary and upon such appointment the successor Liquidating Trustee shall become fully vested with all of the rights, powers, duties, and obligations of the predecessor Liquidation Trustee under this Agreement, the Plan and the Confirmation Order, and all responsibilities of the predecessor Liquidating Trustee relating to the Liquidation Trust shall be terminated; *provided*, *however*, the provisions of sections 4.1, 4.2, 4.3, 4.4 and 5.2 shall continue to apply following the date of such termination. For purposes of this

Section 3.7 "cause" includes, without limitation, incapacity, failure, or refusal to perform its duties under the Plan, this Agreement, and the Confirmation Order.

3.8 <u>Liquidation Trust Continuance</u>. The death, dissolution, liquidation, resignation, or removal of the Liquidating Trustee shall not terminate the Liquidation Trust or revoke any existing agency created by the Liquidating Trustee pursuant to this Agreement or invalidate any action taken by the Liquidating Trustee, and the provisions of this Agreement shall be binding upon and inure to the benefit of the successor Liquidating Trustee and all its successors or assigns.

3.9 <u>Bankruptcy Court Approval of Liquidating Trustee Actions</u>. Except as provided in the Plan or in this Agreement, the Liquidating Trustee need not obtain an order or approval of the Bankruptcy Court in the exercise of any power, rights, or discretion conferred hereunder, or account to the Bankruptcy Court with respect to such exercise; *provided*, *however*, the Liquidating Trustee may seek Bankruptcy Court approval for authority to take any action it may desire to have explicit approval of the Bankruptcy Court with respect to the Liquidation Trust Assets, the Liquidation Trust, and the Estate, and as provided in the Plan or this Agreement, including administration and distribution of the Liquidation Trust Assets. Except as provided in the Plan or in this Agreement, the Liquidating Trustee shall exercise its business judgment for the benefit of the Beneficiaries in order to maximize the value of the Liquidation Trust Assets and distributions to the Beneficiaries, giving due regard to the cost, risk, and delay of any course of action.

## ARTICLE IV
## LIABILITY AND INDEMNIFICATION

4.1 <u>Exculpation</u>. Neither the Liquidating Trustee nor any professional, successor, assign, agent, or representative of the Liquidation Trustee, each in its capacity as such (each, an "<u>Exculpated Party</u>" and collectively, the "<u>Exculpated Parties</u>") shall be liable for any losses, claims, damages, liabilities, obligations, settlements, proceedings, suits, judgments, causes of action, litigation, actions, or investigations (whether civil or administrative and whether sounding in tort, contract or otherwise), penalties, costs, and expenses, including reasonable fees and disbursements (collectively referred to herein as "<u>Losses</u>"), incurred, caused by, relating to, based upon or arising out of (directly or indirectly) the Exculpated Party's execution, delivery, and acceptance of or the performance or nonperformance of its powers, duties, and obligations under this Agreement, the Plan, or the Confirmation Order, or, any other order of the Bankruptcy Court or applicable law or as may arise by reason of any action, omission, or error of an Exculpated Party; *provided*, *however*, that the foregoing limitation shall not apply to any acts or omissions ultimately and finally determined by a final and non-appealable order of a court of competent jurisdiction to be the direct result of such Exculpated Party's fraud, self-dealing, gross negligence or willful misconduct. Every act taken or omitted, power exercised, or obligation assumed by any Exculpated Party pursuant to the provisions of this Agreement shall be held to be taken or omitted, exercised, or assumed, as the case may be, by the Exculpated Party acting for and on behalf of the Liquidation Trust and not otherwise; *provided*, *further*, *however*, that none of the Exculpated Parties is deemed to be responsible for any other Exculpated Party's actions or inactions. Except as provided in this Agreement, any Person contracting or otherwise dealing with or having any relationship with the Liquidation Trust or any Exculpated Party shall have recourse only to the Liquidation Trust Assets for payment of any liabilities or other obligations arising in connection with such contracts, dealings, or relationships, and the Liquidation Trust and the Exculpated

Parties shall not be individually liable therefore. Without limiting the foregoing, the Liquidating Trustee shall be entitled to the benefits of the limitation of liability and exculpation provisions under the Plan and the Confirmation Order.

       4.2    <u>Indemnification</u>. The Liquidation Trustee and any professional, successor, assign, agent, or representative of the Liquidation Trustee (each, an "<u>Indemnified Party</u>" and collectively, the "<u>Indemnified Parties</u>") shall be defended, held harmless, and indemnified from time to time by the Liquidation Trust against any and all Losses, including, without limitation, the costs for counsel or others in investigating, preparing, defending, or settling any action or claim, whether or not in connection with litigation in which any Indemnified Party is a party, or enforcing this Agreement (including these indemnity provisions), as and when imposed on the Indemnified Party, incurred, caused by, relating to, based upon or arising out of (directly or indirectly) the Liquidation Trustee's execution, delivery, and acceptance of, or the performance or nonperformance of its powers, duties, and obligations under this Agreement, the Plan, or the Confirmation Order, or as may arise by reason of any action, omission, or error of an Indemnified Party; *provided*, *however*, such indemnity shall not apply to any such Losses to the extent it is found in a final judgment by a court of competent jurisdiction (not subject to further appeal or review) to have resulted primarily and directly from the Indemnified Party's fraud, self-dealing, gross negligence, or willful misconduct. Notwithstanding any other provision herein to the contrary, the Indemnified Parties shall be entitled to obtain advances from the Liquidation Trust to cover their reasonable expenses of defending themselves in any action brought against them as a result of the acts and omissions, actual or alleged, of an Indemnified Party in its capacity as such; *provided*, *further*, *however*, that the Indemnified Parties receiving such advances shall repay the amounts so advanced to the Liquidation Trust immediately upon the entry of a final, non-appealable judgment or order finding that such Indemnified Parties were not entitled to any indemnity under the provisions of this Section 4.2. The foregoing indemnity in respect of any Indemnified Party shall survive the termination of such Indemnified Party from the capacity for which they are indemnified. Termination or modification of this Agreement shall not affect any indemnification rights or obligations then existing. Except for their own fraud, gross negligence or willful misconduct, the Liquidation Trustee and its employees, members, agents, professionals and advisors shall not be personally liable under any circumstances, including for (a) any error of judgment made in good faith, or (b) any representation, warranty, covenant, agreement, or indebtedness of the Liquidation Trust.

       4.3    <u>No Liability for Acts of Successor/Predecessor Liquidating Trustee</u>. Upon the appointment of a successor Liquidating Trustee and the delivery of the Liquidation Trust Assets to the successor Liquidating Trustee, the predecessor Liquidating Trustee and any director, officer, affiliate, employee, employer, professional, agent, or representative of the predecessor Liquidating Trustee shall have no further liability or responsibility with respect thereto. A successor Liquidating Trustee shall not be liable for the acts or omissions of any predecessor Liquidating Trustee unless a successor Liquidating Trustee expressly assumes such responsibility in writing. A predecessor Liquidating Trustee shall have no liability for the acts or omissions of any immediate or subsequent successor Liquidating Trustee for any events or occurrences subsequent to the cessation of its role as Liquidating Trustee.

       4.4    <u>Reliance by Liquidating Trustee on Documents or Advice of Counsel or Other Professionals</u>. Except as otherwise provided in this Agreement, the Liquidating Trustee and any

professional, agent, or representative of the Liquidating Trustee may rely, and shall be protected from liability for acting or failing to act, upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document reasonably believed by the Liquidating Trustee to be genuine and to have been presented by an authorized party. The Liquidating Trustee and any professional, agent, or representative of the Liquidating Trustee shall not be liable for any action taken or omitted or suffered by the Liquidating Trustee in reasonable reliance upon the advice of counsel or other professionals engaged by the Liquidating Trustee in accordance with this Agreement. The Liquidating Trustee shall be fully indemnified by the Liquidation Trust for or in respect of any action taken, suffered, or omitted by it and in accordance with such advice or opinion.

4.5     Insurance. The Liquidating Trustee may purchase (using Liquidation Trust Assets) and carry customary insurance policies, all insurance premiums and costs the Liquidating Trustee deems reasonably necessary or advisable including, without limitation, purchasing any errors and omissions insurance with regard to any Losses the Liquidating Trustee may incur, arising out of or due to their actions or omissions, or consequences of such actions or omissions, with respect to the implementation and administration of the Plan or this Agreement.

4.6     Survival. This Article V shall survive the termination of this Agreement.

## ARTICLE V
## GENERAL PROVISIONS CONCERNING
## ADMINISTRATION OF THE LIQUIDATION TRUST

5.1     Books and Records. The Liquidating Trustee shall maintain the books and records of the Liquidation Trust relating to Claims of the Beneficiaries, the Liquidation Trust Assets, the income and proceeds of the Liquidation Trust, and the payment of expenses of, and liabilities or claims against or assumed by, the Liquidation Trust in such detail and for such period of time as may be necessary to enable it to make full and proper accounting in respect thereof. Such books and records shall be maintained on a modified cash or other comprehensive basis of accounting necessary to facilitate compliance with the tax reporting requirements of the Liquidation Trust.

5.2     Confidentiality. The Liquidating Trustee shall forever hold strictly confidential and not use for personal gain any material, non-public information of, or pertaining to, any entity to which any of the Liquidation Trust Assets relates, or of which the Liquidating Trustee has become aware of in its capacity as such; *provided*, *however*, this Section 5.2 shall not apply to information disclosed in compliance with a court order.

5.3     Reporting and Filing Requirements. For each calendar quarter in which the Liquidation Trust shall remain in existence, the Liquidating Trustee shall timely file a post-confirmation report, substantially in compliance with UST Form 11-PCR or such other form as then required by the Office of the United States Trustee, with the Bankruptcy Court containing such information required by such form related to the Liquidation Trust during the preceding period calendar quarter.

5.4     Abandon; Donation. If, in the Liquidating Trustee's reasonable judgment, any Liquidation Trust Assets cannot be liquidated, monetized, sold or distributed in a commercially

reasonable manner or the Liquidating Trustee believes in good faith that such property has inconsequential value to the Liquidation Trust or its Beneficiaries or is insufficient to render a further Distribution practicable, then the Liquidating Trustee may cause the Liquidation Trust to abandon or otherwise dispose of such property, including by donation to a charitable institution qualified as a not-for-profit corporation, under applicable federal and state laws, selected by the Liquidating Trustee.

5.5     Fiduciary. The Liquidating Trustee, in a fiduciary capacity, shall exercise its powers and obligations under this Agreement and the Plan for the Beneficiaries, as a whole; *provided*, *however*, the Liquidating Trustee shall not owe fiduciary obligations to any Beneficiary or defendants or potential defendants of any Retained Causes of Actions in their capacities as such.

## ARTICLE VI
## BENEFICIAL INTERESTS AND BENEFICIARIES

6.1     Incidents of Ownership. The Beneficiaries shall be the sole beneficiaries of the Liquidation Trust and the Liquidation Trust Assets. The Liquidating Trustee shall retain only such incidents of ownership as are necessary to undertake the actions and transactions authorized in this Agreement, the Plan, and the Confirmation Order.

6.2     Rights of Beneficiaries. Each Beneficiary shall be entitled to (a) participate in the rights due to such Beneficiary under the Plan and this Agreement, (b) take and hold its uncertificated Liquidation Trust interest subject to all the terms and provisions of this Agreement, the Plan, and the Confirmation Order, and any other order of the Bankruptcy Court, and (c) receive distributions as set forth in the Plan.

6.3     Interest Beneficial Only. The ownership of a beneficial interest in the Liquidation Trust shall not entitle any Beneficiary or the Estate to: (a) any title in or to the Liquidation Trust Assets, (b) any right to call for a partition or division of such assets, or (c) require an accounting, except as specifically provided herein or in the Plan.

6.4     Evidence of Beneficial Interest.  Ownership of a beneficial interest in the Liquidation Trust or the Liquidation Trust Assets shall not be evidenced by any certificate, security, or receipt, or in any other form or manner whatsoever, except as maintained on the books and records of the Liquidation Trust by the Liquidating Trustee.  In the absence of manifest error, ownership of beneficial interests in the Liquidation Trust Assets as reflected on the books and records of the Liquidation Trust maintained by the Liquidating Trustee shall be conclusive and binding on all owners of such beneficial interests.  The Liquidating Trustee may rely on the official register of Claims maintained by the Bankruptcy Court for all other purposes (the "Claims Register")..

6.5     Notice of Transfer of Beneficial Interest. Beneficial interests in the Liquidation Trust and the Liquidation Trust Assets shall not be assignable or transferable except upon death of the interest holder or by operation of law. Any assignment or transfer shall not be effective until appropriate notification and proof thereof is submitted to the Liquidating Trustee, and the Liquidating Trustee may continue to pay all amounts to or for the benefit of the assigning or transferring Beneficiary until receipt of proper (and acceptable) notification and proof of

assignment or transfer. The Liquidating Trustee may rely upon such proof without the requirement of any further investigation, and may require any assignment or transfer agreement to be formally filed on the docket with the Bankruptcy Court prior to any decision by the Liquidating Trustee that such assignment or transfer will be valid and accepted.

6.6     <u>Change of Address</u>. After the Effective Date, a Beneficiary may select an alternative distribution address by serving a notice upon the Liquidating Trustee (either directly or through counsel for the Liqudiation Trustee) that identifies such alternative distribution address. Such notification shall be effective only upon receipt by the Liquidating Trustee. Absent such notice, the Liquidating Trustee is not required to recognize any change of distribution address.

6.7     <u>Effect of Death, Dissolution, Incapacity, or Bankruptcy of Beneficiary</u>. The death, dissolution, incapacity, or bankruptcy of a Beneficiary during the term of the Liquidation Trust shall not (a) operate to terminate the Liquidation Trust during the term of the Liquidation Trust or (b) entitle any representative or creditors of the deceased, incapacitated or bankrupt Beneficiary to an accounting, to take any action in any court or elsewhere for the distribution of the Liquidation Trust Assets or for a partition thereof, or otherwise affect the rights and obligations of the Beneficiary under this Agreement or in the Liquidation Trust or the Liquidation Trust Assets.

6.8     <u>Limited Beneficiary Rights</u>.  Except as expressly provided in this Agreement, the Plan, or the Confirmation Order, a Beneficiary may not direct the Liquidating Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any party upon or with respect to the Liquidation Trust Assets.

## ARTICLE VII
## PROCEDURES FOR RESOLVING AND TREATING DISPUTED CLAIMS

7.1     <u>Prosecution of Objections to Claims and Claims Procedures</u>. The Liquidating Trustee shall have and retain any rights and defenses the Estate had with respect to any Claim against, or assumed by, the Liquidation Trust, except with respect to any Claim deemed Allowed as of the Effective Date. The Liquidating Trustee shall have the authority, but not the obligation to (a) file objections to Claims; and (b) settle, compromise, withdraw, or litigate to judgment objections on behalf of the Estate to any and all such Claims. The Liquidating Trustee shall have the authority to administer and adjust the Liquidation Trust's books and records, as applicable, with respect to Claims to reflect any such settlements or compromises and no further notice to or action, order, or approval of the Bankruptcy Court with respect to such settlements or compromises shall be required.

7.2     <u>Distributions Regarding Disputed Claims</u>. No payments or distributions shall be made with respect to any portion of a Disputed Claim unless and until all objections to such Disputed Claim have been settled or withdrawn or have been determined by a final order of the Bankruptcy Court, and the Disputed Claim has become an Allowed Claim. Any Distribution made after the Effective Date pursuant to the Plan on account of a Disputed Claim that is later deemed an Allowed Claim by the Bankruptcy Court shall be made together with any dividends, payments, or other distributions made on account of, as well as any obligations arising from, the distributed property as if such Allowed Claim had been an Allowed Claim on the dates distributions were previously made to Holders of Allowed Claims included in the applicable Class.

7.3     Claims Estimation. The Liquidating Trustee may request estimation or liquidation of any Disputed Claim that is contingent or unliquidated pursuant to Bankruptcy Code section 502(c); provided, however, that the Court shall determine (a) whether such Disputed Claim is subject to estimation pursuant to Bankruptcy Code section 502(c) and (b) the timing and procedures for such estimation proceedings, if any.

7.4     Expungement or Adjustment to Claims Without Objection. Any Claim in Class 5(a) and Class 5(b) that has been paid, satisfied, or superseded may be expunged on the Liquidation Trust's books and records, by the Liquidating Trustee, as applicable, and any Claim that has been amended may be adjusted thereon by the Liquidating Trustee without a claims objection having to be filed and without any further notice or action, order, or approval of the Bankruptcy Court.

## ARTICLE VIII
## DISTRIBUTIONS

8.1     Distribution Agent. Except as otherwise provided in the Plan, the Liquidating Trustee shall serve as Disbursement Agent with respect to Allowed Claims, and the Distribution Agent shall make all distributions on account of Allowed Claims.

8.2     Distributions from Liquidation Trust Assets. All payments to be made by the Liquidation Trust to any Beneficiary shall be made only in accordance with the Plan, the Confirmation Order, and this Agreement and out of the Liquidation Trust Assets (or from the income and proceeds realized from the Liquidation Trust Assets). The Liquidating Trustee shall make reasonable efforts to collect, liquidate, and dispose of the Liquidation Trust Assets, make timely distributions, and not unduly prolong the duration of the Liquidation Trust.

8.3     Distributions and Withholding. The Distribution Agent shall make distributions to Beneficiaries as provided in the Plan. The Distribution Agent, as applicable, shall comply with all tax withholding and reporting requirements imposed on them by any governmental unit, and all distributions pursuant to the Plan shall be subject to such withholding and reporting requirements. The Distribution Agent shall be authorized to take all actions necessary or appropriate to comply with such withholding and reporting requirements, including liquidating a portion of the distributions to be made under the Plan to generate sufficient funds to pay applicable withholding taxes, withholding distributions pending receipt of information necessary to facilitate such distributions, or establishing any other mechanisms they believe are reasonable and appropriate. The Distribution Agent reserves the right to allocate all distributions made under the Plan in compliance with all applicable wage garnishments, alimony, child support, and other spousal awards, liens, and encumbrances. Amounts so withheld or allocated and paid over to the applicable governmental unit in accordance with applicable law shall be treated for all purposes of this Plan as having been paid to the person in respect of whom such withholding or allocation was made.

8.4     Undeliverable and Unclaimed Distributions. If any distribution to a Beneficiary is returned to the Liquidating Trustee as undeliverable or is otherwise an Unclaimed Property, no further Distributions shall be made to such Beneficiary unless and until the Liquidating Trustee is notified in writing of such Beneficiary then-current address, at which time all missed Distributions shall be made to such Beneficiary without interest, dividends, or accruals of any kind. Unclaimed Property shall be returned to the Liquidation Trust until such distributions are claimed. Any

distribution under the Plan that is Unclaimed Property for a period of ninety (90) days after such distribution shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code and such Unclaimed Property shall revert to and vest in the Liquidation Trust, as applicable, free of any restrictions thereon and shall be redistributed to Beneficiaries after reserving for Liquidation Trust expenses. Upon vesting, the claim of any Beneficiary or successor to such Beneficiary with respect to such property shall be cancelled, discharged and forever barred, notwithstanding federal or state escheat, abandoned, or unclaimed property laws to the contrary.

8.5     <u>Expenses of Distribution</u>. All distributions to be made by the Liquidation Trust under the Plan shall be made net of the actual and reasonable costs of making such distributions.

8.6     <u>Minimum; De Minimis Distributions</u>. The Disbursement Agent shall not be required to make a distribution on account of an Allowed Claim if the Beneficiary would be entitled to receive less than $25.00. Any Beneficiary on account of which such amount of cash or other property to be distributed is less than $25.00 shall be forever barred from asserting such claim against Liquidation Trust Assets.

8.7     <u>Distribution Record Date</u>. On the Distribution Record Date as the term is described in the Confirmation Order, the Claims Register shall be closed and the Liquidation Trustee shall be authorized and entitled to recognize only those record Holders listed on the Claims Register as of the close of business on the Distribution Record Date.

8.8     <u>Manner of Payment Under the Plan</u>. Except as set forth herein or ordered by the Court, on the Effective Date, the Liquidating Trustee shall establish deposit and reserve accounts for the benefit of the Beneficiaries to make payments to such Beneficiaries in accordance with this Plan. All Distributions to be made or otherwise reserved pursuant to this Plan shall be held by the Liquidating Trust in trust in such accounts for the benefit of the Beneficiaries entitled to receive Distributions.

8.9     <u>Setoff</u>. Except as otherwise provided for herein, on or after the Effective Date, the Liquidating Trustee, may, but shall not be required to, set off against any Claim and the Distributions to be made pursuant to this Plan in respect of such Claim, claims of any nature whatsoever that the Estate may have against the Holder of such Claim, but neither the failure to do so nor the allowance of a Claim hereunder shall constitute a waiver or release by the Estate, the Liquidating Trustee or the Estate of any Claim they may have against such Creditor; provided that such right of setoff shall be subject to Article VII of the Plan and in no event shall the Liquidating Trustee set off, or be permitted to set off, against any Claims Allowed under this Plan.

**ARTICLE IX**
**TAXES**

9.1     <u>Liquidating Trustee's Tax Responsibilities</u>. The Liquidating Trustee shall be responsible for handling all of the Estate's and the Liquidation Trust's tax matters, including, without limitation, the filing of all tax returns, and the handling of tax audits and proceedings of the Liquidation Trust. The Liquidating Trustee may make an election under Treasury Regulations Section 1.468B-9(c)(2)(ii) to treat the Liquidation Trust (or any portion thereof) as a disputed ownership fund as set forth in section 9.11(e) of the Plan. The Liquidating Trustee shall be

responsible for filing information on behalf of the Liquidation Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a) or as a disputed ownership fund.

9.2    Treatment of Liquidation Trust Assets. For all federal income tax purposes, subject to Section 10.3, all parties shall treat the transfer of the Liquidation Trust Assets to the Liquidation Trust including any amounts or other assets subsequently transferred to the Liquidation Trust (but only at such time as actually transferred) as (a) a transfer of the Liquidation Trust Assets, for all purposes of the IRC, directly to the Beneficiaries, followed by (b) the transfer by such persons to the Liquidation Trust of such Liquidation Trust Assets in exchange for beneficial interests in the Liquidation Trust.

9.3    Income Tax Status. Subject to the election of the Liquidating Trustee as set forth in Section 10.1, and further subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including the receipt by the Liquidating Trustee of a private letter ruling if the Liquidating Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Liquidating Trustee), for United States federal income tax purposes (and for purposes of all state, local, and other jurisdictions to the extent applicable), this Liquidation Trust is intended to qualify as a "liquidating trust" pursuant to Treasury Regulation section 301.7701-4 and as a grantor trust pursuant to IRC sections 671-677. To the extent consistent with Revenue Procedure 94-45 and not otherwise inconsistent with this Agreement, this Agreement shall be construed so as to satisfy the requirements for liquidating trust status. Except as provided in this Section 9.3, (a) the Beneficiaries will be treated as both the grantors and the deemed owners of the Liquidation Trust, and (b) any items of income, deduction, credit, and loss of the Liquidation Trust shall be allocated for federal income tax purposes to the Beneficiaries in accordance with Section 9.4. The Liquidation Trust shall at all times be administered so as to constitute a domestic trust for United States federal income tax purposes and shall not be deemed a successor-in-interest of Estate for any purpose other than as specifically set forth in this Agreement, the Plan, or the Confirmation Order.

9.4    Tax Returns. In accordance with IRC section 6012 and Treasury Regulation section 1.671-4(a), the Liquidation Trust shall file with the IRS annual tax returns on Form 1041 and may provide each Beneficiary with a copy of the Form 1041 for the Liquidation Trust (without attaching any other Beneficiary's Schedule K1 or other applicable information form) along with such Beneficiary's Schedule K-1 or other applicable information form in order to satisfy the foregoing requirement. In addition, the Liquidation Trust shall file in a timely manner such other tax returns, including any state and local tax returns, as required by applicable law and pay any taxes shown as due thereon of the Liquidation Trust. Within a reasonable time following the end of the taxable year, and to the extent applicable, the Liquidation Trust shall send to each Beneficiary a separate statement regarding the receipt and expenditures of the Liquidation Trust and setting forth the Beneficiary's share of items of income, gain, loss, deduction or credit and instruct the Beneficiary to report such items on its applicable income tax return. The Liquidating Trustee shall allocate the taxable income, gain, loss, deduction, or credit of the Liquidation Trust with respect to each Beneficiary as follows: (a) allocations of Liquidation Trust taxable income shall be determined by reference to the manner in which an amount of cash equal to such taxable income would be distributed (without regard to any restriction on distributions described herein or in the Plan) if, immediately prior to such deemed distribution, the Liquidation Trust had distributed all of its other assets (valued at their tax book value) to the Beneficiaries, in each case up to the tax book value

of the assets treated as contributed by such holders, adjusted for prior taxable income and loss and taking into account all prior and concurrent distributions from the Liquidation Trust; and (b) allocations of taxable loss of the Liquidation Trust shall be determined by reference to the manner in which an economic loss would be borne immediately after a hypothetical liquidating distribution of the remaining Liquidation Trust Assets. For these purposes, the tax book value of the Liquidation Trust Assets shall equal the fair market value of the Liquidation Trust Assets on the Effective Date, adjusted in accordance with tax accounting principles prescribed by the IRC, the applicable Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

   9.5 <u>Withholding of Taxes and Reporting Related to Liquidation Trust Operations</u>. The Liquidation Trust shall comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority, and all distributions made by the Liquidation Trust shall be subject to any such withholding and reporting requirements. To the extent that the operation of the Liquidation Trust or the liquidation of the Liquidation Trust Assets creates a tax liability imposed on the Liquidation Trust, the Liquidation Trust shall timely pay such tax liability (out of the Liquidation Trust Assets) and any such payment shall be considered a cost and expense of the operation of the Liquidation Trust payable without order of the Bankruptcy Court. Any federal, state, or local withholding taxes or other amounts required to be withheld under applicable law shall be deducted from distributions hereunder. All Beneficiaries shall be required to provide any information necessary to effect the withholding of such taxes.

   9.6 <u>Valuation</u>. The valuation of the Liquidation Trust Assets agreed to by the Parties shall be used consistently by all parties for all federal income tax purposes. The Liquidation Trust also shall file (or cause to be filed) any other statements, returns or disclosures relating to the Liquidation Trust that are required by any governmental unit.

   9.7 <u>Expedited Determination of Taxes</u>. The Liquidating Trustee may request an expedited determination of taxes of the Estate and the Liquidation Trust, under section 505(b) of the Bankruptcy Code, for all returns filed for, or on behalf of, the Estate and the Liquidation Trust for all taxable periods through the termination of the Liquidation Trust, and to take any and all action necessary to obtain payment of any tax refund due to the Estate and/or the Liquidation Trust.

   9.8 <u>Tax Identification Numbers</u>. The Liquidating Trustee may require any Beneficiary to furnish to the Liquidating Trustee its employer or taxpayer identification number as assigned by the IRS or otherwise certify to the Liquidating Trustee's satisfaction that distributions to the Beneficiary are exempt from backup withholding. The Liquidating Trustee may condition distribution to any Beneficiary upon the receipt of such identification number.  If such information is not provided to the Liquidating Trustee within ninety (90) days of being requested, all Distributions to which such Beneficiary are or become entitled shall be cancelled, discharged and forever barred, notwithstanding federal or state escheat, abandonment or unclaimed property laws to the contrary, unless determined otherwise in the discretion of the Liquidating Trustee.

**ARTICLE X**
**DURATION AND TERMINATION OF LIQUIDATION TRUST**

10.1    Termination.  Subject to the Plan and the Confirmation Order, the Liquidating Trustee and the Liquidation Trust shall be discharged or dissolved, as the case maybe, at such time as (a) the Liquidating Trustee determines that the pursuit of additional Retained Causes of Actions is not likely to yield sufficient additional proceeds to justify further pursuit of such claims, (b) all Disputed Claims have been resolved, (c) all of Liquidation Trust Assets have been liquidated or abandoned, (d) all duties and obligations of the Liquidating Trustee hereunder and in the Plan have been fulfilled, (e) all distributions required to be made by the Liquidation Trust under the Plan, the Confirmation Order, and this Agreement have been made, and (f) the Chapter 11 Case has been closed.

10.2    Maximum Term. In no event shall the Liquidation Trust be dissolved later than five (5) years from the Effective Date unless the Bankruptcy Court, upon motion by the Liquidating Trustee within the six-month period prior to the fourth anniversary (or the end of any extension period previously approved by order of the Bankruptcy Court), determines that a fixed period extension (not to exceed five (5) years, together with any prior extensions) is necessary to facilitate or complete the liquidation, recovery, and distribution of the Liquidation Trust Assets.

10.3    Events Upon Termination. At the conclusion of the term of the Liquidation Trust, the Liquidating Trustee shall distribute the remaining Liquidation Trust Assets, if any, in its reasonable discretion, including to a charitable organization, in accordance with the Plan, the Confirmation Order, and this Agreement.

10.4    Winding Up, Discharge, and Release of Liquidating Trustee. The Liquidating Trustee shall seek authority from the Bankruptcy Court to close the Chapter 11 Case once (a) all Disputed Claims have become Allowed or disallowed, (b) the Liquidation Trust is terminated in accordance with the Plan, (c) all remaining Liquidation Trust Assets have been distributed in accordance with the Plan, (d) the business and affairs of the Estate have been otherwise wound down. For purposes of winding up the affairs of the Liquidation Trust at the conclusion of its term, the Liquidating Trustee shall continue to act as the Liquidating Trustee until its duties under this Agreement have been fully discharged or its role as Liquidating Trustee is otherwise terminated under this Agreement and the Plan. Upon motion of the Liquidating Trustee, the Bankruptcy Court may enter an order relieving the Liquidating Trustee, it agents and employees of any further duties, discharging, and releasing the Liquidating Trustee and releasing its bond, if any.

## ARTICLE XI
## MISCELLANEOUS PROVISIONS

11.1    Effectiveness. This Agreement shall become effective on the Effective Date.

11.2    Counterparts. This Agreement may be executed in one or more counterparts, all of which shall be taken together to constitute one and the same instrument.

11.3    Jurisdiction. The Bankruptcy Court shall have jurisdiction over the Liquidation Trust after the Effective Date, including, without limitation, jurisdiction to resolve any and all controversies, suits and issues that may arise in connection therewith, including, without limitation, this Agreement, or any Party's obligations incurred in connection herewith, including, without limitation, any action against the Liquidation Trust, the Liquidating Trustee or any

professional retained by the Liquidating Trustee, in each case in its capacity as such. Each Party to this Agreement hereby irrevocably consents to the exclusive jurisdiction and venue of the Bankruptcy Court in any action to enforce, interpret or construe any provision of this Agreement or of any other agreement or document delivered in connection with this Agreement, and also hereby irrevocably waives any defense of improper venue, *forum non conveniens* or lack of personal jurisdiction to any such action brought in the Bankruptcy Court. Each Party further irrevocably agrees that any action to enforce, interpret, or construe any provision of this Agreement will be brought only in the Bankruptcy Court. Each Party hereby irrevocably consents to the service by certified or registered mail, return receipt requested, of any process in any action to enforce, interpret or construe any provision of this Agreement.

11.4    <u>Governing Law</u>. This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Texas, without giving effect to conflicts of law principles.

11.5    <u>Headings</u>. Sections, subheadings and other headings used in this Agreement are for convenience only and shall not affect the construction or interpretation of this Agreement or any provision thereof.

11.6    <u>Amendments</u>. This Agreement may be amended, modified, or supplemented by the Liquidation Trustee in his reasonable business judgment; *provided*, *however*, that no such amendment shall be effective unless the Liquidation Trustee files notice of such proposed amendment with the Bankruptcy Court and in that instance then the proposed amendment will become effective on the fourteenth day following such filing, unless otherwise ordered by the Bankruptcy Court; *provided*, *further*, *however*, no amendment, modification, or supplement to this Agreement shall be effective if it would materially and adversely affect Distributions contemplated by the Plan.

11.7    <u>No Waiver</u>. No failure by the Liquidation Trust, the Liquidating Trustee, or its agents, professionals and employees to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

11.8    <u>Notices</u>. All notices, requests or other communications, required or permitted to be made in accordance with this Agreement including any change of address of any Beneficiary for the purposes of receiving distributions from the Liquidation Trust shall be in writing and shall be delivered personally or by first class or express mail, return receipt requested or fax with confirmation of receipt or email with receipt acknowledgement. Notices should be directed to:

If to the Liquidating Trustee:

Christopher R. Murray
Jones Murray LLP
602 Sawyer Street, Suite 400
Houston, TX 77007

With a copy to counsel to the Liquidation Trustee:

R. J. Shannon
Kyung S. Lee
Shannon & Lee LLP
2100 Travis Street, Suite 1525
Houston, TX 77002

If to a Beneficiary:

> To the name and distribution address set forth in the Claims Register or in the Liquidation Trust's books and records with respect to such Beneficiary.

The parties to this Agreement may designate in writing (with email being an acceptable method of communication) from time to time other and additional places to which notices may be sent.

11.9    No Bond.  Notwithstanding any state or other applicable law to the contrary, the Liquidating Trustee (including any successor Liquidating Trustee) shall be exempt from giving any bond or other security in any jurisdiction.

11.10    Successors and Assigns. This Agreement shall inure to the benefit of, and shall be binding upon, the parties hereto and their respective successors and assigns.

11.11    No Execution. All funds in the Liquidation Trust shall be deemed *in custodia legis* until such times as the funds have actually been paid to, or for the benefit of, a Beneficiary, and no Beneficiary or any other Person or Entity can bind, pledge, encumber, execute upon, garnish, or attach the Liquidation Trust Assets or the Liquidation Trust in any manner or compel payment from the Liquidation Trust except by final order of the Bankruptcy Court.

11.12    Relationship to the Plan and the Confirmation Order. The principal purpose of this Agreement is to aid in the implementation of the Plan and, therefore, this Agreement incorporates and is subject to, and the Liquidation Trust and Liquidating Trustee are bound by, the provisions of the Plan and the Confirmation Order. In the event that any provision of this Agreement is found to be inconsistent with a provision of the Plan, the provisions of the Plan shall control. In the event that any provision of the Plan is found to be inconsistent with a provision of the Confirmation Order, the Confirmation Order shall control.

11.13    Severability. If any term, provision, covenant, or restriction contained in this Agreement is held by a court of competent jurisdiction or other authority to be invalid, void, unenforceable, or against its regulatory policy, the remainder of the terms, provisions, covenants, and restrictions contained in this Agreement shall remain in full force and effect and shall in no way be affected, impaired, or invalidated.

11.14    Entire Agreement; No Waiver; Cumulative Rights and Remedies. The entire agreement of the parties relating to the subject matter of this Agreement is contained herein and in the Plan and Confirmation Order referred to herein, and this Agreement and such documents supersede any prior oral or written agreements, understandings, negotiations, and discussions, written or oral, of the Parties hereto, concerning the subject matter hereof. No failure to exercise or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any right, power or privilege hereunder preclude any

further exercise thereof or of any other right, power or privilege. The rights and remedies herein provided are cumulative and are not exclusive of rights under law or in equity.

    **IN WITNESS WHEREOF**, the parties hereto have either executed and acknowledged this Agreement or caused it to be executed and acknowledged on their behalf by their duly authorized officers or representatives, all as of the date first above written.

**CHAPTER 11 TRUSTEE:**

By: _____
Name:    Christopher R. Murray
Title:    Chapter 11 Trustee

**LIQUIDATING TRUSTEE:**

By: _____
Name:    Christopher R. Murray
Title:    Liquidation Trustee

**IN RE GALLERIA 2425 OWNER, LLC, CASE NO. 23-34815**
**SERVICE LIST (a/o June 7, 2024)**

**Debtor:**
Galleria 2425 Owner, LLC
1001 West Loop South Ste 700
Houston, TX 77027

**Debtor's Counsel:**
Reese W. Baker
Baker & Associates
950 Echo Lane Ste 300
Houston, TX 77024

James Q. Pope
The Pope Law Firm
616 Savoy Drive Ste 1125
Houston, TX 77036

**U.S. Trustee:**
Office of United States Trustee
Attn: Jana Smith Whitworth
515 Rusk Street Suite 3516
Houston, TX 77002

**Chapter 11 Trustee:**
Christopher R. Murray
602 Sawyer Street Ste 400
Houston, TX 77007

**Chapter 11 Trustee's Counsel:**
R. J. Shannon
Shannon & Lee LLP
2100 Travis Street Ste 1525
Houston, TX 77002

**Governmental Entities:**
Harris County Tax Assessor
P O Box 4622
Houston, TX 77210

Harris County, et al.
P O Box 2928
Houston, TX 77252-2928

**Twenty Largest Creditors:**
Caz Creek Lending
118 Vintage Park Blvd No. W
Houston, TX 77070

Cirro Electric
P O Box 60004
Dallas, TX 75266

City of Houston
P O Box 1560
Houston, TX 77251-1560

City of Houston Water Department
P O Box 1560
Houston, TX 77251-1560

Datawatch Systems
4520 East West Highway 200
Bethesda, MD 20814

Firetron
10101A Stafford Centre Dr.
Stafford, TX 77477

First Insurance Funding
450 Skokie Blvd
Northbrook, IL 60062

Gulfstream Legal Group
1300 Texas Street
Houston, TX 77002
(*Returned to Sender / Unable to Forward*)

Gulfstream Legal Group
720 N Post Oak Rd Ste 355
Houston, TX 77024

Hayward PLLC
10501 N Central Expy Ste 106
Dallas, TX 75231-2203

HNB Construction, LLC
521 Woodhaven
Ingleside, TX 78362

Houston Community College System
c/o Tara Grundemeier
Linebarger, Groggan, Blair & Sampson
P O Box 3064
Houston, TX 77253-3064

Houston Independent School District
P O Box 4668
Houston, TX 77210
(*Returned to Sender / Unable to Forward*)

Lexitas
P O Box 734298 Dept 2012
Dallas, TX 75373

Nationwide Security
2425 W Loop South Ste 300
Houston, TX 77027
(*Returned to Sender / Unable to Forward*)

Nichamoff Law Firm
2444 Times Blvd Ste 270
Houston, TX 77005

T&R Mechanical
21710 White Oak Drive
Conroe, TX 77306-8848

TKE
3100 Interstate North Cir SE 500
Atlanta, GA 30339

Zindler Cleaning Service Co.
2450 Fondren Ste 113
Houston, TX 77063

**Other Creditors / Interest Holders:**
2425 WL, LLC
60 West 2nd Street
Freeport, NY 11746

ADT
P O Box 382109
Pittsburgh, PA 15251

Ali Choudhri
1001 West Loop South 700
Houston, TX 77027

Ash Automated Control Systems, LLC
P O Box 1113
Fulshear, TX 77441

CFI Mechanical, Inc.
6109 Brittmoore Rd
Houston, TX 77041

CNA Insurance Company
P O Box 74007619
Chicago, IL 60674

Comcast
P O Box 60533
City of Industry, CA 91716

Environmental Coalition Inc.
P O Box 1568
Stafford, TX 77497

Ferguson Facilities Supplies
P O Box 200184
San Antonio, TX 78220

Jetall Companies Inc.
2425 West Loop South Ste 1100
Houston, TX 77027-4210

Kings 111 Emergency Communications
751 Canyon Drive Suite 100
Coppell, TX 75019

Logix Fiber Networks
P O Box 734120
Dallas, TX 75373

4884-0395-8725.v1

Mueller Water Treatment
1500 Sherwood Forest Dr
Houston, TX 77043

Smart Office Solutions
6623 Theall Road
Houston, TX 77066-1213
(*Returned to Sender / Unable to Forward*)

Waste Management
P O Box 660345
Dallas, TX 75266

Metwall Design Solutions LLC
10931 Day Road
Houston, TX 77043-4901

US Retailers LLC d/b/a Cirro Energy
Attn: Bankruptcy Department
P O Box 3606
Houston, TX 77253-3606

Naissance Galleria, LLC
c/o Law Office of Nima Taherian
701 N Post Oak Rd Ste 216
Houston, TX 77024

H.N.B. Construction, LLC
c/o Malcolm D. Dishongh
P O Box 2347
Humble, TX 77347-2347

CC2 TX, LLC
14800 Landmark Blvd Ste 400
Dallas, TX 75254

MacGeorge Law Firm
2921 E 17th St Bldg D Ste 6
Austin, TX 78702
(*Returned to Sender / Unable to Forward*)

MacGeorge Law Firm
701 Tillery Street Ste 12
Austin, TX 78702

**Executory Contract Counterparties:**
2425 West Loop LLC dba Metwall Design
Solutions LLC
2425 West Loop South Ste 800
Houston, TX 77027-4214
(*Returned to Sender / Unable to Forward*)

2425 WL, LLC
13498 Pond Springs Rd
Austin, TX 78729-442
(*Returned to Sender / Unable to Forward*)

2425 WL, LLC
700 Lavaca Street Ste 1401
Austin, TX 78701
(*Returned to Sender / Unable to Forward*)

Bankable Equities
2425 West Loop South Ste 600
Houston, TX 77027-4203

Boho Lounge
2425 West Loop South Ste 100
Houston, TX 77027-4205
(*Returned to Sender / Unable to Forward*)

CNA Insurance Company
P O Box 74007619
Chicago, IL 60674

Eyebrows 4UTX LLC
2425 West Loop South Ste 340b
Houston, TX 77027-4205

First Insurance Funding
450 Skokie Blvd
Northbrook, IL 60062

G3 Global Services LLC
2425 West Loop South Ste 310
Houston, TX 77027-4208

Galloworks
2425 West Loop South Ste 400
Houston, TX 77027-4205

3

Jetall Companies Inc.
2425 West Loop South Ste 1100
Houston, TX 77027-4210

Kudrath Enterprises PLLC
2425 West Loop South Ste 350
Houston, TX 77027-4208

Nationwide Investigations & Security Inc.
2425 West Loop South Ste 300
Houston, TX 77027-4207
(*Returned to Sender / Unable to Forward*)

Shah Sloan LLC
2425 West Loop South Ste 501, 503 and 523
Houston, TX 77027-4205
(*Returned to Sender / Unable to Forward*)

SIBS International Inc.
2425 West Loop South Ste 900
Houston, TX 77027-4205
(*Returned to Sender / Unable to Forward*)

SIBS International Inc.
2425 West Loop South Ste 350
Houston, TX 77027
(*Returned to Sender / Unable to Forward*)

SprintCom Inc.
2425 West Loop South, Rooftop
Houston, TX 77027-4205
(*Returned to Sender / Unable to Forward*)

St. Christopher Holdings GP LLC
2425 West Loop South Ste 700
Houston, TX 77027-4205

UL Therapy
2425 West Loop South Ste 315
Houston, TX 77027-4211

Uptown Cosmetic and Implant Dentistry
2425 West Loop South Ste 333
Houston, TX 77027-4211

**Parties Requesting Notice:**

Jeannie Lee Andressen
Tara Grundemeier
Linebarger Goggan Blair & Sampson LLP
P O Box 3064
Houston, TX 77253-3064
*Counsel for City of Houston, Houston
Community College System, and Houston
ISD*

Rodney Lee Drinnon
McCathern Houston
2000 West Loop South Ste 1850
Houston, TX 77027
*Counsel for Rodney Drinnon*

Susan Fuertes
Harris County Attorney's Office
P O Box 2928
Houston, TX 77252-2928
*Counsel for Harris County, Attn: Property
Tax Division*

James Robert MacNaughton
Porter & Powers PLLC
5900 Memorial Drive Ste 305
Houston, TX 77027
*Counsel for 2425 West Loop, LLC*
(*Returned to Sender / Unable to Forward*)

James Robert MacNaughton
Porter & Powers PLLC
1776 Yorktown St Ste 300
Houston, TX 77056
*Counsel for 2425 West Loop, LLC*
(*Returned to Sender / Unable to Forward*)

James Robert MacNaughton
Porter Firm, PLLC
2221 S. Voss Road, Suite 200
Houston, TX 77057
*Counsel for 2425 West Loop, LLC*

4

Stephen Wayne Sather
Mark E. Smith
Barron Newburger, P.C.
7320 N Mopac Expy Ste 400
Austin, TX 78731
*Counsel for 2425 WL, LLC*

Howard Marc Spector
Spector & Cox, PLLC
12770 Coit Road Ste 850
Dallas, TX 75251
*Counsel for CC2 TX, LLC*

Broocks Wilson
Kean Miller LLP
711 Louisiana Suite 1800
Houston, TX 77002
*Counsel for Sonder USA Inc.*

Ali Choudhri
2425 West Loop South 11th Floor
Houston, TX 77027

4884-0395-8725.v1