IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| GALLERIA 2425 Owner, LLC | § § | Case No. 23-34815 (JPN) |
| Debtor. | § § § | Chapter 11 |

NATIONAL BANK OF KUWAIT, S.A.K.P, NEW YORK
BRANCH'S RESPONSE TO SUPPLEMENTAL CONFIRMATION
OBJECTION FILED BY 2425 WL, LLC

**TO THE HONORABLE JEFFREY P. NORMAN, U.S. BANKRUPTCY JUDGE:**

For its response to 2425 WL, LLC's ("2425 WL") Supplemental Objection to Chapter 11 Plan of Liquidation of the Debtor filed by National Bank of Kuwait, S.A.K.P. New York Branch ("NBK") and to Final Approval of Disclosure Statement (the "Supplemental Objection") [ECF No. 526], NBK states as follows:

### THE SUPPLEMENTAL OBJECTIONS ARE NOT TIMELY

1. The Supplemental Objection asserts three new objections to confirmation of NBK's Plan of Liquidation (the "Plan").[1] Although 2425 WL acknowledges that these new objections are untimely as the deadline to object to the Plan passed almost two weeks ago, 2425 WL disingenuously contends that since the deadline it "has uncovered additional reasons why the plan is unconfirmable." Supplement Objection at ¶8. A cursory review of the new objections, however, makes clear that nothing new has happened since June 3, 2024, and indeed, everything that 2425 WL needed to know to assert any of the 'new' objections, it knew or clearly should have known by the June 3, 2024 objection deadline.

---

[1] Although 2425 WL indicated that only 'new' objections were presented in bold, the bold language in ¶ 9(f) of the Supplemental Response appears in its original response at ¶ 9(e). [ECF No. 401].

2.	First, at ¶ 9(d), 2425 WL contends that NBK has gerrymandered classes to create a class of accepting impaired creditors. The classification scheme in the Plan has been well-known since the Plan was filed on April 10, 2024, at least nine weeks before June 3, 2024. It has not changed. 2425 WL's explanation for failing to include this first new objection in its original objection – that it has uncovered additional reasons to object – fails.

3.	Second at ¶ 10, 2425 WL contends that NBK did not properly serve solicitation materials for the Plan. Service of solicitation materials for the Plan occurred on May 6, 2024, and an affidavit of service that attached the actual documents mailed and mailing lists used was filed on May 7, 2024. 2425 WL thus had this information for nearly a month before it filed its original objection. Again, its explanation for failing to have done is not credible. In addition, as discussed below, the Court recently held that service of these solicitation materials was proper when denying 2425 WL's efforts to derail the June 17, 2024 hearing on confirmation of the Plan making nearly identical arguments.

4.	Third, at ¶ 14, 2425 WL contends that no vote to accept the plan has been cast because 2425 WL objected to NBK's claims. 2425 WL filed an amended objection to NBK's claims on May 6, 2024, many weeks in advance of the June 3, 2024 objection deadline. [ECF No. 284]. It thus knew more than enough to object to any vote by NBK at that time.[2]

5.	There is no reasonable excuse for 2425 WL's failure to assert these objections with its original objection, and they should be summarily dismissed.

---

[2] Even if 2425 WL were to argue that it should be able to object on this ground because the Trustee did not file his voting summary on the Plan until June 7, 2024, 2425 WL's objection on this basis asserted 17 hours before the start of the confirmation hearing should be deemed untimely.

**On The Merits, These Objections Fail As Well**

*Classes Were Not Gerrymandered to Create an Accepting Impaired Class*

6. To proceed to confirmation, section 1129(a)(10) only requires that at least one impaired class of creditors votes in favor of the Plan.

7. It is beyond dispute that NBK's Class 4 claim is impaired and was voted in favor of the Plan. Separately classifying the unsecured claims in Classes 5(a), 5(b) and 6 was not (and was never) necessary to obtain the vote of an accepting impaired class. 2425 WL's gerrymandering objection, therefore, fails.

8. To the extent that 2425 WL objects to being classified separately from other unsecured claims, the justification for doing so is obvious. Unsecured creditors are out-of-the-money; NBK has proposed a plan that permits smaller trade creditors who provide services in the future with respect to the Property a nominal aggregate return and permits other non-insiders who extended credit to the debtor to potentially receive recoveries from litigation even though NBK would be entitled to all the value of this estate after senior tax claims are paid in full. Moreover, the sources of those recoveries are most likely to be from claims against the parties classified in Class 6, as is readily apparent from the claims objections and affirmative recovery actions commenced by the Trustee against them.

9. Furthermore, to the extent that 2425 WL objects to being classified only as an unsecured creditor, it has no reason to complain because, among other things:

   a. Its own (now withdrawn) plan of reorganization valued the Property at significantly less than NBK's debt, so it is unquestionably out of the money, that is, only an unsecured creditor.

3

    b. Its claim against the estate is highly suspect. The Trustee's objection to 2425 WL's claim cogently describes (a) why there is no claim and (b) why the deed of trust is ineffective. Without in any way limiting any objection to the 2425 WL's claim or any other claim, or any lawsuit commenced by the Trustee against 2425 WL or Mr. Choudhri and his companies, the deed of trust appears unenforceable on its face, because while it is notarized, the notary did not complete when the deed of trust was executed. See ECF No. 498-23. This failure to have provided the date of signing by Mr. Choudhri raises the question whether the deed of trust, which was filed on May 11, 2021, was signed after the notary's commission expired on April 26, 2021. *Id.*

    c. Finally, the NBK loan agreement prohibited any liens other than permitted liens of which the 2425 WL was not one. 2425 WL cannot not legitimately contend that a lien that Mr. Choudhri effectively gave to himself by being on both sides of the relevant deed of trust, in violation of NBK's loan agreement, creates an enforceable secured claim.

10. These are legitimate distinctions between the holders of claims in Classes 5(a) and 5(b) and holders of claims in Class 6.

*Service Of The Solicitation Package Was Proper*

11. Having lost a prior motion that service of the solicitation package by NBK for its Plan was improper, and notwithstanding this Court's order finding that service was proper and its prior order modified to endorse the notice given, 2425 WL now contends that the mailing of the notice failed because counsel to 2425 WL did not receive the package in the mail and allegedly parties to executory contracts did not receive the solicitation package.

12. With respect to counsel to 2425 WL, even though it was part of a Non-Voting Class, 2425 WL cast a ballot against the Plan. Whether counsel to 2425 WL received a package in the mail is irrelevant. Second, and more importantly, counsel for 2425 WL was served *electronically* with the solicitation package when the affidavit of service was filed on that docket on May 7, 2024 [ECF No. 290], counsel to 2425 WL was automatically served.

13. With respect to counterparties to executory contracts, these contracts have not been assumed or rejected and they are not able to vote as a result. Furthermore, to the extent that 2425 WL relies on the Court's prior order, it has been amended by its most recent. [ECF No. 507].

*NBK's Vote Of Its Loan Claim Is Properly Counted*

14. 2425 WL's contention that its objection to NBK's claims makes its vote in favor of the Plan a nullity fails for at least the following reasons:

   a. In the pre-petition Confidential Settlement Agreement among NBK, on the one hand, and the Debtor, Mr. Choudhri and at least one other entity (the "Choudhri Entities"), the Choudhri Entities agreed and acknowledged the amount, validity and security for NBK's loan claim and waived and released all claims against NBK. Mr. Choudhri efforts to avoid this agreement by the Choudhri Entities, through a separate instrumentality under his control, 2425 WL, by objecting to NBK's claims is improper and should be ignored. It should be taken for what it is – a desperate effort by Mr. Choudhri to obtain delay.

   b. Also, 2425 WL has taken the position that this Confidential Settlement Agreement is enforceable, which necessarily means that it must accept that the amount, validity and security for NBK's loan is beyond reproach. It cannot take this position and legitimately contend that there are valid objections to that claim. To do so is an

      impermissible effort to whip-saw both the Court and NBK. No one disputes that the loan was made and not repaid.

c. Finally, objections to the amount, validity, priority and security of NBK's claim based on its loan to the Debtor have been resolved and are now binding on all parties in interest, including 2425 WL, pursuant to the Final Cash Collateral Order [ECF No. 187]. 2425 WL's objections, if any, to NBK's claims such that they cannot be voted on the Plan are moot.

## CONCLUSION

For the foregoing reasons, the Court should disregard the additional objections contained in the Supplemental Objection, overrule them, and confirm the Plan. A proposed Confirmation Order overruling all objections has been separately filed at ECF No. 528.

DATED: June 16, 2024                **PILLSBURY WINTHROP SHAW PITTMAN LLP**

/s/ Charles C. Conrad
Charles C. Conrad
Texas State Bar No. 24040721
Ryan Steinbrunner
Texas State Bar No. 24093201
609 Main Street Suite 2000
Houston, TX 77002
Telephone: (713) 276-7600
Facsimile: (713) 276-7634
charles.conrad@pillsburylaw.com
ryan.steinbrunner@pillsburylaw.com

-   *and*   -

Andrew M. Troop  (Bar No. MA547179)
Patrick E. Fitzmaurice*
Kwame O. Akuffo*
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com
patrick.fitzmaurice@pillsburylaw.com
kwame.akuffo@pillsburylaw.com

*Admitted *pro hac vice*

***Counsel for National Bank of Kuwait, S.A.K.P., New York Branch***

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 16, 2024, a true and correct copy of this document was served via the Court's CM/ECF system on the Chapter 11 Trustee, the Debtor's proposed counsel of record and all others who are deemed to have consented to ECF electronic service, and also by mailing, first class, postage prepaid, to each of the parties on the attached service list.

/s/ Charles C. Conrad
Charles C. Conrad

**IN RE GALLERIA 2425 OWNER, LLC, CASE NO. 23-34815**
**SERVICE LIST (a/o June 7, 2024)**

**Debtor:**
Galleria 2425 Owner, LLC
1001 West Loop South Ste 700
Houston, TX 77027

**Debtor's Counsel:**
Reese W. Baker
Baker & Associates
950 Echo Lane Ste 300
Houston, TX 77024

James Q. Pope
The Pope Law Firm
616 Savoy Drive Ste 1125
Houston, TX 77036

**U.S. Trustee:**
Office of United States Trustee
Attn: Jana Smith Whitworth
515 Rusk Street Suite 3516
Houston, TX 77002

**Chapter 11 Trustee:**
Christopher R. Murray
602 Sawyer Street Ste 400
Houston, TX 77007

**Chapter 11 Trustee's Counsel:**
R. J. Shannon
Shannon & Lee LLP
2100 Travis Street Ste 1525
Houston, TX 77002

**Governmental Entities:**
Harris County Tax Assessor
P O Box 4622
Houston, TX 77210

Harris County, et al.
P O Box 2928
Houston, TX 77252-2928

**Twenty Largest Creditors:**
Caz Creek Lending
118 Vintage Park Blvd No. W
Houston, TX 77070

Cirro Electric
P O Box 60004
Dallas, TX 75266

City of Houston
P O Box 1560
Houston, TX 77251-1560

City of Houston Water Department
P O Box 1560
Houston, TX 77251-1560

Datawatch Systems
4520 East West Highway 200
Bethesda, MD 20814

Firetron
10101A Stafford Centre Dr.
Stafford, TX 77477

First Insurance Funding
450 Skokie Blvd
Northbrook, IL 60062

Gulfstream Legal Group
1300 Texas Street
Houston, TX 77002
(*Returned to Sender / Unable to Forward*)

Gulfstream Legal Group
720 N Post Oak Rd Ste 355
Houston, TX 77024

Hayward PLLC
10501 N Central Expy Ste 106
Dallas, TX 75231-2203

HNB Construction, LLC
521 Woodhaven
Ingleside, TX 78362

Houston Community College System
c/o Tara Grundemeier
Linebarger, Groggan, Blair & Sampson
P O Box 3064
Houston, TX 77253-3064

Houston Independent School District
P O Box 4668
Houston, TX 77210
(*Returned to Sender / Unable to Forward*)

Lexitas
P O Box 734298 Dept 2012
Dallas, TX 75373

Nationwide Security
2425 W Loop South Ste 300
Houston, TX 77027
(*Returned to Sender / Unable to Forward*)

Nichamoff Law Firm
2444 Times Blvd Ste 270
Houston, TX 77005

T&R Mechanical
21710 White Oak Drive
Conroe, TX 77306-8848

TKE
3100 Interstate North Cir SE 500
Atlanta, GA 30339

Zindler Cleaning Service Co.
2450 Fondren Ste 113
Houston, TX 77063

**Other Creditors / Interest Holders:**
2425 WL, LLC
60 West 2nd Street
Freeport, NY 11746

ADT
P O Box 382109
Pittsburgh, PA 15251

Ali Choudhri
1001 West Loop South 700
Houston, TX 77027

Ash Automated Control Systems, LLC
P O Box 1113
Fulshear, TX 77441

CFI Mechanical, Inc.
6109 Brittmoore Rd
Houston, TX 77041

CNA Insurance Company
P O Box 74007619
Chicago, IL 60674

Comcast
P O Box 60533
City of Industry, CA 91716

Environmental Coalition Inc.
P O Box 1568
Stafford, TX 77497

Ferguson Facilities Supplies
P O Box 200184
San Antonio, TX 78220

Jetall Companies Inc.
2425 West Loop South Ste 1100
Houston, TX 77027-4210

Kings 111 Emergency Communications
751 Canyon Drive Suite 100
Coppell, TX 75019

Logix Fiber Networks
P O Box 734120
Dallas, TX 75373

Mueller Water Treatment
1500 Sherwood Forest Dr
Houston, TX 77043

Smart Office Solutions
6623 Theall Road
Houston, TX 77066-1213
(*Returned to Sender / Unable to Forward*)

Waste Management
P O Box 660345
Dallas, TX 75266

Metwall Design Solutions LLC
10931 Day Road
Houston, TX 77043-4901

US Retailers LLC d/b/a Cirro Energy
Attn: Bankruptcy Department
P O Box 3606
Houston, TX 77253-3606

Naissance Galleria, LLC
c/o Law Office of Nima Taherian
701 N Post Oak Rd Ste 216
Houston, TX 77024

H.N.B. Construction, LLC
c/o Malcolm D. Dishongh
P O Box 2347
Humble, TX 77347-2347

CC2 TX, LLC
14800 Landmark Blvd Ste 400
Dallas, TX 75254

MacGeorge Law Firm
2921 E 17th St Bldg D Ste 6
Austin, TX 78702
(*Returned to Sender / Unable to Forward*)

MacGeorge Law Firm
701 Tillery Street Ste 12
Austin, TX 78702

**Executory Contract Counterparties:**
2425 West Loop LLC dba Metwall Design Solutions LLC
2425 West Loop South Ste 800
Houston, TX 77027-4214
(*Returned to Sender / Unable to Forward*)

2425 WL, LLC
13498 Pond Springs Rd
Austin, TX 78729-442
(*Returned to Sender / Unable to Forward*)

2425 WL, LLC
700 Lavaca Street Ste 1401
Austin, TX 78701
(*Returned to Sender / Unable to Forward*)

Bankable Equities
2425 West Loop South Ste 600
Houston, TX 77027-4203

Boho Lounge
2425 West Loop South Ste 100
Houston, TX 77027-4205
(*Returned to Sender / Unable to Forward*)

CNA Insurance Company
P O Box 74007619
Chicago, IL 60674

Eyebrows 4UTX LLC
2425 West Loop South Ste 340b
Houston, TX 77027-4205

First Insurance Funding
450 Skokie Blvd
Northbrook, IL 60062

G3 Global Services LLC
2425 West Loop South Ste 310
Houston, TX 77027-4208

Galloworks
2425 West Loop South Ste 400
Houston, TX 77027-4205

3

| | |
|---|---|
| Jetall Companies Inc.<br>2425 West Loop South Ste 1100<br>Houston, TX 77027-4210 | **Parties Requesting Notice:**<br>Jeannie Lee Andressen<br>Tara Grundemeier<br>Linebarger Goggan Blair & Sampson LLP<br>P O Box 3064<br>Houston, TX 77253-3064<br>*Counsel for City of Houston, Houston Community College System, and Houston ISD* |
| Kudrath Enterprises PLLC<br>2425 West Loop South Ste 350<br>Houston, TX 77027-4208 | |
| Nationwide Investigations & Security Inc.<br>2425 West Loop South Ste 300<br>Houston, TX 77027-4207<br>(*Returned to Sender / Unable to Forward*) | Rodney Lee Drinnon<br>McCathern Houston<br>2000 West Loop South Ste 1850<br>Houston, TX 77027<br>*Counsel for Rodney Drinnon* |
| Shah Sloan LLC<br>2425 West Loop South Ste 501, 503 and 523<br>Houston, TX 77027-4205<br>(*Returned to Sender / Unable to Forward*) | Susan Fuertes<br>Harris County Attorney's Office<br>P O Box 2928<br>Houston, TX 77252-2928<br>*Counsel for Harris County, Attn: Property Tax Division* |
| SIBS International Inc.<br>2425 West Loop South Ste 900<br>Houston, TX 77027-4205<br>(*Returned to Sender / Unable to Forward*) | |
| SIBS International Inc.<br>2425 West Loop South Ste 350<br>Houston, TX 77027<br>(*Returned to Sender / Unable to Forward*) | James Robert MacNaughton<br>Porter & Powers PLLC<br>5900 Memorial Drive Ste 305<br>Houston, TX 77027<br>*Counsel for 2425 West Loop, LLC*<br>(*Returned to Sender / Unable to Forward*) |
| SprintCom Inc.<br>2425 West Loop South, Rooftop<br>Houston, TX 77027-4205<br>(*Returned to Sender / Unable to Forward*) | James Robert MacNaughton<br>Porter & Powers PLLC<br>1776 Yorktown St Ste 300<br>Houston, TX 77056<br>*Counsel for 2425 West Loop, LLC*<br>(*Returned to Sender / Unable to Forward*) |
| St. Christopher Holdings GP LLC<br>2425 West Loop South Ste 700<br>Houston, TX 77027-4205 | |
| UL Therapy<br>2425 West Loop South Ste 315<br>Houston, TX 77027-4211 | James Robert MacNaughton<br>Porter Firm, PLLC<br>2221 S. Voss Road, Suite 200<br>Houston, TX 77057<br>*Counsel for 2425 West Loop, LLC* |
| Uptown Cosmetic and Implant Dentistry<br>2425 West Loop South Ste 333<br>Houston, TX 77027-4211 | |

4

4884-0395-8725.v1

Stephen Wayne Sather
Mark E. Smith
Barron Newburger, P.C.
7320 N Mopac Expy Ste 400
Austin, TX 78731
*Counsel for 2425 WL, LLC*

Howard Marc Spector
Spector & Cox, PLLC
12770 Coit Road Ste 850
Dallas, TX 75251
*Counsel for CC2 TX, LLC*

Broocks Wilson
Kean Miller LLP
711 Louisiana Suite 1800
Houston, TX 77002
*Counsel for Sonder USA Inc.*

Ali Choudhri
2425 West Loop South 11th Floor
Houston, TX 77027

5

4884-0395-8725.v1