IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-35815 |
| GALERIA 242 OWNER, LLC, | § | |
| | § | Chapter 11 |
| Debtor. | § | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS TO CONTRACT AND CURE SCHEDULE AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES AND CONTRACTS IN CONNECTION WITH SALE OF PROPERTY OF THE ESTATE**

2425 West Loop, LLC, a tenant, creditor, and party in interest to the Debtor ("**2425 West Loop**"), filed this *Limited Objection and Reservation of Rights to Contract and Cure Schedule and Potential Assumption and Assignment of Unexpired Leases and Contracts in Connection with Sale of Property of the Estate* ("**Objection**"), as follows:

1. On December 5, 2023 ("**Petition Date**") Galleria 2425 Owner, LLC ("**Debtor**") filed a voluntary Petition for Chapter 11 protection under Title 11 of the United States Code (11 U.S.C. §§101, *et seq.*)("**Bankruptcy Code**") commencing this above-captioned case ("**Bankruptcy Case**"). [1]

2. On January 31, 2023, the Court entered its *Order Abating Motion to Convert Case to Chapter 7 and Appointing Chapter 11 Trustee* [Docket No. 099] and, on February 9, 2024, the Court entered an Order [Docket No. 116] appointing Christopher R. Murray as the Chapter 11 Trustee ("**Trustee**").

3. On April 11, 2023, 2425 West Loop entered into a Lease Agreement ("**Lease**") with the Debtor for approximately 26,900 square feet on the 8th floor of the building located at 2425 West Loop South, Houston, Texas ("**Building**"), being the principal asset of the Debtor, and related

---

[1] The Debtor also filed a prior bankruptcy proceeding under Case No. 23-60036; *In re Galleria 2425, Owner LLC*, which was dismissed for cause on November 1, 2023.

rights granted therein (together "**Premises**").

4. On April 5, 2024, the Trustee filed his *Motion for Entry of an Order (I) Approving Procedures for the Sale of Property Free and Clear of all Liens, Claims, and Encumbrances,; (1) Scheduling an Auction; (III) Authorizing Entry Into the Stalking Horse Purchase Agreement; (IV) Approving Assumption and Assignment Procedures; (V) Approving Form of Notice; and (VI) Granting Related Relief* [Docket No. 188] ("**Sale Motion**"). The property being sold by the Trustee is the Building which contains the Premises described in, and burdened by, the Lease.

5. On April 29, 2024, the Court entered its *Order (I) Approving Procedures for the Sale of Property Free and Clear of all Liens, Claims and Encumbrances,; (I) Scheduling an Auction; (III) Authorizing Entry Into the Stalking Horse Purchase Agreement; (IV) Approving Assumption and Assignment Procedures; (V) Approving Form of Notice; and (VI} Granting Related Relief* [Docket No. 254] ("**Bid Procedures Order**").

6. Pursuant to the Bid Procedures Order, on May 2, 2024, the Trustee filed his *Notice of Assumption and Assignment Procedures* [Docket No. 266] ("**Assignment Procedures**") and, on June 7, 2024, the Trustee filed its *Contract and Cure Schedule* [Docket No. 437] ("**Cure Notice**"), which listed the potential leases and contracts which were subject to such potential assumption and assignment, as well as the proposed cure amounts for each.

7. 2425 West Loop's Lease was listed as an assumed contract/lease, as item number 1, with a proposed cure amount of $0.00 ("**Proposed Cure Amount**").

## CURE OBJECTION

8. 2425 West Loop objects to the Proposed Cure Amount because it is incorrect and does not include all of the amounts that are owed to 2425 West Loop. The amount of $248,340.70 is owed by the Debtor under the Lease. Pursuant to the Lease, the Debtor had certain construction,

fit-out and furnishing reimbursement obligations ("**Landlord Obligations**"). The Debtor is in default of the Lease for its failure to perform the Landlord Obligations as agreed upon.

9. 2425 West Loop is open to having the Lease assumed and assigned to the potential buyer subject to receipt and review of an adequate assurance package, payment of the Landlord Obligations, and confirmation that the potential buyer is willing to comply with the Lease and allow finishing out construction as set forth in the Lease. However, it should also be noted that there was a build-out schedule that was delayed by the Debtor by this and the prior bankruptcy proceedings, and 2425 West Loop is agreeable to rescheduling the start date for the Lease for twelve (12) months.

10. 2425 West Loop also objects to the Proposed Cure Amount for the Lease to the extent such Proposed Cure Amount does not include any additional unpaid amounts that accrue and remain unpaid prior to the date of assumption or, in the case of an assumption and assignment to a proposed purchaser, prior to Closing. These amounts include both pre- and post- petition charges which remain unpaid, including any charges which may accrue prior to the date of assumption.  In addition, 425 West Loop reserves the right to include any attorneys' fees and costs which may be payable under the terms of the Lease.

11. To assume an executory contract or unexpired contract, a debtor-in-possession or the Trustee must, at the time of assumption: (a) cure all existing defaults; (b) compensate the non-debtor party for any actual pecuniary loss resulting from such defaults; and (c) provide adequate assurance of future performance under the contract. 11 U.S.C. § 365(B)(1).  When assuming a contract, the debtor must do so *cum onere,* with all the burdens as well as the benefits.  *NL.R.B. v. Bi/disco & Bi/disco,* 465 U.S. 513, 531 (1984) ("[s]hould the debtor in possession elect to assume the executory contract, ... it assumes the contract cum onere"); *In re Fleming Companies, Inc.,* 499

F.3d 300,308 (3d Cir. 2007) (citations omitted). If a contract is proposed to be assigned to a purchaser or other third party, the requirement of adequate assurance of future performance is applicable to such assignee. *See* 11 U.S.C. § 365(F)(2)(B); *In re Fleming Companies, Inc.,* 499 F.3d at 305.

12. Accordingly, any Order that is entered establishing a cure amount with respect to either of the Agreements must require the Trustee to pay 242 West Loop its actual cure amount for the Lease and any other obligations which may accrue.

## RESERVATION OF RIGHTS CONCERNING CURE AND ASSUMPTION

13. 2425 West Loop reserves its rights to supplement this Objection prior to any final determination by the Court regarding the assumption and assignment of either of the Agreements, including the amount and payment required for purposes of cure under Section 365 of the Bankruptcy Code, as well as any attorneys' fees and costs which may be payable under the terms of the Lease. 11 U.S.C § 365.

14. 2425 West Loop further reserves the right to object to any other relief sought by either the Trustee or any proposed purchaser in connection with any proposed assignment of either of the Agreements including, without limitation, any proposed showing of adequate assurance of future performance for any purchaser if assigned. Currently, the Trustee is in the midst of a sale process and 2425 West Loop has not received any information on the sale itself, contact information for the purchaser, any assumption, or any adequate assurance. 2425 West Loop reserves the right to object to any such assumption and assignment of the Lease after review of the adequate assurance information.

15. This reservation of rights is not intended to be, nor should be construed as, a waiver by 2425 West Loop of any of its rights under either of the Lease, the Bankruptcy Code, or

applicable law. 2425 West Loop files this Objection and Reservation of Rights to reserve and preserve any and all rights it have in connection with any proposed assumption and assignment of either of the Agreements and adequate assurance including, without limitation, issues regarding the financial condition and ability of any proposed assignee to meet the heightened requirements for assumption and assignment of contracts and leases as set forth in Section 365 of the Bankruptcy Code.

## PRAYER

Wherefore, 2425 West Loop, LLC requests that the Court enter an Order: (1) establishing the actual cure amounts owed to 2425 West Loop for each of the Lease and requiring the Trustee or the purchaser to pay such cure amounts in full upon assumption; (2) requiring any proposed purchaser to cure any additional defaults that may occur under the Lease, subject to offset, between the date of this Objection and the effective date of any assumption and assignment to any proposed purchaser; (3) requiring that the Lease be assumed and assigned as revised; and (4) granting 2425 West Loop such additional and further relief as the Court may deem to be just and proper, at law and in equity.

DATED: July 1, 2024

Respectfully Submitted,

By: /s/J. Robert MacNaughton
    J. Robert MacNaughton
    Texas State Bar No. 00789944
    SDTX Fed. Bar No. 18350
    Email: robert@porterfirm.com
    2221 S. Voss Road, Suite 200
    Houston, Texas 77057
    Telephone: (713) 621-0700
    Telecopier: (713) 621-0709

OF COUNSEL

Porter Firm, PLLC
Weston P. Ray
State Bar No. 24088307
SDTX Fed. Bar No. 3134994
weston@porterfirm.com
2221 S. Voss Road, Suite 200
Houston, Texas 77057
Telephone: (713) 621-0700
Telecopier: (713) 621-0709

                                        **ATTORNEYS FOR 2425 WEST LOOP**

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of this document will be electronically mailed to the parties that are registered to receive electronic notices in this case pursuant to the CM/ECF Procedures in this District, on this 1st day of July 2024.

                                    By: */s/J. Robert MacNaughton*
                                                 J. Robert MacNaughton