IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 23-34815 |
| GALLERIA 2425 OWNER, LLC, § | |
| § | CHAPTER 11 |
| DEBTOR § | |

### RESPONSE TO TRUSTEE'S OBJECTION TO
### CLAIM NO. 7 OF 2425 WL, LLC
### [DOCKET NO. 402]

2425 WL, LLC respectfully responds in opposition to "Trustee's Objection to Claim No. 7 of 2425 WL LLC" filed on June 3, 2024 (Docket No. 402) (the "Objection to Claim No. 7").

1. **2425 WL, LLC's Claim No. 7.** 2425 WL, LLC timely filed its proof of claim on March 21, 2024 in the secured amount of $22,968,231.58. 2425 WL, LLC's deed of trust is attached as an exhibit. (See Claim No. 7).

2. **Trustee's Objection.** The Chapter 11 Trustee, Christopher R. Murray, filed his objection on June 3, 2024 (Docket No. 402). In the objection, the Trustee seeks an order disallowing Claim No. 7 in its entirety. Thereafter, 2425 WL, LLC filed its Supplemental Proof of Claim on June 28, 2024 to add as exhibits the Promissory Note and settlement statement. These added exhibits were previously produced and are referenced and analyzed by the Trustee in his objection.

3. **Invoking the Adversary Rules.** The Trustee's objections to 2425 WL, LLC's Claim No. 7 involves determination of the validity and enforceability of 2425 WL, LLC's deed of trust lien. This is an *in rem* claim which will not be paid by the estate. Therefore, the objection to Proof of Claim No. 7 constitutes an adversary proceeding under Fed. R. Bankr. P. 7001(1) & (9).

2425 WL, LLC hereby invokes the adversary rules pursuant to Fed. R. Bankr. P. 3007(b). Therefore, adversary notices should be issued, adversary procedures should be followed, and this objection to proof of claim should be tried as an adversary proceeding.

4. **Lack of Standing of Chapter 11 Trustee.** The estate has no liability on this *in rem* claim. The Trustee has no standing to object. NBK has not objected to the claim.

5. **Burden of Proof.** The Proof of Claim includes all documents and information required by Bankruptcy Rule 30001(c), and in all respects complies with Bankruptcy Rule 3001 and Official Form for proof of claims. Accordingly, 2425 WL, LLC's proof of claim constitutes *prima facie* evidence of the validity and the amount of 2425 WL, LLC's claim. Fed. R. Bankr. P. 3001(f).

6. The burden of proof on the proof of claim is:

> Properly filing a proof of claim constitutes *prima facie* evidence of the claim's validity and amount. Rule 3001(f). If the Trustee objects, it is his burden to present enough evidence to overcome the *prima facie* effect of the claim. If the Trustee succeeds, the creditor must prove the validity of the claim.

*McGee v. O'Connor (In re O'Conner)*, 153 F.3d 258, 260 (5th Cir. 1998).

7. **Merits of Claim.** Considering the note, deed of trust, and especially the Settlement Statement, the note and the lien are valid. A delay in recording the deed of trust does not render the transaction voidable or fraudulent. The evidence at trial will prove that this was an arms-length, valid transaction.

8. **Effect of Chapter 11 Plan.** The Chapter 11 plan has no binding, collateral estoppel, or *res judicata* effect on this proof of claim or the Trustee's objection. The Trustee may argue that this Court's plan confirmation order entered June 22, 2024 (Docket No. 566), renders the proof of claim moot. However, as a matter of law, that is incorrect. Both *res judicata* and collateral estoppel require that an order be a "final order". NBK's plan is neither effective nor substantially

consummated on its own terms. This Court's confirmation order is not a final order as it remains subject to appeal. 2425 WL, LLC intends to file a notice of appeal and prosecute the appeal pursuant to 28 U.S.C.

WEREFORE, PREMISES CONSIDERED, 2425 WL, LLC respectfully prays that with respect to Proof of Claim No. 7, this Court:

(a) Deny the Trustee's Objection to Claim No. 7;

(b) Allow 2425 WL, LLC's secured claim in the amount of $22,968,231.58 *in rem* against the property;

(c) Invoke the adversary rules for this objection to claim; and

(d) Grant 2425 WL, LLC such other and further relief, in equity or at law, to which it shows itself justly entitled.

Dated: July 3, 2024                     Respectfully submitted,

*/s/ H. Gray Burks, IV*
H. Gray Burks, IV
State Bar No. 03418320
BurksBaker, PLLC
950 Echo Ln, Suite 300
Houston, TX 77024
Telephone: (713) 897-1297
Facsimile: (713) 869-9100
Email: gray.burks@burksbaker.net

*Attorneys for 2425 WL, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Response has been served on the parties listed below, via electronic delivery through the Court's CM/ECF system or by deposit in the United States Mail, first class postage prepaid on July 3, 2024.

**U.S. Mail**
Galleria 2425 Owner, LLC
1001 West Loop South 700
Houston, TX 77027
*Debtor*

**ECF/CM**
Reese W Baker
Baker & Associates
950 Echo Lane
Suite 300
Houston, TX 77024
*Attorney for Debtor*

**ECF/CM**
James Q. Pope
The Pope Law Firm
6161 Savoy Drive
Ste 1125
Houston, TX 77036
*Attorney for Debtor*

**ECF/CM**
Jeffrey W Steidley
Steidley Law Firm
3000 Weslayan
Ste 200
Houston, TX 77027
*Attorney for Debtor*

**ECF/CM**
Christopher R Murray
Jones Murray LLP
602 Sawyer St
Ste 400
Houston, TX 77007
*Chapter 11 Trustee*

**ECF/CM**
Kyung Shik Lee
Kyung S. Lee PLLC
4723 Oakshire Drive
Apt. B
Houston, TX 770027
*Attorney for Chapter 11 Trustee*

**ECF/CM**
R.J. Shannon
Shannon & Lee LLP
2100 Travis Street, Ste 1525
Houston, TX 77002
*Attorney for Chapter 11 Trustee*

**ECF/CM**
US Trustee
Office of the US Trustee
515 Rusk Ave Ste 3516
Houston, TX 77002
*U.S. Trustee*

*/s/ H. Gray Burks, IV*
H. Gray Burks, IV