## PROMISSORY NOTE

$14,730,332.38 (USD)              Houston, Texas
May 23, 2018

FOR VALUE RECEIVED, **Galleria 2425 Owner, LLC** ("Borrower"), a Delaware limited liability company with an address at 1001 W. Loop South, Suite 700 Houston Texas 77027, through its managing member **Galleria 2425 JV, LLC**, a Delaware limited liability company, hereby unconditionally promises to pay to the order of **2425 WL, LLC**, a New York limited liability company, having an address at 11509 S Lou Al Dr Houston Texas 77024 ("Lender"), or at such other place as the holder hereof may from time to time designate in writing, the maximum principal sum of **FOURTEEN MILLION SEVEN HUNDRED AN THIRTY THOUSAND THREE HUNDRED AND THIRTY TWO AND 38/100 DOLLARS ($14,730,332.38)** in lawful money of the United States of America with interest thereon to be computed from the date of this Note at the Applicable Interest Rate, and to be paid in accordance with the terms of this Note, and the Deed of Trust (the "Deed of Trust"), dated as of the date hereof, between Borrowers and Lender (the "Loan Agreement"). All capitalized terms not defined herein shall have the meanings set forth in the Deed of Trust. This Note and the Deeds of Trust are sometimes collectively referred to as the "Loan Documents" or singly as "Loan Document."

### ARTICLE 1 - Payment Terms

Borrowers agree to pay the principal sum of this Note, together with all accrued and unpaid interest thereon, all at the stated regular rate of ten percent (10.00%) per annum (the "Applicable Rate") on or before May 22, 2021 (the "Maturity Date"). Commencing May 23, 2018 and continuing on the 23rd of each subsequent May until the Maturity Date, Borrower agrees to pay to Lender interest-only payments based on the principal sum of this Note and the Applicable Rate.

If Borrowers fail to pay the amount stated in the preceding paragraph, together with all accrued and unpaid interest thereon on or before the Maturity Date, Borrower shall pay to Lender additional interest at the Default Rate of the lesser of eighteen percent (18.00%) per annum (the "Default Rate") or the maximum amount allowed by the laws for the State of New York.

### ARTICLE 2 - Default And Acceleration

The Debt shall without notice become immediately due and payable at the option of Lender if any payment of principal or interest required in this Note is not paid on or prior to the date when due or if not paid on the Maturity Date or on the happening of any other Event of Default and in addition, Lender shall be entitled to receive interest on the entire unpaid principal sum at the Default Rate pursuant to the terms of the Loan Agreement. This Article 2, however, shall not be construed as an agreement or privilege to extend the date of the payment of the Debt, nor as a waiver of any other right or remedy accruing to Lender by reason of the occurrence of any Event of Default.

### ARTICLE 3 - Loan Documents

This Note is secured by the Deed of Trust. All of the terms, covenants and conditions contained in any other Loan Document are hereby made part of this Note to the same extent and with the same force as if they were fully set forth herein.

### ARTICLE 4 - Savings Clause

This Note and the other Loan Documents are subject to the express condition that at no time shall Borrowers be obligated or required to pay interest on the principal balance of the Loan at a rate which could subject Lender to either civil or criminal liability as a result of being in excess of the Maximum Legal Rate. If, by the terms of this Note or any other Loan Document, Borrowers are at any time required or obligated to pay interest on the principal balance due hereunder at a rate in excess of the Maximum Legal Rate, the Applicable Interest Rate or the Default Rate, as the case may be, shall be deemed to be immediately reduced to the Maximum Legal Rate and all previous payments in excess of the Maximum Legal Rate shall be deemed to have been payments in reduction of principal and not on account of the interest due hereunder. All sums paid or agreed to be paid to Lender for the use, forbearance, or detention of the sums due under the Loan, shall, to the extent permitted by applicable law, be amortized, prorated, allocated, and spread throughout the full stated term of the Loan until payment in full so that the rate or amount of interest on account of the Loan does not exceed the Maximum Legal Rate of interest from time to time in effect and applicable to the Loan for so long as the Loan is outstanding.

### ARTICLE 5 - No Oral Change

This Note may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Borrowers or Lender, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

### ARTICLE 6 - Waivers

Borrowers and all others who may become liable for the payment of all or any part of the Debt do hereby severally waive presentment and demand for payment, notice of dishonor, notice of intent to accelerate, notice of acceleration, protest, notices of protest and/or of non-payment and any and all other notices of any kind except any such notice expressly required by this Note. No release of any security for the Debt or extension of time for payment of this Note or any installment hereof, and no alteration, amendment or waiver of any provision of this Note or any other Loan Documents made by agreement between Lender or any other Person shall release, modify, amend, waive, extend, change, discharge, terminate or affect the liability of Borrowers, and any other Person who may become liable for the payment of all or any part of the Debt, under this Note, the Loan Agreement or the other Loan Documents.

No notice to or demand on Borrowers shall be deemed to be a waiver of the obligation of Borrowers or of the right of Lender to take further action without further notice or demand as provided for in this Note, the Loan Agreement or the other Loan Documents. In the case of

Grove, the agreements herein contained shall remain in force and be applicable, notwithstanding any changes in the members comprising Grove, and the term "Borrower" as used herein, shall include any alternate or successor limited liability company, but any predecessor limited liability company shall not thereby be released from any liability. (Nothing in the foregoing sentence shall be construed as a consent to, or a waiver of, any prohibition or restriction on transfers of interests in such partnership, corporation or limited liability company which may be set forth in any Loan Document.)

### ARTICLE 7 - Transfer

Upon the transfer of this Note, Borrowers hereby waiving notice of any such transfer, Lender may deliver all the collateral mortgaged, granted, pledged or assigned pursuant to the Loan Documents, or any part thereof, to the transferee who shall thereupon become vested with all the rights herein or under applicable law given to Lender with respect thereto, and Lender shall thereafter forever be relieved and fully discharged from any liability or responsibility in the matter accruing from and after the date of the transfer; but Lender shall retain all rights hereby given to it with respect to any liabilities and the collateral not so transferred.

### ARTICLE 8 - Governing Law

This Note shall be governed in accordance with the laws of the State of New York.

### ARTICLE 9 - Notices

All notices or other written communications hereunder shall be delivered to the respective addresses for each such party shown hereinabove, unless the party to whom notice is directed has given notice that its address has changed and provided the party from whom notice is given its new address.

### ARTICLE 10 -

[Intentionally omitted.]

### ARTICLE 11 - Liability

The obligations and liabilities of each Borrower hereunder shall be joint and several.

**[NO FURTHER TEXT ON THIS PAGE]**

IN WITNESS WHEREOF, EFFECTIVE as of the day and year first above written.

BORROWER:

GALLERIA 2425 OWNER, LLC,
a Delaware limited partnership

By: GALLERIA 2425 JV, LLC
Its Managing Member

By: _____
Its Authorized Agent