THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 23-34815 |
| GALLERIA 2425 OWNER, LLC | § | |
| | § | Chapter 11 |
| Debtor. | § | |

**LIQUIDATION TRUSTEE'S MOTION TO TREAT ORDINARY COURSE EXPENSES AS ALLOWED ADMINISTRATIVE CLAIMS UNDER THE CONFIRMED PLAN**

This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have no reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the Court may consider evidence at the hearing and may decide the motion at the hearing.

Represented parties should act through their attorney.

A hearing on this motion scheduled for October 30, 2024, at 11:00 am, in Courtroom 403, 515 Rusk Street, Houston, TX 77002.

Expediated consideration is sought by separate motion. If the Court considers this motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that expedited consideration is not warranted, you should file an immediate response.

TO THE HON. JEFFREY NORMAN,
UNITED STATES BANKRUPTCY JUDGE:

1. The Liquidation Trustee served as the chapter 11 trustee for the debtor-in-possession prior to August 21, 2024, the Effective Date, as defined in the Plan at DE 676.

2. The trustee had been paying the debtor's operating expenses in the ordinary course pursuant to the Court's *Final Order Authorizing the Trustee to Use Cash Collateral*. DE 187.

3. The trustee paid many operating expenses as they arose, but certain operating expenses were incurred prior to the Effective Date and were either not invoiced or not paid prior to the Effective Date, giving rise to administrative claims for those vendors.

4. The plan requires that all administrative claims incurred prior to the Effective Date be paid in full. DE 566 at 17-18.

5. The plan sets a deadline for filing administrative claims 45-days after the Effective Date, which falls on October 5, 2024. DE 566 at 18.

6. The trustee seeks permission to treat ordinary course operating expenses incurred post-petition and prior to the Effective Date as allowed administrative claims without further application or order of the Court.

7. The estimated amounts of those payments, based on invoices received to date, appears at **Exhibit A**. These amounts are in line with what the trustee anticipated.

8. There may be additional amounts incurred in the ordinary course to which the trustee is not currently aware. The trustee seeks authority to treat any such invoices as allowed administrative claims in his business judgment.

9. The purpose of this motion is to avoid imposing an unnecessary cost on ordinary course vendors and others who provided compensable services to the then-debtor-in-

possession. Many of these vendors are likely unfamiliar with or unequipped to pursue their administrative claims in an efficient and effective manner.

10. Further, for each filed claim, the trustee and his professionals would have to review those claims, potentially duplicating the cost already incurred in reviewing the invoices themselves. Each filed claim also creates a motion or filing with the Court. Even if unopposed, processing those claims would take Court resources.

11. The trustee is currently holding over $900,000 in the Liquidation Trust that is earmarked for administrative claims, including any allowed compensation claims. The trustee believes this balance is sufficient to cover anticipated allowed administrative expenses.

12. To the extent there is a surplus, that amount would accrue to the benefit of Liquidation Trust beneficiaries, of whom the National Bank of Kuwait ("NBK") is the outsized member, owing to its substantial deficiency claim in the chapter 11 case.

Dated: September 16, 2024

Respectfully submitted,

*/s/ Christopher Murray*
602 Sawyer, Suite 400
Houston, TX 77007
Telephone: (832) 529-3027
Facsimile: (832) 529-3393
chris@jonesmurray.com

*Liquidation Trustee*

**Exhibit A**

| Vendor | Amount |
|---|---|
| APS Building Services | 15,895.09 |
| ATI | 7,157.16 |
| CAS, Inc. | 6,042.21 |
| Cirro | 21,567.20 |
| Datawatch | 6,906.07 |
| EBI | 2,250.00 |
| Energy Mechanical Services | 5,953.75 |
| JLL | 21,342.63 |
| Kings III | 1,378.33 |
| Straive | 1,369.68 |
| TKE | 15,534.01 |
| United Protective Services | 14,057.74 |