IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § <br> § <br> **GALLERIA 2425 Owner, LLC** § <br> § <br> Debtor. § <br> § | § **Case No. 23-34815 (JPN)** <br> § <br> § **Chapter 11** <br> § |

**NATIONAL BANK OF KUWAIT, S.A.K.P, NEW YORK BRANCH'S
EMERGENCY MOTION TO ENFORCE THE GATE-KEEPING
PROVISIONS OF THE CONFIRMED CHAPTER 11 PLAN**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have no reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the Court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**
>
> **Emergency Relief has been requested if the Court considers the motion on an emergency bases, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

**TO THE HONORABLE JEFFREY P. NORMAN, U.S. BANKRUPTCY JUDGE:**

National Bank of Kuwait, S.A.K.P. New York Branch ("NBK") files this Emergency Motion to Enforce the gate-keeping provisions in the confirmed and unstayed chapter 11 plan [*see* ECF No. 566 (the "Plan" and "Confirmation Order")] (the "Motion") and states as follows:

**PRELIMINARY STATEMENT**

1. The Plan, which was confirmed pursuant to the Court's June 22, 2024 Confirmation Order, imposes certain gate-keeping obligations on parties that are prosecuting or intend to

prosecute claims against parties who received releases of estate claims under the confirmed Plan, including NBK.

2. Although more than 3 months have passed since entry of the Confirmation Order, two parties, Naissance Galleria, LLC ("Naissance") and the Debtor's principal Ali Choudhri, with pending actions against NBK that relate to the Debtor (the "Pending Actions") have neither dismissed the pending actions nor have they come to this Court to satisfy the prerequisites for continuing the Pending Actions. The Pending Actions, on their face, assert claims that are identical to or very similar to, claims that have been dismissed with prejudice by this Court in, for example, Adversary No. 23-03263. [Case No. 23-0326, ECF No. 26].

3. Accordingly, NBK requests that the Court enforce the terms of the Plan and Confirmation Order by staying the pending litigation described below and ordering the plaintiffs to show cause why those actions are pursuing colorable claims that are not estate claims that have been released, including establishing an expedited briefing schedule.

**LOCAL RULE 9013-1(i) STATEMENT REGARDING EMERGENCY RELIEF**

4. NBK seeks emergency relief on or before October 18, 2024 because one of the Pending Actions is currently set for trial on November 18, 2024. Ruling on this motion sufficiently before November 18, 2024, is appropriate to avoid unnecessary cost and expenses and to conserve judicial resources across both State and Federal Courts. Efforts to move this November 18 trial date or otherwise obtain the voluntary dismissal of this action with Naissance, the plaintiff in that action, have been unsuccessful. The undersigned certifies that these facts in support of emergency relief are accurate.

**JURISDICTION AND VENUE**

5.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b). The Court retained jurisdiction to enforce the terms of the Plan and otherwise to enter orders to assist in the implementation of the Plan pursuant to Article X of the Plan and Confirmation Order. The Court has the inherent power to enforce its Confirmation Order and the general power to issues orders in aid of implementation of the confirmed Plan pursuant to 11 U.S.C. §§ 105(a) and 1142.

6.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND REGARDING THE PENDING ACTIONS**

7.  The Debtor, Naissance, and Choudhri have asserted causes of action against NBK primarily arising from NBK's alleged breach of the Confidential Settlement Agreement ("CSA") that remain pending and are subject to the gate-keeping provisions of the Plan and Confirmation Order. Those Pending Actions include:

- *Naissance Galleria, LLC v. Zaheer, et al*, Cause No. 2023-43755 pending in the District Court of Harris County, Texas, 80th Judicial District ("Naissance I").[1]

- *Naissance Galleria, LLC v. NBK*, Cause No. 2023-41091 pending in the District Court of Harris County, Texas, 129th Judicial District ("Naissance II").[2]

- *Galleria 2425, LLC, Naissance Galleria, LLC and Choudhri v. NBK*, Adversary Case No. 23-06009, which was filed in connection with the Debtor's prior, dismissed chapter 11 case ("Galleria I").[3]

---

[1] *See* Ex. 1, Plaintiff's Second Amended Petition & Emergency Application for Temporary Restraining Order Against Defendant NBK.

[2] *See* Ex. 2, Plaintiff's Original Petition and Request for Temporary Restraining Order. Naissance II is set for trial on November 18, 2024 [*see* Ex. 3, Trial Preparation Order]. Because of the imminent trial setting, NBK seeks emergency relief.

[3] The previous bankruptcy case was dismissed by the Honorable Christopher Lopez on November 1, 2023 for cause on the Court's own motion. [ECF No. 565 at 2 (citing Case No. 23-60036)]. The adversary proceeding was filed on or about September 19, 2023 and a summons was requested but never served. [*see* Ex. 4, Adversary Case No. 23-06009 Docket Sheet]. Because Case No. 23-60036 has been dismissed and the summons never served, the prior chapter 11 case, including Adversary case No. 23-06009, should be closed.

3

- Adversary Case No. 23-03263, *Choudhri v. NBK and Zaheer* and Ali Choudhri's Second Amended Petition in Intervention ("Choudhri Intervention").

8. The Pending Actions assert the same basic facts and claims which this Court has found meritless. *See e.g.*, ECF No. 565 at 16 (finding the claims "are not viable"); *Id.* at 17 (holding the "the record in this case does not support his sizable but *implausible claims*." (emphasis added)). Specifically, the Court noted in its Memorandum Opinion confirming the Plan that the claims asserted by Debtor, Choudhri, and Naissance against NBK in Adversary No. 23-03263[4] are the same as those asserted in the first bankruptcy in Galleria I, ECF No. 1, namely, breach of the CSA, tortious interference with contract, tortious interference with business relations, fraud and fraudulent inducement/lender liability, fraudulent conveyance, estoppel, breach of good faith and fair dealing and unjust enrichment. [ECF No. 565 at 2-3].

9. They also reflect claims investigated by the Chapter 11 trustee that he found to be "weak to non-existent." [Ex. 5, 6/19/2024 Hr'g Tr. at 122:4-9; 129:9-15; 129:22-130:13].

## THE PLAN'S GATE-KEEPING PROVISIONS

10. The Court confirmed the Plan on June 22, 2024. [ECF No. 566] Although the Confirmation Order has been appealed, it has not been stayed.

11. The Plan and Confirmation Order include gate-keeping requirements that require parties who either are prosecuting or intend to prosecute claims against any party released of estate claims under the Plan, including specifically NBK, to the extent those claims relate to the Debtor to first obtain a ruling from the Bankruptcy Court that it is pursuing a colorable non-estate claim that has not been released by the confirmed Plan. [ECF No. 566 at 5; Plan, Art. IX(E).]

---

[4] The Court referenced Adversary No. 23-34815 in its Order. [ECF No. 565 at 3]. However, the removed case is Adversary No. 23-03263.

4

12. The Debtor, Naissance and Choudhri all were served with the Plan and Confirmation Order. [ECF No. 572]

### THE PENDING ACTIONS SHOULD BE STAYED AND THE PLAINTIFFS REQUIRED TO SHOW CAUSE WHY THEY SHOULD PROCEED

13. The Pending Actions are all actions subject to the gate-keeping requirements of the Plan and Confirmation Order because they assert claims against NBK related to the Debtor. It therefore is incumbent on the plaintiffs in the Pending Actions to obtain a ruling from the Court that they are prosecuting colorable, non-estate claims. Yet, in the three months since the Plan was confirmed, none of the plaintiffs in the Pending Actions have complied with those gate-keeping requirements or voluntarily dismissed them.

14. This lack of action by the Plaintiffs has required NBK to seek relief to enforce the terms of the Plan and to stay the Pending Actions. The potential harm to NBK as the result of this inaction is clear. Naissance I is scheduled for trial in about 45 days. The remaining Pending Actions are active cases on various court dockets that require attention to ensure rights, claims and defenses are not lost, even though they should not be proceeding at all.

15. Although NBK believes that none of the Pending Actions assert claims that have not been released by the Plan or that are otherwise colorable, to give effect to and enforce the terms of the Plan, two forms of relief are appropriate at this time.

16. First, the Court should stay the Pending Actions (or, if the Court were so inclined, order the removal of those actions pending in State Court to the Bankruptcy Court and then stay them) pending satisfaction by the plaintiffs in the Pending Actions of the gate-keeping requirements in the Plan.

17. Second, the Court should require those plaintiffs to demonstrate that the Pending Actions assert non-estate, colorable claims against NBK and if they fail to do so, to require the Pending Actions be dismissed.

18. In the absence of this relief, the plaintiffs seem intent not to comply with the requirements of the Plan to NBK's detriment.

## RESERVATION OF RIGHTS

19. NBK reserves all rights, claims, causes of action and remedies, in law or in equity, under the Plan and Confirmation Order. NBK further reserves the right to amend this Motion.

## NOTICE

20. In addition to service of this motion by ECF/PACER, NBK will give notice to the plaintiffs in the Pending Actions and their counsel of record in those Pending Actions to the extent known.

## CONCLUSION

For the foregoing reasons, the Court should grant the Motion and award NBK all other relief in law or in equity to which it has shown itself entitled. A proposed Order granting the Motion is attached as Exhibit 6.

DATED: October 2, 2024          **PILLSBURY WINTHROP SHAW PITTMAN LLP**

*/s/ Charles C. Conrad*
Charles C. Conrad
Texas State Bar No. 24040721
Ryan Steinbrunner
Texas State Bar No. 24093201
609 Main Street Suite 2000
Houston, TX 77002
Telephone: (713) 276-7600
Facsimile: (713) 276-7634
charles.conrad@pillsburylaw.com
ryan.steinbrunner@pillsburylaw.com

- *and* -

Andrew M. Troop (Bar No. MA547179)
Patrick E. Fitzmaurice*
Kwame O. Akuffo*
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com
patrick.fitzmaurice@pillsburylaw.com
kwame.akuffo@pillsburylaw.com

*Admitted *pro hac vice*

**Counsel for National Bank of Kuwait, S.A.K.P., New York Branch**

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on October 2, 2024, a true and correct copy of this document was served via the Court's CM/ECF system to all parties who are deemed to have consented to ECF electronic service, via email and/or U.S. first class mail, postage paid to all counsel in the Pending Actions and listed below, and also by mailing, first class, postage prepaid, to each of the parties on the attached service list.

Matías J. Adrogué
Leila M. El-Hakam
Matías J. Adrogué PLLC
1629 West Alabama Street
Houston, TX 77006
service@mjalawyer.com
*Counsel for Plaintiff in Naissance I*

James Q. Pope
The Pope Law Firm
6161 Savoy Drive Ste 1125
Houston, TX 77036
jamesp@thepopelawfirm.com
*Counsel for Plaintiff in Naissance I*

Rodney Drinnon
McCathern Houston
2000 West Loop South Ste 1850
Houston, TX 77027
rdrinnon@mccathernlaw.com
*Counsel for Defendant Azeemeh Zaheer in Naissance I*

David Tang
6711 Stella Link #343
West University Place, TX 77005
dtangattorney@gmail.com
*Counsel for Defendant Azeemeh Zaheer in Naissance I*

Omar Khawaja
Law Offices of Omar Khawaja, PLLC
5177 Richmond Ave, Ste 1065
Houston, TX 77056
omar@attorneyomar.com
*Counsel for Plaintiff in Naissance II*

David Tang
6711 Stella Link #343
West University Place, TX 77005
dtangattorney@gmail.com
*Counsel for Plaintiff in Naissance II*

Bradley Parker
2127 Bolsover Street
Houston, TX 77005
*Defendant in Naissance II*

Melissa S. Hayward
Hayward PLLC
10501 N. Central Expy Ste 106
Dallas, TX 75231
mhayward@haywardfirm.com
*Counsel for Plaintiffs in Galleria I*

James Q. Pope
The Pope Law Firm
6161 Savoy Drive Ste 1125
Houston, TX 77036
jamesp@thepopelawfirm.com
*Counsel for Plaintiffs in Galleria I*

                                            */s/ Charles C. Conrad*
                                              Charles C. Conrad