## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| GALLERIA 2425 OWNER, LLC, | ) Case No. 23-34815 |
| Debtor. | ) |

**TRUSTEE'S OBJECTION TO CLAIM NO. 15 OF SONDER USA INC.**

**THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**A HEARING HAS BEEN SET ON THIS MATTER ON DECEMBER 18, 2024, at 11:00 A.M. (CENTRAL TIME) IN COURTROOM 403, 4TH FLOOR, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**

Christopher R. Murray, in his capacity as trustee of the liquidating trust in the above-captioned case (the "Trustee"), hereby files this objection (the "Objection") to Claim No. 15 filed by Sonder USA Inc ("Sonder"). In support of this Objection, the Trustee respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Court has the authority to enter the requested relief under sections 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. The Trustee consents, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Objection.

## BACKGROUND & RELEVANT FACTS

### A. Chapter 11 Case

4. On December 5, 2023 (the "Petition Date"), Galleria 2425 Owner, LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court" or the "Court").

5. The Court entered an order [ECF. No. 116] approving the Trustee's appointment as chapter 11 trustee in the Bankruptcy Case on February 9, 2024.

6. On August 21, 2024, the plan of liquidation confirmed in this case (the "Plan") became effective as described in the Notice of Confirmation and Effective Date of Chapter 11 Plan to Liquidate the Trust [ECF No. 676]. As a result, Christopher R. Murray was appointed as the trustee of the liquidating trust created by the Plan.

### B. Claim No. 15

7. Sonder filed Claim No. 15 with the Court on April 9, 2024, asserting a claim in the amount of $23,027,492.09 due to lost profits from breach of lease agreements, fraud, and conversion of property. Copies of the lease agreements (respectively, the "2/1/19 Lease Agreement" and "4/2/19 Lease Agreement"), Sonder's original petition against the Debtor and related entities (the "Sonder Petition"), and Sonder's demand in arbitration against the Debtor and related entities (the "Sonder Arbitration Demand") are attached to the proof of claim.

8. In the prepetition litigation between the Debtor and Sonder, the Court of Appeals of Texas, First District, reversed the District Court for Harris County's decision to deny the motion

2

of the Debtor (and other) to compel arbitration. *Jetall Cos. v. Sonder USA Inc.*, 2022 Tex. App. LEXIS 9145, 2022 WL 17684340 (Tex. App.—Houston [1st]). Therefore, the enforceability of

## OBJECTION

9. While the Trustee does not dispute that has *some* claim against the Debtor, Sonder is not entitled to lost profits or other consequential damages. Both the 2/1/19 Lease Agreement and 4/2/19 Lease Agreement limit the availability of consequential damages:

2/1/19 Lease Agreement (Paragraph 35; p.21 of Claim No. 15):

> This Lease and all of the obligations of Landlord hereunder are conditioned upon faithful performance by Tenant of all of the agreements and obligations herein set out and agreed to by Tenant. All obligations of Landlord hereunder will be construed as covenants, not conditions, and all such obligations will be binding upon Landlord as set out herein, only during the period of its possession of the Building and not thereafter. Under no circumstances whatsoever shall Landlord ever be liable for consequential, incidental, punitive or special damages.

2/1/19 Lease Agreement (Ex. G; p.34 of Claim No. 15):

> h) The arbitrator shall have no authority to award punitive/consequential/special/indirect damages, but shall be entitled to issue injunctive and other equitable relief. The arbitrator shall award interest from the time of the breach to the time of award, at the prejudgment interest rate determined at http://www.occc.state.tx.us/pages/int_rates/index.html, as governed by Texas law, Tex. Fin. Code §304.004. The cost of the arbitration proceeding and any proceeding in court to confirm or to vacate any arbitration award, as applicable (including, without limitation, reasonable attorneys' fees and costs), shall be borne by the unsuccessful party, as determined by the arbitrators, and shall be awarded as part of the arbitrator's award. It is specifically understood and agreed that any party may enforce any award rendered pursuant to the arbitration provisions of this Section by bringing suit in any court of competent jurisdiction. This Exhibit G shall survive the termination or cancellation of this Lease.

4/2/19 Lease Agreement (Paragraph 35; p.21 of Claim No. 15):

> This Lease and all of the obligations of Landlord hereunder are conditioned upon faithful performance by Tenant of all of the agreements and obligations herein set out and agreed to by Tenant. All obligations of Landlord hereunder will be construed as covenants, not conditions, and all such obligations will be binding upon Landlord as set out herein, only during the period of its possession of the Building and not thereafter. Under no circumstances whatsoever shall Landlord ever be liable for consequential, incidental, punitive or special damages.

<u>4/2/19 Lease Agreement (Ex. G; p.71 of Claim No. 15):</u>

> h) The arbitrator shall have no authority to award punitive/consequential/special/indirect damages, but shall be entitled to issue injunctive and other equitable relief. The arbitrator shall award interest from the time of the breach to the time of award, at the prejudgment interest rate determined at http://www.occc.state.tx.us/pages/int_rates/index.html, as governed by Texas law, Tex. Fin. Code §304.004. The cost of the arbitration proceeding and any proceeding in court to confirm or to vacate any arbitration award, as applicable (including, without limitation, reasonable attorneys' fees and costs), shall be borne by the unsuccessful party, as determined by the arbitrators, and shall be awarded as part of the arbitrator's award. It is specifically understood and agreed that any party may enforce any award rendered pursuant to the arbitration provisions of this Section by bringing suit in any court of competent jurisdiction. This Exhibit G shall survive the termination or cancellation of this Lease.

10. Because Sonder's perhaps otherwise valid claim for consequential damages was not enforceable against the Debtor, its claim for consequential damages should be disallowed under Bankruptcy Code § 502(b)(1). Sonder was only entitled to direct damages.

11. The amount of direct damages ascertainable from the documentation attached to Claim No. 15 consists of the security deposits furnished by Sonder. Under the 2/1/19 Lease, Sonder provided a $25,000 security deposit (Claim No. 15 at p. 8). Sonder provided a $12,500 security deposit under the 4/2/19 Lease (Claim No. 15 at p. 45). While Sonder likely has additional direct damages—including perhaps attorney's fees under sections 37.009 and 37.011 of the Texas Civil Practices and Remedies Code—these amounts cannot be determined based on the information contained in Claim No. 15.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION & PRAYER

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto, disallowing Claim No. 15 in part and allowing Claim No. 15 in the amount of Sonder's direct damages and otherwise disallowing Claim No. 15, and granting such other and further relief to which the Trustee may be entitled.

Dated: October 21, 2024

Respectfully submitted,

SHANNON & LEE LLP

*/s/R.J. Shannon*
Kyung S. Lee (TBA No. 12128400)
R. J. Shannon (TBA No. 24108062)
2100 Travis Street, STE 1525
Houston, TX 77002
Telephone: (713) 714-5770
Email: klee@shannonleellp.com
      rshannon@shannonleellp.com

*Counsel to Christopher R. Murray, Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing document was served (i) through the Court's CM/ECF System on all parties registered to receive such service at the time of filing and (ii) separately by U.S.P.S. first class mail, postage prepaid, within 24 hours of the filing on the following parties:

Sonder USA Inc.
c/o Kean Miller LLP
711 Louisiana St., Ste. 1800
Houston, Texas 77002

*/s/R.J.Shannon*
R. J. Shannon