IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GALLERIA 2425 OWNER, LLC, | ) ) ) | Case No. 23-34815 |
| Debtor. | ) ) | |

**TRUSTEE'S OBJECTION TO CLAIM NO. 19 OF LLOYD E. KELLEY**

**THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**A HEARING HAS BEEN SET ON THIS MATTER ON DECEMBER 18, 2024, at 11:00 A.M. (CENTRAL TIME) IN COURTROOM 403, 4TH FLOOR, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**

Christopher R. Murray, in his capacity as trustee of the liquidating trust in the above-captioned case (the "Trustee"), hereby files this objection (the "Objection") to Claim No. 19 filed by Lloyd E. Kelley ("Kelley"). In support of this Objection, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Court has the authority to enter the requested relief under sections 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. The Trustee consents, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Objection.

## BACKGROUND & RELEVANT FACTS

### A. Chapter 11 Case

4. On December 5, 2023 (the "Petition Date"), Galleria 2425 Owner, LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court" or the "Court").

5. The Court entered an order [ECF No. 116] approving the Trustee's appointment as chapter 11 trustee in the Bankruptcy Case on February 9, 2024.

6. On August 21, 2024, the plan of liquidation confirmed in this case (the "Plan") became effective as described in the Notice of Confirmation and Effective Date of Chapter 11 Plan to Liquidate the Trust [ECF No. 676]. As a result, Christopher R. Murray was appointed as the trustee of the liquidating trust created by the Plan.

### B. Claim No. 19

7. Kelley filed Claim No. 19 on April 09, 2024, asserting a claim pursuant to the Power of Attorney and Contingent Fee Contract (the "Contingent Fee Contract") attached thereto. The Contingent Fee Contract provided that Kelley was entitled to fees in the amount of twenty percent (20%) of any settlement, recovery, or value realized as a direct result of the Kelley's representation of the Debtor (and other entities) in connection with claims asserted against Sonder for breach of leases (the "Sonder Claim"). Additionally, the Contingent Fee Contract provides that Kelley would be entitled to 5% of any recovery in the event of an appeal and the amount of his expenses. All of these amounts were to be paid or reimbursed from any settlement, recovery, or any proceeds of the Sonder Claim.

8.      Claim No. 19 further indicates that the entirety of Claim No. 19 is a secured claim. The basis of the lien indicated is for a "contractual lien," "attorney lien," and "equitable lien." The basis of this asserted lien are the provisions of the Contingent Fee Contract providing:

> Client(s) hereby assigns, grants and conveys to the Firm a present undivided interest in all Client(s) claims and causes of action for and as a reasonable contingent fee for the Firm's services. Said interest is limited to the percentage of attorney's fees applicable at the time. The attorney's fee shall be calculated on the total gross award, recovery or settlement. There will be no offset of any award of damages against Client(s).

Contingent Fee Contract at p. 2.

### C. Sale of the Sonder Claim.

9.      There was no recovery in connection with the Sonder Claim, and the claims were sold subject to Kelley's interest pursuant to an order of the Court dated May 15, 2024 [ECF No. 337] (the "Sonder Claim Sale Order"). The Sonder Claim Sale Order expressly provided that sale of the Sonder Claim was sold subject to "any interest of the Debtor's prior continency counsel in a recovery with respect to the Sonder Claim (the "Contingency Counsel Interest")[.]" Sonder Claim Sale Order ¶ 5. Kelley was provided notice of the motion by which the Trustee—in his capacity as chapter 11 trustee—sought to sell the Sonder Claim [ECF No. 210 at p. 11]. The sale closed on or about May 30, 2024.

## OBJECTION

10.     Claim No. 19 should be disallowed because it does not reflect an enforceable claim against the Debtor. Further, Claim No. 19 is not a secured claim because the Sonder Claim was sold subject to (i.e., not free and clear) the interests that Kelley asserts.

### A. Claim No. 19 Does Not Reflect an Enforceable Claim Against the Debtor or the Estate.

11.     As reflected in the Contingent Fee Contract, Claim No. 19 was contingent on the Debtor obtaining a recovery on account of the Sonder Claim. The obligation to pay was due upon

monetization. That never occurred and can never occur. Therefore, Claim No. 19 should be disallowed under Bankruptcy Code § 502(b)(1).

12. This does not mean that Kelley might not be entitled to compensation from the Choudhri entity that acquired the Sonder Claim. The Sonder Claim was sold subject to the interests of Kelley. However, it would not be an enforceable claim against the Debtor and therefore is not payable from the proceeds of the Debtor's bankruptcy estate.

**B. Claim No. 19 is not a Secured Claim.**

13. Claim No. 19 is also not a secured claim within the meaning of the Bankruptcy Code. There is no lien or interest against property of the Debtor's bankruptcy estate.

14. Whether a claim is secured is governed by Bankruptcy Code § 506. Subsection (a)(1) of the statute provides:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.

The allowed claim must be "secured by a lien on property in which the estate has an interest" to constitute a secured claim. A lien is defined in the Bankruptcy Code as "a charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37). Additionally, the claim is only secured to the extent of the value of the lien.

15. While Kelley has a lien and that lien has at least contingent value, it is not against property in which the estate had an interest after the closing of the sale of the Sonder Claim pursuant to the Sonder Claim Sale Order. Kelley's rights to payment are (and were at the time of

the confirmation of the Plan) no longer with the Debtor, the bankruptcy estate, or assets to be distributed under the Plan.

## CONCLUSION & PRAYER

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto, disallowing Claim No. 19 in its entirety, and granting such other relief as is just and equitable.

Dated: October 21, 2024

Respectfully submitted,

SHANNON & LEE LLP

*/s/R.J. Shannon*
Kyung S. Lee (TBA No. 12128400)
R. J. Shannon (TBA No. 24108062)
2100 Travis Street, STE 1525
Houston, TX 77002
Telephone: (713) 714-5770
Email: klee@shannonleellp.com
rshannon@shannonleellp.com

*Counsel to Christopher R. Murray, Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing document was served (i) through the Court's CM/ECF System on all parties registered to receive such service at the time of filing and (ii) separately by U.S.P.S. first class mail, postage prepaid, within 24 hours of the filing on the following parties:

Lloyd E. Kelley
2726 Bissonnet Ste. 240 PMB 12
Houston, Texas 77005

*/s/R.J. Shannon*
R. J. Shannon