United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 22, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-34815 |
| **GALLERIA 2425 OWNER, LLC,** | § | |
| | § | |
| Debtor. | § | |
| | § | CHAPTER 11 |

### ORDER APPROVING FEE APPLICATION IN PART, AND DENYING IN PART

Before the Court is the First and Final Application for Allowance of Compensation (ECF No. 746) filed by Gordon, Arata, Montgomery, Barnett, McCollam, Duplantis, & Eagan, LLC for services rendered as special insurance counsel for Christopher R. Murray. The Applicant requests this Court's approval of fees in the amount of $5,887.50. The Court approves the Fee Application in part and denies it in part for the following reasons.

The Court has an independent duty to review fee applications, notwithstanding the absence of objections by the United States Trustee, creditors, or any other interested party.[1] The Court notes the lack of objection to the fee application. The Supreme Court has held that the lodestar method of fee calculation is the method by which federal courts should determine reasonable attorney fees under federal statutes which provide for such fees.[2] The lodestar method also allows discretion to adjust the lodestar amount.[3] The Court may also consider other factors, including the twelve *Johnson*[4] factors.

In assessing the reasonableness of the requested fees, the Court has broad discretion to award or curtail attorneys' fees under 11 U.S.C. § 330.[5] Furthermore, 11 U.S.C. § 330(a)(4)(A) mandates that "the court shall not allow any compensation for (i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case. The party requesting a fee award has the burden of establishing the reasonableness of its request.[6]

To assess the reasonableness of the requested fees, the Court must review the quantity, type, and complexity of pleadings in the case, as well as the quantity, type, and complexity of the debtor's schedules. Based on this information, the Court decides reasonable compensation.

---

[1] *In re Busy Beaver Building Centers*, 19 F.3d 833 (3rd Cir. 1994). *See also In re Nucorp Energy, Inc.,* 764 F.2d 655, 657 n. 1 (9th Cir. 1985); *In re Copeland*, 154 B.R. 693 (Bankr. W.D. Mich. 1993); 11 U.S.C. § 330(a)(1); Fed. R. Bankr. P. 2016.

[2] *See, e.g., Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 483 U.S. 711 (1987) (lodestar method used to calculate fees under Clear Air Act); *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)(lodestar method used to calculate fees under 42 U.S.C. § 1988); *Shipes v. Trinity Industries*, 987 F.2d 311 (5th Cir. 1993).

[3] *In re Cole*, 18-35182, 2020 WL 4577236 (Bankr. S.D. Tex. July 20, 2020).

[4] *Johnson v. Georgia Highway Exp., Inc*., 488 F.2d 714 (5th Cir.1974).

[5] *In re Woerne*r, 783 F.3d 266 (5th Cir. 2015).

[6] *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995).

Therefore, it is important that time entries not be vague with respect to time expended on each individual task, and/or are not bundled.[7]  The instant fee application contains numerous entries that are vague and/or lump services together:  The entry in the time records at 6/13/24 is illustrative. "Review email from Mr. Lee; review email from Mr. Long; emails to and from Mr. Hayne; review Mr. Hayne's revisions; review email from Mr. Knister about fire in the parking lot. 1.20 hours." The court is unable to determine how much time was spent on each individual task and whether one task took substantially more time that the others.  The court will therefore reduce the fees requested for time that was vague or bundled[8] by 20% or $924.00.

**THEREFORE, IT IS ORDERED** that the First and Final Application for Allowance of Compensation is approved in part and denied in part, and the applicant is awarded compensation in the amount of $4,963.50.

**IT IS FURTHER ORDERED** that Christopher R. Murray, in his capacity as the "Disbursing Agent" under the confirmed plan of liquidation is authorized and directed to pay to Gordon, Arata, Montgomery, Barnett, McCollam, Duplantis, & Eagan, LLC $4,963.50 to the extent consistent with the Order Confirming Chapter 11 Plan of Liquidation of the Debtor by National Bank of Kuwait, S.A.K.P. New York Branch (ECF No. 566).

SIGNED 10/22/2024

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[7] *In re Pettibone*, 74 B.R. 74 B.R. 293 at 307 (Bankr. N.D. Ill. 1987); *In re Amatex Corp.*, 70 B.R. 624, 627-628 (Bankr. E.D. Pa. 1985).

[8] See entries at 5/14/24, 6/1/24, 6/24/24, 6/25/24, 6/26/24, 7/15/224 and 7/16/24.