# EXHIBIT 1A

CAUSE NO. 241100353166

| | | |
|---|---|---|
| HOUSTON 2425 GALLERIA, LLC | § | JUSTICE OF THE PEACE |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| JETALL COMPANIES, INC. | § | PRECINCT 1 PLACE 1 |
| *Defendants.* | § | |
| | § | |

## DEFENDANT JETALL COMPANIES, INC.'S FIRST AMENDED AND SUPPLEMENTAL ANSWER TO PLAINTIFF'S PETITION

TO COUNSEL AND THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Jetall Companies, Inc., sometimes "Jetall" and files this First Supplemental Answer regarding the lawsuit as stated above. Supplementing Jetall's general denial which to the extent needed at all or necessary stands and further denies that all matters have occurred per TRCP 54 in that there is no evidence Jetall was served with notice. Additionally, Jetall files this its:

**Plea to the Jurisdiction:**

1. Defendant Jetall complains of the interloper and title issues regarding the named plaintiff in the lawsuit and moves for dismissal for lack of jurisdiction. As shown in documents filed with this Honorable Court the landlord is 2425 West Loop, L.P., not Houston 2425 Galleria, LLC. The tenant is Jetall Companies, Inc.,

2. Forcible Detainer is written in Texas jurisprudence to afford the parties a, "…procedure by which the right to immediate possession of real property is determined." *Yarto v. Gilliland*, 287 S.W.3d 83, 89 (Tex. App. 2009) quoting *Ward v. Malone.*

> "However, where the right to immediate possession necessarily requires resolution of a title dispute, **the justice court has no jurisdiction** to enter a judgment and may be enjoined from doing so. Because a forcible detainer action is not exclusive, but is cumulative of any other remedy a party may

> have in the courts of this state, the displaced party is entitled to bring a separate suit in the district court to determine the issue of title."

*Ward v. Malone*, 115 S.W.3d 267, 270 (Tex.App.-Corpus Christi 2003, pet. denied)

3. And, "If the question of title is so integrally linked to the issue of possession that possession may not be determined without first determining title, the justice court lacks jurisdiction to grant an eviction." *Falcon v. Ensignia,* 976 S.W. 2d 336,338 (Tex. App. — Corpus Christi 1998, no pet.)

4. One indication that a justice court, and county court on appeal, is called on to adjudicate title to real estate in a forcible detainer case—and, thus exceed its jurisdiction—is when a landlord-tenant relationship is lacking. See *Ward*, precisely.

**As to Bankruptcy:**

5. Where a Chapter 11 debtor is the landlord on a non-residential real property lease, and the property is sold free & clear of liens, and the buyer rejects the lease, does the lease rejection terminate the tenant's right to possession even if the lease is current? Citing Fifth Circuit law, **the tenant's right to possession is not automatically terminated by lease rejection**. The argument is that notwithstanding Section 363(f) (regarding the effect of a sale free & clear of liens), under Section 363(h), the tenant's rights to retain possession are not altered by the sale. See *In re Royal Bistro, L.L.C.*, 26 F.4th 326 (5th Cir. 2022)(rejecting *Precision Indus.*); conta *Precision Indus., Inc. v. Qualitech Steel SBO, LLC*, 327 F.3d 537 (7th Cir. 2003).

### PRAYER

WHEREFORE, Defendant requests that this matter be dismissed for lack of jurisdiction, and that Defendant receive any and all relief to which he may be justly entitled, either general or specific, in law or equity.

Respectfully submitted,

**HILL & HILL, P.C.**

/s/ J. Marcus Hill
J. Marcus Hill
Texas Bar No. 09638150
1770 St. James Street, Suite 440
Houston, Texas 77056
2116 Church Street
Galveston, Texas 77550
Telephone: (713) 688-6318
Facsimile: (713) 688-2817
Email: marc@hillpclaw.com
**ATTORNEY FOR DEFENDANT,
JETALL COMPANIES, INC**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Rule 21a of Texas Rules of Civil Procedure, a true and correct copy of the above and foregoing has been sent to all counsel either via electronic filing service and/or facsimile on this 28th day of October 2024.

/s/ *J. Marcus Hill*
J.  Marcus Hill

Chevazz G. Brown
cgbrown@jw.com
Taylor L. Leger
1401 Mckinney, Suite 1900
Houston, Texas 77010
(713)752-4548
(713) 754-6721 (Fax)
**ATTORNEY FOR PLAINTIFF
HOUSTON 2425 GALLERIA, LLC**