# EXHIBIT 3

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MOKARAM-LATIF WEST LOOP LTD.** | . | **CASE NO. 4:24-CV-3224** |
| | . | |
| **PLAINTIFF,** | . | |
| | . | **HOUSTON, TEXAS** |
| **V.** | . | **WEDNESDAY, NOVEMBER 13, 2024** |
| | . | **03:08 P.M. TO 03:58 P.M.** |
| **ALI CHOUDHRI,** | . | |
| **DEFENDANT.** | . | |

. . . . . . . . . . . . . . . . . .

**MOTION HEARING**

**BEFORE THE HONORABLE MARVIN ISGUR**
**UNITED STATES BANKRUPTCY JUDGE**

APPEARANCES:                    SEE NEXT PAGE

ELECTRONIC RECORDING OFFICER: NOT IDENTIFIED

CASE MANAGER:                   LINH THU DO

OFFICIAL INTERPETER:            NONE PRESENT

TRANSCRIPTION SERVICE BY:

**TRINITY TRANSCRIPTION SERVICES**
**1081 Main Street**
**Surgoinsville, TN 37873**
**281-782-0802**
**battshott@aol.com**

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

**TRINITY TRANSCRIPTION SERVICES**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MOKARAM-LATIF WEST LOOP LTD.** | . | **CASE NO. 4:24-CV-3224** |
| | . | **CASE NO. 4:24-CV-3225** |
| **PLAINTIFF,** | . | |
| | . | **HOUSTON, TEXAS** |
| **V.** | . | **WEDNESDAY, NOVEMBER 13, 2024** |
| | . | **03:08 P.M. TO 03:58 P.M.** |
| **ALI CHOUDHRI,** | . | |
| **DEFENDANT.** | . | |

. . . . . . . . . . . . . . . . . .

**MOTION HEARING**

**BEFORE THE HONORABLE MARVIN ISGUR**
**UNITED STATES BANKRUPTCY JUDGE**

Appearances:

| | |
|---|---|
| **For the PLAINTIFF:** | **MOKARAM-LATIF**<br>*Pro Se* |
| **For the DEFENDANT:** | **D. SCOTT FUNK, ESQ.**<br>Gray Reed<br>1300 Post Oak Boulevard, Ste 2000<br>Houston, TX 77056 |
| **For the DEFENDANT:** | **LONDON ENGLAND, ESQ.**<br>Gray Reed<br>1601 Elm Street, Suite 4000<br>Dallas, TX 75201 |
| **For OSAMA ABDUL LATIF:** | **T. MICHAEL BALLASES, ESQ.**<br>HooverSlovacek LLP<br>Galleria Tower II<br>5051 Westheimer, Suite 1200<br>Houston, TX 77056 |
| Transcription Service: | Cheryl L. Battaglia<br>Trinity Transcription Services<br>1081 Main Street<br>Surgoinsville, TN 37873<br>281-782-0802 |

1

**Houston, Texas; Wednesday, November 13, 2024; 03:08 p.m.**

**THE COURT:** All right. Good afternoon.

First, let me apologize to everyone for being late today. I was in a judge's meeting and unable to exit that meeting until just now.

The case that we're calling is *24-3224,* which is *Mokaram-Latif West Loop Limited versus Ali Choudri.* And then *24-3225,* which has the same basic style.

Calling both cases if you wish to appear on the phone, you'll need to press five, star. If you wish to appear in court, please come forward to the podium and make your appearance.

**(Pause in the proceeding.)**

**MR. FUNK:** Good afternoon, your Honor. Scott Funk and London England with Gray Reed on behalf of Ali Mokaram.

**THE COURT:** Thank you, Mr. Funk.

**(Pause in the proceeding.)**

**MR. BALLASES:** Michael Ballasses on behalf of Osama Abdullatif.

**THE COURT:** Thank you, Mr. Ballasses.

**(Pause in the proceeding.)**

**MR. CHOUDHRI:** If I may, your Honor. My lawyer's not here. I believe he may have been hospitalized. I've been calling him. He's not answering his phone.

I know he had a medical appointment for a post-

2

operation.  And Miss Ash (phonetic), who's here, went to his house as well.  And he's not — he's not home.  And I —

THE COURT:  All right.

MR. CHOUDHRI:  — understand that there's a motion for a continuance that was filed by him.

THE COURT:  I — I granted the motion what he filed.

Let me see who else is making an appearance.  Do we have anyone on the phone making an appearance?

**(No response.)**

THE COURT:  All right.

**(Pause in the proceeding.)**

THE COURT:  So the fact that he had a doctor's appointment, he also had a birthday party is what he told me.  Doesn't mean he's in the hospital if he's not here.

MR. CHOUDHRI:  Well —

THE COURT:  Do we know why he's not here?

MR. CHOUDHRI:  I — I have no idea, your Honor. I've — Miss Ash who's here, and she knows him.  And she's worked with him.  She's been to his house today and he's not answering the phone call.

He was in the hospital for — for a surgery before he had a fall.  I believe that's what it was.  And — and he had filed a motion.  And I believe your Honor did grant it from 11 a.m. to 3 p.m.

THE COURT:  Right.  He said he had a follow-up

doctor's appointment this morning and a birthday party this morning.

**MR. CHOUDHRI:** Yeah. I saw that.

**THE COURT:** So —— and I granted that motion.

Let me hear from the —— the movants here.

**(Pause in the proceeding.)**

**MR. FUNK:** I think, your Honor, to say that we're suspicious about the circumstance would be an understatement after having 23 of these similar last minute things like this for 12 years now. So we're opposed to any further continuances. It's been two days, two weeks, two months, and here we are 12 years later still litigating. So just it adds up.

Each time it costs a great deal of money and great deal of time for people to come down. We've had, I think, 20 of these this year alone.

So we're —— we're opposed.

**THE COURT:** What's the emergency?

**MR. FUNK:** Your Honor, I can't represent to you that's something that's going to happen next week, but I can't tell you now that it's not happened.

I will show you this. It's circumstantial evidence of —— from the —— in the State Court proceeding, Mr. Choudhri has represented to the Court through his network out there and through experts what his assets are.

4

A great deal of them are missing.  And we can present that to you.  There's been sale proceeds in the last few years of almost $40 million that can't be accounted for.  We can present to you net worth statements that he has given to lenders in the hundreds of millions of dollars, positive net worth where he had a claim today, no explanation of where the assets went or why there's a penalty.

We can show you bank statements where he his mother share bank statements where millions of dollars are transferred and floated.

We have, because of the procedural status of the State Court case, as you see from the papers, these are both removals, post-judgment, actually on the morning of the hearing where we're asking Judge Wilson to appoint a receiver for collection with a net worth, negative net worth, affidavits were filed.

We have —— and at that point, under State law, the collection efforts get suspended.  So our view towards his current assets, transfer of assets, the status of those assets is somewhat blocked.  We have some documents we can present to your Honor showing these millions of dollars in missing assets that haven't been reported in State Court.  And we'd just ask your Honor to consider, well, let me back up, Judge, if you will indulge me just a little.  Because this is fairly complicated long history.

5

But, I don't want to go into too much detail with you. But I can show you and present to you evidence showing you the extraordinary bad faith in which these net worth affidavits were filed, including these net worth affidavits and missing documents and the like, and how that suspends the State Court efforts.

I can show you that pattern of the delay of this hearing that's supposed to be heard promptly in State Court. We're 11 months forward after January still trying to get it heard with another month of removal.

And I would ask your Honor to consider why. Why would a man do that? He's trying to prevent collection. And this history of transferring assets, stealing assets, the underlying judgment in my client's case is a fraud judgment from stealing assets from the commonly-owned company.

With this pattern and this history, and these lies to the Court, with these assets have been transferred into monies, I ask why are these constant delays? What else is happening?

Your Honor, in the Bankruptcy Court in the Western District of Texas for Texas REIT, that's one of the companies that Mr. Choudhri owns part of. It's the company that my client owns a part of that was the underlying cause of this litigation.

There's two major properties that are subject to that bankruptcy, at what used to be a Walgreens in a strip center on

Westheimer.  They're contiguous properties.  And Judge Robinson (phonetic) has approved the sale of both of those properties. Their sales were eminent.

The value, there's two valuations.  There's value of one, the other's value two.  Value one ——

THE COURT:  Okay.  I want to back up.  What's the emergency?

MR. FUNK:  Well if those properties are sold, the full proceeds are 15 ——

THE COURT:  What's the emergency?

MR. FUNK:  Okay.  And, your Honor, I can't —— I can't represent to you any more than I can go through and tell you the fear that these —— another $15 million, these others assets that are missing, the cash that's missing that tomorrow or next week this could happen.

But the Dalio (phonetic) is the one that's the most eminent, your Honor.  With Dalio I, which is a judgment that it has a —— has a lien.  It's the mortgage lender, the secured interest on the properties for Texas REIT.

I mean, it's —— the net of those $15 million proceeds, we're still stuck without being able to collect, without being able to go forward without having this hearing. We can't protect ourselves properly until we can get this hearing in State Court.

Again, that money could be transferred, lost, and

gone.  And it's the very purpose for which these delay tactics occurred, to buy time to move, buy, and transfer assets.  It allows more time.  It could happen next week.  And, Judge, can I tell it will or that it is.

THE COURT:  Yeah.

MR. FUNK:  Don't know for sure.  But partly no —— through no fault of our own, this lot with some access at this point, given the procedural posture.

THE COURT:  Okay.  Mr. Ballasses, what's the emergency?

MR. BALLASES:  Sure.  So I think the emergency is that this hearing, and I'm new to this case.  But this hearing has been on tap for 11 months.

And at the eve, or on the day of, the hearing every time there's something that's —— that happens.  There's —— Mr. Choudhri is sick, or his lawyer is sick, or he removes the case to Federal Court, which he —— he's done in this case and was actually remanded down.

And then on the eve of the hearing we're supposed to have last week or the week before, he removed it again.  And despite the fact that he had already done that and it had been sent back.

And so, I think the emergency is two-fold.  One, that he's somehow managed to delay this for 11 months.  Two, he's already tried to remove it to Federal Court and had it

8

remanded.

And I think three, the — the — the reason he's delaying it, is because, again, he wants to engage in more fraudulent transfers incurring collection of judgments.

And so, you know, I — I think that is the basis for the emergency.  And I think, you know, ultimately what we'd request is that the Court just remands it back down to Judge Wilson and let Judge Wilson handle this business with Mr. Choudhri.

Thank you, Judge.

**THE COURT:**  Okay.  Thank you.

**MR. FUNK:**  Your Honor, can I add one more thing, please?

**THE COURT:**  Yes, sir.

**(Pause in the proceeding.)**

**MR. FUNK:**  The delay tactics were so extreme in State Court, Judge Wilson entered a detailed order about if and when we wanted a another continuance, he had to do it.  And he violated that order, yet again.  And the Judge sanctioned him.  And he sanctioned him monetary sanctions, $11,000 had to be paid.  They were paid.

That hasn't deterred him from filing yet another wrongful removal notice in this case.  And — and I suggest here, your Honor, what he wants is time, the monetary sanctions, the other part in it, what he needs and wants his

TRINITY TRANSCRIPTION SERVICES

time.

**THE COURT:** I'm not here on the ——

**MR. FUNK:** And if your Honor doesn't address this ——

**THE COURT:** I'm not here on the sanctions. I'm not here on sanctions.

**MR. FUNK:** Well ——

**THE COURT:** I'm here on whether to remand the case.

**MR. FUNK:** I —— I —— I understand. But what I'm getting to is, if —— if he's allowed to engage in these delay tactics and have that time, he's going to continue doing this.

If you —— if you don't address it on an emergency basis, he gets what he wants. And it rewards the bad conduct, the bad faith removals, the time that he wants and needs versus all the other things that are out there.

So I'd just pleaded to your Honor to consider that in the big picture that it's just not appropriate to allow someone to keep doing this. And he has no good faith basis whatsoever for removal.

**THE COURT:** Okay. Thank you.

Mr. Choudhri, where's the net worth information that we required to be produced today?

**MR. CHOUDHRI:** Well, your Honor, the net worth —— may —— may I respond to?

**THE COURT:** I want to know where —— I required at this hearing that you prove the validity of your net worth

affidavit, right?  So where is that?

**MR. CHOUDHRI:**  I have the thousands of pages of back-up in documents, your Honor, about my net worth.  And I filed an affidavit to supersede the judgment.  And your Honor has ——

**THE COURT:**  And I ask where's the back-up?  Do you have the back-up here?

**MR. CHOUDHRI:**  I have it in my computer that I have ——

**THE COURT:**  And what —— what —— well, I required it to be produced here.  If it's in your computer, I'm not sure what that means.

What back-up do you have to back-up your net worth affidavit?

**MR. CHOUDHRI:**  Your Honor, I have a lot of documents.  I can put Mr. Osama Abdul's here on the stand.  If I may just respond to the —— their —— their comments, your Honor.

**THE COURT:**  You may in a minute.

Right now I want to know where —— whether you complied with the order.

**MR. CHOUDHRI:**  I filed a net worth underwrote affidavit on file, your Honor, in the State Court case.

**THE COURT:**  I know.  And I required you, as part of my order, to bring the information to prove its validity.  I required you to bring that today.

**MR. CHOUDHRI:**  I'm sorry, your Honor.  I was not

11

aware of that.  But I can provide that to your Honor if your Honor would allow me to ——

THE COURT:  So here's the order.

**(Pause in the proceeding.)**

THE COURT:  "As part of the determination as to whether an emergency exists, Choudhri must prove the validity of his net worth affidavit referenced in the July 10th order issued by the State District Court."

It was clear in my order.  It's part of the emergency consideration issue.

MR. CHOUDHRI:  The order has been filed online, your Honor.  I cannot ——

THE COURT:  It's not the order, it is the back-up to prove it's valid.

MR. CHOUDHRI:  The —— the net worth order.  So, your Honor, if I may respond, please.

THE COURT:  I want to know whether you have the information today, the evidence today, to prove the validity of your July 10th affidavit.

MR. CHOUDHRI:  Yes, your Honor.  I —— I ——

THE COURT:  Okay.

MR. CHOUDHRI:  I can prove that validity.  And I can put on the evidence to —— to demonstrate my net worth.  And —— and I'm not ——

12

**THE COURT:** Okay.

**MR. CHOUDHRI:** Your —— your Honor, if I may just respond.

So, your Honor, Osama Abdullatif recruited, sponsored litigation with my ex-wife.  And filed this divorce action in 2015, and sued multiple people.  George Lee (phonetic), my mom, (indiscernible) Serena (phonetic) Yu (phonetic), many, many individuals, 32 Defendants, and filed several dozen *les pendenses*.

Four years later, we went to trial.  And the Court found that I was divorced as of 2012.  It was void *ab initio.* All the *les pendenses*, the fraudulent liens were voided.  It was sponsored litigation.

I have all the evidence with me, your Honor.  Number two, your Honor ——

**THE COURT:** I thought there was a final judgment against you.  Is that incorrect?

**MR. CHOUDHRI:** There is a final judgment that is superseded.

**THE COURT:** It is superseded what?  By your net worth affidavit.

**MR. CHOUDHRI:** It is superseded by my net worth affidavit.

**THE COURT:** Yeah.  But there was a final judgment. And that is what ——

**MR. CHOUDHRI:** And, your Honor, there's a lot ——

**THE COURT:** The underlying information that led to the final judgment is pretty irrelevant. I'm not an appellate court. There's a final judgment against you.

You've attempted to supersede it with a net worth affidavit. I required you to bring the net worth affidavit information here.

But why am I —— why do I care about the background of a judgment that has been issued? It's the final judgment of the State Court.

**MR. CHOUDHRI:** No, your Honor. We're talking about two different things.

**THE COURT:** Okay.

**MR. CHOUDHRI:** What I'm trying to tell your Honor, is in your Court, this court, Galleria and West Loop Investments was in bankruptcy.

**THE COURT:** Right.

**MR. CHOUDHRI:** And there was a fraudulent lien filed by this man, a fraudulent lien on the 50 Briar Hollow Property. And then Veritex (phonetic) foreclosed. My understanding is they foreclosed on the property.

Osama Abdullatif owns the claim of Ali Mokaram. There's a —— there's an agreement where all of Mr. Funk's fees are paid by Osama. They filed a proof of claim in the Western District claiming all my entities, including my mom and Texas

14

REIT, and all these entities are all alter egos of me.  And my mom is an alter ego.  And Texas REIT is an alter ego.

There's — there's been several bankruptcy filings because of this — this tactics that they've — they've — they — they've put on me and my family and made me — your Honor, on May 31, I came, your Honor, I was in Court or on the — on the phone.

And on June the 2nd, I had a stroke.  He's filed fraudulent liens on all my properties.  First, he did it through the fake, false pro-divorce action.

Finally, Greg Acosta (phonetic) was able to go to the Court of Appeals and affirm the judgment.  And they're appealing it again to the Supreme Court.  They filed — they sued 32 companies, including Serena, your — your next door neighbor.

This is what they've done in the past.  And they continue to do it.  George Lee —

**THE COURT:**  Just —

**MR. CHOUDHRI:**  George Lee —

**THE COURT:**  I — I recognize Serena, who is named in the pleadings.  Serena Rue — Yu was my next door neighbor roughly 15 years ago.  And I haven't spoken to her since.  I'm not —

**MR. CHOUDHRI:**  I'm — I'm not asking you either.

**THE COURT:**  Well, I'm just telling you, there's —

it's —

MR. CHOUDHRI:  I — I just want you to —

THE COURT:  I don't want to throw something out there where people hear it and it isn't accurate.

MR. CHOUDHRI:  I'm not —

THE COURT:  She — she owned 8 Bradfield Court.  I own 9 Bradfield Court.  We would — shared a fence line.  And I haven't talked to her since she moved out, which is roughly 15 years.  So —

MR. CHOUDHRI:  Your Honor, can I —

THE COURT:  Let's move to something that we care about.

**(Pause in the proceeding.)**

MR. CHOUDHRI: What — what I mentioned, your Honor, is Omar Khawaja, John Quinlan, and Osama Abdullatif, they acquired a judgment against Jetall.  And they're contending Jetall is an alter ego of Texas REIT.  And they filed a proof of claim in Judge Robinson's court in the Western District.

I have the proof of claim.  They're claiming all my entities are alter ego, meaning all of the liabilities of those — that — that Debtor is a liability of me.

I cannot even determine my net worth without that being adjudicated about.  Because when they're claiming that I have the — the —

THE COURT:  Why can't the State Court adjudicate the

16

judgment?

MR. CHOUDHRI:  They're ——

THE COURT:  Let's back up.

MR. CHOUDHRI:  Your —— your Honor, if I may just finish.

THE COURT:  I may misunderstand some basic facts.

Isn't there a State Court judgment against you that is a final judgment that's finished?

MR. CHOUDHRI:  That's on appeal, your Honor.

THE COURT:  It's on appeal.

MR. CHOUDHRI:  That's the issue.

THE COURT:  But it's a final judgment.

MR. CHOUDHRI:  Yes, sir.  It is a final ——

THE COURT:  And you have the right to supersede it under Texas law under certain circumstances.

MR. CHOUDHRI:  Yes, sir.

THE COURT:  Okay.

MR. CHOUDHRI:  Yeah.

THE COURT:  And so the Court, as I understood it, the Court that issued the judgment was going to determine whether you had property superseded.  And that's the hearing that doesn't take place because this gets removed.

Is that about right?

MR. CHOUDHRI:  Your Honor, George Lee filed a alter ego lawsuit against the Debtor in the Bankruptcy ——

TRINITY TRANSCRIPTION SERVICES

17

**THE COURT:** Yeah. You want to talk about that. Let's start talking about what I want to talk about.

Am I right that the State Court entered a final judgment?

**MR. CHOUDHRI:** The ——

**THE COURT:** Am I right that you tried to supersede it with a net worth affidavit? Am I right that the State Court scheduled a hearing on whether that was valid or not.

**MR. CHOUDHRI:** That is all 100 percent accurate, your Honor.

**THE COURT:** Okay.

**MR. CHOUDHRI:** The —— the Bankruptcy Court, there was not a response filed to the remand when the proof of claim by Osama Abdullatiff, and John Quinlan, and Omar Khawaja was filed.

Omar Khawaja and Osama Abdullatif had made an agreement with a former wife that whatever she —— they collect, or she collects, they split it. They pay all the legal fees.

It's sponsored litigation. They've now sued my mom. They've —— George Lee has filed a lawsuit in the Western Bankruptcy District against Texas REIT and myself, claiming I'm an alter ego.

They filed a proof of claim in the Western Bankruptcy District. And they attempted to withdraw it. Judge Robinson would not allow them to withdraw because he was not —— he felt

**TRINITY TRANSCRIPTION SERVICES**

it was suspicious. He wasn't sure if it was done in good faith.

They filed *les pendenses* on those properties, which is why all these properties have been going —— they filed fraudulent liens, not even *les pendenses*, your Honor.

In the 50 Briar Hollow case, Osama's claimed he filed an affidavit of lien in the real property records saying 50 Briar Hollow is an alter ego of me. And that entity —— that property could not be sold. And that entity went into bankruptcy and the property was lost.

This is their focus. I cannot even determine the net worth without determining the allegations of alter ego. Because in the Bankruptcy Court, I have to —— my mom, all these other entities, I personally have to go and say these are contingent liabilities.

Because all of the liabilities of these entities that are in bankruptcy because of him. This man has sued my father, who's passed away. He sued my mom. He sued my sister, who's a physician. He's sued her partners.

There's a —— there's a big history that if the facts come out, your Honor, you will —— you'll understand. Just recently, there is a —— there's a order of disqualification for Jackson Walker in Pillsbury, the co-counsel —— and co-counsel, which is sitting right here.

HooverSlovacek also represented, and had a conflict

19

waiver that they're violating right now.  Osama Abdullatif had a woman — a man working for me, a guy named Chris Wyatt (phonetic) who is — was a sponsor — was a — sponsored by him collecting my documents as my paralegal, but really working for him.  And I have evidence of that.

THE COURT:  So tell — I'm missing the point.

Why can't the State District Court that issued the judgment decide whether the judgment is superseded or not?

MR. CHOUDHRI:  It — it just cannot because there's a gateway issue about the alter ego accusation.

They availed themselves to the jurisdiction of the Bankruptcy Court.  I did not.  I did not make the claims that all my entities are alter ego.  They did.

So when they file the proof of claim in the Bankruptcy Court in the Western District, claiming that all my entities, that Texas REIT doesn't — that Texas REIT, LLC is in bankruptcy.

In addition to that, Osama Abdullatif has entered into a joint venture agreement with George Lee.  George Lee's filed an adversary right here, your Honor, against me and Texas REIT claiming it's an alter.  Cannot determine the net worth until it is determined what — what if the alter ego, if — if those alter ego claims.

They have to be first — that — that's the gateway.  I mean, that's the problem that they put me in this conundrum.

20

Their goal is to put me out of business.  And I'm not running away from anything, your Honor.

I want everything to be decided in one place.  And it's already in that place that they signed under oath.  This is a proof of claim, your Honor, that —— that Osama Abdullatif has filed.  And this is also a, if I could hand this to, your Honor.

**THE COURT:**  Yeah.  I'll take it.

**MR. CHOUDHRI:**  This is also a notice of abstract judgment.  And if you look at the signature page on there, it's signed under oath by Osama Abdullatif.

**THE COURT:**  Okay.  If you want me to read, just let me read it.

**MR. CHOUDHRI:**  Yeah.

**THE COURT:**  What I've been handed is a notice of abstracted judgment with a recordation stamp of February 15th of 2020, RP 202452182, referencing *Case 2012-27197A*.  It's a Notice of Abstracts of Judgment.  And I'll read it now.

**(Court reading.)**

**(Pause in the proceeding.)**

**THE COURT:**  I've read the Abstract of Judgment.  Now what do you want me to take from that?

**MR. CHOUDHRI:**  Your Honor, if you look where it says he contends that Galleria West Loop Investments is an alter ego of Ali Choudri.  And he's attached the legal description of the

**TRINITY TRANSCRIPTION SERVICES**

21

property, 3.1 acres, which is the 50 Briar Hollow property.

So he fraudulently filed a lien on that property, preventing that property from being sold and refinanced.  That entity ended up filing bankruptcy, Galleria West Loop Investments.

And — and then that — that property's not — not — not there anymore.  That is a recent occurrence.  There are additional recent occurrences where Osama Abdullatif has sued —

THE COURT:  What does this —

MR. CHOUDHRI:  — South.

THE COURT:  This is ten months ago, sorry nine months ago when we're talking about recent.  This is nine-month-old abstract.

MR. CHOUDHRI:  In the last — yes, your Honor, if I may.

THE COURT:  Uh-huh.

MR. CHOUDHRI:  And this helps, your Honor.

This is an adversary complaint.

(Pause in the proceeding.)

THE COURT:  I've been handed an Adversary Complaint filed in *Adversary Proceeding 24-01039* in the Western District of Texas.  This was a filing made on July 10th of 2024.  Let me read this.

(Court reading.)

**(Pause in the proceeding.)**

**MR. CHOUDHRI:** And I just wanted to mention, your Honor, that Serena ——

**THE COURT:** So now tell me, where is the pleading in State Court, and the other side can tell me this if they want, that was the subject of the hearing that didn't occur because of the removal?

What —— who was that against?  Who was the named Defendant.

**MR. CHOUDHRI:** Ali Choudhri, myself, and Texas REIT.

**THE COURT:** And who's in bankruptcy in ——

**MR. CHOUDHRI:** Texas REIT is in bankruptcy.

**THE COURT:** Okay.  And are they trying to proceed with a hearing against Texas REIT?

**MR. CHOUDHRI:** That is one of —— that is ——there —— in fairness, there's two cases, your Honor.  There's a 2012 A case and a 2012 D case.

It's from the 2012, which goes back to the Bealle (phonetic) Bank dispute between Mr. Latif and I.  The 2012 A case has just me in it.

**THE COURT:** Okay.

**MR. CHOUDHRI:** Individually.  And the 2012 D case has me and, I believe, Dalio, and also Texas REIT is also a named party in that case.

**THE COURT:** So you're saying Texas REIT is a

23

Defendant in the D case or not a Debtor in the D case?

**MR. CHOUDHRI:**  Yes, sir.

**THE COURT:**  Okay.  Can I see the D case, then?

**MR. CHOUDHRI:**  Yes, sir.

**THE COURT:**  Where do I see documents from the D case?

**MR. CHOUDHRI:**  It's going to be on the Harris County District ——

**THE COURT:**  Does anyone have a document here on the D case?  And can we —— has the stay been lifted in the D case? I'm sorry, has the stay been lifted in the Texas REIT case to allow the State Court action to proceed in the D case?

**MR. CHOUDHRI:**  May —— may I hand this document to your Honor?

**THE COURT:**  Yeah.

   **(Pause in the proceeding.)**

**MR. CHOUDHRI:**  This is  a proof of claim in that case filed by Osama Abdullatif.

This is a claim objection that —— that —— that I filed against them where they're claiming it's an alter ego. This is a —— an order superseding for several million dollars in cash for that —— for one of the judgments they're attempting to collect that's fully superseded.  And ——

**THE COURT:**  But I'm trying to understand right now ——

**MR. CHOUDHRI:**  Yes, your Honor.

**THE COURT:**  —— my —— my questions are simpler, which

TRINITY TRANSCRIPTION SERVICES

24

is, if the Debtor is a Debtor.  And the lawsuit is against the Debtor.  And there is a stay against proceeding, I don't know why we're here at all.  That's why I need to get a more basic understanding.

**MR. CHOUDHRI:**  I believe it was something about they're a nominal party is what I heard.

**THE COURT:**  Well, I mean ——

**MR. CHOUDHRI:**  I heard somebody saying that.  So I don't know what that means.

**THE COURT:**  Okay.  Let me see some pleadings from the D case to understand whether the Debtor is a Debtor.  Counsel?

**MR. FUNK:**  May —— May I, your Honor.

**THE COURT:**  Yes, sir.  Please.

**(Pause in the proceeding.)**

**MR. FUNK:**  The final judgment in the D case.

**MS. ENGLAND:**  That's docketed at Debtor Exhibit M.

**THE COURT:**  Okay.  So the judgment in the D case. Let me read it.

**(Pause in the proceeding.)**

**THE COURT:**  So it appears that, if you need this I'll hand it back to you, that the judgement does not include the Debtor.  The Debtor is not a judgment Debtor; is that right?

**MR. CHOUDHRI:**  My understanding is that Texas REIT is a party in that case.

**THE COURT:**  Well, we're post judgment.

TRINITY TRANSCRIPTION SERVICES

25

**MR. CHOUDHRI:**  Right.

**THE COURT:**  Are they a judgment Debtor?

**MR. CHOUDHRI:**  I don't know.

**THE COURT:**  Pardon me?

**MR. CHOUDHRI:**  I —— I don't know.  I ——

**THE COURT:**  Well, that's the judgment.

**(Pause in the proceeding.)**

**THE COURT:**  Why don't you go ahead and step back from the podium if you would.

**MR. CHOUDHRI:**  May I —— may I hand some ——

**THE COURT:**  Why —— yeah, why don't you go ahead and take that with you and step back from the podium.

If they're not a judgment Debtor, then they're —— I don't know what the argument is.

**(Pause in the proceeding.)**

**MR. CHOUDHRI:**  Well, your Honor, my understanding is that they are Khawaja Omar, Osama Abdullatif, John Quinlan, and Omar Khawaja are claiming that I'm an alter ego.  And technically, the Debtor is an alter ego of me.

And that has to be determined in the adversary that's filed in the Western District by George Lee.  And they filed a proof of claim in that case, the proof of claim that's signed by Osama Abdullatif.

**THE COURT:**  That's not the way I read the last two. Let me read it again.  I read that it's saying that you are

liable for their debts, not that they are liable for your debts.

Let me read it again.

**(Pause in the proceeding.)**

**MR. CHOUDHRI:**  I have a deposition ——

**THE COURT:**  Here's the adversary ——

**MR. CHOUDHRI:**  —— your Honor, if ——

**THE COURT:**  Here's the adversary complaint.  I want to see what the document says.  This is what you handed me.

**(Pause in the proceeding.)**

**MR. CHOUDHRI:**  Here is a proof of claim by Osama Abdullatif as well, what I  handed you.

**(Court reading.)**

**(Pause in the proceeding.)**

**THE COURT:**  What is the current status of the adversary proceeding?

**MR. CHOUDHRI:**  It's pending, your Honor, in the Western Southern Bankruptcy District.  There's also a hearing ——

**THE COURT:**  You said in the Western Southern Bankruptcy District.

**MR. CHOUDHRI:**  Sorry.  I'm so sorry.

**THE COURT:**  That's okay.

**MR. CHOUDHRI:**  I'm really nervous.  Sorry.

It's in the Western Bankruptcy Court, Judge Jack

Robinson in the ——

THE COURT: Okay.

MR. CHOUDHRI: —— Western District. It is pending in that case, your Honor. And the —— their proof of claim, and there's a hearing in December on the —— the proof of claim where they're alleging —— where Osama Abdullatif is alleging Texas REIT's liabilities are my liabilities. And my liabilities are Texas REIT's liabilities, that we're basically all one. And that meant my liabilities could be a lot —— a lot more.

THE COURT: So your liabilities have been liquidated at this point, right? As to the State Court case. We know what the judgment is.

(Pause in the proceeding.)

THE COURT: What is the status of the State Court —— of the bankruptcy adversary?

MR. BALLASES: So, I —— I can answer that, Judge, if you'd like me to come there.

THE COURT: Please.

MR. BALLASES: So, we originally filed, you know, like we originally filed the —— Mr. Choudhri actually filed on a judgment for a multi-million dollars was taken against HREP, Houston Real Estate Properties, in State Court.

He filed a bankruptcy proceeding, which was in front of Judge Norman. As that case progressed, myself, and John

28

Quinlan, and Omar Khawaja, and Osama Abdullatif filed an adversary proceeding in that case, who alleged this alter ego and fraudulent transfer case.

THE COURT: Yeah. Why don't you answer my question.

MR. BALLASES: Sure.

THE COURT: What is the status of the adversary proceeding filed —— *Adversary Proceeding 24-1039* in the Western District of Texas. What's its status?

MR. BALLASES: So we filed a proof of claim. We learned that there are insufficient assets to pay our —— pay our debt. And so we had seeked to remove. And Judge Robinson is having a hearing on it.

THE COURT: Now ——

MR. CHOUDHRI: Your Honor ——

MR. BALLASES: I can't speak beyond that.

THE COURT: What is the status of the adversary proceeding? It is open? Closed?

MR. BALLASES: It's open.

THE COURT: Judgment? No Judgment.

MR. CHOUDHRI: It's open.

MR. BALLASES: Yeah. It is open.

THE COURT: Okay. So, has the stay been lifted to

allow you to proceed in State Court?

MR. BALLASES: We are not proceeding in State Court with Texas REIT.

THE COURT: Has the stay been lifted to allow you to proceed in State Court?

MR. BALLASES: Yes. Judge Robinson lifted the say for us to proceed against Texas REIT in our adversary proceeding in front of Judge Norman.

THE COURT: Has the stay been lifted to allow you to proceed in the State Court proceeding that is the subject of the removal and the remand?

MR. BALLASES: Texas REIT is not a judgment (indiscernible.)

THE COURT: Answer my question. You're — this is just as frustrating talking to you as — as other people.

Has the stay been lifted by the Bankruptcy Court to allow the removed State Court action to proceed in State Court? Yes or no?

**(Pause in the proceeding.)**

MR. BALLASES: I am unaware of that.

THE COURT: Okay.

**(Pause in the proceeding.)**

THE COURT: I'm granting the oral motion for a continuance, because I want a more organized hearing.

Here are the way that I believe the facts come out.

**TRINITY TRANSCRIPTION SERVICES**

But I'm not going to reach a final decision right now.

The adversary proceeding that I've been handed up, and again, this is all preliminary, *24-10 —— 120* is the case number. The adversary proceeding is *24-1039,* seeks to hold in the Bankruptcy Court Texas REIT, which is the Debtor in the Bankruptcy Court, liable for Mr. Choudhri's personal debts.

If Mr. Choudhri is, in fact, liable, as is being alleged in this adversary proceeding, for Texas, excuse me, liable —— if Texas REIT is liable for Mr. Choudhri's debts, then a liquidation, or a collection, I should say, of —— from Mr. Choudhri of the debts, will diminish his available funds to pay other creditors.

And you don't get to step to the front of the line. The automatic stay applies. If the automatic stay applies, you can't proceed in State Court. And maybe there's some other result we're going to come to after we hear a full evidentiary record and a full presentation.

But doing this on an emergency basis when it appears that you may be violating the automatic is something I'm not prepared to do today.

MR. FUNK:  Can I address?

THE COURT:  Mr. Funk, go ahead.

MR. FUNK:  Your Honor, the same arguments were made when the case was removed initially.  The motion to remand was filed.  Judge Robinson considered the motion, granted the

motion, sent it back down.  Judge ——

THE COURT:  He can send it back down.  That doesn't lift the stay.

MR. FUNK:  That's right.  Exactly.

THE COURT:  If the stay is in place, there isn't an emergency at all, because there's a stay.  And I can remand it, but you can't proceed.

And the question that I said it to everybody I was going to do in my order.  The first thing I'm going to do is figure out do we have an emergency?  And if there's a stay, we don't have a emergency, because nothing can happen.

MR. FUNK:  Please.

THE COURT:  Go ahead.

MR. FUNK:  Indulge me, your Honor.

I —— I —— let me get to the part.  After that, a motion to reconsider the decision was filed.

THE COURT:  Right.

MR. FUNK:  All of these arguments including the alter ego and the application of the stay, were made by Mr. Choudhri to Judge Robinson.

He ruled on those arguments, including the alter ego arguments.  And again denied the motion to reconsider.  I've got the —— the order is under *Cause Number 24-1047.*  It's Docket 36.

And pages three and four ——

32

**THE COURT:** Has it been —— has it been filed as an exhibit for this hearing?

**MR. FUNK:** It —— it was just referenced, your Honor, because we asked you to take judicial notice of it.  I don't think it was filed, was it?

**MS. ENGLAND:** No, it was not —— it's not appended.  It was ——

**THE COURT:** Can I see it?

**MS. ENGLAND:** —— tied in footnote seven.

**THE COURT:** Can I see it?

**MS. ENGLAND:** I don't have a printed copy.  I've got it on my laptop.

**THE COURT:** I'll look at it on your laptop.

**MR. CHOUDHRI:** Your Honor, may I respond?  There again, I don't want to ——

**THE COURT:** Sure.

**MR. CHOUDHRI:** —— conflate the issue, right?

In June —— in June, Osama Abdullatif filed a proof of claim in the Western District.  There was a claim objection made.

Mr. Ballasses and Osama Abdul attempted to withdraw that.  Judge Robinson said no.  At that point in time, the State Court case before this George Lee and the new case was filed, the —— the case was removed from the State Court.

Osama Abdullatif, and George Lee, and Serena Yu are

working together.  I have the evidence of that.  That adversary was filed.  The judge did not —— there was no response to the —— to the motion to remand.

There was no response because had it ——

THE COURT:  Yeah.

MR. CHOUDHRI:  —— there was no lawyer who was licensed in the Western District, didn't file a response to the remand.

THE COURT:  So ——

MR. CHOUDHRI:  That was limited to ——

THE COURT:  So ——

MR. CHOUDHRI:  —— the proof of claim.

THE COURT:  Is there a reason why you don't want ——

MR. CHOUDHRI:  Not ——

THE COURT:  —— me to see the transcript or the findings?  That's what I'd like to do.

MR. CHOUDHRI:  No, sir.  No.  I —— I —— I just wanted to mention.

THE COURT:  See what the judge said.

So go ahead and plug it into the ——

MS. ENGLAND:  May I approach?

THE COURT:  There's a —— no.  I'm want you —— I'm not going to touch your computer.  Plug it in or ——

MS. ENGLAND:  I'm sorry.  It's not plugged in.

THE COURT:  —— dial in to GoToMeeting, one or the

34

other.

**(Pause in the proceeding.)**

MR. BALLASES:  The specifics ——

THE COURT:  Let's wait.  I want to see what you told me I was going to see.

MR. BALLASES:  But not, I —— I can ——

THE COURT:  Have a seat everyone.  Everyone have a seat.

**(Pause in the proceeding.)**

THE COURT:  Everyone have a seat.

**(Pause in the proceeding.)**

MS. ENGLAND:  I'm plugged into the USB.  Is there another cable?

THE COURT:  It's not a USB.  It is a, I forgot the name of those cable.

MR. BALLASES:  HDMI.

THE COURT:  HDMI cable.  Yeah.

**(Voices speaking off the record.)**

THE COURT:  It should be in the front.  Look in the front door for an HDMI cable.

MR. FUNK:  While she's doing that, (indiscernible) a copy of the order?

THE COURT:  No.  I'm not going to do anything else.

MR. FUNK:  Okay.

THE COURT:  I want to do these in a way that I can

understand them.

**(Pause in the proceeding.)**

**THE COURT:**  Okay.  So what is your deal with the automatic stay in the November 8th, 2024 order?

**(Pause in the proceeding.)**

**MS. ENGLAND:**  Your Honor, it —— this order does not specifically identify either lift stay or automatic stay.  It addresses the alter ego argument the Mr. Choudhri is raising.

**(Pause in the proceeding.)**

**THE COURT:**  Okay.  Let me see that.  I'll look at that.  But I want to know about the automatic stay.

**MS. ENGLAND:**  I'm scrolling to page three.

**(Pause in the proceeding.)**

**MS. ENGLAND:**  And beginning in the paragraph ——

**THE COURT:**  Okay.

**MS. ENGLAND:**  —— "The motion to vacate."

**(Court reading.)**

**(Pause in the proceeding.)**

**THE COURT:**  Okay.  Keep scrolling.

**(Court reading.)**

**(Pause in the proceeding.)**

**THE COURT:**  Okay.

**(Court reading.)**

**(Pause in the proceeding.)**

**THE COURT:**  Keep going.

36

(Court reading.)

(Pause in the proceeding.)

THE COURT:  Keep going.

(Court reading.)

(Pause in the proceeding.)

THE COURT:  I agree with the fact that they were a named party.  Doesn't matter if we're post-judgment and they're not name in the judgment.

My concern is, there is a live alter ego claim brought in the Bankruptcy Court that alleges that Texas REIT isn't liable for Mr. Choudhri's debts.

It's my belief that if we remand this case, and maybe we should, that the automatic stay would stop you from proceeding in the case as a result of that.

(Pause in the proceeding.)

THE COURT:  I may be wrong about that.  I'm willing to have that dealt with and briefed.  But I'm not willing to rule on an emergency basis when it appears to me that remanding the case would result in the State Court having jurisdiction over the case, subject to an automatic stay.

I do not see at this point anyone alleging that the Bankruptcy Court has, in fact, found the automatic stay doesn't apply.  I, therefore, don't think there's an emergency, which is what I said I was going to take up first.

So — and if people want to respond to that, go

37

ahead.  But I'm inclined to grant a short continuance so that we can understand better what is going on.

MR. BALLASES:  So, Judge, just so I'm clear, cause I'm not on one issue.  Are —— are you referring to the adversary proceeding in the Southern District?  Or the adversary proceeding in the Western District?

THE COURT:  Adversary proceeding in the Texas REIT case filed in the Western District Texas specifically asks, this is Mr. Lee, who was the Plaintiff, asks the Western District Bankruptcy Court quote,

"To hold that Debtor, that is Texas REIT,

is the —— is the ego of Choudhri for the

purposes of enforcement of a judgment

against Choudri and in support, thereof,

would respectfully show as follows."

So if Texas REIT is liable for Mr. Choudhri's debts, then the distribution of his assets to one group of creditors to the disadvantage to other groups of creditors, would be a violation of the automatic stay in the Texas REIT case. Because it's liable for his debts.

**(Pause in the proceeding.)**

THE COURT:  So the stay probably applies.  I'm willing to have it briefed that it doesn't.  I'm not willing to decide on what amounts to two days' or three days' notice a really complicated alter ego question that controls whether

38

this is an emergency.

That's my worry.  So, I am going to hear this quickly.  If your lawyer is in —— and I have no reason realistically to think he's in the hospital.  He certainly didn't tell me that was a possibility in her emergency motion.

It's certainly a possibility when anybody gets hospitalized.  If your lawyer is incapacitated, I think he's fairly new on this case.

How long's it going to take you to get alternate representation?

**(Pause in the proceeding.)**

**MR. CHOUDHRI:**  Your Honor, he's been working on this for a few weeks.  I don't know I can give you an answer relatively quickly once I reach out and find out.

**THE COURT:**  Okay.

**MR. CHOUDHRI:**  There's another entity, your Honor, that's also in bankruptcy that they've claimed as an alter ego. But I'll just stop talking to you.

**THE COURT:**  You really want to make more argument right now?

**MR. CHOUDHRI:**  No, sir.  I'll stop right not.

**THE COURT:**  I think that's a prudent move.

December 2nd, 9 in the morning, we're going to have a hearing on the motion to remand.

**MR. CHOUDHRI:**  Your Honor, on December the 2nd

39

there's a hearing on the claim objection for the proof of claim that —— that they filed in Judge Robinson's court. I believe it's December 2nd, schedule.

MR. BALLASES: I don't believe that's correct.

THE COURT: Let's check.

MR. CHOUDHRI: Is it —— is it December the 2nd? Am I wrong?

Yes, your Honor. The Court has their setting for December the 2nd.

THE COURT: December 2?

MR. CHOUDHRI: December the 2nd. Yes, your Honor. *Case Number 24-10120,* which is —— there is a —— there is a setting in that.

MR. BALLASES: So, no. There is a hearing at either 1:30 or 2:00 for Texas REIT to amended motion to sell property free and clear of liens. There's nothing to do with us. But that's at 1:30 or 2:00.

MR. CHOUDHRI: But you're objecting to that sale from going forward.

MR. BALLASES: I —— I ——

MR. CHOUDHRI: You filed an objection to that sale.

MR. BALLASES: I understand. We just —— we're fine with this hearing taking place in the morning.

THE COURT: Yeah. Is that a video hearing or is that a personal hearing?

MR. BALLASES:  That is a Zoom hearing.

THE COURT:  It's a Zoom hearing.  Great.

MR. BALLASES:  Yes, sir.

THE COURT:  We'll start a nine o'clock.  Nine o'clock December second, we'll have your motion to remand.

MR. BALLASES:  That's fine.  And just to add one more ting so it's clear on the record.  So the George Lee lawsuit has nothing to do with myself, my clients, or my co-counsel's client.

THE COURT:  I don't know if that matters.

MR. BALLASES:  Yeah.

THE COURT:  If —— we —— we need to worry about whether there's an alter ego, non-frivolous allegation that might mean that the stay is involved.

MR. BALLASES:  Right.  And —— and, of course, the judge —— the two judgments we're here about having nothing to do with Texas REIT.

THE COURT:  Well, we don't know that.

Because if Texas REIT is liable for his debts, then they may have a hell of a lot to do with Texas REIT.  So you all can brief it.  Briefing is due not later that November 27th, which is two weeks from today on whether or not the automatic stay applies in State Court.

And any further briefing on the remand that you all wish to file is due on the 27th.  I'm going to decide the

remand question before we decide whether to transfer the case over to the Western District.

So we will not take up the transfer motion until after we decide remand.

You all have a good Thanksgiving.  We'll see you all on the 2nd at 9 o'clock.  Thank you.

**MR. CHOUDHRI:**  Thank you, Judge.

**THE COURT:**  Thank you.

**(This proceeding was adjourned at 03:57 p.m.)**

* * * * * * * * *

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_/s/Cheryl L. Battaglia_                    _November 20, 2024_

Transcriber                              Date

4:24-CV-3224

11/13/2024 - 11/20/24