**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | § |
| | §   Case No. 23-34815 (JPN) |
| GALLERIA 2425 OWNER, LLC | § |
| | §   Chapter 11 |
| Debtor. | § |

**NBK'S SECOND EMERGENCY MOTION TO**
**ENFORCE SALE ORDER (2425 WL, LLC)**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**
>
> **RELIEF IS REQUESTED NOT LATER THAN DECEMBER 6, 2024.**

4898-8369-0498.v3

National Bank of Kuwait, S.A.K.P., New York Branch ("NBK"), for itself and Houston 2425 Galleria, LLC ("NBK's Assignee"), files this *Second Emergency Motion to Enforce Sale Order (2425 WL, LLC)* (the "Motion")[1] and represent follows:

**PRELIMINARY STATEMENT**

1. 2425 WL, LLC ("2425 WL") is the asserted holder of certain alleged beneficiary rights under that certain *Deed of Trust*, recorded as Instrument No. RP-2021-258619 in the Official Public Records of Harris County, Texas [Docket No. 692-3] (the "Lien"), with respect to certain real property located at 2425 West Loop South, Houston, Texas (the "Property"). Although the Court previously found this Deed of Trust to be fraudulent in its *Order Disallowing Proof of Claim and Referral to United States Attorney* [Docket No. 717],[2] the relief sought here is independent of that decision, and instead is made pursuant to this Court's order at Docket No. 608 (the "Sale Order"), conveying the Property free and clear of all liens, claims, encumbrances, and other interests, including, without limitation, the Lien. NBK's Assignee acquired the Property pursuant to a sale process overseen by this Court on August 20, 2024 [Docket No. 675].

2. On November 26, 2024, NBK's Assignee requested that 2425 WL execute a release of Lien (the "Release") and return it by November 29, 2024, by providing the Release and return instructions to 2425 WL at its address as set forth in the records of this chapter 11 case, and by providing copies of the request to each attorney that has entered an appearance in this case for 2425 WL. This request was sent to multiple addresses and counsel based on the records of this chapter 11 case. Among other things, the Sale Order requires 2425 WL to execute the Release and provides that if it fails to do so, NBK may seek appropriate relief from this Court.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Order.
[2] 2425 WL has appealed the order disallowing its claim. [Docket No. 769]. It did not, however, object to or appeal the Sale Order, which authorized sale of the property free and clear of the purported Lien.

3. As of the close of business on December 2, 2024, 2425 WL had not executed and returned the Release as requested.

4. NBK's Assignee is in the process of marketing the Property for sale and may have a buyer willing to close as soon as December 10, 2024. Title insurers, however, appear reluctant to issue title insurance with the Lien still of record. Consequently, this potential transaction requires that this Motion be addressed on an emergency basis, although removing the Lien from the land records is an imperative regardless.

5. To facilitate the transfer of the Property and clear record title, NBK on behalf of NBK's Assignee, requests that this Court enforce the Sale Order by entering an order, substantially in the form of the proposed order attached hereto as **Exhibit A**, consistent with, and in aid of, the Sale Order. The Sale Order is a final order of this Court, which no party, including 2425 WL, appealed.

## BACKGROUND

6. Much of the background relevant to this Motion regarding the sale of the Property "free and clear of all liens, claims, encumbrances, and other interests" is provided in *NBK's Emergency (Renewed) Motion to Enforce the Sale Order (Jetall Companies, Inc.)* [Docket No. 838 ¶¶ 5-11].

7. In connection with preparing the Property for sale, some title insurers have expressed concern about being able to issue a title policy without excepting the Lien from coverage, notwithstanding the explicit terms of the Sale Order, because 2425 WL's principal has a reputation for being litigious.

8. Thus, in an effort to address this issue without involving this Court, undersigned counsel sent, via FedEx and email the cover letter and Release, attached hereto as **Exhibit B**, to

3

2425 WL,[3] Mr. Choudhri the principal and chief executive officer of 2425 WL and each counsel that appeared for it in this chapter 11 case on November 26, 2024, requesting execution and delivery of the Release by November 29, 2024.

9. The request was made pursuant to the Sale Order, which contemplates that the holders of liens will execute releases. *See* Sale Order ¶ 35.

10. The executed Release has not been returned to undersigned counsel as of the filing of this Motion.

## THE SALE ORDER

11. As is relevant here, the Sale Order provides as follows:

This Sale Order is and shall be binding upon and shall govern acts of all entities including, without limitation, ***all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of fees, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons***, who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect that the Buyer is the assignee and owner of the Purchased Assets free and clear of all liens, claims, encumbrances, and other interests (other than those expressly assumed by the Buyer or permitted to survive under the Asset Purchase Agreement) (all such entities being referred to as the "Recording Officers"). All Recording Officers are ***authorized to strike recorded liens***, claims, interests, and encumbrances against the Purchased Assets recorded prior to the date of this Sale Order unless the Asset Purchase Agreement expressly provides that the Buyer is acquiring the Purchased Assets subject to such liens, claims, encumbrances, and other interests. A certified copy of this Sale Order may be filed with the appropriate clerk and/or recorded with the recorder ***to act to cancel any liens*** and other encumbrances of record, and this Sale Order is ***deemed to be in recordable form*** sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department, or office. ***If any person or entity which has filed statements or other documents or agreements evidencing liens on, or other interests in, all or any portion of the Purchased Assets shall not have delivered*** to the Trustee prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens, and any other documents necessary for the purpose of documenting the release of all liens, claims, encumbrances, or other interests which the person or entity has or may assert with

---

[3] NBK also caused this package to be hand delivered to the 2425 TXL's address in Houston as reflected in the records of this chapter 11 case.

4898-8369-0498.v3

respect to all or any portion of the Purchased Assets, ***the Trustee and Buyer are hereby authorized***, on behalf of the Debtor, the Debtor's estate, and each of the Debtor's creditors, to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Purchased Assets, or ***take such other appropriate action, including seeking relief in this Court*** or any other court to compel appropriate parties to execute termination statements, instruments of satisfaction and releases of all such liens, claims, encumbrances, or other interests with respect to the Purchased Assets. ***Each and every filing agent, filing officer, title agent, recording agency, governmental department, secretary of state, federal, state and local official, and any other person and entity who may be required by operation of law, the duties of its office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Purchased Assets, is hereby authorized and directed to accept any and all documents and instruments necessary and appropriate*** to consummate the Sale Transaction contemplated by the Asset Purchase Agreement and approved by this Sale Order.

Sale Order ¶ 35 (emphasis added).

## JURISDICTION

12. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.

13. This is a core proceeding pursuant to 28 U.S.C. § 157.

## RELIEF REQUESTED

14. NBK on behalf of NBK's Assignee respectfully requests entry of a supplemental order, substantially in the form attached as **Exhibit A**, enforcing the Sale Order by: (a) adjudging that the purported Lien is released and unenforceable; (b) directing the Harris County Clerk's Office (the "County Clerk") to accept this Court's order for recording and ordering the County Clerk to strike the Lien from its records with respect to the Property; (c) decreeing that any title agents and title insurance underwriters shall recognize and rely on this Court's order as a release to issue title policies on the Property without exception for 2425 WL's purported lien; and (d) enjoining and barring 2425 WL or any affiliated party, including without limitation 2425 WL, Jetall Companies, Inc., Jetall Capital, LLC, Galleria 2425 JV, LLC, Galleria West Loop Investments II, LLC, Naissance Galleria, LLC, Naissance Capital Real Estate, LLC, Mr. Ali

Choudhri, and any other person or entity affiliated with any of the foregoing, from bringing any action in any court challenging title to the Property (the proposed "Order Releasing Lien").

## BASIS FOR RELIEF

15. Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." There is abundant authority supporting the proposition that a bankruptcy court has inherent core authority under section 105 to enforce its own orders, including confirmation orders and sale orders.[4]

16. This Court has entered numerous orders employing the same directives and authorizations provided in the Sale Order (a) for lienholders to deliver releases;[5] (b) for the Chapter 11 Trustee or buyer of the Property to execute releases of liens on behalf of any lienholder

---

[4] *See, e.g., Universal Oil Ltd. v. Allfirst Bank (In re Millenium Seacarriers, Inc.)*, 419 F.3d83, 97 (2d Cir. 2005) ("Bankruptcy courts retain jurisdiction to enforce and interpret their own orders") (citing *Luan Inv. S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.)*, 304 F.3d 223, 230(2d Cir. 2002)); *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019) ("In our view, [sections 524(a) and 105] authorize a court to impose civil contempt sanctions when there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order."); *Rosellini v. U.S. Bankruptcy Court (In re Sanchez)*, 941 F.3d 625, 628 (2d Cir. 2019) ("We therefore hold that bankruptcy courts, like Article III courts, possess inherent sanctioning powers."); *In re Cano*, 410 B.R. 506 (Bankr. S.D. Tex. 2009) ("Courts have used § 105 to remedy violations of confirmed plans. A bankruptcy court's authority under § 105 to enforce its own orders cannot be reasonably questioned."); *In re Palmaz Scientific Inc.*, 562 B.R. 331 (Bankr. W.D. Tex. 2016) ("This Court has subject matter jurisdiction to interpret the Plan and determine whether continuation of the Respondent's litigation would violate the Plan, Confirmation Order, and permanent injunction provided therein . . . Further, the Court always has jurisdiction to clarify and enforce its own orders."); *In re Johns Manville Corp.*, 97 B.R. 174, 180 (Bankr. S.D.N.Y. 1989) (holding that a "bankruptcy court retains post-confirmation jurisdiction to interpret and enforce its own orders in aid of their proper execution"); *In re Cont'l Airlines, Inc.*, 236 B.R. 318, 325 (Bankr. D. Del. 1999) ("In the bankruptcy context, courts have specifically, and consistently, held that the bankruptcy court retains jurisdiction, inter alia, to enforce its confirmation order."); *In re Allegheny Health Educ. & Rsch. Found.*, 383 F.3d 169, 176 (3d Cir. 2004) ("we hold that the bankruptcy court correctly determined that the suit was a core proceeding because it required the court to interpret and give effect to its previous sale orders").

[5] *See, e.g., In re Brown Med. Ctr., Inc.*, No. 13-36405, 2013 WL 7211412, at *5 (Bankr. S.D. Tex. Dec. 18, 2013) ("This Order (a) is . . . a determination that . . . all liens . . . have been unconditionally released . . . and shall be binding on and shall govern acts of all entities, including [Recording Officers] who may be required . . . to . . . file . . . or otherwise record or release any documents or instruments that reflect the Purchaser is the owner of the . . . Assets free and clear of liens . . . .").

who fails to deliver such releases;[6] and (c) for "Recording Officers" to treat pre-petition liens as being released and strike any recorded liens.[7]

17. Given the history of this case, however, simply ordering 2425 WL to execute the Release will no doubt result in unnecessary delays and further proceedings, and a release executed on behalf of 2425 WL by NBK's Assignee or the Chapter 11, now Liquidating, Trustee is more vulnerable to a challenge than an unambiguous order from this Court.

18. Other bankruptcy courts also have issued sale orders that expressly state title companies may rely on a sale order to issue policies free and clear of liens and to effectuate the release of liens on property without requiring a separate filing.

> The Debtor's title insurance agents and underwriters are authorized to provide title insurance in connection with the sale of the Property pursuant to this Order without exception for liens other than liens securing Governmental Impositions . . . . Title agents and title insurance underwriters **may rely upon this Order to issue title policies** on the Property without exception for (i) the trust deed liens . . . .

*In re Olsen Agric. Enterprises LLC*, No. 11-62723, 2010 WL 11832865, at *2 (Bankr. D. Or. May 28, 2010) (emphasis added).

> ORDERED that the Debtors' title insurance agents and underwriters are authorized to provide title insurance without exception notwithstanding any statutory requirements requiring a "gap affidavit" or other documentation; and it is further
>
> ORDERED that title agents and title insurance underwriters may rely upon the filing of a copy of this Order in Hernando County, Florida to issue their title policies on properties located within each such county without exception to any Liens,

---

[6] *See, e.g., In re ATP Oil & Gas Corp.*, No. 12-36187, 2013 WL 7203750, at *5 (Bankr. S.D. Tex. Dec. 19, 2013) ("If any person or entity which has filed statements or other documents or agreements evidencing liens . . . shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, . . . releases of liens . . . necessary for the purpose of documenting the release of all liens . . . , the Debtor and Purchaser are hereby authorized to . . . execute and file such . . . releases . . . .").

[7] *See, e.g., In re Fieldwood Energy LLC*, No. 20-33948 (MI), 2021 WL 2853151, at *20 (Bankr. S.D. Tex. June 25, 2021) ("[E]ach and every Recordation Officer is authorized, from and after the Effective Date, to strike all Claims, interests, Liens, or other encumbrances in or against the Debtors' assets from their records, official and otherwise, without further order of the Bankruptcy Court or act of any party."), *aff'd sub nom. In re Fieldwood Energy III LLC*, No. 4:21-CV-2201, 2023 WL 2402871 (S.D. Tex. Mar. 7, 2023), *aff'd sub nom. Matter of Fieldwood Energy LLC*, 93 F.4th 817 (5th Cir. 2024).

except the Tax and CDD Liens, whether asserted or unasserted, known or unknown; and it is further

*In re Crescent Res., LLC*, No. 09-11507 (CAG), 2011 WL 6010723, at *2 (Bankr. W.D. Tex. Nov. 24, 2011).

19. Given that 2425 WL did not object to or appeal the Sale Order, it cannot challenge the release of its purported lien. Thus, there is no procedural impediment to prevent the Court from entering a supplemental order – clarifying that the Lien has been released and that title companies may rely on the order, in lieu of a release of the Lien executed by 2425 WL (or any other party), as conclusive evidence of release of the Lien – to resolve this urgent matter.

20. Accordingly, this Court should enter the proposed Order Releasing Lien in aid of its prior, final, never-appealed Sale Order.

## REQUEST FOR EMERGENCY CONSIDERATION; LOCAL RULE 9013-1(i) STATEMENT

21. Pursuant to Local Bankruptcy Rule 9013-1(i), NBK, for itself and on behalf of NBK's Assignee, respectfully requests that the Motion be considered on an emergency basis. The existence of the Lien in County Clerk's records presents an unnecessary challenge to overcome as NBK's Assignee seeks to sell the Property in its desired timeframe. Absent emergency consideration, this Motion may not be heard until late in December, unnecessarily prolonging the impact of 2425 WL's fraudulent Deed of Trust. Undersigned counsel certifies the accuracy of these statements in support of emergency relief.

## RESERVATION OF RIGHTS

22. NBK and NBK's Assignee reserve their rights to seek further relief from the Court pursuant to any of its orders, including relief with respect to attorneys' fees NBK and NBK's Assignee have incurred in connection with 2425 WL's actions as described herein. NBK and

NBK's Assignee further reserve all rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this Motion.

## NOTICE

23. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

WHEREFORE, NBK and NBK's Assignee respectfully request (a) entry of the proposed Order Releasing Lien granting the relief requested herein and (b) such other and further relief as the Court deems just and proper.

4898-8369-0498.v3

Dated: December 2, 2024
      Houston, Texas

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

*/s/ Charles C. Conrad*
Charles C. Conrad
Texas State Bar No. 24040721
Ryan Steinbrunner
Texas State Bar No. 24093201
609 Main Street Suite 2000
Houston, TX 77002
Telephone: (713) 276-7600
Facsimile: (713) 276-7634
charles.conrad@pillsburylaw.com
ryan.steinbrunner@pillsburylaw.com

- *and* -

Andrew M. Troop (Bar No. MA547179)
Patrick E. Fitzmaurice*
Kwame O. Akuffo*
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com
patrick.fitzmaurice@pillsburylaw.com
kwame.akuffo@pillsburylaw.com

*Admitted *pro hac vice*

**Counsel for National Bank of Kuwait, S.A.K.P., New York Branch and Houston 2425 Galleria, LLC**

4898-8369-0498.v3

**CERTIFICATE OF SERVICE**

      I certify that, on December 2, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and to the following parties via U.S. first class mail, postage paid and via email:

Joseph Carl Cecere, II
Cecere PC
6035 McCommas Blvd
Dallas, TX 75206
ccecere@cecerepc.com

Stephen Wayne Sather
Barron Newburger, PC
7320 N Mopac Expy Ste 400
Austin, TX 78731
ssather@bn-lawyers.com

David Neal Stern
Barron Newburger, PC
7320 N Mopac Expy Ste 400
Austin, TX 78731
dstern@bn-lawyers.com

2425 WL LLC
c/o Ali Choudhri
ali@jetallcompanies.com
ali@jetallcapital.com

Jack Rose
Law Offices of Jack J Rose PLLC
2001 Palmer Ave Ste 104
Larchmont, NY 10538
jrose@jrlpllc.com

Mark Edwin Smith
Barron Newburger, PC
7320 N Mopac Expy Ste 400
Austin, TX 78731
msmith@bn-lawyers.com

J. Marcus Hill
Hill & Hill, P.C.
1770 St. James Street, Ste 440
Houston, TX 77056
marc@hillpclaw.com

Justin Rayome
1606 Caslyn Drive
Rosenberg, TX 77471
justinrayome3@gmail.com

                                                                 */s/ Charles C. Conrad*
                                                                  Charles C. Conrad