# EXHIBIT 3

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

May 14, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 23-34815** |
| GALLERIA 2425 OWNER, LLC, | § | |
| | § | **CHAPTER 11** |
| Debtor. | § | |
| | § | |
| 2425 WL, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 24-3043** |
| | § | |
| NATIONAL BANK OF KUWAIT, S.A.K.P., | § | |
| NEW YORK BRANCH, | § | |
| | § | |
| Defendant. | § | |

### ORDER GRANTING DEFENDANT'S RENEWED MOTION TO DISMISS
### COMPLAINT FOR EQUITABLE SUBORDINATON AND DAMAGES

This matter is before the Court on the Renewed Motion to Dismiss Complaint for Equitable Subordination and Damages (ECF No. 11) filed by the defendant National Bank of Kuwait, S.A.K.O, New York Branch ("NBK"), and the response thereto (ECF No. 17) filed by the plaintiff. NBK is moving to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) that the complaint fails to state a claim for relief, and that the plaintiff lacks standing to bring the complaint. For the following reasons, the motion to dismiss is granted.

### FACTUAL BACKGROUND

This adversary proceeding was commenced on March 22, 2024 (ECF No. 1) (the "Complaint"). The plaintiff, 2425 WL, LLC ("2425 WL") is a creditor in the underlying bankruptcy case and was the owner of real property located at 2425 West Loop South, Houston, Texas (the "Property"). Ali Choudhri is the owner of 2425 WL.

According to the plaintiff, NBK agreed to loan money using the Property as collateral only if 2425 WL sold the Property to another entity. 2425 WL agreed to this strategy and formed Galleria 2425 Owner LLC on or about April 4, 2018. Galleria 2425 Owner LLC ("Debtor") is the debtor in the underlying bankruptcy. The Debtor also formed another entity, Galleria 2425 JV,

1 / 5

LLC at the same time which owned 100% of the Debtor. Galleria 2425 JV, LLC was owned by Galleria West Loop Investments, LLC (97.77%) and Naissance Capital Real Estate, LLC (1.23%). The managing member of Naissance Capital Real Estate, LLC is Azeemeh Zaheer ("Zaheer"), who is alleged to be an agent of NBK. As such, 2425 WL alleges that Zaheer conspired with NBK in putting together the loan package to the detriment of 2425 WL.

In the Complaint, the plaintiff is requesting this Court to enter a judgment finding the NBK has engaged in inequitable conduct and is seeking equitable subordination as a result of that conduct. The plaintiff has alleged that NBK engaged in actual fraud causing the 2425 WL to suffer $25,000,000.00 in damages.

In its motion to dismiss, NBK argues that 2425 WL is seeking damages sustained by the Debtor and therefore, has no standing to proceed with the Complaint. In support of this argument, NBK states that the allegations in the Complaint are the exact same allegations that are set forth in another adversary, Case No. 23-03263.[1] Adversary Case No. 23-03263 was removed from state court by the Debtor and is now being prosecuted by the Chapter 11 Trustee. NBK also argues that the case should be dismissed because the allegations set forth in the Complaint are all actions taken against the Debtor and not against 2425 WL, which remained a junior lienholder after the sale of the Property in the form of a vendor's lien.[2]

## STANDARD OF REVIEW

The defendants have filed a motion for dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). This rule has been incorporated into Federal Rule of Bankruptcy Procedure 7012. In evaluating whether a complaint fails to state a claim, the Court must construe the complaint liberally in favor of the plaintiff as the non-moving party and assume the truth of well-pleaded facts.[3] The Court must assess a motion to dismiss only on "the facts stated in the complaint and the documents either attached to or incorporated in the complaint."[4] In order to survive a motion to dismiss, "a plaintiff must plead sufficient 'facts to

---

[1] *Galleria 2425 WL Owner LLC v. National Bank of Kuwait, S.A.K.P. New York Branch and Azeemeh Zaheer*
[2] ECF No. 1, page 5, ¶27 stating 2425 WL retained a vendor's lien of approximately $14 million.
[3] *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007).
[4] *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

state a claim to relief that is plausible on its face.'"[5]   The Court is not required to accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[6]

## LEGAL ANALYSIS

In the instant motion, NBK requests the Court dismiss the plaintiff's claims pursuant to FRCP 12(b)(6) stating that the plaintiff has not stated a claim for which relief can be granted. There are two causes of action in the Complaint.

### Equitable Subordination

A creditor may bring an equitable subordination claim only if it can allege a particularized injury resulting from the defendant's inequitable conduct, and equitable subordination must be consistent with provisions of the Bankruptcy Code. Further, a claim should be subordinated only to the extent necessary to offset the harm which the debtor or its creditors have suffered as a result of the inequitable conduct.[7] The Fifth Circuit has emphasized that equitable subordination is remedial, not penal, and in the absence of actual harm, equitable subordination is inappropriate.[8]

The allegations in the Complaint are that NBK "engaged in inequitable conduct, including preventing the Debtor from leasing or selling the Property, breaching a Confidential Settlement Agreement, exercising control over the ownership of the Debtor and submitting false reports with regard to the Debtor's principle owner."  This conduct resulted in artificially depressing the Property's value.  Taking all of these allegations as true, the Court cannot see that 2425 WL has properly pled a claim for relief against NBK as the claims alleged some sort of damage to the Debtor and does not plead that 2425 WL sustained any actual harm.

In its response, 2425 WL reiterates these allegations stating that it has met the elements of equitable subordination.[9]   However, 2425 WL is not mentioned, only that NBK's conduct impacted the Debtor.  This is true throughout the Complaint.  Further, neither the Complaint nor the response address actual harm that 2425 WL has sustained, instead they both argue that it may suffer harm under certain circumstances.

[5] *Ferguson v. Bank of New York Mellon Corp.*, 802 F.3d 777 (5th Cir. 2015), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).
[6] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).
[7] 11 U.S.C. 510(c); *In re SI Restructuring*, 532 F.3d 355 (5th Cir. 2008) (internal citations omitted).
[8] *In re SI Restructuring, Id.* at 361; *In re Wilshire Homes Houston, Ltd*., 2013 WL 5162077 at *29 (S.D. Tex. Sept. 11, 2013).
[9] ECF No. 17, Page 4 of 5.

3 / 5

## Fraud

With respect to fraud and fraud-based claims, a complaint must meet a heightened pleading standard, "stat[ing] with particularity the circumstances constituting fraud" and the "[m]alice,intent, knowledge, and other conditions" necessarily underlying fraud.[10] Specifically, the complaint must "(1) detail the statements (or omissions) that [the plaintiff] contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent."[11] A fraud claim is personal to the defrauded party,[12] and only the defrauded party has standing to assert a fraud claim.[13]

The allegations in the Complaint are that 1) "NBK made representations to the Debtor on the loan transaction." 2) "[T]he representations of NBK for the loan made the loan with the intention and purpose to deceive the Debtor." 3) "[T]he Plaintiff, prior to the loan, relied on the representations. On information and belief, the Debtor relied on the representations . ." 2425 WL has failed to state any factual allegations made by NBK against it, if accepted as true, are plausible and rise above mere speculation as to it.[14] 2425 WL has failed to articulate any specific representations made to it that it contends are false or how such representations were reasonably relied upon by it. If there is a fraud claim, it appears from the allegations in the Complaint, that the real party in interest is the Debtor and not 2425 WL.

Under FRCP 9(b), allegations of fraud must state the circumstances constituting the fraud "with particularity."[15] Pleading claims of fraud but failing to identify specific false or misleading disclosures made by the defendant constitutes grounds for dismissing a complaint under Rule 12(b)(6).[16]

---

[10] FRCP. 9(b).

[11] *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Secs.*, LLC, 797 F.3d 160, 171 (2d Cir. 2015). *See also McCauley v. Home Loan Inv. Bank*, 710 F.3d 551, 559 (4th Cir. 2013); *U.S. v. Planned Parenthood of the Heartland*, 765 F.3d 914, 916–17 (8th Cir. 2014); *Sanderson v. HCA - The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006); *Borsellino v. Goldman Sachs Grp.*, 477 F.3d 502, 507 (7th Cir. 2007); *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997).

[12] *Baker v. City of Robinson*, 305 S.W.3d 783, 788 (Tex. App. – Waco 2009) *Vial v. Gas Sols., Ltd.*, 187 S.W.3d 220, 227 (Tex. App. – Texarkana 2006, no pet.) (citing *Noblesv. Marcus*, 533 S.W.2d 923, 927 (Tex. 1976)).

[13] *Zaan, LLC v. Sangani*, 2015 WL 2398652, *4 (Tex. App. – Dallas, May 20, 2015) (citing *Nobles*, 533 S.W.2d at 927).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[15] Fed. R. Civ. P. 9(b); see also, *Hernandez v. Ciba-Geigy Corp.,* 200 F.R.D. 285, 290 (S.D. Tex 2001); *U.S. v. Medco Health Solutions, Inc.*, 671 F.3d 1217, 1222 (11th Cir. 2012).

[16] *Royal Bus. Grp. v. Realist, Inc.*, 933 F.2d 1056, 1065-66 (1st Cir. 1991).

The court then considers whether leave to amend should be granted, as Federal Rule of Bankruptcy Procedure 7015 provides that a court should freely give leave to amend pleadings when justice so requires.[17]  In its response, 2425 WL requested leave to amend if the Court were to dismiss the case.

**ACCORDINGLY, IT IS ORDERED** that the motion to dismiss is granted, and all claims against NBK are dismissed.

**IT IS FURTHER ORDERED** that the plaintiff, 2425 WL shall have 14 days to file an amended complaint.

SIGNED 05/14/2024

Jeffrey Norman
United States Bankruptcy Judge

---

[17] *re Meyrowitz*, Adv. No. 10-03227, 2010 WL 5292066 (Bankr. N.D. Tex. Dec. 20, 2010).