# **EXHIBIT 9**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> **GALLERIA 2425 OWNER LLC,** <br><br> Debtor. | |

**DECLARATION OF ALI CHOUDHRI IN SUPPORT OF CASH COLLATERAL MOTION AND MOTION TO DETERMINE ADEQUATE ASSURANCE UTILITY PAYMENT**

**THIS UNSWORN DECLARATION IS MADE UNDER PENALTY OF PERJURY**

1. My name is Ali Choudhri. I am over the age of eighteen and am otherwise capable of making this declaration. I have personal knowledge of the facts stated herein and they are true and correct.

2. I am an Officer and Manager of Galleria 2425 Owner LLC. On December 5, 2023 (the "Petition Date"), I authorized a voluntary chapter 11 petition to be filed on behalf of Galleria 2425 Owner LLC (the "Debtor").

3. I am making this declaration in support of the *Debtor's Motion for Interim and Final Orders Authorizing It to Use Cash Collateral* [Dkt. No. 33] (the "Cash Collateral Motion") and *Debtor's Emergency Motion to Determine Adequate Assurance Utility Payments* [Dkt. No. 34] (the "Adequate Utility Deposits").

4. The Debtor's primary asset is a Class A office building located at 2425 West Loop South, Houston, Texas 77027(the "Property").

5. The Property is fully covered by commercial property and liability insurance.

1. As of the Petition Date, the Debtor was allegedly indebted to National Bank of Kuwait, S.A.K.P., New York Branch ("NBK") pursuant to a loan made to the Debtor by NBK (the "Loan").

6. As of the Petition Date, the Debtor was also allegedly indebted to 2425 WL, LLC ("2425 WL"), Caz Creek Lending ("Caz Creek") and Harris County, Texas (Harris County including the City of Houston, the independent school district, and various other entities included within Harris County)("Harris County")(NBK, 2425 WL, Caz Creek and Harris County, collectively at times, the "Secured Creditors").

7. The Debtor's only source of operating funds is generated by the operation of the Property, specifically, rental and other income from tenants at the Property collected by or for the benefit of the Debtor.

8. The Secured Creditors may or do assert liens or encumbrances on the Debtor's assets, including the rents received from tenants of the Property, which constitute cash collateral pursuant to Section 363(a) of the Bankruptcy Code.

9. The Debtor requires the use of cash collateral to continue the operation of the Property and will suffer irreparable and immediate harm if it is not granted the relief requested herein. An immediate and critical need exists for the Debtor to obtain funds in order to continue operating the Property, and without such funds, the Debtor will not be able to pay its direct operating expenses, maintain the Property, or obtain goods and services needed to carry on its business during this sensitive period in a manner that will avoid irreparable harm to the Debtor's estate. The Debtor's ability to use the Secured Creditors Cash Collateral is vital to the confidence of the Debtor's tenants, vendors, and suppliers of goods and services to the Property and to the preservation and maintenance of the going concern value of the Debtor's estate.

10. A budget reflecting the Debtor's projected monthly normal and necessary costs is attached hereto as Exhibit A (the "Budget"). Absent the authority to use the amounts set forth in the Budget, the Debtor will be unable to operate and maintain the Property and therefore successfully reorganize.

11. As adequate protection, the Debtor proposes to provide the following adequate

protection to secured creditors to the extent of any diminution in the value of their respective collateral:

  a. superpriority claims, pursuant to sections 361(2), 363(c)(2), 364(d)(1), 503(b)(1), 507(a)(2) and 507(b) of the Bankruptcy Code with such superpriority claims to be senior to all other postpetition superpriority claims, subject to a carve-out for professional fees and fees owed to the United States Trustee as reflected in the budget; and

  b. replacement liens on all property now owned or hereafter acquired by the Debtor, with such liens to be subordinate only to the liens of any applicable taxing authority, and subject to a carve-out for professional fees and fees owed to the United States Trustee in accordance with the budget.

12. Any Secured Creditor's interest in cash collateral will be protected by the adequate protection set forth above, as the Debtor will continue to operate its business, manage and maintain the Property and its tenancy, and continue its efforts to lease vacant space, thereby preserving and improving the value of the Property through its use of Cash Collateral.

13. The Debtor also proposes the deposits of utility deposits as set forth on Exhibit B attached hereto.

14. I have reviewed Exhibits A and B and believe that these budgets and amounts represent my best estimate of the budget and the adequate protection amounts for the utilities.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

EXECUTED on December 15, 2023.

_____
Ali Choudhri

**THIS UNSWORN DECLARATION IS MADE UNDER PENALTY OF PERJURY**

# Exhibit A

CASH COLLATERAL BUDGET

**12/1/2023 Budget**

| | Dec 5-Dec 17 | Dec 18-Jan 3 |
|---|---|---|
| **Operating Expenses** | | |
| **Service Contract** | | |
| Smart Office Automation | | $650.00 |
| Culligan of Houston | $40.00 | |
| **Fire Safety** | | |
| ADT | $506.18 | |
| Logix Fiber Network | $323.42 | |
| Kings III Emergey Communications | | |
| Datawatch | | $1,490.81 |
| **Repairs & Maintenance** | | |
| TK Elevator Maintenance | $3,542.25 | |
| Ferguson Facilities | $807.32 | $615.47 |
| Maintenance Crew | $3,201.91 | $4,531.71 |
| Supplies (Various Stores) | $500.00 | $650.00 |
| **Security** | | |
| Nationwide Security | $3,511.63 | $3,511.63 |
| **Cleaning & Maintenance** | | |
| Janitorial 7th Floor | | $2,225.00 |
| Janitorial other floors | | $2,376.00 |
| **Utilities** | | |
| Cirro electric | $22,929.87 | |
| City of Houston water | $6,126.47 | |
| **Insurance** | | |
| CNA Insurance (Prop Ins) | | |
| Capital Premium (GL) | $1,885.57 | |
| **Telephone & Internet** | | |
| ATT Internet | | $329.00 |
| Phone | | $903.64 |
| **Other Expense** | | |
| Mueller Water Treatment | | $475.00 |
| Waste Management | | $472.06 |
| Misc | $500.00 | $500.00 |
| Property Manager | $2,214.84 | $3,199.19 |
| Asst Property Manager | $1,687.50 | $2,437.47 |
| Admin Asst | $1,406.25 | $2,031.23 |
| Accounting A/R A/P | $2,812.50 | $4,062.46 |
| Accounting Data Entry | $424.14 | $612.64 |
| | | |
| **Total Operating Expenses** | **$52,418.85** | **$31,073.31** |

# Exhibit B

AVERAGE UTILITIES

| AVERAGE MONTHLY UTILITIES | |
|---|---|
| Properties: 2425 West Loop - 2425 West Loop South Houston, TX 77027 | |
| Based on recent months | |
| Payee Name | Amount Payable |
| 2425 West Loop - 2425 West Loop South Houston, TX 77027 | |
| Cirro Energy | 25,000.00 |
| City of Houston Water | 8,200.00 |
| Datawatch Systems | 1,490.81 |
| Logix Fiber Networks | 323.42 |
| ADT Commercial (equipment lease, fire monitoring, e | 85.00 |
| ATT Internet | 300.00 |
| Kings 111 (billed quarterly about $1090 per quarter) | 350.00 |
| | 35,749.23 |