# EXHIBIT 1B

**By First-Class Mail, Certified Mail—Return Receipt Requested, and In-Person Delivery**

November 18, 2024

Jetall Companies, Inc.
2425 West Loop South
Suite 1100
Houston, TX 77027

  **NOTICE TO VACATE** pursuant to Texas Property Code § 24.005

  **NOTICE OF EVICTION** pursuant to Texas Property Code § 24.005

  **DEMAND FOR POSSESSION** pursuant to Texas Property Code §§ 24.002, 24.005

  **NOTICE OF TERMINATION OF LEASEHOLD** pursuant to Texas Property Code § 91.001

Dear Jetall Companies, Inc.:

  As Jetall Companies, Inc. ("Jetall") knows, the property at 2425 West Loop South, Houston Texas 77027 (the **"Property"**) was the principal asset of Galleria 2425 Owner LLC (the "**Former Owner**"). As Jetall also knows, the Former Owner filed for bankruptcy in the matter styled: Case No. 23-34815-JPN (the "Bankruptcy Case"). On July 8, 2024, the Bankruptcy Court issued a Sale Order that, *inter alia*, approved sale of the Property "free and clear of any and all interests, including all liens, claims, and encumbrances,"[1] which includes any lease that Jetall claims to have or ever had relating to Suite 1100 of the Property (or any other portion of the Property). Pursuant to the terms of the Sale Order and other rulings in the Bankruptcy Case, on August 20, 2024, the Property sold to Houston 2425 Galleria, LLC, a Delaware limited liability company (the "**New Owner**").

  Jetall had notice of and participated in the Bankruptcy Case, and specifically, Jetall had notice of the Sale Order to which Jetall did not object. As a result, Jetall is well aware of the Sale Order and its provisions, including the following, which compels Jetall to surrender its possession of Suite 1100:

---

[1]  *See* Order (A) Approving Asset Purchase Agreement Between the Trustee and QB Loop Property LP; (B) Approving the Sale of the Property Free and Clear of all Liens, Claims, Encumbrances, and Other Interests; (C) Approving Assumption and Assignment of Executory Contracts and Leases; (D) Determining the amounts necessary to cure such Executory Contracts, and Unexpired Leases; and (E) Granting Related Relief, (defined in Plaintiff's Termination Brief as the "Sale Order") (Document No. 608 in the Bankruptcy Case")

> **Other Related Relief**
>
> 34.     All persons that are in possession of some or all of the Purchased Assets as of or after the Closing are hereby directed to surrender possession of such Purchased Assets to the Buyer as of the Closing or at such time thereafter as the Buyer may request. All persons and entities

The Sale Order also specifically prohibits Jetall from interfering with the New Owner's "use and enjoyment" of the Property:

> 36.     Following the Closing, no holder of any liens, claims, encumbrances, or other interests with respect to the Purchased Assets (other than those expressly assumed by the Buyer or permitted to survive under the Asset Purchase Agreement) or other party in interest may interfere with the Buyer's use and enjoyment of the Purchased Assets based on or related to such liens, claims, encumbrances, or other interests, or any actions that the Debtor or the Trustee may take in the Chapter 11 Case, and no party may take any action to prevent, interfere with, or otherwise enjoin consummation of the Sale Transaction.

Nevertheless, in open defiance of the Sale Order and the Bankruptcy Court, that is exactly what Jetall has done and continues to do. New Owner demands that Jetall **immediately surrender possession** of Suite 1100 and any other interests that it may claim to have to the Property.

In addition to Jetall's notice of the Sale Order, New Owner has previously provided sufficient notice to Jetall warranting immediate eviction of Jetall from the Property to the extent required. On September 3, 2024 and again on September 9, 2024, the New Owner served Jetall with notice to vacate the Property. Jetall still refuses to comply. Jetall answered, appeared for, and participated (through counsel) in a state court eviction proceeding: cause number 241100353166 (the "Eviction Proceeding"). In the Eviction Proceeding, the presiding judge found that it lacked jurisdiction. Regardless of whether this decision was correct or even if any additional notice to Jetall is even required, New Owner provides the following Notices and Demands to Jetall out of an abundance of caution, and without any admission that any such additional Notices or Demands are required to compel Jetall to vacate the property:

**Section 91.001 Notice**

As a result of the Bankruptcy Case and its associated orders, including the Sale Order, Jetall does not have a valid lease for Suite 1100 of the Property or any right to possession with respect to the Property. Nevertheless, out of an abundance of caution, the New Owner hereby provides

Jetall with notice, pursuant to § 91.001 of the Texas Property Code, and demands that Jetall vacate the Property *by December 18, 2024 (30 days from the date of this notice)*.

### Section 24.005(a) Notice

In addition or in the alternative, the New Owner hereby provides Jetall with notice pursuant to § 24.005(a) of the Texas Property Code, and hereby demands that Jetall vacate the Property *by December 18, 2024 (30 days from the date of this notice)*.

### Section 24.005(b) Notice

In addition or in the alternative, the New Owner hereby provides Jetall with notice, pursuant to § 24.005(b) of the Texas Property Code, and hereby demands that Jetall vacate the Property *by December 18, 2024 (30 days from the date of this notice)*.

### Section 24.002 Notice

In addition, or in the alternative, the New Owner is entitled to possession of Suite 1100 of the Property, in that Jetall no longer has a valid lease. Accordingly, the New Owner provides notice pursuant to § 24.002 of the Texas Property Code, and hereby demands possession of Suite 1100 (or any other or additional portion of the Property occupied by Jetall) *by December 18, 2024 (30 days from the date of this notice)*.

### Section 24.006 Notice

The New Owner further provides this written demand to vacate pursuant to § 24.006 of the Texas Property Code, and hereby demands possession of Suite 1100 (or any other or additional portion of the Property occupied by Jetall). Notwithstanding the other statutory notices provided herein, if Jetall does not vacate the Property *before the 11th day from the receipt of this notice (November 29, 2024)* the New Owner will seek and may recover attorney's fees in any ensuing eviction suit.

The New Owner provides these notices and makes the associated demands contained herein without waiving any and all other remedies available at law. Without limiting the foregoing, the New Owner reserves all rights to seek enforcement of the Sale Order in the Bankruptcy Court.

Sincerely,

**NEW OWNER**
**Houston 2425 Galleria, LLC,**
a Delaware limited liability company

**Michael C. Carter**