THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| GALLERIA 2425 OWNER, LLC, | Case No. 23-34815 |
| Debtor. | |

_____

**SUPPLEMENTAL BRIEF IN RESPONSE TO NBK'S EMERGENCY MOTIONS TO ENFORCE SALE ORDER**
_____

**To the Honorable Court:**

During this morning's hearing on the (1) (Renewed) Emergency Motion to Enforce Sale Order (Jetall Companies, Inc.) (ECF No. 838) and (2) Second Emergency Motion to Enforce Sale Order (2425 WL, LLC) (ECF No. 839) filed by the National Bank of Kuwait, S.A.K.P., New York Branch ("NBK" or the "Bank") and Houston 2425 Galleria, LLC ("the Purchaser"), the Court indicated that, in resolving the motion to enforce the Sale Order against Jetall, the Court would be considering whether the Sale Order actually affects a transfer of possession of Jetall's leasehold interest in the Property. Jetall and 2425 WL, LLC respectfully submit this brief in hopes of providing the Court with some assistance in that task.

1. The Movants draw their conclusion that the Sale Order effects such a transfer or extinguishment of Jetall's lease from three provisions in that Order. But as Jetall and 2425 WL, LLC have explained in more detail in their response (*see* Dkt. No. 848 at 7), none of

the clauses that Movants emphasize has any effect on Jetall's lease.

First, Movants cite to the Sale Order's provision demanding that "all persons that are in possession of some or all of the Purchased Assets" must turn over those assets to the Purchaser. (Dkt. No. 838 at 4) (quoting Sale Order, p. 26 ¶ 34). This is the only provision in the Sale Order that actually affects a property transfer. But that provision has nothing to do with Jetall's lease—because its lease is not one of the "Purchased Assets."

Movants next emphasize that the Sale Order conveys the property "free and clear of all interests, including all liens, claims and encumbrances." (Dkt. No. 838 at 4) (quoting Sale Order p. 7 ¶ N, p. 13 ¶ 5). But the Fifth Circuit held in *In re Royal Street Bistro, L.L.C.*, 26 F.4th 326, 327 (5th Cir. 2022) that even a sale in bankruptcy "free and clear of all claims, liens, and interests" under 11 U.S.C. § 363(f) does not actually destroy leasehold interests or transfer them to the purchaser. Rather, "the lessee has the right to remain in the property through its term 'to the extent that such rights are enforceable under applicable nonbankruptcy law.'" *Id.* at 328. (quoting 11 U.S.C. § 365(h)(1)(A)(ii)). Accordingly, even "sales free and clear" do not "override" or "render nugatory" these "critical lessee protections" available under the Code. *Id.* at 328.

Finally, Movants invoke the Sale Order's provision prohibiting interference "with Buyer's use and enjoyment of the Purchased Assets." (Dkt. No. 838 at 12) (quoting Sale Order p. 28 ¶ 36) But a tenant with a valid lease does not impose any such interference. And that goes double for commercial office buildings like the Property, whose whole purpose is to be leased.

## CONCLUSION

For the reasons stated above and in their initial response, Jetall Companies, Inc. and 2425 WL, LLC hereby request that the Emergency Motion to Enforce Sale Order filed by the National Bank of Kuwait, S.A.K.P., New York Branch be denied.

Respectfully submitted,

*/s/ J. Carl Cecere*

J. Carl Cecere
State Bar No. 13268300
(admitted pro hac vice)
**Cecere PC**
6035 McCommas Blvd.
Dallas, TX 75206
Telephone: 469-600-9455

*Counsel for 2425 WL, LLC, Jetall Companies, Inc. and Ali Choudhri*

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 5, 2024, a true and correct copy of the foregoing was served via the Court's CM/ECF system to all parties who are deemed to have consented to ECF electronic service, and via email to those listed below..

Charles C. Conrad
Ryan Steinbrunner
Pillsbury Winthrop Shaw Pittman LLC
Main Street Suite 2000
Houston, TX 77002
charles.conrad@pillsburylaw.com
ryan.steinbrunner@pillsburylaw.com -

Andrew M. Troop
Patrick E. Fitzmaurice
Kwame O. Akuffo
Pillsbury Winthrop Shaw Pittman LLC
31 West 52nd Street New York, NY 10019-6131 Telephone: (212) 858-1000 Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com
patrick.fitzmaurice@pillsburylaw.com
kwame.akuffo@pillsburylaw.com

/s/ J. Carl Cecere

**J. Carl Cecere**