# EXHIBIT 1

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

November 25, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 23-34815** |
| **GALLERIA 2425 OWNER, LLC,** | § | |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | **CHAPTER 11** |

**ORDER DENYING MOTION (ECF 810)**

Before the Court is the Motion to Comply with the Gatekeeping Provisions of the Confirmed Chapter 11 Plan filed by Ali Choudhri ("Choudhri") and the National Bank of Kuwait's ("NBK") Response to Ali Choudhri's Motion to Comply with the Gatekeeping Provisions of the Confirmed Chapter 11 Plan (ECF No. 824). For the following reasons the motion is denied, with prejudice.

Choudhri by motion seeks to challenge or modify the "gatekeeping provisions" of the confirmed Chapter 11 Plan in this case so that he can continue to litigate with NBK. The Court stresses that the effect of the confirmed plan was to end the vexatious litigation between entities controlled by Choudhri and NBK. Choudhri continues to raise factual and legal issues which this Court has already considered and rejected.

The confirmed plan is under appeal but not by Choudhri only by a company he controls. The Court doubts that Choudhri has standing to make the claims he makes by motion. Irrespective of his lack of standing, he like all parties are bound by the terms of the confirmed plan.[1] There was no stay pending appeal and the Court continues to stand on the record in this case. If this Court has erred in any of its "gatekeeping provisions" then it welcomes an appropriate appellate review, which the Court assumes is ongoing. However, it will not revisit factual and legal issues that it has already litigated. The Court cannot sufficiently stress that Choudhri continues to raise and argue the same basic facts and claims that this Court has found lacked foundation and merit.

Choudhri's claims the Court has not considered the factual and legal arguments he makes in his motion. The Court strongly rejects any such claim. The Court has had ample opportunity to assess Mr. Choudhri's factual and legal arguments and has repeatedly rejected them. Choudhri's purpose for pursuing these claims is improper and clearly vexatious.

[1] Section 1141(a) of the Bankruptcy Code explicitly states that a confirmed plan is binding on all parties.

The motion is all things denied, with prejudice. The movant is warned that future ongoing litigation at the trial court level is subject to sanctions by this Court.

**SO ORDERED.**

SIGNED 11/25/2024

_____
Jeffrey Norman
United States Bankruptcy Judge