# EXHIBIT 1

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 06, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 23-34815 (JPN) |
| GALLERIA 2425 OWNER, LLC | § | |
| | § | Chapter 11 |
| Debtor. | § | |

**ORDER GRANTING NBK'S EMERGENCY (RENEWED)
MOTION TO ENFORCE SALE ORDER
AND REQUIRING JETALL COMPANIES, INC. TO VACATE PROPERTY**

Upon the motion (the "Motion")[1] of National Bank of Kuwait, S.A.K.P., New York Branch ("NBK") for itself and for Houston 2425 Galleria, LLC ("NBK's Assignee") for an order (the "Order to Vacate Property") enforcing this Court's Sale Order at Docket No. 608; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate and creditors; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

4871-3605-5546.v12

2. Emergency relief is warranted.

3. Jetall is ordered to immediately vacate the Property and to remove its personal property therefrom forthwith. Jetall has no right to occupy or right to possess any portion of the Property, and no claim against NBK or NBK's Assignee, based on or arising under its lease with the Debtor.

4. NBK, for itself and NBK's Assignee, shall have all writs necessary to evict Jetall including, without limitation, Writs of Assistance, Ejectment, Eviction, and/or Restitution.

5. If Jetall shall not have vacated the Property within five (5) business days of the entry of this order, upon the request of NBK, the Clerk shall issue such Writs and the United States Marshal shall render such assistance, including the use of reasonable force, as may be necessary to serve and enforce such Writs and to make return thereof.

6. NBK or NBK's Assignee is authorized to present this Order to Vacate Property to the Harris County Sheriff's Office for the purpose of permitting the immediate removal of any and all property to which Jetall claims an ownership interest from suite 1100 (11th floor) or any other location at the Property. Neither NBK nor NBK's Assignee shall be required to commence formal eviction proceedings in any other court and no other order need be obtained by NBK or NBK's Assignee or presented to the Sheriff to carry out the eviction of Jetall. The Sheriff is hereby authorized and directed to accept this Order to Vacate Property as a Writ of Possession under Texas law without the need for any further order of this Court or any other court. Neither the Sheriff nor any other person or party will interfere with the removal of Jetall from the Property pursuant to this order.

7. All notices and stays under applicable state law are hereby deemed satisfied in full or waived, as applicable, to allow for immediate relief to NBK for itself and NBK's Assignee.

4871-3605-5546.v12

Jetall shall have no recourse in any court other than this Court, and its removal from the Property is without prejudice to any other rights, claims, or causes of action NBK may hold against Jetall.

8. The entry of this Order to Vacate Property is without prejudice to NBK's rights (for itself and NBK's Assignee) to seek further relief from the Court regarding Jetall's violations of this Court's orders and the attorneys' fees, costs, and other expenses NBK or NBK's Assignee has incurred as a result of such violations.

9. Any effort to disqualify counsel to NBK or NBK's Assignee is deemed waived.

10. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this order.

Signed: December 06, 2024

_____
Jeffrey P. Norman
United States Bankruptcy Judge

4871-3605-5546.v12