United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 17, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-34815 |
| **GALLERIA 2425 OWNER, LLC,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | CHAPTER 11 |

### ORDER SUSTAINING OBJECTION TO CLAIM NUMBER 6

This matter is before the Court on the Objection to Claim Number 6 of Rodney Drinnon (ECF No. 785) filed by Christopher R. Murray as Trustee of the liquidating trust ("Trustee"). The claimant filed a response (ECF No. 822) in opposition. For the following reasons, the Court sustains the instant objection.

During the claims allowance process, the burden of proof rests on different parties at different times.[1] Under Federal Rule of Bankruptcy Procedure 3001(f), a properly filed proof of claim is prima facie evidence of the validity of the claim.[2] A claimant who has complied with Rule 3001 may rest on its proof of claim and refrain from presenting any additional evidence at the hearing on an objection. The claimant will prevail unless the objecting party produces evidence of equal or greater probative force to that of the proof of claim to refute some aspect of the proof of claim.[3]

Claim No. 6 was filed in accordance with Federal Rule of Bankruptcy Procedure 3002(a), as a secured claim in the amount of $277,450.00 and has evidentiary value as provided by Rule 3001(f). In support of his claim, Mr. Drinnon attached a copy of a Final Judgment signed on February 22, 2024, awarding him attorneys' fees of $63,725, plus sanctions in the amount of $63,725.00. The Final Judgment also includes additional attorneys' fees in the event that there is a motion for new trial and post judgment motions of $30,000.00, and further amounts upon appeals to the court of appeals and the Texas Supreme Court.

In overcoming a properly filed claim, the Trustee is required to present enough evidence to overcome the prima facie effect of the claim. The Trustee objected to the claim on two bases: first, that the judgment was entered post-petition, and a chapter 11 plan was confirmed on June 22, 2024. Accordingly, any additional fees for post judgment matters were not authorized by the Bankruptcy Court or the confirmed plan. Second, that this is not a secured claim as there is no lien. A lien is defined at 11 U.S.C. § 101(37) as a "charge against or interest in property to secure

---

[1] 1*In re Leverett*, 378 B.R. 793, 798–99 (Bankr. E.D. Tex. 2007) (*citing In re Woodmere Inv'rs. Ltd. P'ship*, 178 B.R. 346, 354–55 (Bankr. S.D.N.Y. 1995)).

[2] *In re Gilbreath*, 395 B.R. 356, 361 (Bankr. S.D. Tex. 2008), as amended (Nov. 19, 2008).

[3] *In re Gulley*, 436 B.R. 878, 893 (Bankr. N.D. Tex. 2010).

payment of a debt or performance of an obligation." The Trustee further avers that there "is no charge that secures the payment of the debt or performance of the obligation reflected by Claim 6." The Trustee does not object to the amount awarded to Mr. Drinnon in the judgment as an unsecured claim in the amount of $127,450.00, plus an additional $30,000.00 as a notice of appeal was filed. The Trustee has met his burden to overcome the prima facie effect of the claim.

In response, Mr. Drinnon argues that he does have a statutory lien pursuant to Tex. Civ. Prac. & Rem. Code § 27.009(a)(2). However, Section 27.009 only provides for damages and costs if the court orders dismissal of a legal action and does not provide any type of lien. The claimant's other argument is that it is a judicial lien as his claim arises through a Final Judgment. However, there is no evidence that an abstract of the judgment was ever filed in the real property records. Accordingly, he does not have a judicial lien, and he has not met his burden of proof that his claim is secured.

**THEREFORE, IT IS ORDERED** that the Objection to Claim Number 6 (ECF No. 785) is sustained and Claim Number 6 is disallowed as a secured claim but allowed as a general unsecured claim in the amount of $157,450.00.

**IT IS FURTHER ORDERED** that this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

SIGNED 12/17/2024

_____
Jeffrey Norman
United States Bankruptcy Judge