United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 17, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 23-34815 |
| **GALLERIA 2425 OWNER, LLC,** § | |
| § | |
| Debtor. § | |
| § | CHAPTER 11 |

## ORDER ON OBJECTION TO CLAIM #19

Before the Court is the Objection to Claim Number 19 by Claimant Lloyd E. Kelley filed by Christopher R. Murray, Trustee (ECF No. 791) and the response of Lloyd E. Kelley ("Kelly") (ECF No. 834). For the following reasons the objection is sustained, and Claim Number 19 is disallowed as a matter of law.

Kelley filed Claim No. 19 on April 9, 2024, asserting a claim pursuant to the Power of Attorney and Contingent Fee Contract (the "Contingent Fee Contract") attached thereto. The Contingent Fee Contract provided that Kelley was entitled to fees in the amount of twenty percent (20%) of any settlement, recovery, or value realized as a direct result of the Kelley's representation of the Debtor (and other entities) in connection with claims asserted against Sonder for breach of leases (the "Sonder Claim"). Additionally, the Contingent Fee Contract provides that Kelley would be entitled to 5% of any recovery in the event of an appeal and the amount of his expenses. All of these amounts were to be paid or reimbursed from any settlement, recovery, or any proceeds of the Sonder Claim.

The Sonder Claim was sold by the Trustee. The Sonder Claim Sale Order (ECF No. 337) is express in its terms. It provided that sale of the Sonder Claim was sold subject to "any interest of the Debtor's prior contingency counsel in a recovery with respect to the Sonder Claim." Therefore, the Proof of Claim does not reflect an enforceable claim against the Debtor as it was sold subject to the interests of Kelley. Kelley's rights to payment are no longer with the Debtor, the bankruptcy estate, or assets to be distributed under the Plan.

Kelly requests arbitration, however, it would only be applicable if he held a valid claim. He does not. Kelly's response claims that his recovery relates to value created, but it fails to address that his claim is no longer with the Debtor, the bankruptcy estate or assets distributed under the plan. Kelley might be entitled to compensation from the entity that acquired the Sonder Claim pursuant to the Sonder Claim Sale Order, but he has no claim against the Debtor, the bankruptcy estate, or assets to be distributed under the plan and on this basis the claim is disallowed in its entirety.

**SO ORDERED.**

SIGNED 12/17/2024

_____
Jeffrey Norman
United States Bankruptcy Judge