United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 17, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-34815 |
| **GALLERIA 2425 OWNER, LLC,** | § | |
| | § | |
| Debtor. | § | |
| | § | CHAPTER 11 |

## ORDER ON OBJECTION TO CLAIM NO. 9

Before the Court is the Objection to Claim Number 9 by The Nichamoff Law PC, Borunda, P.C. and The Norwood Firm, P.C. filed by Christopher R. Murray, Trustee (ECF No. 787) and the response of Nichamoff Law PC, Borunda, P.C. and The Norwood Firm, P.C. (the "Claimants") (ECF No. 821). For the following reasons the objection is sustained; and Claim Number 9 is disallowed as a matter of law.

Claimants filed Claim No. 9 on April 1, 2024, asserting an unsecured claim in the amount of $1,030,594.08 for services performed and case advances pursuant to an agreement between the "Clients" Galleria 2425 Owner LLC, Jetall Companies, Inc. and Claimants dated May 31, 2022. (the "Contingent Fee Contract") attached thereto. The Contingent Fee Contract provided that Clients engaged the Claimants to represent them in Cause No. 2021-36670; G*alleria 2125 Owner, LLC v, National Bank of Kuwait;* In the 281st Judicial District Court, Harris County, Texas (the "State Court Suit"), and that the Claimants were entitled to a contingent fee based on a Net Recovery citing various contingencies with a fee cap of $1,000,000.00. Claim No. 9 also included an invoice for expenses of $30,594.02.

During the claims allowance process, the burden of proof rests on different parties at different times.[1] Under Federal Rule of Bankruptcy Procedure 3001(f), a properly filed proof of claim is prima facie evidence of the validity of the claim.[2] A claimant who has complied with Rule 3001 may rest on its proof of claim and refrain from presenting any additional evidence at the hearing on an objection. The claimant will prevail unless the objecting party produces evidence of equal or greater probative force to that of the proof of claim to refute some aspect of the proof of claim.[3]

Claim No. 9 was filed in accordance with Federal Rule of Bankruptcy Procedure 3002(a), and has evidentiary value as provided by Rule 3001(f). In overcoming a properly filed claim, the Trustee is required to present enough evidence to overcome the prima facie effect of the claim. The Trustee asserts that the Claimants are not entitled to any amounts as the Contingent Fee Contract only provided for fees in the event of a "Net Recovery" in the State Court Suit. The

---

[1] *In re Leverett*, 378 B.R. 793, 798–99 (Bankr. E.D. Tex. 2007) (*citing In re Woodmere Inv'rs. Ltd. P'ship*, 178 B.R. 346, 354–55 (Bankr. S.D.N.Y. 1995)).

[2] *In re Gilbreath*, 395 B.R. 356, 361 (Bankr. S.D. Tex. 2008), as amended (Nov. 19, 2008).

[3] *In re Gulley*, 436 B.R. 878, 893 (Bankr. N.D. Tex. 2010).

Trustee also points out the Contingency Fee Contract "expressly provides that '[i]n the event Attorneys do not obtain for Clients a settlement or recovery, Clients have no obligation to pay any legal fees, Case Advances, Finance Charges, or interest enumerated in this Section.'" Since the Claimants did not obtain any recovery on account of the State Court Suit, they are not entitled to any fees or cash advances. Therefore, under 11 U.S.C. § 501(b)(1), the Trustee seeks to have the entire claim disallowed. The Trustee has met his burden of proof to overcome the prima facie validity of Claim No. 9.

If the objector does come forward with such probative evidence, the burden of proof then shifts to the party who would bear the burden respecting this claim outside of bankruptcy in the contested matter from that point forward.[4] The Claimants assert that there was a "Net Recovery" as a settlement agreement was executed by the parties on August 22, 2022, providing that the plaintiffs in the State Court Suit would pay $27,000,000.00 in settlement of their debt against the defendant of $60,212.816.20. Further, that the waiver of cash advances was only in the event that there was a failure to obtain a settlement or recovery.

The Contingent Fee Contract defines "Net Recovery" as (a) money recovered by the Clients on account of the Claim or (b) in the event of offset, the claimed debt avoided by the Clients on account of the Claim, whichever is greater. The settlement agreement relied on by the Claimants was never consummated as the plaintiffs never paid the $27,000,000.00. The defendant in the State Court Suit, the National Bank of Kuwait filed a proof of claim in this case for $67,153.854.15, more than the claimed debt in the settlement agreement. Therefore, there was no recovery, offset or claimed debt avoided through the efforts of Claimants. The Claimants have failed to meet their burden of proof.

**THEREFORE, IT IS ORDERED** that the Objection to Claim Number 9 is sustained, and Claim No. 9 is disallowed in its entirety.

**IT IS FURTHER ORDERED** that this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

SIGNED 12/17/2024

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[4] *In re Bates*, 570 B.R. 757, 763–64 (Bankr. W.D. Tex. 2017) (*citing Leverett*, *supra*. at 799 (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 26, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000)).