IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 23-34815 (JPN) |
| GALLERIA 2425 OWNER, LLC, | § | |
| | § | Chapter 11 |
| Debtor. | § | |

**NATIONAL BANK OF KUWAIT, S.A.K.P., NEW YORK BRANCH'S EMERGENCY MOTION FOR CONTEMPT AGAINST JETALL COMPANIES, INC., JETALL CAPITAL, LLC, 2425 WL, LLC, AND JUSTIN RAYOME FOR VIOLATION OF BANKRUPTCY COURT'S ORDERS**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**RELIEF IS REQUESTED NOT LATER THAN JANUARY 21, 2025.**

TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:

National Bank of Kuwait, S.A.K.P., New York Branch ("NBK"), for itself and Houston 2425 Galleria, LLC ("Houston 2425"), files this *Emergency Motion for Contempt Against Jetall Companies, Inc.* ("Jetall Companies"), *Jetall Capital, LLC* ("Jetall Capital"), *2425 WL, LLC*

("2425 WL"), *and Justin Rayome* ("Mr. Rayome") *for Violation of Bankruptcy Court's Orders* (the "Motion"). In support, NBK represents as follows.

## PRELIMINARY STATEMENT

1. Within the last month, this Court entered three separate orders (the "Enforcement Orders") enforcing the Sale Order.[1] Each Enforcement Order bars Jetall Companies and 2425 WL, their principal Ali Choudhri ("Mr. Choudhri"), and any Choudhri-related entity from interfering with the use and enjoyment of the Property.[2] The Enforcement Orders (i) required Jetall Companies to vacate the Property;[3] (ii) released the fraudulent[4] deed of trust on the Property recorded by 2425 WL;[5] and (iii) canceled the *lis pendens* against the Property recorded by Jetall Companies.[6]

2. None of the Enforcement Orders have been stayed. Although Jetall Companies and 2425 WL appealed the First and Second Enforcement Orders,[7] and Jetall Companies moved for a stay pending appeal of only the First Enforcement Order, this Court,[8] the United States District Court for the Southern District of Texas,[9] and the United States Court of Appeals for the Fifth

---

[1] *Order (A) Approving Asset Purchase Agreement Between the Trustee and QB Loop Property LP; (B) Approving the Sale of the Property Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (C) Approving Assumption and Assignment of Executory Contracts and Leases; (D) Determining the Amounts Necessary to Cure Such Executory Contracts and Unexpired Leases; and (E) Granting Related Relief* [ECF No. 608] (the "Sale Order").

[2] That certain real property located at 2425 West Loop South, Houston, Texas 77027 (the "Property").

[3] *Order Granting NBK's Emergency (Renewed) Motion to Enforce Sale Order and Requiring Jetall Companies, Inc. to Vacate Property* [ECF No. 871] (the "First Enforcement Order").

[4] *See Order Disallowing Proof of Claim and Referral to United States Attorney* [ECF No. 717].

[5] *Order Releasing Deed of Trust Instrument No. RP-2021-258619* [ECF No. 872] (the "Second Enforcement Order").

[6] *Order Cancelling Lis Pendens* [ECF No. 911] (the "Third Enforcement Order").

[7] *Notice of Appeal* [ECF No. 875].

[8] *Order Denying Emergency Motion* [ECF No. 897].

[9] Case No. 4:24-cv-04835, minute entry order at December 11, 2024.

4915-9240-6800.v5

Circuit,[10] denied each of the requests. That, however, has not stopped Jetall Companies from interfering with the Property.

3. Undeterred by this Court's strict enforcement of the Sale Order, on January 15, 2025, Jetall Companies, Jetall Capital, and 2425 WL, through attorney Mr. Rayome, contacted Carol Bernard, Vice President at First American Title via email and "suggested" that "you do not take any action with respect to the sale of the property until the appeal is resolved."

> Dear Ms. Bernard,
>
> Regarding the above referenced matter, and associated property located at 2425 W Loop S, we would like to bring to your attention that the following orders are on appeal:
>
> - Order Granting National Bank of Kuwait's Emergency (Renewed) Motion to Enforce Sale Order and Requiring Jetall Companies, Inc. to Vacate Property dated December 6, 2024 (Dkt. No. 871), attached as Exhibit 1
> - Notice of Appeal of Order Confirming Plan to District Court, attached as Exhibit 2
>
> This appeal concerns property located at 2425 West Loop South, Houston, Texas 77027. The order relates to a motion filed by the National Bank of Kuwait, S.A.K.P. New York Branch seeking to enforce a sale order regarding the subject property. It is our understanding that you serve as title agent with respect to the property. This letter is to advise you that any disposition of the property while this matter is pending appeal is subject to recoupment/recission should the court make such a determination. It is therefore suggested that you do not take any action with respect to the sale of the property until the appeal is resolved. If you would like to discuss this matter further, please do not hesitate to contact us at the phone number listed below.
>
> Thank you,
>
> Justin Rayome

A copy of the foregoing email is attached as **Exhibit A** (the "Email"). Further, it is unknown if Mr. Choudhri, Mr. Rayome, or any other Choudhri surrogates have attempted to contact other title companies within the Houston area.

4. According to Mr. Rayome's LinkedIn page,[11] he was recently hired as in-house counsel for Jetall Capital.

---

[10] Case No. 24-20552, ECF No. 26.

[11] *See* https://www.linkedin.com/in/justin-rayome-0b3973b8/.



Nonetheless, he has an email address with a jetallcompanies.com domain.  *See* Mr. Rayome's December 19, 2024 *Appearance of Counsel* filed in *Quinlan, et al. v. Jetall Companies, Inc. et al.*, Case No. 22-32998 (S.D. Tex.) attached as **Exhibit B**.  He also has appeared as counsel for Jetall

Companies in both State court and this Court, suing Houston 2425 and Pillsbury,[12] and in the involuntary proceeding pending against Jetall Companies.[13]

## ARGUMENT AND AUTHORITIES

### A.  Jetall Companies and Mr. Rayome Had Knowledge of the Enforcement Orders and Sale Order

5.  Mr. Rayome began his employment as "In-House Counsel" at Jetall Capital in November 2024, the month before the Enforcement Orders were entered. On November 29, 2024, Mr. Rayome filed Jetall Companies' lawsuit against Jackson Walker, LLP, Houston 2425, Pillsbury and others in the 55th Judicial District of Harris County, Texas, which was removed to this Court on December 3, 2024.[14] Mr. Rayome filed the *Notice of Hearing on Amended Motion for Remand* on this docket.[15] Mr. Rayome represents Jetall Companies in its involuntary chapter 11 case.[16] Mr. Rayome attached the First Enforcement Order and 2425 WL's *Notice of Appeal of Order Confirming Plan to District Court* to the Email.

6.  There can be no credible argument that Mr. Rayome was not apprised of the developments in this case, certainly not the enforcement of the Sale Order because Jetall Companies (c/o Mr. Choudhri) and Mr. Rayome were served each motion for entry of the Enforcement Orders, including the supplement.[17]

---

[12] *See* Case No. 24-03257, ECF No. 1.

[13] *See* Case No. 24-35761.

[14] *Jetall Companies, Inc. v. Jackson Walker, LLP, et al.*, Cause No. 2024-83809 (55th Dist. Ct. Tex.), removed to this Court under Adversary No. 24-35761.

[15] ECF No. 924.

[16] Case No. 24-35761, ECF No. 24.

[17] *See* Service Lists for ECF No. 838, 839, 861, 895.

7. *NBK's (Renewed) Emergency Motion to Enforce Sale Order (Jetall Companies, Inc.)*[18] informed Mr. Rayome that the Sale Order "prohibited interference 'with Buyer's use and enjoyment of the Purchased Assets' [Sale Order p. 28 ¶ 36]."[19]

**B.     There Is "No Fair Ground of Doubt" That the Email Violates the Sale Order**

8.     Chief Bankruptcy Judge Rodriquez articulated the standard applicable here:

> Under § 105(a), courts have the power to hold parties in civil contempt for violations of the automatic stay and other court orders.  As observed by the Fifth Circuit, "[j]udicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained."  But civil contempt is a "severe remedy" and basic fairness requires that those who must obey a court order know what the court requires and the consequences for failing to obey.
>
> As held by the Supreme Court in *Taggart*, the standard for determining whether a party is in civil contempt is an objective one.  In the bankruptcy context, a party may be held in contempt where "no fair ground of doubt" exists as to whether the party's conduct was lawful under the bankruptcy court's order.  "A party's subjective belief that she was complying with an order ordinarily will not insulate her from civil contempt if that belief was objectively unreasonable."  A party's subjective belief, however, may be considered in determining the appropriate sanction for civil contempt.

*In re Vaidya*, No. 18-36401, 2021 WL 389086, at *13-14 (Bankr. S.D. Tex. Feb. 3, 2021) (footnote citations omitted) (applying *Taggart* standard in the context of a stay modification order).

9.     "*Taggart* applies broadly to orders entered in Chapter 11 proceedings . . . ." *In re Fieldwood Energy LLC*, No. 20-33948, 2024 WL 4173048, at *16 (Bankr. S.D. Tex. Sept. 12, 2024) (citing *Beckhart v. NewRez LLC*, 31 F.4th 274, 277 (4th Cir. 2022)) (applying *Taggart* standard in the context of a plan injunction).

---

[18] ECF No. 838.

[19] ECF No. 838 ¶ 31.

10. "Under *Taggart*, three elements must be proven for a court to hold a party in contempt: '(1) the party violated a definite and specific order of the court requiring him to refrain from performing particular acts; (2) the party did so with knowledge of the court's order; and (3) there is no fair ground of doubt as to whether the order barred the party's conduct.'" *In re Eichor*, 689 F. Supp. 3d 438, 446 (S.D. Tex. 2023) (quoting *In re McKinney*, No. 21-50046, 2022 WL 1632156, at *2 (Bankr. N.D. Tex. Apr. 28, 2022)).

11. This standard is easily met here. With respect to the first element, Jetall Companies, Jetall Capital, 2425 WL, and Mr. Rayome interfered with NBK and Houston 2425's use and enjoyment of the Property in advising the title company "not to take any action with respect to the sale of the [P]roperty." With respect to the second element, each of Jetall Companies, Jetall Capital, 2425 WL, and Mr. Rayome had knowledge of the relevant provision of the Sale Order because they were served with the motion seeking the First Enforcement Order, which specifically cited the relevant provisions of the Sale Order. With respect to the third element, there is no fair ground of doubt that the Sale Order barred such communication because the Email *on its face* is intended to have the same effect as the holdover tenancy, the fraudulent deed of trust, and the *lis pendens* – conduct this Court found cause to rectify in enforcing the Sale Order. Additionally, the Email was intended to have the same effect as the stay that this Court, the District Court, and the Fifth Circuit denied. Accordingly, the Email warrants a finding of contempt and additional deterrence.

## EMERGENCY CONSIDERATION AND CERTIFICATION OF ACCURACY

12. Pursuant to Local Bankruptcy Rule 9013-1(i), NBK, for itself and Houston 2425, respectfully requests that the Motion be considered on an emergency basis. Jetall Companies, Jetall Capital, 2425 WL, and Mr. Rayome's actions cloud title to and burdens the alienability of the Property. Absent emergency consideration, this Motion may not be heard until February, unnecessarily prolonging the impact of Jetall Companies, Jetall Capital, 2425 WL, and Mr.

7

Rayome's actions. Accordingly, NBK, for itself and Houston 2425, respectfully requests that the Court consider this motion on an emergency basis. Pursuant to Local Bankruptcy Rule 9013-1(i), undersigned counsel certifies the accuracy of these statements in support of emergency relief.

## **RESERVATION OF RIGHTS**

13. NBK and Houston 2425 reserve their rights to seek further relief from the Court pursuant to any of its orders, including relief with respect to attorneys' fees NBK and Houston 2425 have incurred in connection with Jetall Companies, Jetall Capital, and 2425 WL, and Mr. Rayome's actions as described herein. NBK and Houston 2425 further reserve all rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this Motion.

## **NOTICE**

14. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

## **RELIEF REQUESTED**

WHEREFORE, NBK and Houston 2425 respectfully request the Court enter an order (i) finding Jetall Companies, Jetall Capital, 2425 WL, and Mr. Rayome in contempt for violation of this Court's orders; (ii) enjoining Mr. Rayome and any entity under the control of Mr. Choudhri from interfering with any transaction involving the Property in any manner whatsoever, excluding appeals; (iii) deterring any entity under the control of Mr. Choudhri from future violations of this Court's orders under penalty of a $10,000 sanction per violation; and (iv) deterring Mr. Rayome from future violations of this Court's orders under penalty of a 120-day bar from appearing before this Court. A proposed order is attached hereto as **Exhibit C**.

Dated: January 17, 2025

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

/s/ *Charles C. Conrad*
Charles C. Conrad
Tex. Bar No. 24040721
S.D. Tex. Fed. ID No. 37220
Ryan Steinbrunner
Tex. Bar. No. 24093201
S.D. Tex. Fed. ID No. 3577604
L. James Dickinson
Tex. Bar No. 24105805
S.D. Tex. Fed. ID No. 3611267
609 Main Street Suite 2000
Houston, TX 77002
Telephone: (713) 276-7600
Facsimile: (713) 276-7673
charles.conrad@pillsburylaw.com
ryan.steinbrunner@pillsburylaw.com
james.dickinson@pillsburylaw.com

- and -

Andrew M. Troop
Mass. Bar No. MA547179
S.D. Tex. Fed. ID No. 30089813
Patrick E. Fitzmaurice
N.Y. Bar No. 4093852
Admitted *pro hac vice*
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com
patrick.fitzmaurice@pillsburylaw.com

***Counsel for National Bank of Kuwait, S.A.K.P., New York Branch***

**CERTIFICATE OF SERVICE**

   I certify that, on January 17, 2025, I caused a copy of the foregoing emergency motion to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, which will send a Notice of Electronic Filing to counsel of record for the parties to this case and to the following parties via email:

| | |
|---|---|
| Jetall Companies, Inc., Jetall Capital, LLC, and 2425 WL, LLC<br>c/o Ali Choudhri<br>ali@jetallcompanies.com<br>ali@jetallcapital.com | Justin Rayome<br>5882 Sugar Hill Drive<br>Houston, TX 77057<br>(214) 934-9345<br>justinrayome3@gmail.com<br>justin.r@jetallcompanies.com |

              */s/ Charles C. Conrad*
                Charles C. Conrad