THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) ) ) | Chapter 11 |
| GALLERIA 2425 OWNER, LLC. | ) ) ) | Case No. 23-34815 (JPN) |
| Debtor. | ) ) | |

**SECOND AMENDED RESPONSE TO
NBK'S EMERGENCY MOTION FOR CONTEMPT
FOR VIOLATION OF BANKRUPTCY COURT'S ORDERS**

**TO THE HONORABLE JEFFREY P. NORMAN,**

Jetall Companies, Inc., Jetall Capital, LLC, 2425 WL, LLC, and Justin Rayome ("Jetall Parties"), file this Response to National Bank of Kuwait, S.A.K.P., New York Branch's ("NBK") *Emergency Motion for Contempt Against Jetall Companies, Inc., Jetall Capital, LLC, 2425 WL, LLC, and Justin Rayome for Violation of Bankruptcy Court's Orders* (the "Motion"). In support, Jetall Parties would respectfully show the Court as follows:

**PRELIMINARY STATEMENT**

This matter stems from a Sale Order[1] issued by the Court on July 8, 2024, regarding property located at 2425 West Loop South, Houston, Texas (the "Property"). On December 6, 2024, this Court entered another order granting NBK's Motion to Enforce Sale Order and Requiring Jetall Companies, Inc. to Vacate Property (the "Enforcement Order").[2] On December

---

[1] Order (A) Approving Asset Purchase Agreement Between the Trustee and QB Loop Property LP; (B) Approving the Sale of the Property Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (C) Approving Assumption and Assignment of Executory Contracts and Leases; (D) Determining the Amounts Necessary to Cure Such Executory Contracts and Unexpired Leases; and (E) Granting Related Relief [ECF No. 608].
[2] ECF No. 871.

1

8, 2024, a Notice of Appeal was timely filed with respect to the Enforcement Order.[3] On January 15, 2025, Justin Rayome, an attorney for Jetall Companies, Inc., allegedly sent an email (the "Email") to Carol Bernard, Vice President at First American Title notifying her of the appeal of the Enforcement Order.[4] On January 17, 2025, NBK filed the Motion against Jetall Parties seeking an order of contempt. NBK claims that the Email sent by Mr. Rayome violated the Sale Order. Specifically, they claim that Mr. Rayome's email "interfered" with NBK's "use and enjoyment of the Property" in violation of the Sale Order. The Motion is set for hearing on January 29, 2025.

## ARGUMENT AND AUTHORITIES

**A. The Email did not interfere with NBK's use and enjoyment of the Property.**

NBK cites to the Sale Order for the proposition that the Email somehow "interfered with [NBK]'s use and enjoyment of the [Property]." However, nothing in the sale order specifically says that a party cannot merely inform a title company of a pending appeal and publicly accessible court documents.[5] The email was merely intended to provide the title company notice that an appeal was pending, which it did, nothing more. Moreover, nothing contained in the Email prevents NBK or the title company from moving forward with any contemplated sale of the Property or any use or enjoyment of the Property, so the Email cannot be said to have interfered with anything.

**B. The Email did not "violate a definite and specific order of the court" and there is a "fair ground of doubt as to whether the order barred" such conduct.**

---

[3] ECF No. 875.
[4] ECF No. 938-3
[5] Indeed, the Email merely advised the title company of the existence of a public record.

"Under *Taggart*[6], three elements must be proven for a court to hold a party in contempt: '(1) the party violated a definite and specific order of the court requiring him to refrain from performing particular acts; (2) the party did so with knowledge of the court's order; and (3) there is no fair ground of doubt as to whether the order barred the party's conduct.'" *In re Eichor*, 689 F. Supp. 3d 438, 446 (S.D. Tex. 2023) (quoting *In re McKinney*, No. 21-50046, 2022 WL 1632156, at *2 (Bankr. N.D. Tex. Apr. 28, 2022)).

The first and third elements are not satisfied. With respect to the first element, the Email, on its face, does not violate a specific order of the Court requiring Jetall Parties to refrain from "interfering" with "[NBK's] use or enjoyment of the [Property]." The plain terms of the Sale Order do not prohibit the alleged communication. The Email merely provides Jetall Parties' opinion as to the nature of the appeal. NBK cannot demonstrate that this opinion had any effect on the parties use and enjoyment of the property.

Concerning the third element, there is a fair ground of doubt as to whether the order barred the alleged conduct. The Email does not seek to enforce a "lien, claim, encumbrance," or other property interest against the Property. It merely states an opinion with respect to an appeal concerning the Property. NBK's attempt to characterize the communication otherwise is simply wrong. The Email does not have the same legal effect as a lien, claim, or encumbrance, nor can the Email be pursued in a court of law as a legal interest. It is simply an opinion providing notice of a pending appeal.

Moreover, a fair ground of doubt exists as to whether the Sale Order was violated because NBK cannot demonstrate how the alleged interference harmed them in any way. They

---

[6] *Taggart v. Lorenzen*, 587 U.S. 554, 565 (2019).

have put forth no evidence that the Email "clouded title" as represented, nor that the email "burdens the alienability" of the Property. A hypothetical future sale is too indefinite to constitute a violation, therefore the third element fails.

C. **Any order of contempt issued with respect to the Email would amount to a free speech First Amendment violation.**

The alleged Email merely informs the title company of publicly available court documents, which can be accessed via the internet. The Email is fully protected under the First Amendment and any sanction imposed against the communication would constitute a prior restraint on protected speech in violation of the United States' Constitution. Accordingly, the Motion for contempt should be denied in its entirety.

Respectfully Submitted,

By: /s/ *Justin Rayome*
Justin Rayome.
State Bar No.24130709
1001 West Loop South
Houston, Texas 77027

**ATTORNEY FOR JETALL CAPITAL, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Response was served on the 27th day of January 2025 to the interested parties listed below.

Charles C. Conrad
609 Main Street Suite 2000
Houston, Texas 77002
713-276-7600
charles.conrad@pillsburylaw.com

Ryan Steinbrunner
609 Main Street Suite 2000
Houston, Texas 77002
713-276-7600
ryan.steinbrunner@pillsburylaw.com

L. James Dickinson
609 Main Street Suite 2000
Houston, Texas 77002
713-276-7600
james.dickinson@pillsburylaw.com

Andrew M. Troop
31 West 52nd Street
New York, NY 10019-6131
212-858-1000
andrew.troop@pillsburylaw.com

Patrick Fitzmaurice
31 West 52nd Street
New York, NY 10019-6131
212-858-1000
patrick.fitzmaurice@pillsburylaw.com

/s/ *Justin Rayome*
Justin Rayome