IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> **GALLERIA 2425 OWNER, LLC** <br><br> *Debtor.* | Bankruptcy Case No. <br><br> 23-34815 |

**MOTION TO STAY PENDING APPEAL**

**TO THE HONORABLE JEFFREY P. NORMAN,
UNITED STATES BANKRUPTCY JUDGE:**

Jetall Capital, LLC, 2425 WL, LLC, and Justin Rayome (together "Movant"), by and through its undersigned counsel, respectfully moves this Court for an order staying the enforcement of the Court's imposition of sanctions pending appeal (ECF 995). In support of this motion, Movant states as follows:

## I. INTRODUCTION

Movant requests a stay of the Court's order imposing two $25,000 sanctions against Jetall Companies, Inc., Jetall Capital, LLC, and 2425 WL, LLC, and Justin Rayome (together "Jetall"). The Court found Jetall in contempt for violating the Court's sale order and imposed the sanctions accordingly. Jetall has filed an appeal challenging this finding and the associated sanctions. Absent a stay, enforcement of these sanctions threatens the viability of Jetall Companies, Inc. as a going concern, particularly given the ongoing bankruptcy proceedings. Furthermore, the

sanctions imposed bear no rational relationship to the alleged contemptuous conduct. Civil contempt sanctions must either compensate for actual harm or coerce compliance. However, the penalties imposed here do not address a specific loss suffered by NBK and are also not designed to ensure future compliance with the sale order. They instead serve as punitive measures, which are not permitted in civil contempt proceedings.

## II. LEGAL STANDARD

A stay pending appeal is appropriate where the moving party demonstrates: (1) a likelihood of success on the merits; (2) irreparable harm in the absence of a stay; (3) that issuance of the stay will not substantially injure the opposing party; and (4) that the stay serves the public interest. See *Nken v. Holder*, 556 U.S. 418 (2009).

## III. ARGUMENT

**A. Movant is Likely to Succeed on the Merits**

Jetall has raised substantial and meritorious grounds for appeal, including whether the Court properly held Jetall in contempt and whether the imposed sanctions were warranted under the circumstances. Given the significant legal and factual issues at stake, there is a reasonable likelihood that the appellate court will reverse or modify the sanctions order. The Supreme Court has held that civil contempt penalties must have a remedial purpose, either coercing compliance or compensating for actual harm. See *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821 (1994). Here, the $25,000 fines do not reflect actual damages suffered by NBK, and the order lacks findings establishing how these sanctions serve a coercive function. In *Charitable DAF Fund, L.P. v. Highland Capital Management, L.P. (In re Highland Capital Management, L.P.)*, 98 F.4th 170 (5th Cir. 2024), the Fifth Circuit overturned a contempt

sanction because there was no clear link between the penalty and actual harm. The same issue exists here. The sanctions do not compensate for a specific loss or ensure future compliance, making them improper. Furthermore, the 180-day bar on Mr. Rayome appearing before the court is a punitive restriction that resembles criminal contempt sanctions rather than a remedial measure. *See Taggart v. Lorenzen*, 587 U.S. 554 (2019) (holding that civil contempt sanctions must not be imposed where a party has a reasonable basis to believe they were acting within legal boundaries). The absence of a rational relationship between the sanctions and the alleged contemptuous conduct strongly supports reversal.

**B. Absent a Stay, Movant Will Suffer Irreparable Harm**

The enforcement of the $25,000 sanctions against Jetall Companies, Inc. will cause immediate and irreparable harm. Jetall Companies, Inc. is currently undergoing bankruptcy proceedings, and the imposition of these sanctions threaten its ability to continue operating. Courts have consistently recognized that harm to a debtor's ability to maintain its business operations constitutes irreparable injury. *See Wages & White Lion Invs., L.L.C. v. United States FDA*, 16 F.4th 1130 (5th Cir. 2021) (noting that substantial financial injury threatening the very existence of a business is sufficient to show irreparable injury, even if the financial costs are recoverable). *In re UNR Industries, Inc.*, 143 B.R. 506 (N.D. Ill. 1992), held that financial penalties against a debtor must be analyzed in the context of their impact on restructuring efforts. Similarly, *In re Texaco Inc.*, 92 B.R. 38 (S.D.N.Y. 1988), found that excessive financial burdens can frustrate a debtor's ability to fulfill obligations to creditors. The sanctions here impose immediate harm beyond their dollar value—by damaging Jetall's ability to conduct business, discouraging counterparties from engaging with the company, and complicating its efforts to

navigate the bankruptcy process. These harms extend beyond mere monetary loss, constituting irreparable injury.

### C. A Stay Will Not Substantially Injure the Opposing Party

Granting a stay will merely preserve the status quo pending appellate review. The opposing party will not suffer substantial harm because the stay will only delay enforcement of the sanction order, not eliminate any potential recovery should the appellate court affirm the sanctions. Additionally, because Jetall Companies, Inc. is in bankruptcy, creditors and stakeholders have a vested interest in preventing further financial strain that could jeopardize its restructuring efforts.

### D. The Public Interest Favors Granting a Stay

The public interest strongly supports staying the enforcement of the sanctions order pending appeal. The Fifth Circuit has consistently held that the public interest is best served by ensuring the proper application of the law and avoiding undue harm to business entities navigating bankruptcy proceedings. *See Nken v. Holder*, 556 U.S. 418, 427 (2009) ("to hold an order in abeyance pending review allows an appellate court to act responsibly."). Allowing enforcement of the sanctions before appellate review is completed could undermine the bankruptcy process and unfairly penalize Jetall Companies, Inc. before its legal arguments are fully heard. Courts have long held that civil contempt cannot be used to punish; rather, it must be limited to compensatory or coercive measures. See *Bagwell*, 512 U.S. at 826-30. In *Taggart*, the Supreme Court reaffirmed that a finding of contempt must be based on an objective standard—one that the present contempt order fails to meet. Here, the sanctions do not serve a compensatory function and also do not serve a legitimate coercive purpose. The public interest

in upholding the lawful limits of civil contempt authority strongly favors staying the sanctions until appellate review can address their validity.

**E. The Balance of Equities Weighs Heavily in Favor of Granting the Stay**

The balance of equities grants the court a flexible standard of review to consider the specific circumstances of each case. See *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981). In analyzing the four above factors, the balance of equities strongly favors granting a stay. Movant is currently navigating bankruptcy proceedings, and immediate enforcement of the sanctions would irreparably harm its ability to continue as a going concern. Additionally, the public interest favors delaying the immediate harm sanctions would cause by waiting for appellate review. On the other hand, the opposing party will suffer no substantial harm from a temporary stay pending appellate review. Given these circumstances, the Court should exercise its discretion to grant the stay in the interest of justice.

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court grant a stay of the order imposing sanctions against Jetall pending appeal and grant such other relief as the Court deems just and proper.

Respectfully submitted,

By: */s/ Justin Rayome*
JUSTIN RAYOME
State Bar No. 24130709
Fed. Bar. No. 3873342
1001 West Loop South
Suite 700
Houston, TX, 77027
214-934-9345
justin.r@jetallcapital.com

## CERTIFICATE OF SERVICE

      I hereby certify a copy of the foregoing document was filed electronically on this the 27th day of March, 2025. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's ECF system.

                                                */s/ Justin Rayome*
                                                Justin Rayome